1   ROBERT E. KREBS, CA BAR NO. 57526
    rkrebs@thelen.com
2   CHRISTOPHER L. OGDEN, CA BAR NO. 235517
    cogden@thelen.com
3   PAPOOL S. CHAUDHARI, CA BAR NO. 241346
    pchaudhari@thelen.com
4   THELEN REID BROWN RAYSMAN & STEINER LLP
    225 West Santa Clara Street, Suite 1200
5   San Jose, CA  95113–1723
    Tel. 408.292.5800; Fax 408.287.8040
6
    RONALD F. LOPEZ, CA BAR NO. 111756
7   rflopez@thelen.com
    THELEN REID BROWN RAYSMAN & STEINER LLP
8   101 Second Street, Suite 1800
    San Francisco, CA 94105–3606
9   Tel. 415.371.1200; Fax. 415.371.1211

10  Attorneys for Defendants TECHNOLOGY PROPERTIES LIMITED and ALLIACENSE
    LIMITED.
11
    CHARLES T. HOGE, CA BAR NO. 110696
12  choge@knlh.com
    KIRBY NOONAN LANCE & HOGE, LLP
13  350 Tenth Avenue, Suite 1300
    San Diego, CA 92101
14  Tel. 619.231.8666; Fax. 619.231.9593

15  Attorney for Defendant PATRIOT SCIENTIFIC CORPORATION

16              **UNITED STATES DISTRICT COURT**
              **NORTHERN DISTRICT OF CALIFORNIA**
17               **SAN FRANCISCO DIVISION**

18  HTC CORPORATION and HTC AMERICA,        CASE NO. 08-CV-00882 JL
    INC.,
19                                          **MEMORANDUM IN SUPPORT OF**
              Plaintiffs,                   **DEFENDANTS' MOTION (1) TO**
20                                          **DISMISS ON GROUNDS OF LACK OF**
          v.                                **SUBJECT MATTER JURISDICTION,**
21                                          **(2) IN THE ALTERNATIVE TO**
    TECHNOLOGY PROPERTIES LIMITED,          **TRANSFER TO THE EASTERN**
    PATRIOT SCIENTIFIC CORPORATION,         **DISTRICT OF TEXAS, AND (3) IN THE**
22  and ALLIACENSE LIMITED,                 **ALTERNATIVE, TO STAY PENDING**
                                            **APPEAL IN A RELATED CASE**
23            Defendants.                   **INVOLVING THE SAME ISSUES**
24
25                                          Date:   June 4, 2008
26                                          Time:   9:30 a.m.
                                            Place:  Courtroom F, 15th Floor
27                                          Judge:  Hon. James Larson
28

---

# TABLE OF CONTENTS

I.      INTRODUCTION...................................................................................................... 1

II.     STATEMENT OF FACTS....................................................................................... 2

III.    ARGUMENT ........................................................................................................... 3

    A.  This action should be dismissed for lack of subject matter jurisdiction because the Declaratory Judgment Act does not grant jurisdiction when, in the court's discretion, such jurisdiction is unwarranted, such as when the issues are before a court in a more convenient and efficient forum.......................... 3

        1.  Subject matter jurisdiction under the Declaratory Judgment Act is discretionary, and should not be granted unless the Court believes it is warranted, and the transfer factors of § 1404(a) are a guide to whether jurisdiction is warranted. ................................................................. 3

        2.  The transfer factors of § 1404(a) counsel transfer of this case to the Eastern District of Texas. ........................................................................... 5

            a.  The public factors strongly favor transferring this case to the Eastern District of Texas. ..................................................................... 6

                (i)   Judge Ward of the Eastern District of Texas is already familiar with the technical issues, and it would be wasteful of judicial resources for a second court to learn the same technology........................................ 6

                (ii)  Transfer to the Eastern District of Texas is necessary to protect against inconsistent rulings. ................................... 8

                (iii) The Texas court has the ability to compel attendance of the most important witnesses ......................................... 10

                (iv)  The remaining public interest factors favor transfer. .......... 11

            b.  The private factors are neutral................................................................. 13

                (i)   Plaintiffs' choice of forum should be accorded no weight, because plaintiff is a foreign corporation with no ties to this district relating to the subject matter............. 13

                (ii)  California and Texas are equally convenient to the plaintiffs' parties and witnesses. .......................................... 14

                (iii) Both forums provide equal ease of access to proof............. 14

            c.  This case could have been brought in the Eastern District of Texas .................................................................................................... 14

        3.  It is appropriate to bring a Fed. R. Civ. P. 12(b)(1) motion challenging declaratory jurisdiction on discretionary grounds. .................. 16

    B.  Alternatively, this action should be transferred to the Eastern District of Texas under 28 U.S.C. § 1404(a) because Judge Sard's court is the most suitable and efficient forum for resolving these issues with which he is already familiar. ...................................................................................................... 16

    C.  Alternatively, this Court should stay these cases pending the resolution of TPL's ongoing appeal to the Federal Circuit and its offensive case against plaintiffs filed in the Eastern District of Texas. ...................................................... 17

IV.     CONCLUSION ...................................................................................................... 17

MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION (1) TO DISMISS ON GROUNDS OF LACK OF SUBJECT MATTER JURISDICTION, (2) IN THE ALTERNATIVE TO TRANSFER TO THE EASTERN DISTRICT OF TEXAS, AND (3) IN THE ALTERNATIVE, TO STAY PENDING APPEAL IN A RELATED CASE INVOLVING THE SAME ISSUES

SV #341281 v1                                                    ii                                        Case No. 08-CV-00882 JL

1

**TABLE OF AUTHORITIES**

2

**CASES**

3

*Ambat v. City and Cty of San Francisco*, No. C 07-3622 SI, 2007 WL 3101323
(N.D.Cal. Oct. 22, 2007) .......................................................................................... 16

4

5

*Arete Power, Inc., v. Beacon Power Corp.*, No. 07-CV-5167 WDB, 2008 WL
508477 (N.D. Cal. Feb. 22, 2008).................................................. 6, 8, 10, 11

6

*Beres v. Village of Huntley, Illinois*, 824 F. Supp. 763 (N.D. Ill. 1992)........................ 16

7

*Cambridge Filter Corp. v. International Filter Co., Inc.*, 548 F.Supp. 1308 (D.
Nev., 1982) ............................................................................................................. 10

8

*Carus Corp. v. Greater Texas Finishing Corp.*, No. 91 C 2560, 1992 WL 22691 at
(N.D. Ill. January 31, 1992) ...................................................................................... 9

9

10

*Coxcom, Inc. v. Hybrid Patents, Inc.*, 2007 WL 2500982 (N.D. Cal. 2007) ................... 10

*Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834 (9th Cir.1986) ..................... 5, 6, 13

11

*Electronics for Imaging, Inc. v. Coyle*, 394 F.3d 1341 (Fed. Cir. 2005) ............................ 4

12

*EMC Corp. v. Norand Corp.*, 89 F.3d 807 (Fed. Cir. 1996) ............................................... 4

13

*Genentech v. Eli Lilly & Co.*, 998 F.2d, 931 (Fed. Cir. 1993) ..................................... 4, 8

14

*Guardian Royal Exch. Assurance, Ltd. v. English China Clays, P.L.C.*, 815 S.W.2d
223 (Tex. 1991) ...................................................................................................... 15

15

*Medimmune Inc. v. Genentech Inc.*, 549 U.S. 118, 127 S. Ct. 764 (2007) .................... 4, 5

16

*Micron Technology, Inc. v. Mosaid Technologies, Inc.*, 518 F.3d 897 (Fed. Cir.
2008)......................................................................................................................... 5

17

18

*Miller Brewing Co. v. Ace U.S. Holdings, Inc.*, 391 F.Supp.2d 73 (E.D.Wisc.2005)..................... 16

*Minnesota Min. and Mfg. Co. v. Norton Company*, 929 F.2d 670 (Fed. Cir. 1991) ......................... 4

19

*Nolan Helmets S.P.A. v. Fulmer Helmets Inc.*, 37 U.S.P.Q.2d 1351 (S.D. Fl. Nov
27, 1995) ................................................................................................................. 13

20

21

*Pattishall, McAuliffe, Newbury, Hilliard & Geraldson, v. Gibson Guitar Corp.*, No.
91 C 6718, 1991 WL 273800 (N.D. Ill. Dec. 12, 1991)........................................... 7

22

*Piper Aircraft Co. v. Reyno*, 454 U.S. 235 (1981) ......................................................... 13

23

*Regents of University of Cal. v. Eli Lilly & Co.*, 119 F.3d 1559 (Fed. Cir. 1997) .................. 6, 7, 8

24

*Reiffen v. Microsoft*, 104 F.Supp.2d 48 (D.D.C. 2000)............................................... 7, 10

*Royal Queentex Enterprises v. Sara-Lee Corp.*, No. C-99-4787 MJJ, 2000 WL
246599 (N.D. Cal. 2000) ........................................................................................ 13

25

26

*Singleton v. Volkswagen of America*, 2006 WL 2634768 (E.D. Tex. 2006)................... 11

27

*Steelcase Inc. v. Haworth Inc.*, 41 U.S.P.Q.2d (BNA) 1468 (C.D. Cal. 1996)......................... 10, 14

*Tafolla v. City of Tustin*, 885 F.2d 1477 (9th Cir. 1989)............................................... 11

28

MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION (1) TO DISMISS ON GROUNDS OF LACK OF SUBJECT MATTER
JURISDICTION, (2) IN THE ALTERNATIVE TO TRANSFER TO THE EASTERN DISTRICT OF TEXAS, AND (3) IN THE ALTERNATIVE,
TO STAY PENDING APPEAL IN A RELATED CASE INVOLVING THE SAME ISSUES

SV #341281 v1                                    iii                                    Case No. 08-CV-00882 JL

*Van Dusen v. Barrack*, 376 U.S. 612 (1964) .................................................................. 5

*Van Slyke v. Capital One Bank*, 503 F.Supp.2d, 1353 (N.D. Cal. 2008) ........................ 14

*VE Holding Corp. v. Johnson Gas Appliance Co.*, 917 F.2d 1574 (Fed. Cir. 1990) ..................... 15

*Vishay Dale Electronics, Inc. v. KOA Corp.*, No. 04-CV-247-A, 2004 WL 1908244
    (N.D. Tex. 2004) ............................................................................ 15

*Vitria Tech. Inc. v. Cincinnati Ins. Co.*, No. C 05-01951 JW, 2005 WL 2431192
    (N.D. Cal.2005) ............................................................................. 14

**STATUTES**

28 U.S.C. § 1391 ............................................................................................................ 15

28 U.S.C. § 1404 ...................................................................................................... passim

28 U.S.C. § 2201 .............................................................................................................. 3

35 U.S.C. §§ 102 et seq. ................................................................................................... 3

**RULES**

Fed. R. Civ. P. 1 ............................................................................................................. 11

Fed. R. Civ. P. 12 ........................................................................................................... 16

Fed. R. Civ. P. 45 ........................................................................................................... 11

MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION (1) TO DISMISS ON GROUNDS OF LACK OF SUBJECT MATTER
JURISDICTION, (2) IN THE ALTERNATIVE TO TRANSFER TO THE EASTERN DISTRICT OF TEXAS, AND (3) IN THE ALTERNATIVE,
TO STAY PENDING APPEAL IN A RELATED CASE INVOLVING THE SAME ISSUES

SV #341281 v1                                              iv                                      Case No. 08-CV-00882 JL

## I.    INTRODUCTION

The lead defendant in this case, Technology Properties Limited, Inc. ("TPL"), is a patent owner involved with the development, manufacture, and licensing of innovative high technology products.[1]  The plaintiffs filed this declaratory judgment action alleging that they do not infringe TPL's patents and that TPL's patents are invalid.  Because three of the four patents in this case were construed and litigated last year by Judge Ward of the Eastern District of Texas, and one of the other patents shares a specification with the already-construed patents.  Further, Judge Ward's claim construction order on 5,784,584 ("the '584 patent") is currently on appeal to the Federal Circuit; upon decision, this case is expected to return to Texas after a decision is issued.  TPL has filed patent infringement cases on the patents at issue in this action against plaintiff HTC Corporation in the Eastern District of Texas.  TPL has asked that these cases be deemed related to the prior action before Judge Ward.

There is no particular reason why this declaratory action should be brought in this Court. HTC Corporation is a Taiwanese company that has no significant ties to the forum which are not also present in the Eastern District of Texas.  The defendants' previous communications with HTC Corporation relating to the patents at issue have always been with offices in Taiwan, and Taiwan is likely where infringing product designs were developed, and the base from which infringing activities occurred.  Co-plaintiff HTC America, Inc. which does have a California office, appears to be a wholly-owned subsidiary of the lead plaintiff with little connection to the subject matter of this case.

This Court should either (1) decline to exercise its discretionary declaratory judgment jurisdiction and  dismiss this action or (2) transfer this action to the Eastern District of Texas pursuant to 28 U.S.C. § 1404(a) so that this case can proceed before Judge Ward.  Dismissal or transfer will ensure that this Court conserves its resources and avoid "re-inventing the wheel" by

---

[1] Co-defendant Patriot Scientific Corporation ("Patriot") owns an interest in U.S. Patent Nos. 5,440,749, 5,784,584, 5,809,336, and 6,598,148.  Alliacense Limited does not own an interest in any of these patents and should not have been named in this action.

MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION (1) TO DISMISS ON GROUNDS OF LACK OF SUBJECT MATTER JURISDICTION, (2) IN THE ALTERNATIVE TO TRANSFER TO THE EASTERN DISTRICT OF TEXAS, AND (3) IN THE ALTERNATIVE, TO STAY PENDING APPEAL IN A RELATED CASE INVOLVING THE SAME ISSUES

SV #341281 v1                                    1                        Case No. 08-CV-00882 JL

learning the complex technology that a competent judge of another jurisdiction has already

mastered.  In addition, declining jurisdiction or transferring this action will avoid the possibility of

inconsistent rulings between this Court and Judge Ward's prior rulings.  Finally, granting this

motion will avoid parallel litigation over the '584 patent, the construction of which is still being

litigated, both to conserve judicial resources and avoid inconsistent rulings.

## II.    STATEMENT OF FACTS

TPL holds patents to several different aspects of a high speed computer microprocessor.

These patents include U.S. Patent Nos. 5,440,749 ("the '749 patent"), 5,784,584 ("the '584

patent"), 5,809,336 ("the '336 patent"), and 6,598,148 ("the '148 patent").  In general, the '336

patent discloses a microprocessor with a first clock that clocks the Central Processing Unit (CPU),

a second clock that clocks the input/output interface (I/O), and a mechanism that coordinates the

data transfer between the CPU and I/O despite their asynchronous timing.  The '584 patent

discloses a method of executing a set of instructions within a plurality of instruction groups

acquired from memory.  The '148 patent is directed to a microprocessor with a CPU designed

efficiently such that it takes up minimal surface area on the chip, and thus over 50% of the chip

surface is dedicated to Random Access Memory (RAM).  The '749 patent discloses a

microprocessor that fetches multiple instructions in parallel and executes fetched instructions

using an arithmetic logic unit connected to a push down stack.  These patents are part of the family

of patents known as the Moore Microprocessor Portfolio patents, or MMP patents.  Numerous

major companies, such as Intel, Hewlett-Packard, and Nokia, have licensed the technology these

patents disclose and claim.

To protect its rights and the rights of its licensees, in 2006 TPL asserted the '336 patent,

the '584 patent, and the '148 patent of the MMP patents against Toshiba, Matsushita, NEC Corp.,

NEC Electronics, and Fujitsu.  These defendants were later joined by intervenors ARM Inc. and

ARM, Ltd. ("ARM").  This action was in the Eastern District of Texas, where the case was

assigned to the Honorable John Ward under Case No. 2:05-cv-00494-TJW ("E.D. Tex. Case").

1  The case proceeded for two years, and Judge Ward received a tutorial on the technology of the

2  MMP patents from both plaintiff and defendants.  He issued a *Markman*[2] decision construing

3  numerous limitations of the '336 patent, the '584 patent, and the '148 patent on June 15, 2007.

4  Before the ruling, NEC Corp. and Fujitsu settled by purchasing MMP licenses. After the ruling

5  issued, but before trial, further settlements were reached with defendants Toshiba, Matsushita, and

6  NEC Electronics but not ARM.

7      Due to what TPL believes to be an erroneous claim construction regarding the '584 patent,

8  however, TPL appealed the portion of the *Markman* decision relating to that patent as against

9  ARM.  This appeal was recently briefed in the Federal Circuit, and oral argument is scheduled for

10  May 7, 2008.  If the Federal Circuit overturns the *Markman* decision, it will send the case back to

11  the Eastern District of Texas for further adjudication regarding the '584 patent.  The case will

12  include issues of alleged invalidity of the '584 patent under all of 35 U.S.C. §§ 102, 103, and 112.

13      On February 8, 2008, plaintiffs HTC Corp. and HTC America, Inc. filed this declaratory

14  judgment complaint requesting this Court to declare that they do not infringe a valid or

15  enforceable claim of the MMP patents.  On April 25, 2008, TPL, Patriot, and MCM filed two

16  complaints in the Eastern District of Texas against HTC and HTC America.  These complaints

17  involve all the patents at issue in this litigation.

18  **III.    ARGUMENT**

19      **A.    This action should be dismissed for lack of subject matter jurisdiction
20          because the Declaratory Judgment Act does not grant jurisdiction
            when, in the court's discretion, such jurisdiction is unwarranted, such
21          as when the issues are before a court in a more convenient and efficient
            forum.**

22          **1.    Subject matter jurisdiction under the Declaratory Judgment Act
23              is discretionary, and should not be granted unless the Court
                believes it is warranted, and the transfer factors of § 1404(a) are
24              a guide to whether jurisdiction is warranted.**

25  The Declaratory Judgment Act set forth in 28 U.S.C. § 2201 provides in pertinent part:

26

27  _____

28  [2] *Markman v. Westview Instruments, Inc.*, 517 U.S. 370 (1996).

> In a case of actual controversy within its jurisdiction . . . , any court of the United States, upon the filing of an appropriate pleading, *may* declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.

(emphasis added).  Thus, subject matter jurisdiction in a declaratory judgment case is never mandatory.  District courts are granted "unique and substantial discretion in deciding whether to declare the rights of litigants," because "facts bearing on the usefulness of the declaratory judgment remedy, and the fitness of the case for resolution, are particularly within their grasp." *Medimmune Inc. v. Genentech Inc.*, 549 U.S. 118, 127 S. Ct. 764, 776 (2007).

The question of whether to exercise declaratory judgment jurisdiction in the context of a patent infringement matter is governed by Federal Circuit case law rather than the decisions of the regional circuits, because the issue impacts the Federal Circuit's mandate to promote national uniformity in patent practice. *See, e.g., Electronics for Imaging, Inc. v. Coyle*, 394 F.3d 1341, 1345–46 (Fed. Cir. 2005).  The Federal Circuit has recognized district courts' broad discretion in whether or not to entertain "reverse" patent infringement suits such as the present case.  *See, e.g.*, *Minnesota Min. and Mfg. Co. v. Norton Company*, 929 F.2d 670, 672 (Fed. Cir. 1991) (The Act and the courts "have made the exercise of declaratory judgment jurisdiction discretionary."); *Electronics for Imaging, Inc.*, 394 F.3d at 1345 (recognizing a "unique and substantial discretion"); *EMC Corp. v. Norand Corp.*, 89 F.3d 807, 810 (Fed. Cir. 1996).

Of course, "[t]here must be well-founded reasons for declining to entertain a declaratory judgment action." *Electronics for Imaging*, 394 F.3d at 1345.  However, the Federal Circuit has recognized that one of those "well-founded reasons" is the fact that the same issues would be resolved more conveniently or efficiently in another forum.  Indeed, recent case law requires this Court to consider the transfer factors of 28 U.S.C. § 1404(a) as a guide to determine whether to accept jurisdiction.

In the past, the Federal Circuit followed the general rule that the first-filed lawsuit should go forward. *See, e.g.*, *Genentech v. Eli Lilly & Co.*, 998 F.2d, 931, 937 (Fed. Cir. 1993).  In 2008,

MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION (1) TO DISMISS ON GROUNDS OF LACK OF SUBJECT MATTER JURISDICTION, (2) IN THE ALTERNATIVE TO TRANSFER TO THE EASTERN DISTRICT OF TEXAS, AND (3) IN THE ALTERNATIVE, TO STAY PENDING APPEAL IN A RELATED CASE INVOLVING THE SAME ISSUES

SV #341281 v1                                        4                                Case No. 08-CV-00882 JL

however, in response to the Supreme Court's 2007 *Medimmune* case, the Federal Circuit applies a

different rule. Now:

> Instead of relying solely on considerations such as tenuousness of
> jurisdiction, broadness of case, and degree of vestment, . . . or
> automatically going with the first filed action, . . . the trial court
> weighing jurisdiction . . . must consider the real underlying dispute:
> the convenience and suitability of competing forums.

*Micron Technology, Inc. v. Mosaid Technologies, Inc.*, 518 F.3d 897, 902 (Fed. Cir. 2008). Thus,

the *Micron* court applied the factors announced in 28 U.S.C. § 1404(a) for adjudicating motions to

transfer venue. *See Micron*, 518 F.3d at 904 ("In other words, this court notes that when the

discretionary determination is presented after the filing of an infringement action, the jurisdiction

question is basically the same as a transfer action under § 1404(a).") The Federal Circuit reasoned

that "[e]ventually, robust consideration of these factors will reduce the incentives for a race to the

courthouse because both parties will realize that the case will be heard or transferred to the most

convenient or suitable forum." *Micron*, 518 F.3d at 905. Importantly, the Court noted, "[t]he first-

filed suit rule . . . will not always yield the most convenient and suitable forum." *Id.* at 904

(emphasis added). Therefore, this Court must determine the most suitable and convenient venue,

regardless of where it was first-filed. If this Court is not the most convenient forum, and the

issues are already proceeding where they are more convenient, the Court should decline to accept

declaratory judgment jurisdiction.

### 2. The transfer factors of § 1404(a) counsel transfer of this case to the Eastern District of Texas.

The transfer statute 28 U.S.C. § 1404(a) provides that "For the convenience of parties and

witnesses, in the interest of justice, a district court may transfer any civil action to any other

district or division where it might have been brought." The purpose is "to prevent the waste of

time, energy, and money and to protect litigants, witnesses and the public against unnecessary

inconvenience and expense." *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (internal citation

omitted). The district court must consider both public factors which go to the interests of justice,

and private factors, which go to the convenience of the parties and witnesses. *See Decker Coal Co.*

*v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir.1986).

MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION (1) TO DISMISS ON GROUNDS OF LACK OF SUBJECT MATTER
JURISDICTION, (2) IN THE ALTERNATIVE TO TRANSFER TO THE EASTERN DISTRICT OF TEXAS, AND (3) IN THE ALTERNATIVE,
TO STAY PENDING APPEAL IN A RELATED CASE INVOLVING THE SAME ISSUES

SV #341281 v1                                          5                                  Case No. 08-CV-00882 JL

**a.    The public factors strongly favor transferring this case to the Eastern District of Texas.**

In the context of patent litigation, this Court has recently identified various factors that are important in the transfer determination (some of which overlap with *Decker*):

> (1) the relative ability of each of the two courts to compel attendance of witnesses,
> (2) the relative ability of the two courts to provide direct access by witnesses and jurors to tangible evidence or to pertinent premises,
> (3) promoting consistency among court rulings that affect the development and trial of this case,
> (4) reducing the aggregate transaction costs imposed by the litigation on the parties,
> (5) providing the most expeditious access to judicial resources and a trial date,
> (6) assessing the relative intensity in the two jurisdictions of any local interests that the litigation might implicate, and
> (7) the relative levels of familiarity of the judges in the two courts with the substantive law they would be called upon to construe and apply in this case.

*Arete Power, Inc., v. Beacon Power Corp.*, No. 07-CV-5167 WDB, 2008 WL 508477 at *9 (N.D. Cal. Feb. 22, 2008).[3]  Each of these factors favors the Eastern District of Texas as the more convenient forum, thus indicating that declaratory judgment should not be entertained in the Northern District of California.

**(i)    Judge Ward of the Eastern District of Texas is already familiar with the technical issues, and it would be wasteful of judicial resources for a second court to learn the same technology.**

In a highly technical case, the judge's familiarity of the issues can be decisive. "Consideration of the interest of justice, which includes judicial economy, 'may be determinative to a particular transfer motion, even if the convenience of the parties and witnesses might call for a different result.'" *Regents of University of Cal. v. Eli Lilly & Co.*, 119 F.3d 1559, 1565 (Fed. Cir. 1997).

---

[3] For the Court's convenience, copies of unpublished opinions are included as exhibits in the Declaration of Ronald F. Lopez, filed herewith.

1    In *Regents*, UC brought suit against Lilly in the Northern District of California for

2 infringement of its patent covering recombinant DNA technology. *See id.* at 1562. The case was

3 consolidated for discovery purposes with four other cases in the Southern District of Indiana

4 pursuant to multi-district litigation procedures. *See id.* at 1563.  After discovery was complete, the

5 Indiana court transferred venue to itself for trial under § 1404(a) because judicial economy was

6 best served by trial in the Indiana court. *See id.*

7    The Federal Circuit upheld the decision to transfer venue, stating that judicial economy,

8 *standing alone*, was sufficient grounds, "in a case such as this in which several highly technical

9 factual issues are presented," for transfer "to a court that has become familiar with the issues."

10 *Regents* at 1565.  Other courts have come to the same conclusion.  *See, e.g.*, *Reiffen v. Microsoft*,

11 104 F.Supp. 2d 48, 55 (D.D.C. 2000) (transferring to the N.D. Cal, stating, "The Honorable

12 Vaughn R. Walker of the Northern District has already expended substantial time and effort to

13 become familiar with the technology underlying the disputed patents, the prosecution of the

14 patents, the record considered by the Patent Office in issuing the patents, and the legal issues

15 related to the patents' alleged validity and infringement."); *Pattishall, McAuliffe, Newbury,*

16 *Hilliard & Geraldson, v. Gibson Guitar Corp.*, No. 91 C 6718, 1991 WL 273800, *2 (N.D. Ill.

17 Dec. 12, 1991) ("First, the Tennessee case has been assigned to Judge John Nixon, who presided

18 over the underlying trademark infringement case. Although the case settled, the parties still

19 appeared before Judge Nixon on several occasions, and his familiarity with the infringement case

20 will undoubtedly give him a greater understanding of the situation than if the case were to proceed

21 in an entirely new forum. Familiarity of the judge with the underlying action has been held to be a

22 valid consideration justifying a change of venue.").

23    Judge Ward has already spent many days, likely weeks, learning the highly technical

24 factual issues of the MMP patents.  TPL filed its original complaint on October 24, 2005 for

25 infringement of the '336 patent, the '584 patent, and the '148 patent in the Eastern District of

26 Texas. (*See* E.D. Tex. Complaint, Ex. A to Cook Decl.)  Both plaintiff and defendants prepared

27 and submitted tutorials on the technology disclosed in the patents. (*See* Tutorial, Ex. B to Cook

28 Decl.)  Judge Ward then took on the personal and labor-intensive task of learning the general area

1   of technology, and specifically the patents' detailed disclosure and claim terms.  He was further

2   required to review each of the patents' file histories and the competing expert interpretations and

3   arguments of counsel.  He considered the contested claim terms and phrases presented in each of

4   the '336 patent, the '584 patent, and the '148 patent, and he issued a *Markman* decision on June

5   15, 2007. (*See* Order, Ex. C to Cook Decl.)  This decision construes the meaning of 33 claim terms

6   over a 31 page decision.  Further, the '749 patent shares a common specification with those

7   patents. (*See* Cook Decl. ¶ 5.)  Judge Ward is also at an advantage on understanding the claims of

8   this patent as well because he has already read the patent's specification.  Finally, Judge Ward

9   would likely hear this case if transferred to the Eastern District of Texas. *See* E.D. Tex. Local

10  Rules CV–42(a)–(c) (requiring counsel to notify court of cases with related subject matter and

11  allowing consolidation of related cases).

12      It would be wasteful of this Court's resources to invest the time and mental energy to learn

13  the complex technology involved when Judge Ward has already done so.  It would further cause

14  delay to the parties to allow this Court the necessary time to learn the technology.  Finally, it

15  would cause unnecessary party expense to help this Court understand the technology when TPL

16  has already spent its resources doing so in the E.D. Tex. case.  The Federal Circuit has approved

17  this factor as being decisive in transferring a case to another district in *Regents*, and did so under

18  the stricter first-to-file analysis that preceded *Genentech*.

19              **(ii)     Transfer to the Eastern District of Texas is**
20                         **necessary to protect against inconsistent rulings.**

21      "As a general proposition, the interest of justice is advanced to the extent that one court

22  (rather than two or more) is the source of the rulings and judicial guidance that are provided in any

23  one case. Concentrating responsibility for rulings and guidance in one court reduces both

24  inefficiencies (eliminating the need for judges in other courts to become familiar with the case and

25  the pertinent law) and the risk that the parties or witnesses will be subject to inconsistent

26  directives." *Arete* at *10.

27      In the Texas Case, the *Markman* decision issued by Judge Ward with regard to the '336

28  patent and '148 patent was not appealed. Accordingly, that decision remains the best indication for

third parties on how to design their products to avoid the patent claims or whether to seek a license for those patents.  The plaintiffs in this case, however, will likely request this Court to issue its own *Markman* decision, construing the claims in their favor.

A *Markman* decision by this court that departs from the *Markman* decision issued by Judge Ward will only provide an inconsistent result and promote confusion among the third parties looking for clarification on the scope of the coverage of the '336 and '148 patents.  In contrast, if this case is transferred to the Eastern District of Texas, Judge Ward may issue a second *Markman* decision on those patents.  In that case, he would simply be amending his own earlier decision, which would promote clarification, not confusion, of the coverage of the patents.  A single voice should opine on the construction of these claim terms instead of two courts issuing competing claim constructions.

Further, the Texas Case is still being contested regarding the '584 patent. TPL is contesting the claim construction of the '584 patent in an appeal before the Federal Circuit. (Am. Notice of Appeal, Ex. D to Cook Decl.)  If that claim construction is revised, and TPL expects that it will be, the Federal Circuit will remand the case back to Texas for further adjudication regarding the '584 patent.  "As a general proposition, cases should be transferred to the district where related actions are pending. The presence of three related cases involving the same patent and the same type of infringement actions in the [transferee] district weighs heavily in favor of transfer." *Carus Corp. v. Greater Texas Finishing Corp.*, No. 91 C 2560, 1992 WL 22691 at *2 (N.D. Ill. January 31, 1992) (citations removed).

ARM has alleged both that the '584 patent is invalid and that it does not infringe the '584 patent. (*See* Am. Answer, Ex. E to Cook Decl. at ¶ 95.)  The plaintiffs in this case also have argued that the claims of the '584 patent are invalid and not infringed. (*See* HTC's Complaint ¶ 18.)  Accordingly, both Judge Ward and this Court will likely be ruling on the same issue of validity of the '584 patent and the related issue of infringement of the '584 patent.  It is wasteful of judicial resources to have two judges ruling on the same issues.  Further, there is the possibility that the two courts could issue inconsistent decisions.  Accordingly, it would serve the interest of

MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION (1) TO DISMISS ON GROUNDS OF LACK OF SUBJECT MATTER JURISDICTION, (2) IN THE ALTERNATIVE TO TRANSFER TO THE EASTERN DISTRICT OF TEXAS, AND (3) IN THE ALTERNATIVE, TO STAY PENDING APPEAL IN A RELATED CASE INVOLVING THE SAME ISSUES

SV #341281 v1                                            9                              Case No. 08-CV-00882 JL

1    justice to transfer this case to Judge Ward to avoid duplicative, and potentially inconsistent,

2    rulings.

3        Even if the Federal Circuit upholds the claim construction of the '584 patent and the case

4    is not remanded, the Eastern District of Texas would still be the most convenient forum.  In

5    *Reiffen*, 104 F. Supp. 2d 48, Mr. Reiffen had first asserted his patents against Microsoft in the

6    Northern District of California.  The court decided his patents were invalid, and he appealed the

7    decision to the Federal Circuit. *See id.* at 50.  He then filed a similar suit in the District Court of

8    the District of Columbia. *See id.* While the appeal to the Federal Circuit was pending, the D.D.C.

9    transferred its case to the N.D. Cal. *See id.*  It held that the fact that the Federal Circuit case was

10   still pending:

11           . . . does not imply that it would be sensible or convenient to litigate
             this complaint here if the Federal Circuit affirms (and so does not
12           remand to the Northern District of California). No matter what the
             Federal Circuit decides, <u>litigating this matter here would squander
13           judicial resources.</u>

14   *Id.* at 53 (emphasis added).  Here, like in *Reiffen*, the possibility of inconsistent rulings favors

15   transfer even though the construction of the '584 patent, once in the Eastern District of Texas, is

16   currently on appeal.

17                    **(iii)    The Texas court has the ability to compel
                              attendance of the most important witnesses**
18

19       "The availability of compulsory process to compel the attendance of unwilling witnesses is

20   an important factor." *Arete* at *10 (*citing Cambridge Filter Corp. v. International Filter Co., Inc.*,

21   548 F. Supp. 1308, 1311 (D. Nev., 1982)).  The convenience of *non-party* witnesses is an

22   especially important factor, and one that is accorded greater weight than the convenience of party

23   witnesses. *See Coxcom, Inc. v. Hybrid Patents, Inc.*, 2007 WL 2500982, *2 (N.D. Cal. 2007).  The

24   inventors listed on patents are considered to be particularly important.  "Among the most

25   significant witnesses on the infringement and anticipation issues are the inventor(s) and the design

26   and testing engineers." *Arete* at *7 (*citing Steelcase Inc. v. Haworth Inc.*, 41 U.S.P.Q.2d 1468,

27   1470 (C.D. Cal. 1996)).

28

1  In this case, all of the inventors of the FM patents are either current employees of or

2  consultants to TPL. (*See* Cook Decl. ¶ 8.)  Charles Moore, the first inventor listed on the MMP

3  patents, is also a consultant for TPL. (*See* Cook Decl. ¶ 9.)  Accordingly, they are available to

4  testify in either jurisdiction.

5  Mr. Fish, however, is the second-listed inventor on the MMP patents and is not affiliated

6  with any party to this litigation. He is a resident of Dallas, TX, and therefore outside of the

7  subpoena power of this court. (*See* Cook Decl. ¶ 10.)  Mr. Fish is, however, within the subpoena

8  power of the E.D. Texas, which has subpoena power over the entirety of Texas:

> 9  A court may compel any witness residing in the state in which the
> 10  court sits to attend trial, subject to reasonable compensation if the
> witness incurs substantial expense. *See* Fed. R. Civ. P. 45(c)(3).
> 11  Under this rule, this Court's subpoena power extends to all of the
> witnesses listed by the Defendant because they all reside in the State
> 12  of Texas.

13  *Singleton v. Volkswagen of America*, 2006 WL 2634768 at *3 (E.D. Tex. 2006) (Ward, J.)

14  Accordingly, the Eastern District of Texas is able to compel the only non-affiliated

15  inventor of this suit to attend trial, while this court is not.  As stated in *Arete*, it is important for the

16  non-affiliated inventor to be available for trial.

17  **(iv)    The remaining public interest factors favor
                transfer.**

18
19  The Federal Rules of Civil Procedure mandate that the rules shall "be construed and

20  administered to secure the just, speedy, and inexpensive determination of every action," and courts

have adhered to a long-standing maxim that "justice delayed is justice denied." *See* Fed. R. Civ. P.

21  1; *Tafolla v. City of Tustin*, 885 F.2d 1473, 1477 (9th Cir. 1989).  A transfer to the Eastern District

22  of Texas would favor expeditious access to judicial resources, because Judge Ward would not

23  require the time to get up to speed with regard to the MMP patents.  Evidence was also recently

24  submitted in a currently-pending case in this jurisdiction showing that this Court is much more

25  congested than the Eastern District of Texas:

26
27
28

1

2

3

> The 2007 caseload profile for the Northern District of California indicates a median time from filing to trial of 24.9 months, and a caseload of 643 pending cases per judgeship. During the same period, the median time from filing to trial in the Eastern District of Texas was 18 months, with 419 pending cases per judgeship.

4

5

(Mosaid's Motion to Transfer, *Micron Technology v. Mosaid Technologies*, Document 43, No. 5:06-4496 (N.D. Cal. 2008) (citations omitted), Ex. F to Lopez Decl.)

6

7

The factor of local interest is neutral. The lead plaintiff is a Taiwanese company with

8

principal places of business in Taiwan. (*See* Complaint ¶ 2.) All decision-making authority for the

9

plaintiffs for this conflict resides in Taiwan. In the pre-litigation attempts at a business agreement,

10

all correspondence between TPL and the defendant was performed by Taiwanese offices. TPL

11

conducted its discussions with employees of HTC including General Counsel Grace Liu, Senior

12

Counsel Hogo Ho, and Principal Patent Engineer Vince Wang. (*See* Davis Decl. ¶ 2.) All of these

13

people are based in Taiwan. Mr. Ho was to have final decision-making authority. (*See* Davis Decl. ¶ 3.)

14

The plaintiffs' engineering and design facilities of the potentially infringing products are

15

likely based in Taiwan. For example, the U.S. Patent and Trademark Office ("PTO") database

16

indicates that all of HTC's last 50 issued patents also list only Taiwanese inventors. (*See* Lopez

17

Decl. ¶ 3.) Thus, the PTO database evidences that the plaintiffs engineer and design their products

18

only in Taiwan. All evidence related to HTC's product designs and therefore potential

19

infringement is likely located in Taiwan.

20

Finally, HTC's manufacturing facilities are likely located in China. (*See* Lopez Decl. ¶ 4.)

21

While HTC has a subsidiary sales office in the U.S. that is also a plaintiff to this suit, there is no

22

evidence that this office will be involved in the plaintiff's proof of their allegations at all. For

23

example, this office has not been involved at all in the attempts to arrive at a business agreement.

24

(*See* Davis Decl. ¶ 4.) There is, therefore, no real local interest in California related to the

25

Taiwanese plaintiff's allegations of non-infringement.

26

There is no imposition of jury service on unaffected citizens of either jurisdiction because

27

the case is national in scope and therefore affects the sale of potentially infringing products to

28

MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION (1) TO DISMISS ON GROUNDS OF LACK OF SUBJECT MATTER JURISDICTION, (2) IN THE ALTERNATIVE TO TRANSFER TO THE EASTERN DISTRICT OF TEXAS, AND (3) IN THE ALTERNATIVE, TO STAY PENDING APPEAL IN A RELATED CASE INVOLVING THE SAME ISSUES

SV #341281 v1                                    12                            Case No. 08-CV-00882 JL

citizens of both jurisdictions.  The factor of direct access by the witnesses to pertinent premises is not important because there are no pertinent premises in a patent case.  Further, the aggregate costs are likely the same, because the plaintiffs will either be required to travel to Texas or California for trial, and any difference in cost and time is likely negligible.

### b.    The private factors are neutral.

The district court must consider also private convenience and fairness factors, including ease of access to sources of proof, plaintiff's choice of forum, relative convenience to parties, and relative convenience to witnesses. *See Decker Coal*, 805 F.2d at 843.

### (i)    Plaintiffs' choice of forum should be accorded no weight, because plaintiff is a foreign corporation with no ties to this district relating to the subject matter.

In the weighing of convenience factors, when the forum plaintiff has chosen is also the plaintiff's residence, plaintiff's choice is given considerable weight and will not be disturbed unless other factors weigh substantially in favor of transfer. *See Royal Queentex Enterprises v. Sara-Lee Corp.*, No. C-99-4787 MJJ, 2000 WL 246599 at *3 (N.D. Cal. 2000) (*citing Decker Coal*, 805 F.2d at 843, which requires a "strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum").

The Supreme Court recognized, however, that plaintiff's choice of forum is entitled to appreciably less weight when plaintiff does not reside there. "The District Court properly decided that the presumption in favor of the plaintiff's forum choice applied with less than maximum force when the plaintiff or (as here) the real parties in interest are foreign . . . when the plaintiff or real parties in interest are foreign, this assumption is much less reasonable and the plaintiff's choice deserves less deference." *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255–56 (1981). "Some courts have gone even further and held that no deference is to be given a plaintiff's choice of forum in cases involving a foreign plaintiff and an American defendant." *Nolan Helmets S.P.A. v. Fulmer Helmets Inc.*, 37 U.S.P.Q.2d (BNA) 1351, 1352 (S.D. Fl. Nov 27, 1995).

In this case, the evidence ascertained indicates that the residence of the people and products involved with HTC's claim of no infringement is Taiwan and not California, and

MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION (1) TO DISMISS ON GROUNDS OF LACK OF SUBJECT MATTER JURISDICTION, (2) IN THE ALTERNATIVE TO TRANSFER TO THE EASTERN DISTRICT OF TEXAS, AND (3) IN THE ALTERNATIVE, TO STAY PENDING APPEAL IN A RELATED CASE INVOLVING THE SAME ISSUES

SV #341281 v1                                    13                          Case No. 08-CV-00882 JL

therefore its choice of forum is entitled to little deference.  Generally, the witnesses that a party

provides to prove that its products do not infringe a patent are the engineers who are most

knowledgeable of how the products are constructed and function.  As outlined above, those

witnesses are all based in Taiwan.  There will be little, if any, greater inconvenience to the

Taiwanese engineers to travel to Texas relative to California.

**(ii)    California and Texas are equally convenient to the plaintiffs' parties and witnesses.**

Both the plaintiff as a party and the plaintiff's witnesses who will testify about the non-

infringement of its products are likely based in Taiwan.  Moving this case to Texas will impose

little burden on these plaintiffs relative to traveling to California.  All of defendant's witnesses

over which it has control have consented to travel to Texas. Convenience to the parties' counsel is

generally not a relevant factor. *See Steelcase*, 41 U.S.P.Q.2d at 1469.  Accordingly, this factor is

neutral.

**(iii)    Both forums provide equal ease of access to proof**

Plaintiff's proof of non-infringement is located in the design centers in Taiwan.  Thus,

there is no difference in this factor whether the case is heard in Texas or California.  Further, any

evidence of invalidity is likely documentary in nature, and therefore there is no difficulty in

accessing such proof in either jurisdiction.  "With technological advances in document storage and

retrieval, transporting documents does not generally create a burden." *Van Slyke v. Capital One

Bank*, 503 F.Supp.2d, 1353, 1364 (N.D. Cal. 2008) (*citing Vitria Tech. Inc. v. Cincinnati Ins. Co.*,

No. C 05-01951 JW, 2005 WL 2431192, *3 (N.D. Cal.2005)).  Accordingly, this factor is not

probative.

**c.    This case could have been brought in the Eastern District of Texas**

The transfer statute 28 U.S.C. § 1404(a) allows transfer of a case to a district where the

case could have been originally brought.  The venue statute for patent cases provides as follows:

Any civil action for patent infringement may be brought in the judicial district where (A) the

defendant resides, or (B) where the defendant has committed acts of infringement and has a

regular and established place of business. *See* 28 U.S.C. § 1400(b). The Federal Circuit has held

1   that the general venue statutes 28 U.S.C. § 1391(c) defines a corporation's residence to include

2   any district where there would be personal jurisdiction over the corporate defendant at the time the

3   action is commenced. *See VE Holding Corp. v. Johnson Gas Appliance Co.*, 917 F.2d 1574, 1583

4   (Fed. Cir. 1990).

5        Texas has a long-arm statute that reaches as far as the federal constitutional requirements

6   of due process will allow. *See Guardian Royal Exch. Assurance, Ltd. v. English China Clays,*

7   *P.L.C.*, 815 S.W.2d 223, 226 (Tex. 1991). A party with a distribution network that sells and offers

8   to sell products in Texas that are alleged to infringe the patents establishes personal jurisdiction.

9   *Vishay Dale Electronics, Inc. v. KOA Corp.*, No. 04-CV-247-A, 2004 WL 1908244 at *3 (N.D.

10  Tex. 2004). In this case, HTC offers its products for sale in Marshall, Texas. Its website,

11  http://www.htcamerica.net, directs the user with a tab titled, "Shop." (*See* Lopez Decl. ¶ 6 & Ex.

12  C.) By clicking on this tab, the user is redirected to a web page that requests the user to enter his

13  or her zip code. (*See id.*) By entering the zip code of Marshall, TX, 75670, a web page is brought

14  up that indicates several HTC products available for sale and use in Marshall. (*See id.*) These

15  products, Smartphones, are examples of the products that infringe TPL's patents. Accordingly,

16  HTC has an "established distribution channel" for its products in Marshall.

17       ASUSTeK likewise has an established distribution channel in Marshall. For example, a

18  user can enter its website, "www.usa.asus.com," then click on the tab, "Where to buy." (*See* Lopez

19  Decl. ¶ 7 & Ex. D.) The website then brings up a page asking whether the user will be shopping in

20  the US or Canada. (*See id.*) After clicking on the American flag, the website brings up a page

21  where a user can select from the different categories of products sold by Asus—laptops,

22  motherboards, components, and the like. (*See id.*) The user then can select the lap tops, and the

23  website brings up a page showing all the different stores that sell Asus laptop computers. (*See id.*)

24  These stores include numerous national re-sellers including Best Buy, CDW, and J&R.

25  Furthermore, Best Buy itself has stores in Longview and Tyler, TX, both of which are in the

26  Eastern District of Texas. (*See* Lopez Decl. ¶ 8 & Ex. E.) These laptop computers are the products

27  that infringe the MMP patents and the FM patents. Accordingly, ASUSTeK has an "established

28  distribution channel" for its products in Marshall.

3.    **It is appropriate to bring a Fed. R. Civ. P. 12(b)(1) motion challenging declaratory jurisdiction on discretionary grounds.**

A motion requesting the Court to decline or abstain from jurisdiction may be considered under Federal Rule of Civil Procedure 12(b)(1).  *See Ambat v. City and Cty of San Francisco*, No. C 07-3622 SI, 2007 WL 3101323 (N.D. Cal. Oct. 22, 2007) ("[N]umerous courts have also considered abstention arguments within the framework of a motion to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1)"; *Miller Brewing Co. v. Ace U.S. Holdings, Inc.*, 391 F.Supp. 2d 735, 739 (E.D.Wisc.2005) ("[A] motion to dismiss or stay based on an abstention doctrine raises the question of whether a court should exercise subject matter jurisdiction."); *Beres v. Village of Huntley, Illinois*, 824 F. Supp. 763, 766 (N.D. Ill. 1992) ("a motion to dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) appears to be an appropriate method for raising the issue of abstention.").  The Rule 12(b)(1) framework applies with equal force to the issue of whether a court should exercise jurisdiction under the Declaratory Judgment Act. *See Miller Brewing*, 391 F. Supp. 2d at 740.

B.    **Alternatively, this action should be transferred to the Eastern District of Texas under 28 U.S.C. § 1404(a) because Judge Sard's court is the most suitable and efficient forum for resolving these issues with which he is already familiar.**

For the same reasons discussed above, if the Court holds that it has jurisdiction over this matter under the Declaratory Judgment Act and declines to dismiss the case, it should nevertheless transfer the case to the Eastern District of Texas under 28 U.S.C. § 1404(a), which states:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

As discussed above, this action could have been brought in the Eastern District of Texas, which is the forum most convenient to the parties, and where the issues of this case can be resolved with the greatest judicial economy.  If the Court declines plaintiffs' motion to dismiss, it should transfer the case to the Eastern District of Texas.

MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION (1) TO DISMISS ON GROUNDS OF LACK OF SUBJECT MATTER JURISDICTION, (2) IN THE ALTERNATIVE TO TRANSFER TO THE EASTERN DISTRICT OF TEXAS, AND (3) IN THE ALTERNATIVE, TO STAY PENDING APPEAL IN A RELATED CASE INVOLVING THE SAME ISSUES

SV #341281 v1                                    16                          Case No. 08-CV-00882 JL

**C.    Alternatively, this Court should stay these cases pending the resolution of TPL's ongoing appeal to the Federal Circuit and its offensive case against plaintiffs filed in the Eastern District of Texas.**

TPL has appealed Judge Ward's construction of key claim terms appearing in the '584 patent. That appeal will soon be resolved by the Federal Circuit. TPL has also filed a number of lawsuits in the Eastern District of Texas accusing plaintiffs in this case of infringing the very patents that are the subject of the present declaratory-judgment complaint. According to the policies of that court, these cases will be assigned to Judge Ward since he has already construed these patents.

To the extent this court determines not to dismiss or transfer plaintiffs' current declaratory-judgment claims to Texas, and for all the same reasons that militate in favor of transfer, TPL urges the Court to stay these claims pending the resolution of its appeal in the Federal Circuit and its cases in the Eastern District of Texas.

## IV.    CONCLUSION

For all these reasons, this court should dismiss, stay, or transfer this case to the Eastern District of Texas, where Judge Ward will be able to use his previously-gained knowledge in an efficient manner.

Respectfully submitted,
THELEN REID BROWN RAYSMAN & STEINER LLP


Dated:  April 25, 2008    By:    _____/s/_____
ROBERT E. KREBS
RONALD F. LOPEZ
CHRISTOPHER L. OGDEN
PAPOOL S. CHAUDHARI
of THELEN REID BROWN RAYSMAN & STEINER LLP,
Attorneys for Defendants TECHNOLOGY PROPERTIES
LIMITED, MCM PORTFOLIO LLC, and ALLIACENSE
LIMITED.

CHARLES T. HOGE
of KIRBY NOONAN LANCE & HOGE, LLP,
Attorneys for Defendant PATRIOT SCIENTIFIC
CORPORATION.

MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION (1) TO DISMISS ON GROUNDS OF LACK OF SUBJECT MATTER JURISDICTION, (2) IN THE ALTERNATIVE TO TRANSFER TO THE EASTERN DISTRICT OF TEXAS, AND (3) IN THE ALTERNATIVE, TO STAY PENDING APPEAL IN A RELATED CASE INVOLVING THE SAME ISSUES

SV #341281 v1                                17                        Case No. 08-CV-00882 JL