1  WILLIAM SLOAN COATS (SBN 98464)
   MARK R. WEINSTEIN (SBN 193043)
2  MARK F. LAMBERT (SBN 197410)
   KYLE D. CHEN (SBN 239501)
3  **WHITE & CASE LLP**
   3000 El Camino Real
4  Five Palo Alto Square, 9th Floor
   Palo Alto, California 94306
5  Telephone:   (650) 213-0300
   Facsimile:    (650) 213-8158
6
   Attorneys for Plaintiffs
7  HTC Corporation and HTC America, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| HTC CORPORATION and<br>HTC AMERICA, INC.,<br><br>        Plaintiffs,<br><br>    v.<br><br>TECHNOLOGY PROPERTIES LIMITED,<br>PATRIOT SCIENTIFIC CORPORATION<br>and ALLIACENSE LIMITED,<br><br>        Defendants. | Case No: C 08 00882 JF<br>(Related to C 08 00887 JF and<br>C 08 00884 JF)<br><br>**FIRST AMENDED COMPLAINT**<br>**FOR DECLARATORY JUDGMENT** |

Plaintiffs HTC Corporation ("HTC") and HTC America, Inc. ("HTC America") (collectively "Plaintiffs"), by and through their attorneys, allege as follows:

1. This is a civil action arising under the Patent Laws of the United States, 35 U.S.C. §§101, et seq., seeking a declaratory judgment that no valid and enforceable claims of United States Patent Numbers 5,809,336 ("'336 patent"); 5,784,584 ("'584 patent"); 5,440,749 ("'749 patent"); 6,598,148 ("'148 patent") and/or 5,530,890 (the "'890 Patent") (collectively the "patents-in-suit") are infringed by Plaintiffs.

**PARTIES**

2. Plaintiff HTC is a Taiwan corporation with its principal place of business in Taoyuan, Taiwan, R.O.C.

3. Plaintiff HTC America is a Texas corporation with its principal place of business in Bellevue, Washington.

4. Defendant Technology Properties Ltd. ("TPL") is, on information and belief, a California corporation with its principal place of business in Cupertino, California. On information and belief, TPL is a co-owner of the patents-in-suit.

5. Defendant Patriot Scientific Corporation ("Patriot") is, on information and belief, incorporated under the laws of the State of Delaware and maintains its principal place of business in Carlsbad, California. On information and belief, Patriot is a co-owner of the patents-in-suit.

6. Defendant Alliacense Ltd. ("Alliacense") is, on information and belief, a California corporation with its principal place of business in Cupertino, California. On information and belief, Alliacense is responsible for negotiating possible licenses to the patents-in-suit with third parties, on behalf of TPL.

**JURISDICTION AND VENUE**

7. The Plaintiffs file this complaint against TPL, Patriot and Alliacense (collectively "Defendants") pursuant to the patent laws of the United States, Title 35 of the United States Code, with a specific remedy sought based upon the laws authorizing actions for declaratory judgment in the federal courts of the United States, 28 U.S.C. §§ 2201 and 2202.

8. This Court has subject matter jurisdiction over this action, which arises under the patent laws of the United States, pursuant to 28 U.S.C. §§ 1331, 1338(a), and 2201.

9. Venue in this District is proper under 28 U.S.C. §§ 1391(b) and (c) and 1400(b) because, on information and belief, Defendants are corporations subject to personal jurisdiction in this District and, on information and belief, TPL and Alliacense maintain their principal places of business in this District.

## INTRADISTRICT ASSIGNMENT

10. This action is properly filed in the San Jose Division of the Northern District of California because Defendants reside, or do business, in this district.

## EXISTENCE OF AN ACTUAL CONTROVERSY

11. There is an actual controversy within the jurisdiction of this Court under 28 U.S.C. §§ 2201 and 2202.

12. Beginning in or about December 2005 and continuing thereafter, Alliacense has demanded that Plaintiffs enter into a royalty-bearing license for the patents-in-suit. Alliacense has taken the position that certain products of Plaintiffs are "covered" by one or more claims of the patents-in-suit. Alliacense further told Plaintiffs that if they did not take a license to the patents-in-suit, Plaintiffs might be subject to substantial liabilities. Alliacense also provided claim charts purporting to describe how more than ten products of Plaintiffs allegedly infringe one or more claims of the patents-in-suit.

13. Alliacense and HTC met multiple times throughout 2006 and 2007 to discuss a possible license, with the most recent meeting having taken place at HTC's headquarters in Taoyuan, Taiwan on November 8, 2007. Throughout this period, Alliacense continued to demand that Plaintiffs take a license to the patents-in-suit. For example, on October 9, 2007, Alliacense sent HTC a memorandum advising that "if HTC wishes to postpone its licensing," then "HTC's products are exposed to litigation and ITC actions." Plaintiffs and Alliacense continued to discuss a possible license during the following months, but the parties were unable to reach an agreement.

1  14. Based upon the above facts, there is an actual and justiciable controversy

2 within the jurisdiction of this Court under 28 U.S.C. §§ 2201 and 2202.

**FIRST CLAIM**

**DECLARATORY JUDGMENTS REGARDING THE '336 PATENT**

15. The Plaintiffs hereby restate and reallege the allegations set forth in paragraphs 1 through 14 and incorporate them by reference.

16. No valid and enforceable claim of the '336 patent is infringed by the Plaintiffs.

**SECOND CLAIM**

**DECLARATORY JUDGMENT REGARDING THE '584 PATENT**

17. The Plaintiffs hereby restate and reallege the allegations set forth in paragraphs 1 through 14 and incorporate them by reference.

18. No valid and enforceable claim of the '584 patent is infringed by the Plaintiffs.

**THIRD CLAIM**

**DECLARATORY JUDGMENT REGARDING THE '749 PATENT**

19. The Plaintiffs hereby restate and reallege the allegations set forth in paragraphs 1 through 14 and incorporate them by reference.

20. No valid and enforceable claim of the '749 patent is infringed by the Plaintiffs.

**FOURTH CLAIM**

**DECLARATORY JUDGMENT REGARDING THE '148 PATENT**

21. The Plaintiffs hereby restate and reallege the allegations set forth in paragraphs 1 through 14 and incorporate them by reference.

22. No valid and enforceable claim of the '148 patent is infringed by the Plaintiffs.

///

///

**FIFTH CLAIM**

**DECLARATORY JUDGMENT REGARDING THE '890 PATENT**

23. The Plaintiffs hereby restate and reallege the allegations set forth in paragraphs 1 through 14 and incorporate them by reference.

24. No valid and enforceable claim of the '890 patent is infringed by the Plaintiffs.

**PRAYER FOR RELIEF**

WHEREFORE, the Plaintiffs pray for judgment as follows:

1. Declaring that no valid and enforceable claim of the patents-in-suit is infringed by the Plaintiffs;

2. Declaring that Alliacense and each of their officers, employees, agents, alter egos, attorneys, and any persons in active concert or participation with them be restrained and enjoined from further prosecuting or instituting any action against the Plaintiffs claiming that the patents-in-suit are valid, enforceable, or infringed, or from representing that the products or services of the Plaintiffs infringe the patents-in-suit;

3. A judgment declaring this case exceptional under 35 U.S.C. § 285 and awarding the Plaintiffs their attorneys' fees and costs in connection with this case;

4. Awarding the Plaintiffs such other and further relief as the Court deems just and proper.

Dated: July 10, 2008

WHITE & CASE LLP

/s/ Kyle D. Chen
Kyle D. Chen
Attorneys for Plaintiffs
HTC Corporation and HTC America, Inc.