WILLIAM SLOAN COATS (SBN: 94864)
email: wcoats@whitecase.com
MARK R. WEINSTEIN (SBN: 193043)
email: mweinstein@whitecase.com
KYLE D. CHEN (SBN 239501)
email: kchen@whitecase.com
WHITE & CASE LLP
3000 El Camino Real
5 Palo Alto Square, 9th Floor
Palo Alto, CA  94306
Telephone:  (650) 213-0300
Facsimile:   (650) 213-8158

Attorneys for Plaintiffs
HTC CORPORATION and HTC AMERICA, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| HTC CORPORATION and HTC AMERICA, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>TECHNOLOGY PROPERTIES LIMITED, PATRIOT SCIENTIFIC CORPORATION and ALLIACENSE LIMITED,<br><br>Defendants. | Case No.  C 08 00882 JF<br>        (related to C 08 00877 JF and<br>        C 08 00884)<br><br>**REQUEST FOR JUDICIAL NOTICE UNDER F.R.E. 201 OF CERTAIN DOCUMENTS FILED IN TECHNOLOGY PROPERTIES LIMITED, INC., V. FUJITSU LIMITED ET AL, CASE NO.: 2:05-CV-00494-TJW**<br><br>The Honorable Jeremy Fogel |

Plaintiffs HTC Corporation and HTC America, Inc. ("HTC") hereby respectfully request that the Court take judicial notice of the following documents filed in the action entitled *Technology Properties Limited, Inc., v. Fujitsu Limited et al*, Case No.: 2:05-cv-00494-TJW, previously pending in the United States District Court for the Eastern District of Texas:

| Docket No. | Date Filed | Description of Document Filed | Attached Hereto as |
|---|---|---|---|
| 1. | 10/24/2005 | COMPLAINT FOR PATENT INFRINGEMENT | Exhibit A |
| 314. | 09/12/2007 | ORDER - granting Pltf and Dft Stipulation of Partial Judgment of Non-Infringement of US Patent No. 5,784,584 pursuant to F.R.C.P. 54 (b). Signed by Judge T. John Ward on 9/12/07. | Exhibit B |
| 337. | 09/27/2007 | NOTICE OF APPEAL to USCA Federal Circuit as to Order by Technology Properties Limited, Inc., Patriot Scientific Corporation. | Exhibit C |
| 367. | 12/20/2007 | ORDER granting 365 Motion [Sealed Motion for Entry of Order]. Court hereby approves the Stipulation for Dismissal and Orders that the remaining claims among these parties shall be dismissed, with each party bearing its own costs and attorneys' fees. Plaintiffs' claims are hereby dismissed with prejudice and Defendant TAEC'scounterclaims are dismissed without prejudice. The Court expressly retains jurisdiction for purposes of enforcing the Agreement and the Memorandum of Understanding, the terms of which are hereby incorporated by reference. TheAgreement, which incorporates the Memorandum of Understanding, is entered as an additional attachment under seal, as Exhibit A. Signed by Judge T. John Ward on 12/20/07. | Exhibit D |
| 369. | 12/20/2007 | ORDER FOR DISMISSAL - All remaining claims between the parties shall be dismissed with each party bearing its own costs and attorneys' fees. Pltf's claims against Dft NECELAM are dismissed with prejudice and NECELAM's counterclaims are dismissed without prejudice. Signed by Judge T. John Ward on 12/20/07. | Exhibit E |
| 370. | 06/19/2008 | MANDATE of USCA as to Notices of Appeal. Judgment issued as Mandate on 6/16/08 affirming the decision of the District Court. | Exhibit F |

The Court should take judicial notice of these docket entries properly under Federal Rule of Evidence 201, because these documents reflect facts concerning procedural events in the above referenced action that are "not subject to reasonable dispute" and are both "generally known" in

1    the community and "capable of accurate and ready determination by reference to sources whose

2    accuracy cannot be reasonably questioned."  F.R.E. 201(b), (c), and (d).  For the reasons set forth

3    above, HTC respectfully asks that the Court grant its request.

4    Dated: July 11, 2008                              WHITE & CASE LLP

5

6                                                       By: /s/  Kyle D. Chen

7                                                          Attorneys for Plaintiffs
                                                          HTC CORPORATION, and HTC
8                                                          AMERICA, INC.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PALOALTO 89880 (2K)

# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

FILED–CLERK
U.S. DISTRICT COURT

05 OCT 24  PM 4: 43

TX EASTERN–MARSHALL

Technology Properties Limited, Inc.,

§
§
§
§
§
§
§
§
§
§
§
§
§

BY_____

Plaintiff,

Civil Action No.    **2 - 0 5 C V - 4 9 4**

vs.

Fujitsu Limited, Fujitsu General America, Inc.,
Fujitsu Computer Products of America, Inc.,
Fujitsu Computer Systems Corp., Fujitsu
Microelectronics America, Inc., Fujitsu Ten
Corporation of America, Matsushita Electrical
Industrial Co., Ltd., Panasonic Corporation of
North America, JVC Americas Corporation,
NEC Corporation, NEC Electronics America,
Inc., NEC America, Inc., NEC Display
Solutions of America, Inc., NEC Solutions
America, Inc., NEC Unified Solutions, Inc.,
Toshiba Corporation, Toshiba America, Inc.,
Toshiba America Electronic Components, Inc.,
Toshiba America Information Systems, Inc. and
Toshiba America Consumer Products, LLC,

**Jury Trial Demanded**

Defendants.

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Technology Properties Limited, Inc., for its complaint against defendants Fujitsu

Limited, Fujitsu General America, Inc., Fujitsu Computer Products of America, Inc., Fujitsu

Computer Systems Corp., Fujitsu Microelectronics America, Inc., Fujitsu Ten Corporation of

America, Matsushita Electrical Industrial Co., Ltd., Panasonic Corporation of North America,

JVC Americas Corporation, NEC Corporation, NEC Electronics America, Inc., NEC America,

Inc., NEC Display Solutions of America, Inc., NEC Solutions America, Inc., NEC Unified

Solutions, Inc., Toshiba Corporation, Toshiba America, Inc., Toshiba America Electronic

Components, Inc., Toshiba America Information Systems, Inc. and Toshiba America Consumer

Products, LLC, alleges:

**THE PARTIES**

1.     Plaintiff Technology Properties Limited, Inc. ("TPL"), is a corporation duly organized and existing under the laws of the State of California, and maintains its principal place of business in San Jose, California.

2.     TPL is informed and believes, and on the basis of such information and belief alleges, that defendant Fujitsu, Ltd. ("Fujitsu"), is a corporation organized and existing under the laws of the Country of Japan, and maintains its principal place of business at Shiodome City Center, 1-5-2 Higashi-Shimbashi, Minato-ku, Tokyo 105-7123, Japan.

3.     TPL is informed and believes, and on the basis of such information and belief alleges, that defendant Fujitsu General America, Inc. ("Fujitsu General"), is a corporation organized and existing under the laws of the State of Delaware, and maintains its principal place of business at 353 Route 46 West, Fairfield, NJ 07004.

4.     TPL is informed and believes, and on the basis of such information and belief alleges, that defendant Fujitsu Computer Products of America, Inc. ("Fujitsu Computer Products"), is a corporation organized and existing under the laws of the State of California and maintains its principal place of business at 2904 Orchard Parkway, San Jose, CA 95134.

5.     TPL is informed and believes, and on the basis of such information and belief alleges, that defendant Fujitsu Computer Systems Corp. ("Fujitsu Computer Systems") is a corporation organized and existing under the laws of the State of California, and maintains its principal place of business at 1250 East Arquez Avenue M/S 124, Sunnyvale, CA 94085.

6.     TPL is informed and believes, and on the basis of such information and belief alleges, that defendant Fujitsu Microelectronics America, Inc. ("Fujitsu Microelectronics"), is a corporation organized and existing under the laws of the State of California, and maintains its principal place of business at 1250 East Arquez Avenue M/S 333, Sunnyvale, CA 94088-3470.

7.     TPL is informed and believes, and on the basis of such information and belief alleges, that defendant Fujitsu Ten Corporation of America ("Fujitsu Ten"), is a corporation

organized and existing under the laws of the State of California, and maintains its principal place of business at19600 South Vermont Avenue, Torrance, CA 90502.

8.    TPL is informed and believes, and on the basis of such information and belief alleges, that defendant Matsushita Electrical Industrial Co., Ltd. ("Matsushita"), is a corporation organized and existing under the laws of the Country of Japan, and maintains its principal place of business at 1006, Kadoma, Kadoma City, Osaka 571-8501, Japan.

9.    TPL is informed and believes, and on the basis of such information and belief alleges, that defendant Panasonic Corporation of North America ("Panasonic") is a corporation organized and existing under the laws of the State of Delaware, and maintains its principal place of business at One Panasonic Way, Secaucus, NJ 07094.

10.    TPL is informed and believes, and on the basis of such information and belief alleges, that defendant JVC Americas Corporation ("JVC") is a corporation organized and existing under the laws of the State of Delaware, and maintains its principal place of business at 1700 Valley Road, Wayne, NJ 07470.

11.    TPL is informed and believes, and on the basis of such information and belief alleges, that defendant NEC Corporation ("NEC") is a corporation organized and existing under the laws of the Country of Japan, and maintains its principal place of business at 7-1, Shiba 5-chome, Minato-ku, Tokyo 108-8001.

12.    TPL is informed and believes, and on the basis of such information and belief alleges, that defendant NEC Electronics America, Inc. ("NEC Electronics") is a corporation organized and existing under the laws of the State of California, and maintains its principal place of business at 2880 Scott Boulevard, Santa Clara, CA 95050-2554.

13.    TPL is informed and believes, and on the basis of such information and belief alleges, that defendant NEC America, Inc. ("NEC America"), is a corporation organized and existing under the laws of the State of New York, and maintains its principal place of business at 6555 North State Highway 161, Irving, Texas 75039.

14.    TPL is informed and believes, and on the basis of such information and belief alleges, that defendant NEC Display Solutions of America, Inc., ("NEC Display") is a

corporation organized and existing under the laws of the State of Delaware, and maintains its principal place of business at 500 Park Boulevard, Suite 1100,Itasca, IL  60143.

15.    TPL is informed and believes, and on the basis of such information and belief alleges, that defendant NEC Solutions America, Inc ("NEC Solutions"), is a corporation organized and existing under the laws of the State of Delaware, and maintains its principal place of business at 10850 Gold Center Drive #200, Ranch Cordova, CA  95670.

16.    TPL is informed and believes, and on the basis of such information and belief alleges, that defendant NEC Unified Solutions, Inc. ("NEC Unified"), is a corporation organized and existing under the laws of the State of Nevada, and maintains its principal place of business at 6555 North State Highway 161, Irving, Texas  75039.

17.    TPL is informed and believes, and on the basis of such information and belief alleges, that defendant Toshiba Corporation ("Toshiba") is a corporation organized and existing under the laws of the Country of Japan, and maintains its principal place of business at 1-1, Shibaura 1-chome, Minato-ku, Tokyo 105-8001, Japan.

18.    TPL is informed and believes, and on the basis of such information and belief alleges, that defendant Toshiba America, Inc. ("Toshiba America"), is a corporation organized and existing under the laws of the State of Delaware, and maintains its principal place of business at 1251 Avenue of the Americas, Suite 4100, New York, NY  10020.

19.    TPL is informed and believes, and on the basis of such information and belief alleges, that defendant Toshiba America Electronic Components, Inc ("Toshiba Electronic"), is a corporation organized and existing under the laws of the State of California, and maintains its principal place of business at 19900 MacArthur Boulevard, Suite 400, Irvine, CA  92612.

20.    TPL is informed and believes, and on the basis of such information and belief alleges, that defendant Toshiba America Information Systems, Inc. ("Toshiba Information"), is a corporation organized and existing under the laws of the State of California, and maintains its principal place of business at 9740 Irvine Boulevard, Irvine, CA  92618.

21.    TPL is informed and believes, and on the basis of such information and belief alleges, that defendant Toshiba America Consumer Products, LLC ("Toshiba Consumer"), is a

limited liability corporation organized and existing under the laws of the State of New Jersey, and maintains its principal place of business at 82 Totowa Road, Wayne, NJ 07470.

## JURISDICTION AND VENUE

22.    The court has subject matter jurisdiction pursuant to 28 U.S.C. §§1331 and 1338(a) because this action arises under the patent laws of the United States, 35 U.S.C. §§1 *et seq.*

23.    Venue is proper in this district as to defendants, and each of them, pursuant to 28 U.S.C. §§1391(b),(c),(d) and 1400(b) in that defendants have done business in this district, have committed acts of infringement in this district, and continue to commit acts of infringement in this district.

## THE PATENTS

24.    On July 22, 2003, United States Patent No. 6,598,148 ("the '148 patent") was duly and legally issued for an invention entitled "High Performance Microprocessor Having Variable Speed System Clock." A true and correct copy of the '148 patent is attached hereto as Exhibit A.

25.    On September 15, 1998, United States Patent No. 5,809,336 ("the '336 patent") was duly and legally issued for an invention entitled "High Performance Microprocessor Having Variable Speed System Clock." A true and correct copy of the '336 patent is attached hereto as Exhibit B.

26.    On July 21, 1998, United States Patent No. 5,784,584 ("the '584 patent") was duly and legally issued for an invention entitled "High Performance Microprocessor Using Instructions That Operate Within Instruction Groups." A true and correct copy of the '584 patent is attached hereto as Exhibit C.

27.    TPL is an owner of the right, title and interest to the '148 patent, the '336 patent, and the '584 patent (collectively, "the patents-in-suit"), has the exclusive right to enforce and license the patents-in-suit, and has standing to sue.

## INFRINGEMENT BY FUJITSU

28. Fujitsu has infringed and continues to infringe the patents-in-suit, and each of them, by its manufacture, use, sale, importation, and/or offer for sale of infringing products including Fujitsu microprocessors and microcontrollers and products embodying Fujitsu microprocessors and microcontrollers; and its contributing to and inducement of others to manufacture, use, sell, import, and/or offer for sale infringing products. Fujitsu is liable for its infringement of the patents-in-suit, and each of them, pursuant to 35 U.S.C. § 271.

29. Fujitsu General has infringed and continues to infringe the patents-in-suit, and each of them, by its manufacture, use, sale, importation, and/or offer for sale of infringing products including Fujitsu microprocessors and microcontrollers and products embodying Fujitsu microprocessors and microcontrollers; and its contributing to and inducement of others to manufacture, use, sell, import, and/or offer for sale infringing products. Fujitsu General is liable for its infringement of the patents-in-suit, and each of them, pursuant to 35 U.S.C. § 271.

30. Fujitsu Computer Products has infringed and continues to infringe the patents-in-suit, and each of them, by its manufacture, use, sale, importation, and/or offer for sale of infringing products including Fujitsu microprocessors and microcontrollers and products embodying Fujitsu microprocessors and microcontrollers; and its contributing to and inducement of others to manufacture, use, sell, import, and/or offer for sale infringing products. Fujitsu Computer Products is liable for its infringement of the patents-in-suit, and each of them, pursuant to 35 U.S.C. § 271.

31 Fujitsu Computer Systems has infringed and continues to infringe the patents-in-suit, and each of them, by its manufacture, use, sale, importation, and/or offer for sale of infringing products including Fujitsu microprocessors and microcontrollers and products embodying Fujitsu microprocessors and microcontrollers; and its contributing to and inducement of others to manufacture, use, sell, import, and/or offer for sale infringing products. Fujitsu Computer Systems is liable for its infringement of the patents-in-suit, and each of them, pursuant to 35 U.S.C. § 271.

32.    Fujitsu Microelectronics has infringed and continues to infringe the patents-in-suit, and each of them, by its manufacture, use, sale, importation, and/or offer for sale of infringing products including Fujitsu microprocessors and microcontrollers and products embodying Fujitsu microprocessors and microcontrollers; and its contributing to and inducement of others to manufacture, use, sell, import, and/or offer for sale infringing products. Fujitsu Microelectronics is liable for its infringement of the patents-in-suit, and each of them, pursuant to 35 U.S.C. § 271.

33.    Fujitsu Ten has infringed and continues to infringe the patents-in-suit, and each of them, by its manufacture, use, sale, importation, and/or offer for sale of infringing products including Fujitsu microprocessors and microcontrollers and products embodying Fujitsu microprocessors and microcontrollers; and its contributing to and inducement of others to manufacture, use, sell, import, and/or offer for sale infringing products. Fujitsu Ten is liable for its infringement of the patents-in-suit, and each of them, pursuant to 35 U.S.C. § 271.

34.    Fujitsu's acts of infringement have caused damage to plaintiff and plaintiff is entitled to recover from Fujitsu the damages sustained by it as a result of Fujitsu's wrongful acts in an amount subject to proof at trial. Fujitsu's infringement of plaintiff's rights under the patents-in-suit will continue to damage plaintiff, causing irreparable harm for which there is no adequate remedy at law unless enjoined by this Court.

35.    Fujitsu General's acts of infringement have caused damage to plaintiff and plaintiff is entitled to recover from Fujitsu the damages sustained by it as a result of Fujitsu's wrongful acts in an amount subject to proof at trial. Fujitsu General's infringement of plaintiff's rights under the patents-in-suit will continue to damage plaintiff, causing irreparable harm for which there is no adequate remedy at law unless enjoined by this Court.

36.    Fujitsu Computer Products' acts of infringement have caused damage to plaintiff and plaintiff is entitled to recover from Fujitsu Computer Products the damages sustained by it as a result of Fujitsu's wrongful acts in an amount subject to proof at trial. Fujitsu Computer Products' infringement of plaintiff's rights under the patents-in-suit will continue to damage

plaintiff, causing irreparable harm for which there is no adequate remedy at law unless enjoined by this Court.

37. Fujitsu Computer Systems' acts of infringement have caused damage to plaintiff and plaintiff is entitled to recover from Fujitsu Computer Systems the damages sustained by it as a result of Fujitsu's wrongful acts in an amount subject to proof at trial. Fujitsu Computer Systems' infringement of plaintiff's rights under the patents-in-suit will continue to damage plaintiff, causing irreparable harm for which there is no adequate remedy at law unless enjoined by this Court.

38. Fujitsu Microelectronics' acts of infringement have caused damage to plaintiff and plaintiff is entitled to recover from Fujitsu Microelectronis the damages sustained by it as a result of Fujitsu Microelectronics' wrongful acts in an amount subject to proof at trial. Fujitsu Microelectronics' infringement of plaintiff's rights under the patents-in-suit will continue to damage plaintiff, causing irreparable harm for which there is no adequate remedy at law unless enjoined by this Court.

39. Fujitsu Ten's acts of infringement have caused damage to plaintiff and plaintiff is entitled to recover from Fujitsu Ten the damages sustained by it as a result of Fujitsu Ten's wrongful acts in an amount subject to proof at trial. Fujitsu Ten's infringement of plaintiff's rights under the patents-in-suit will continue to damage plaintiff, causing irreparable harm for which there is no adequate remedy at law unless enjoined by this Court.

40. Upon information and belief, Fujitsu's infringement of the patents-in-suit is willful and deliberate, entitling plaintiff to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

41. Upon information and belief, Fujitsu General's infringement of the patents-in-suit is willful and deliberate, entitling plaintiff to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

42. Upon information and belief, Fujitsu Computer Products' infringement of the patents-in-suit is willful and deliberate, entitling plaintiff to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285

43.    Upon information and belief, Fujitsu Computer Systems' infringement of the patents-in-suit is willful and deliberate, entitling plaintiff to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

44.    Upon information and belief, Fujitsu Microelectronic's infringement of the patents-in-suit is willful and deliberate, entitling plaintiff to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

45.    Upon information and belief, Fujitsu Ten's infringement of the patents-in-suit is willful and deliberate, entitling plaintiff to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

### INFRINGEMENT BY MATSUSHITA

46.    Matsushita has infringed and continues to infringe the patents-in-suit, and each of them, by its manufacture, use, sale, importation, and/or offer for sale of infringing products including Matsushita microprocessors and microcontrollers and products embodying Matsushita microprocessors and microcontrollers; and its contributing to and inducement of others to manufacture, use, sell, import, and/or offer for sale infringing products. Matsushita is liable for its infringement of the patents-in-suit, and each of them, pursuant to 35 U.S.C. § 271.

47.    Panasonic has infringed and continues to infringe the patents-in-suit, and each of them, by its manufacture, use, sale, importation, and/or offer for sale of infringing products including Matsushita microprocessors and microcontrollers and products embodying Matsushita microprocessors and microcontrollers; and its contributing to and inducement of others to manufacture, use, sell, import, and/or offer for sale infringing products. Panasonic is liable for its infringement of the patents-in-suit, and each of them, pursuant to 35 U.S.C. § 271.

48.    JVC has infringed and continues to infringe the patents-in-suit, and each of them, by its manufacture, use, sale, importation, and/or offer for sale of infringing products including Matsushita microprocessors and microcontrollers and products embodying Matsushita microprocessors and microcontrollers; and its contributing to and inducement of others to manufacture, use, sell, import, and/or offer for sale infringing products. JVC is liable for its infringement of the patents-in-suit, and each of them, pursuant to 35 U.S.C. § 271.

49.    Matsushita's acts of infringement have caused damage to plaintiff and plaintiff is entitled to recover from Matsushita the damages sustained by it as a result of Matsushita's wrongful acts in an amount subject to proof at trial. Matsushita's infringement of plaintiff's rights under the patents-in-suit will continue to damage plaintiff, causing irreparable harm for which there is no adequate remedy at law unless enjoined by this Court

50.    Panasonic's acts of infringement have caused damage to plaintiff and plaintiff is entitled to recover from Panasonic the damages sustained by it as a result of Panasonic's wrongful acts in an amount subject to proof at trial. Panasonic's infringement of plaintiff's rights under the patents-in-suit will continue to damage plaintiff, causing irreparable harm for which there is no adequate remedy at law unless enjoined by this Court

51.    JVC's acts of infringement have caused damage to plaintiff and plaintiff is entitled to recover from Matsushita the damages sustained by it as a result of JVC's wrongful acts in an amount subject to proof at trial. JVC's infringement of plaintiff's rights under the patents-in-suit will continue to damage plaintiff, causing irreparable harm for which there is no adequate remedy at law unless enjoined by this Court.

52.    Upon information and belief, Matsushita's infringement of the patents-in-suit is willful and deliberate, entitling plaintiff to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

53.    Upon information and belief, Panasonic's infringement of the patents-in-suit is willful and deliberate, entitling plaintiff to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

54.    Upon information and belief, JVC's infringement of the patents-in-suit is willful and deliberate, entitling plaintiff to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

### INFRINGEMENT BY NEC

55.    NEC has infringed and continues to infringe the patents-in-suit, and each of them, by its manufacture, use, sale, importation, and/or offer for sale of infringing products including NEC microprocessors and microcontrollers and products embodying NEC microprocessors and

microcontrollers; and its contributing to and inducement of others to manufacture, use, sell, import, and/or offer for sale infringing products. NEC is liable for its infringement of the patents-in-suit, and each of them, pursuant to 35 U.S.C. § 271.

56.    NEC Electronics has infringed and continues to infringe the patents-in-suit, and each of them, by its manufacture, use, sale, importation, and/or offer for sale of infringing products including NEC microprocessors and microcontrollers and products embodying NEC microprocessors and microcontrollers; and its contributing to and inducement of others to manufacture, use, sell, import, and/or offer for sale infringing products. NEC Electronics is liable for its infringement of the patents-in-suit, and each of them, pursuant to 35 U.S.C. § 271.

57.    NEC America has infringed and continues to infringe the patents-in-suit, and each of them, by its manufacture, use, sale, importation, and/or offer for sale of infringing products including NEC microprocessors and microcontrollers and products embodying NEC microprocessors and microcontrollers; and its contributing to and inducement of others to manufacture, use, sell, import, and/or offer for sale infringing products. NEC America is liable for its infringement of the patents-in-suit, and each of them, pursuant to 35 U.S.C. § 271.

58.    NEC Display has infringed and continues to infringe the patents-in-suit, and each of them, by its manufacture, use, sale, importation, and/or offer for sale of infringing products including NEC microprocessors and microcontrollers and products embodying NEC microprocessors and microcontrollers; and its contributing to and inducement of others to manufacture, use, sell, import, and/or offer for sale infringing products. NEC Display is liable for its infringement of the patents-in-suit, and each of them, pursuant to 35 U.S.C. § 271.

59.    NEC Solutions has infringed and continues to infringe the patents-in-suit, and each of them, by its manufacture, use, sale, importation, and/or offer for sale of infringing products including NEC microprocessors and microcontrollers and products embodying NEC microprocessors and microcontrollers; and its contributing to and inducement of others to manufacture, use, sell, import, and/or offer for sale infringing products. NEC Solutions is liable for its infringement of the patents-in-suit, and each of them, pursuant to 35 U.S.C. § 271.

60.    NEC Unified has infringed and continues to infringe the patents-in-suit, and each of them, by its manufacture, use, sale, importation, and/or offer for sale of infringing products including NEC microprocessors and microcontrollers and products embodying NEC microprocessors and microcontrollers; and its contributing to and inducement of others to manufacture, use, sell, import, and/or offer for sale infringing products. NEC Unified is liable for its infringement of the patents-in-suit, and each of them, pursuant to 35 U.S.C. § 271.

61.    NEC's acts of infringement have caused damage to plaintiff and plaintiff is entitled to recover from NEC the damages sustained by it as a result of NEC 's wrongful acts in an amount subject to proof at trial. NEC's infringement of plaintiff's rights under the patents-in-suit will continue to damage plaintiff, causing irreparable harm for which there is no adequate remedy at law unless enjoined by this Court.

62.    NEC Electronics' acts of infringement have caused damage to plaintiff and plaintiff is entitled to recover from NEC Electronics the damages sustained by it as a result of NEC Electronics' wrongful acts in an amount subject to proof at trial. NEC Electronics' infringement of plaintiff's rights under the patents-in-suit will continue to damage plaintiff, causing irreparable harm for which there is no adequate remedy at law unless enjoined by this Court.

63.    NEC America's acts of infringement have caused damage to plaintiff and plaintiff is entitled to recover from NEC America the damages sustained by it as a result of NEC America's wrongful acts in an amount subject to proof at trial. NEC America's infringement of plaintiff's rights under the patents-in-suit will continue to damage plaintiff, causing irreparable harm for which there is no adequate remedy at law unless enjoined by this Court.

64.    NEC Display's acts of infringement have caused damage to plaintiff and plaintiff is entitled to recover from NEC Display the damages sustained by it as a result of NEC Display's wrongful acts in an amount subject to proof at trial. NEC Display's infringement of plaintiff's rights under the patents-in-suit will continue to damage plaintiff, causing irreparable harm for which there is no adequate remedy at law unless enjoined by this Court.

65.    NEC Solutions' acts of infringement have caused damage to plaintiff and plaintiff is entitled to recover from NEC Solutions the damages sustained by it as a result of NEC Solutions' wrongful acts in an amount subject to proof at trial. NEC Solutions' infringement of plaintiff's rights under the patents-in-suit will continue to damage plaintiff, causing irreparable harm for which there is no adequate remedy at law unless enjoined by this Court.

66.    NEC Unified's acts of infringement have caused damage to plaintiff and plaintiff is entitled to recover from NEC Unified the damages sustained by it as a result of NEC Unified's wrongful acts in an amount subject to proof at trial. NEC Unified's infringement of plaintiff's rights under the patents-in-suit will continue to damage plaintiff, causing irreparable harm for which there is no adequate remedy at law unless enjoined by this Court.

67.    Upon information and belief, NEC's infringement of the patents-in-suit is willful and deliberate, entitling plaintiff to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

68.    Upon information and belief, NEC Electronics' infringement of the patents-in-suit is willful and deliberate, entitling plaintiff to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

69.    Upon information and belief, NEC America's infringement of the patents-in-suit is willful and deliberate, entitling plaintiff to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

70    Upon information and belief, NEC Display's infringement of the patents-in-suit is willful and deliberate, entitling plaintiff to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

71.    Upon information and belief, NEC Solutions' infringement of the patents-in-suit is willful and deliberate, entitling plaintiff to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

72.    Upon information and belief, NEC Unified's infringement of the patents-in-suit is willful and deliberate, entitling plaintiff to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## INFRINGEMENT BY TOSHIBA

73.    Toshiba has infringed and continues to infringe the patents-in-suit, and each of them, by its manufacture, use, sale, importation, and/or offer for sale of infringing products including Toshiba microprocessors and microcontrollers and products embodying Toshiba microprocessors and microcontrollers; and its contributing to and inducement of others to manufacture, use, sell, import, and/or offer for sale infringing products. Toshiba is liable for its infringement of the patents-in-suit, and each of them, pursuant to 35 U.S.C. § 271.

74    Toshiba America has infringed and continues to infringe the patents-in-suit, and each of them, by its manufacture, use, sale, importation, and/or offer for sale of infringing products including Toshiba microprocessors and microcontrollers and products embodying Toshiba microprocessors and microcontrollers; and its contributing to and inducement of others to manufacture, use, sell, import, and/or offer for sale infringing products. Toshiba America is liable for its infringement of the patents-in-suit, and each of them, pursuant to 35 U.S.C. § 271.

75.    Toshiba Electronic has infringed and continues to infringe the patents-in-suit, and each of them, by its manufacture, use, sale, importation, and/or offer for sale of infringing products including Toshiba microprocessors and microcontrollers and products embodying Toshiba microprocessors and microcontrollers; and its contributing to and inducement of others to manufacture, use, sell, import, and/or offer for sale infringing products. Toshiba Electronic is liable for its infringement of the patents-in-suit, and each of them, pursuant to 35 U.S.C. § 271.

76    Toshiba Information has infringed and continues to infringe the patents-in-suit, and each of them, by its manufacture, use, sale, importation, and/or offer for sale of infringing products including Toshiba microprocessors and microcontrollers and products embodying Toshiba microprocessors and microcontrollers; and its contributing to and inducement of others to manufacture, use, sell, import, and/or offer for sale infringing products. Toshiba Information is liable for its infringement of the patents-in-suit, and each of them, pursuant to 35 U.S.C. § 271.

77.    Toshiba Consumer has infringed and continues to infringe the patents-in-suit, and each of them, by its manufacture, use, sale, importation, and/or offer for sale of infringing products including Toshiba microprocessors and microcontrollers and products embodying

Toshiba microprocessors and microcontrollers; and its contributing to and inducement of others to manufacture, use, sell, import, and/or offer for sale infringing products. Toshiba Consumer is liable for its infringement of the patents-in-suit, and each of them, pursuant to 35 U.S.C. § 271.

78    Toshiba's acts of infringement have caused damage to plaintiff and plaintiff is entitled to recover from Toshiba the damages sustained by it as a result of Toshiba 's wrongful acts in an amount subject to proof at trial. Toshiba's infringement of plaintiff's rights under the patents-in-suit will continue to damage plaintiff, causing irreparable harm for which there is no adequate remedy at law unless enjoined by this Court.

79.    Toshiba America's acts of infringement have caused damage to plaintiff and plaintiff is entitled to recover from Toshiba America the damages sustained by it as a result of Toshiba America's wrongful acts in an amount subject to proof at trial. Toshiba America's infringement of plaintiff's rights under the patents-in-suit will continue to damage plaintiff, causing irreparable harm for which there is no adequate remedy at law unless enjoined by this Court.

80.    Toshiba Electronic's acts of infringement have caused damage to plaintiff and plaintiff is entitled to recover from Toshiba Electronic the damages sustained by it as a result of Toshiba Electronic's wrongful acts in an amount subject to proof at trial. Toshiba Electronic's infringement of plaintiff's rights under the patents-in-suit will continue to damage plaintiff, causing irreparable harm for which there is no adequate remedy at law unless enjoined by this Court.

81.    Toshiba Information's acts of infringement have caused damage to plaintiff and plaintiff is entitled to recover from Toshiba Information the damages sustained by it as a result of Toshiba Information's wrongful acts in an amount subject to proof at trial. Toshiba Information's infringement of plaintiff's rights under the patents-in-suit will continue to damage plaintiff, causing irreparable harm for which there is no adequate remedy at law unless enjoined by this Court.

82.    Toshiba Consumer's acts of infringement have caused damage to plaintiff and plaintiff is entitled to recover from Toshiba Consumer the damages sustained by it as a result of

Toshiba's wrongful acts in an amount subject to proof at trial. Toshiba Consumer's infringement of plaintiff's rights under the patents-in-suit will continue to damage plaintiff, causing irreparable harm for which there is no adequate remedy at law unless enjoined by this Court.

83    Upon information and belief, Toshiba's infringement of the patents-in-suit is willful and deliberate, entitling plaintiff to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

84.    Upon information and belief, Toshiba America's infringement of the patents-in-suit is willful and deliberate, entitling plaintiff to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

85.    Upon information and belief, Toshiba Electronic's infringement of the patents-in-suit is willful and deliberate, entitling plaintiff to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285 \

86    Upon information and belief, Toshiba Information's infringement of the patents-in-suit is willful and deliberate, entitling plaintiff to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

87.    Upon information and belief, Toshiba Consumer's infringement of the patents-in-suit is willful and deliberate, entitling plaintiff to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

### PRAYER FOR RELIEF

WHEREFORE, plaintiff requests entry of judgment in its favor and against defendants, and each of them, as follows:

a)    An award of damages adequate to compensate plaintiff for the infringement alleged herein, together with prejudgment interest thereon;

b)    Enhanced damages pursuant to 35 U.S.C. § 284;

c)    An award of attorneys' fees pursuant to 35 U.S.C. § 285 or as otherwise permitted by law;

d) A permanent injunction prohibiting defendants and their respective officers, agents, employees and those acting in privity with them, from further infringement of the patents-in-suit;

e) Costs of suit; and

f) For such other and further relief as the Court may deem just and proper.

DATED: October 24, 2005                     Respectfully submitted,

By: *S Calvin Capshaw* *(by permission EJP)*
    S. Calvin Capshaw, State Bar No. 03783900
    BROWN McCARROLL, LLP
    ccapshaw@mailbmc.com
    1127 Judson Road, Suite 220
    P.O. Box 3999
    Longview, Texas 75601-5157
    Telephone: (903) 236-9800
    Facsimile: (903) 236-8787

    JONES AND JONES INC., P.C.
    Franklin Jones, Jr. (State Bar No. 00000055)
    201 West Houston Street, P.O. Drawer 1249
    Marshall, TX 75671-1249
    Telephone: (903) 938-4395
    Facsimile: (903) 938-3360
    maizieh@millerfirm.com

    IRELAND CARROLL AND KELLEY, P.C.
    Otis W. Carroll, State Bar No. 03895700
    nancy@icklaw.com
    6101 South Broadway, Suite 500
    P.O. Box 7879
    Tyler, Texas 75711
    Telephone: (903) 561-1600
    Facsimile: (903) 561-1071

    TOWNSEND and TOWNSEND and CREW LLP
    Roger L. Cook, CA State Bar No. 55208
      rlcook@townsend.com
    Eric P. Jacobs, CA State Bar No. 88413
      epjacobs@townsend.com
    Byron W. Cooper, CA State Bar No. 166578
      bwcooper@townsend.com
    Iris S. Mitrakos, CA State Bar No. 190162
      ismitrakos@townsend.com
    Two Embarcadero Center, 8th Floor
    San Francisco, California 94111
    Telephone: (415) 576-0200
    Facsimile: (415) 576-0300

    Attorneys for Plaintiff
    TECHNOLOGY PROPERTIES LIMITED, INC

## DEMAND FOR JURY TRIAL

Plaintiff TPL hereby demands trial by jury of all issues so triable in this matter.


DATED: October 24, 2005          Respectfully submitted,

By: _S. Calvin Capshaw (by permission EJR)_

S. Calvin Capshaw, State Bar No. 03783900
BROWN McCARROLL, LLP
ccapshaw@mailbmc.com
1127 Judson Road, Suite 220
P.O. Box 3999
Longview, Texas 75601-5157
Telephone: (903) 236-9800
Facsimile: (903) 236-8787

JONES AND JONES INC., P.C.
Franklin Jones, Jr. (State Bar No. 00000055)
201 West Houston Street, P.O. Drawer 1249
Marshall, TX 75671-1249
Telephone: (903) 938-4395
Facsimile: (903) 938-3360
maizieh@millerfirm.com

IRELAND CARROLL AND KELLEY, P.C.
Otis W. Carroll, State Bar No. 03895700
nancy@icklaw.com
6101 South Broadway, Suite 500
P.O. Box 7879
Tyler, Texas 75711
Telephone: (903) 561-1600
Facsimile: (903) 561-1071

TOWNSEND and TOWNSEND and CREW LLP
Roger L. Cook, CA State Bar No. 55208
    rlcook@townsend.com
Eric P. Jacobs, CA State Bar No. 88413
    epjacobs@townsend.com
Byron W. Cooper, CA State Bar No. 166578
    bwcooper@townsend.com
Iris S. Mitrakos, CA State Bar No. 190162
    ismitrakos@townsend.com
Two Embarcadero Center, 8th Floor
San Francisco, California 94111
Telephone: (415) 576-0200
Facsimile: (415) 576-0300

Attorneys for Plaintiff
TECHNOLOGY PROPERTIES LIMITED, INC.

60615900 v2

- 18 -

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

MARSHALL DIVISION


TECHNOLOGY PROPERTIES LTD., ET AL. §

Vs.                                                    §            CIVIL ACTION NO. 2:05-CV-494

MATSUSHITA ELECTRIC INDUS. CO.,       §
LTD., ET AL.

## ORDER AND PARTIAL JUDGMENT OF NON-INFRINGEMENT

On this day came on to be heard Plaintiffs' and Defendants' Stipulation of Partial Judgment of Non-Infringement of U.S. Patent No. 5,784,584 ("the '584 patent") pursuant to F.R.C.P. 54(b). The court, after considering the Stipulation, finds that good cause exists and renders judgment as follows:

Pursuant to Federal Rule of Civil Procedure 54(b), this court finds that there is no just reason for delay and renders judgment in favor of all defendants of non-infringement of claim 29 of the '584 patent. In addition, the court finds that there is no just reason for delay and renders judgment in favor of defendants ARM Ltd. and ARM, Inc. (collectively "ARM") of non-infringement as to all claims asserted against ARM. Finally, although it is understood that the defendants have additional non-infringement arguments, invalidity arguments, equitable arguments, and other defenses and counterclaims, there is no need to reach these issues in view of the non-infringement judgment, and all counterclaims by the defendants with regard to declaratory judgment of alleged non-infringement, invalidity and/or unenforceability of the '584 patent are dismissed without prejudice.

All parties shall bear their own attorneys fees and costs.

The clerk of court shall enter partial judgment in accordance herewith.

SIGNED this 12th day of September, 2007.

_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE

# EXHIBIT C

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF TEXAS

MARSHALL DIVISION

FILED-CLERK
U.S. DISTRICT COURT

2007 SEP 27 PM 3: 45

TX EASTERN-MARSHALL

BY_____

| | |
|---|---|
| Technology Properties Limited and Patriot Scientific Corporation, <br><br> Plaintiffs, <br><br> v <br><br> Matsushita Electrical Industrial Co., Ltd., Panasonic Corporation of North America, JVC Americas Corporation, NEC Electronics America, Inc., Toshiba Corporation, Toshiba America, Inc., Toshiba America Electronic Components, Inc., Toshiba America Information Systems, Inc. and Toshiba America Consumer Products, LLD, <br><br> Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |

Case No.   2:05-CV-00494 (TJW)

**JURY DEMANDED**

### PLAINTIFFS' NOTICE OF APPEAL
### TO THE COURT OF APPEALS FOR THE FEDERAL CIRCUIT

Plaintiffs, Technology Properties Limited and Patriot Scientific Corporation, hereby

appeal from the Order and Partial Judgment of Non Infringement entered on September 12,

2007, in favor of defendants, ARM Ltd. and ARM, Inc., pursuant to Federal Rule of Civil

Procedure 54(b).

This Court has jurisdiction over this appeal under 28 U.S.C. section 1295.

DATED:  September 27, 2007

By: _S. Calvin Capshaw_

BROWN McCARROLL, LLP
S. Calvin Capshaw, State Bar No. 03783900
  ccapshaw@mailbmc.com
Elizabeth L. DeRieux, State Bar No. 05770585
  ederieux@mailbmc.com
1127 Judson Road, Suite 220
P.O. Box 3999
Longview, TX 75601-5157
Telephone:  (903) 236-9800
Facsimile:  (903) 236-8787

- 1 -

TOWNSEND and TOWNSEND and CREW LLP
Roger L. Cook, CA State Bar No. 55208
Lead Counsel
rlcook@townsend.com
Eric P. Jacobs, CA State Bar No. 88413
epjacobs@townsend.com
Two Embarcadero Center, 8th Floor
San Francisco, CA 94111
Telephone: (415) 576-0200
Facsimile: (415) 576-0300

TOWNSEND and TOWNSEND and CREW LLP
Iris Sockel Mitrakos, CA State Bar No. 190162
ismitrakos@townsend.com
12730 High Bluff Drive, Suite 400
San Diego, CA 92130
Telephone: (858) 350-6100
Facsimile: (858) 350-6111

JONES AND JONES INC., P.C.
Franklin Jones, Jr., State Bar No. 00000055
maizieh@millerfirm.com
201 West Houston Street, P.O. Drawer 1249
Marshall, TX 75671-1249
Telephone: (903) 938-4395
Facsimile: (903) 938-3360

IRELAND CARROLL AND KELLEY, P.C.
Otis W. Carroll, State Bar No. 03895700
nancy@icklaw.com
6101 South Broadway, Suite 500
P.O. Box 7879
Tyler, TX 75711
Telephone: (903) 561-1600
Facsimile: (903) 561-1071

Attorneys for Plaintiff and Counterdefendant
TECHNOLOGY PROPERTIES LIMITED

KIRBY NOONAN LANCE & HOGE LLP
Charles T. Hoge  CA Bar No 110696
choge@knlh.com
600 West Broadway, Suite 1100
San Diego, CA 92101
Tel: 619-231-8666
Fax: 619-231-9593

PARKER, BUNT & AINSWORTH, P.C.

Robert Christopher Bunt, State Bar No. 00787165
rcbunt@pbatyler.com
100 East Ferguson, Suite 1114
Tyler, TX 75702
Telephone: 903-531-3535
Facsimile: (903) 533-9687

Attorneys for Plaintiff and Counterdefendant
PATRIOT SCIENTIFIC CORPORATION

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served this 27th day of September, 2007, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3). Any other counsel of record will be served by electronic mail, facsimile transmission and/or first class mail on this same date.

_S. Calvin Capshaw_
S. Calvin Capshaw

# EXHIBIT D

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF TEXAS

MARSHALL DIVISION DIVISION

| | | |
|---|---|---|
| Technology Properties Limited and Patriot Scientific Corporation,<br><br>Plaintiffs,<br><br>v.<br><br>Matsushita Electrical Industrial Co., Ltd., Panasonic Corporation of North America, JVC Americas Corporation, NEC Electronics America, Inc., Toshiba Corporation, Toshiba America, Inc., Toshiba America Electronic Components, Inc., Toshiba America Information Systems, Inc. and Toshiba America Consumer Products, LLD,<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Case No.    2:05-CV-00494 (TJW)<br><br>**JURY DEMANDED** |

## ORDER FOR DISMISSAL

The Parties, Plaintiffs Technology Properties Limited ("TPL") and Patriot Scientific

Corporation ("Patriot") and Defendants Matsushita Electric Industrial Co., Ltd. ("Matsushita"),

Panasonic Corporation of North America ("Panasonic"), JVC Americas Corporation ("JVCA"),

Toshiba Corporation ("Toshiba"), Toshiba America, Inc. ("TAI"), Toshiba America Electronic

Components, Inc. ("TAEC"), Toshiba America Information Systems, Inc. ("TAIS") and Toshiba

America Consumer Products, LLC ("TACP"), have resolved the issues between them.  For good

cause, this Court hereby approves the Stipulation for Dismissal and Orders that the remaining

claims among these parties shall be dismissed, with each party bearing its own costs and

attorneys' fees.  Plaintiffs' claims are hereby dismissed with prejudice and Defendant TAEC's

counterclaims are dismissed without prejudice.

The Court expressly retains jurisdiction for purposes of enforcing the Agreement and the

Memorandum of Understanding, the terms of which are hereby incorporated by reference. The

Agreement, which incorporates the Memorandum of Understanding, is attached hereto, under

seal, as Exhibit A.

SIGNED this 20th day of December, 2007.

T. JOHN WARD
UNITED STATES DISTRICT JUDGE

# EXHIBIT E

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF TEXAS

MARSHALL DIVISION

| | | |
|---|---|---|
| Technology Properties Limited and Patriot Scientific Corporation, | § | Case No.    2:05-CV-00494 (TJW) |
| | § | |
| | § | **JURY DEMANDED** |
| Plaintiffs, | § | |
| | § | |
| v. | § | |
| | § | |
| Matsushita Electrical Industrial Co., Ltd., | § | |
| Panasonic Corporation of North America, JVC | § | |
| Americas Corporation, NEC Electronics | § | |
| America, Inc., Toshiba Corporation, Toshiba | § | |
| America, Inc., Toshiba America Electronic | § | |
| Components, Inc., Toshiba America | § | |
| Information Systems, Inc. and Toshiba America | § | |
| Consumer Products, LLC, | § | |
| | § | |
| Defendants. | § | |
| | § | |
| | § | |

**ORDER FOR DISMISSAL OF NEC ELECTRONICS AMERICA, INC.**

Plaintiffs Technology Properties Limited and Patriot Scientific Corporation and

Defendant NEC Electronics America, Inc. ("NECELAM") have resolved the issues between

them.  For good cause, this Court

HEREBY ORDERS that the remaining claims between these parties shall be dismissed,

with each party bearing its own costs and attorneys' fees; and

FURTHER ORDERS that Plaintiffs' claims against NECELAM are hereby dismissed

with prejudice and Defendant NECELAM's counterclaims are dismissed without prejudice.

SIGNED this 20th day of December, 2007.

_____

T. JOHN WARD
UNITED STATES DISTRICT JUDGE

# EXHIBIT F

FILED~CLERK
U.S. DISTRICT COURT

2008 JUN 19  AM 10: 02

TX EASTERN-MARSHALL

BY_____

NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-1020

TECHNOLOGY PROPERTIES LIMITED, INC.,

Plaintiff-Appellant,

and

PATRIOT SCIENTIFIC CORPORATION,

Plaintiff-Appellant,

v.

ARM, LTD. and ARM, INC.,

Defendants-Appellees.


Roger L. Cook, Townsend and Townsend and Crew LLP, of San Francisco, California, argued for all plaintiffs-appellants.  With him on the brief for Technology Properties Limited, Inc., were Nancy L. Tompkins, Eric P. Jacobs, and Cathy E. Cretsinger.

Charles T. Hoge, Kirby Noonan Lance & Hoge LLP, of San Diego, California, for plaintiff-appellant, Patriot Scientific Corporation.

Kevin P. Anderson, Wiley Rein LLP, of Washington, DC, argued for defendants-appellees.  With him on the brief were Gregory R. Lyons and James H. Wallace, Jr.  Of counsel was Brian H. Pandya.

Appealed from:  United States District Court for the Eastern District of Texas

Judge T. John Ward

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-1020

TECHNOLOGY PROPERTIES LIMITED, INC.,

Plaintiff-Appellant,

and

PATRIOT SCIENTIFIC CORPORATION,

Plaintiff-Appellant,

v.

ARM, LTD. and ARM, INC.,

Defendants-Appellees.

# Judgment

ON APPEAL from the     United States District Court for the Eastern District of Texas

in CASE NO(S).     2:05-CV-494

This CAUSE having been heard and considered, it is

ORDERED and ADJUDGED:

FILED
U.S. COURT OF APPEALS FOR
THE FEDERAL CIRCUIT

MAY 0 9 2008

JAN HORBALY
CLERK

Per Curiam (DYK and PROST, <u>Circuit Judges</u>, and HOCHBERG, <u>District Judge</u>).*

AFFIRMED. <u>See</u> Fed. Cir. R. 36.

ENTERED BY ORDER OF THE COURT

DATED MAY - 9 2008

*Vanhorbaly /9B*

Jan Horbaly, Clerk



---

*      Honorable Faith S. Hochberg, District Judge, United States District Court
for the District of New Jersey, sitting by designation.

<u>ISSUED AS A MANDATE:</u> JUN 1 6 2008