| | |
|---|---|
| 1  William Sloan Coats (SBN 98464)<br>   Mark R. Weinstein (SBN 193043)<br>2  Mark F. Lambert (SBN 197410)<br>   Kyle D. Chen (SBN 239501)<br>3  **White & Case LLP**<br>   3000 El Camino Real<br>4  Five Palo Alto Square, 9th Floor<br>   Palo Alto, California 94306<br>5  Tel. 650.213.0300<br>   Fax 650.213.8158<br>6<br>   ATTORNEYS FOR PLAINTIFFS<br>7<br>   HTC CORPORATION and HTC AMERICA<br>8  INC. (Case Nos. C 08 0882); and ASUSTEK<br>   COMPUTER, INC. and<br>9  ASUS COMPUTER INTERNATIONAL<br>   (Case No. C 08 00884) | Robert E. Krebs (SBN 57526)<br>Christoper L. Ogden (SBN 235517)<br>**Thelen Reid Brown Raysman & Steiner LLP**<br>225 West Santa Clara Street, Suite 1200<br>San Jose, CA 95113-1723<br>Tel. 408.292.5800<br>Fax 408.287.8040<br><br>Ronald F. Lopez (SBN 11756)<br>Sushila Chanana (SBN 254100)<br>**Thelen Reid Brown Raysman & Steiner LLP**<br>101 Second Street, Suite 1800<br>San Francisco, CA 94105–3606<br>Tel. 415.371.1200<br>Fax. 415.371.1211<br><br>Charles T. Hoge, (SBN 110696)<br>**Kirby Noonan Lance & Hoge**<br>350 Tenth Avenue, Suite 1300<br>San Diego, CA 92101<br>Tel.: (619) 231-8666<br>Fax: (619) 231-9593<br><br>ATTORNEY FOR DEFENDANT<br>PATRIOT SCIENTIFIC CORPORATION<br>(Case Nos. C 08 0877, C 08 0882, and C 08 00884) |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| HTC CORPORATION and HTC AMERICA, INC.,<br><br>                Plaintiffs,<br>         v.<br><br>TECHNOLOGY PROPERTIES LIMITED, PATRIOT SCIENTIFIC CORPORATION and ALLIACENSE LIMITED,<br><br>                Defendants. | No. C 08 00882 JF<br><br>No. C 08 00884 JF<br><br>*Both Cases Related to No.* C 08 0877 JF<br><br>**JOINT CASE MANAGEMENT STATEMENT** |

| | |
|---|---|
| 1<br>2<br>3<br>4<br>5<br>6<br>7 | ASUSTEK COMPUTER, INC. and<br>ASUS COMPUTER INTERNATIONAL,<br><br>    Plaintiffs,<br><br>  v.<br><br>TECHNOLOGY PROPERTIES<br>LIMITED, PATRIOT SCIENTIFIC<br>CORPORATION, MCM PORTFOLIO<br>LLC and ALLIACENSE LIMITED,<br><br>    Defendants. |

8  This Joint Case Management Statement is submitted by the Parties in Case Nos. C 08

9  0882 and C 08 0884. Pursuant to the Conference of Counsel conducted on July 15, 2008 and in

10 preparation for the Case Management Conference now on Calendar for August 1, 2008, Plaintiffs

11 HTC Corporation ("HTC"), HTC America Inc. ("HTC America"), ASUSTeK Computer Inc.

12 ("ASUSTeK"), ASUS Computer International ("ASUS International") (collectively Plaintiffs)

13 and defendants Technology Properties Limited ("TPL"), Patriot Scientific Corporation

14 ("Patriot"), Alliacense Limited ("Alliacense"), and MCM Portfolio LLC ("MCM") (collectively

15 "Defendants") (the Plaintiffs and Defendants collectively are "the Parties" and individually a

16 "Party") submit this Joint Case Management Statement.

17 **I.    JURISDICTION AND SERVICE**

18  No dispute exists regarding personal jurisdiction. All parties have been served.

19 Defendants dispute this Court's subject matter jurisdiction over Plaintiffs' declaratory judgment

20 claims pursuant to 28 U.S.C. §§ 1331, 1338, 2001 and 2202, and have moved for the dismissal of

21 each of the related actions under Fed. R. Civ. P. 12(b)(1). In the alternative, Defendants move for

22 a change of venue under 28 U.S.C. 1440(a) to the United States District Court for the Eastern

23 District of Texas (where they subsequently initiated infringement actions against the Plaintiffs in

24 the present declaratory judgment actions concerning certain common patents as well as patents

25 not subject to Plaintiffs' original declaratory judgment complaints ). Defendants' Motion to

26 Dismiss on Grounds of Lack of Subject Matter Jurisdiction, (2) in the Alternative to Transfer to

27 the Eastern District of Texas, and (3) in the Alternative to Stay Pending Appeal in a Related Case

28 Involving the Same Issues (the "Motion to Dismiss") is set for hearing on August 1, 2008.

Plaintiffs filed their oppositions to the Motion to Dismiss on July 11, 2008, and Defendants' reply briefs are due on July 18, 2008.

## II. FACTS AND THE PRINCIPAL FACTUAL ISSUES IN DISPUTE

Defendant TPL contends it is a small-entity patent owner involved for over twenty years with the development, manufacture and marketing of innovative high technology products. As discussed below, TPL claims that it holds patents on several different aspects of high speed computer microprocessors and on devices related to flash memory. TPL's patent portfolios are referred to as the MMP Portfolio and the Core Flash Portfolio.[1]

Plaintiffs filed their respective declaratory judgment actions on February 8, 2008. Through their original and amended complaints, Plaintiffs assert that they did not, have not, and do not infringe any valid claims of certain United States Patents controlled, owned, and licensed by the Defendants. Plaintiffs further contend that for months prior to the commencement of the related actions, Defendants contacted each of them claiming that products made, used, and/or offered for sale by the Plaintiffs infringe one or more claims of certain patents owned, controlled and licensed by the Defendants. The patents in dispute among the Parties in the related actions are as follows:

*HTC et al. v. TPL et al.*, Case No. C08 0882 (the "HTC Action"): HTC and HTC America seek declarations of non-infringement and/or invalidity of the following United States Patents:

- 5,809,336 ('336 Patent)(MMP Portfolio),
- 5,784,584 ('584 Patent)(MMP Portfolio),
- 5,440,749 ('749 Patent)(MMP Portfolio),
- 6,598,148 ('148 Patent")(MMP Portfolio), and
- 5,530,890 ('890 Patent")(MMP Portfolio).[2]

*ASUSTeK et al. v. TPL et al.*, Case No. C 08-0884 JF (the "ASUSTeK Action"): ASUSTeK and ASUS International seek declarations of non-infringement and/or invalidity of the

---

[1] MMP Portfolio and Core Flash Portfolio are trademark designations used by the defendants to refer to their portfolio of patents.
[2] The HTC Entities added the '890 patent to the California Action in its recently filed First Amended Complaint.

following United States Patents:

- '336 (MMP Portfolio),
- '584 (MMP Portfolio),
- '749 (MMP Portfolio),
- 6,438,638 (the '638 Patent) (Core Flash), and
- 6,976,623 (the '623 Patent) (Core Flash).

As noted in footnote 1, ASUSTeK and ASUS International seek to file a second amended complaint adding the following patents:

- '890 (MMP Portfolio),
- 7,295,443 ('443 Patent) (Core Flash), and
- 7,162,549 (the "'549 Patent") (Core Flash).

As explained in Section V, *infra,* the '890 patent (which is related to the '749, '336 and '584 Patents), and the '443 Patent and the '549 Patent" (which are both related to the '638 and '623 Patents) have also arisen as part of the dispute in light of infringement actions filed by defendants in the United States District Court for the Eastern District of Texas after the commencement of these related actions.

ASUSTeK has requested a stipulation from the declaratory judgment Defendants for leave to file a Second Amended Complaint that will include the '890, '443 and '549 Patents.

### III.  THE PRINCIPAL LEGAL ISSUES IN DISPUTE

The principal legal issues that the Parties dispute are:

- The meaning of various claim terms of the patents-in-suit;
- Whether the Plaintiffs infringe any of the patents-in-suit; and
- Whether the patents-in-suit are invalid.

### IV.  MOTIONS AND HEARINGS

**Prior Motions:** None.

**Pending Motions:** Plaintiffs' Motions to Dismiss is pending and is scheduled for hearing on August 1, 2008.

**Anticipated Motions:** Plaintiffs anticipate filing one or more motions regarding

- 3 -

summary judgment and/or discovery. Defendants also anticipate filing one or more motions regarding summary judgment and/or discovery. In addition, the Parties anticipate motion practice and briefing concerning claim construction.

## V. AMENDMENT OF PLEADINGS

On February 8, 2008, HTC filed a declaratory judgment action in this Court against TPL, Alliacense, and Patriot (Case No. 5:08-cv-00882-JF) directed at the '749, '336, '584 and '148 Patents. On July 10, HTC filed a First Amended Complaint to include the '890 Patent.[3]
On February 8, 2008, ASUSTeK filed a declaratory judgment action in this Court against TPL, Alliacense, and Patriot (Case No. 5:08-cv-00884-JF) directed at the '749, '336, '623, '638 and '584 Patents. On February 13, 2008, ASUSTeK filed its First Amended Complaint adding ASUS International as a plaintiff, and MCM as an additional defendant. ASUSTeK has also sought a stipulation from the declaratory judgment Defendants to obtain leave to file a Second Amended Complaint to include the '890, '443, and '549 Patents.[4] TPL has not responded. The Defendants have not filed any answers in these related actions.

## VI. EVIDENCE PRESERVATION

All Parties have taken appropriate steps to preserve any and all evidence that may be of relevance to the issues in the present action.

## VII. DISCLOSURES

During the Rule 26(f) Conference of Parties held on July 15, 2008, the Parties agreed to exchange their Fed. R. Civ. P. 26(a)(1) Initial Disclosures within two weeks (14 days) of a ruling on the Motion to Dismiss in which the Court maintains jurisdiction over one or more of these related cases.

## VIII. DISCOVERY

No discovery has been served thus far. The Parties conducted their Rule 26(f) Conference of Parties on July 15, 2008. Pursuant to Fed. R. Civ. P. 26(f), the Parties submit the following

---

[3] On June 4, 2008 Defendants sued HTC and HTC America for infringement of the '890 patent in the Eastern District of Texas.
[4] On February 25 and June 4, 2008, after ASUSTeK and ASUS International filed its First Amended Complaint, TPL and Patriot sued ASUSTeK for infringement of these in the Eastern District of Texas.

- 4 -

discovery plan:

(1) **Changes to disclosures.** The Parties do not expect that any changes will be made in form or requirement of the Parties' Rule 26(a) disclosures.

(2) **Subjects on which discovery may be needed.** Essential information for Plaintiffs to prove will be invalidity and non-infringement of the patents-in-suit. Plaintiffs expect Defendants to counter-claim for patent infringement and will need the Defendants to identify all accused products and how such products allegedly infringe the patents-in-suit.

(3) **Issues relating to disclosure or discovery of electronically stored information.** The Parties anticipate that certain discovery may be produced in electronic form and have agreed to meet and confer, as necessary, to resolve any issues concerning electronic discovery as they arise. The Parties agree to meet and confer regarding the production format for electronic material.

(4) **Issues relating to claims of privilege or of protection as trial-preparation material.** The Parties will meet and confer as necessary to discuss this when the issue arises.

(5) **Changes in limitations on discovery.** Each side[5] per case shall be entitled to conduct no more than twenty five (25) depositions, excluding expert witnesses. Each side per case shall be entitled to propound no more than twenty five (25) interrogatories; provided, however, that the Parties reserve the right to approach the Court, upon a showing of good cause, for leave to serve additional interrogatories.

Service of discovery requests and discovery responses among the Parties shall be made by electronic mail, with copies sent by U.S. Mail.

Deadlines for discovery responses shall be determined by reference to the e-mail transmission date.

(6) **Orders that should be entered by the court.** The Parties contemplate that a protective order governing the treatment of confidential information will be required.

(7) **Depositions and Trial.** Defendants take the position that Plaintiffs, having

---

[5] A "side" shall consist of the whole group of Plaintiffs or the whole group of Defendants in a given action.

1. commenced suit in the Northern District of California, are, and should be required, to produce all
2. party witnesses for depositions and trial in Northern California. Plaintiffs disagree with the
3. institution of a blanket rule mandating depositions of party witnesses located overseas in the
4. Northern District because the rule could be abused and lead to undue inconvenience and expense.
5. Plaintiffs will consider this District as a deposition location for overseas witnesses on a case by
6. case basis, depending on witness convenience and other factors, including the Defendants'
7. willingness to share travel costs associated with overseas travel for depositions here.

(8) **Production of English language documents**. Plaintiffs will produce English versions of all documents produced in these cases if such English versions are available. The parties further agree to meet and confer to establish a protocol concerning translations of foreign language documents, with consideration toward minimizing costs of translation and focusing any disputes as to translations.

## IX.  CLASS ACTIONS

This action is not a class action.

## X.  RELATED CASES

The HTC Action (Case No. 5:08-cv-00882) and the ASUSTeK Action (Case No. 5:08-cv-00884) have each been related to the Acer/Gateway Action 5:08-cv-00877.

## XI.  RELIEF

Plaintiffs seek a declaratory judgment against Defendants for non-infringement and invalidity of the patents-in-suit.

## XII.  SETTLEMENT AND ADR

The Parties have agreed to engage in mediation on or before October 27, 2008. *See* Docket No. 40 (ASUSTeK Action); Docket No. 31 (HTC Action).

## XIII.  CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES

The Parties do not consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment. A declination to proceed before a Magistrate Judge for all purposes was filed in the Acer/Gateway Action 5:08-cv-00877, and the HTC Action and ASUSTeK Action have been deemed related cases. *See* Docket No. 4 (Acer/Gateway Action).

**XIV. OTHER REFERENCES**

This case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**XV. NARROWING OF ISSUES**

The Parties will most likely file one or more dispositive motions seeking to narrow the issues in this case. Both Parties anticipate filing one or more motions for summary judgment.

**XVI. EXPEDITED SCHEDULE**

Plaintiffs and Defendants agree that this case is not suitable for expedited handling.

**XVII. SCHEDULING**

The Parties propose that the Court adopt the following schedule based on the Federal Rules of Civil Procedure, Local Rules, Patent Local Rules, and the Case Management Conference held on August 1, 2008. The Court will hold a Status Conference after the Markman Ruling to set dates regarding the close of fact discovery, expert disclosures, close of expert discovery, deadline to file dispositive motions, mediation and all other pre-trial dates.

Plaintiffs propose that the related actions proceed in accordance with a common schedule as to all patents, and believe that any distinctions between the MMP patents and the Core Flash patents are irrelevant to matters of case management and scheduling. Defendants propose, given the separate technologies between the MMP patents and the Core Flash patents and obvious efficiencies for the parties and the Court, that the Court stagger and bifurcate the consideration of patents by common patent portfolio type, i.e., the MMP patents and the Core Flash patents. The dates for the Core Flash Portfolio would follow 90 days the dates for the MMP Portfolio.

///
///
///
///
///
///

| EVENT | DATE PROPOSED BY PLAINTIFFS (For All Patents) | DATE PROPOSED BY DEFENDANTS (Patent Local Rule Dates Proposed Below are for MMP Patents, with Dates for Core Flash Patents to Trail by 90 days as Indicated by *) |
|---|---|---|
| Rule 26(f) conference | July 15, 2008 F.R.C.P 26(f) | Same |
| Rule 26(a) Initial Disclosures | Due within two weeks of a ruling by the Court on the Motion to Dismiss maintaining jurisdiction over one or more of these related cases. F.R.C.P. 26(a) | Same |
| Due Date for Defendants' Answers and/or Counterclaims | Due within two weeks of a ruling by the Court on the Motion to Dismiss maintaining jurisdiction over one or more of these related cases. | Same |
| Last Day to Serve Initial Disclosure of Asserted Claims and Preliminary Infringement Contentions (and related documents) | Two weeks after filing of Answer and/or Counterclaims (P.L.R. 3-1, 3-2) | Same* |
| Last Day to Serve Preliminary Invalidity Contentions (and related documents) | 120 days after service of Initial Disclosure of Asserted Claims and Preliminary Infringement Contentions (and related documents) (P.L.R. 3-3, 3-4) | 45 days after service of Initial Disclosure of Asserted Claims and Preliminary Infringement Contentions (and related documents) (P.L.R. 3-3, 3-4)* |
| Last Day to Exchange List of "Proposed Terms and Claim Elements for Construction" | Two weeks after service of Preliminary Invalidity Contentions (and related documents) (P.L.R. 4-1) | Same* |
| Last Day to Exchange "Preliminary Claim Constructions and Extrinsic Evidence" | 20 days after Exchange List of "Proposed Terms and Claim Elements for Construction (P.L.R. 4-2) | Same* |
| Last Day to File Joint Claim Construction and Prehearing Statement | 60 days after exchange of Prelimin. Claim Const. and Extrinsic Evidence(P.L.R. 4-3) | Same* |

| EVENT | DATE PROPOSED BY PLAINTIFFS (For All Patents) | DATE PROPOSED BY DEFENDANTS (Patent Local Rule Dates Proposed Below are for MMP Patents, with Dates for Core Flash Patents to Trail by 90 days as Indicated by *) |
|---|---|---|
| Claim Construction Discovery Closes | 30 days after Filing Joint Claim Construction and Prehearing Statement (P.L.R. 4-4) | Same* |
| Opening Claim Construction Brief | 45 days after Filing Joint Claim Construction and Prehearing Statement (P.L.R. 4-5a) | Same* |
| Responsive Claim Construction Brief | 14 days after filing Opening Claim Construction Brief (P.L.R. 4-5b) | Same* |
| Reply Claim Construction Brief | 7 days after filing of Responsive Claim Construction Brief (P.L.R. 4-5c) | Same* |
| Patent Technology Tutorial (if desired by the Court) | 20 days after Reply Claim Construction Brief | Same* |
| Claim Construction Hearing | One week after Patent Technology Tutorial | Same* |
| Status Conference | Three weeks after Claim Construction Hearing | Same* |
| Final Infringement Contentions | Per P.L.R. 3-6 (30 days after claim construction ruling) | Same* |
| Final Invalidity Contentions | Per P.L.R. 3-6 (50 days after claim construction ruling) | Same* |
| Defendants to serve willfulness documents; opinion of counsel | Per P.L.R. 3-8 (50 days after claim construction ruling) | Same* |
| Close of Fact Discovery | 6 months after final Invalidity Contentions | Same* |
| Initial Expert Reports | 30 days after Close of Fact Discovery | Same* |
| Rebuttal Expert Reports | 30 days after Initial Expert Reports | Same* |

- 9 -

| EVENT | DATE PROPOSED BY PLAINTIFFS<br>(For All Patents) | DATE PROPOSED BY DEFENDANTS<br>(Patent Local Rule Dates Proposed Below are for MMP Patents, with Dates for Core Flash Patents to Trail by 90 days as Indicated by *) |
|---|---|---|
| Close of Expert Discovery | 2 weeks after Rebuttal Expert Reports | Same* |
| Trial | TBD at subsequent Case Management Conference in light of circumstances, including number of disputed claim terms, accused products, and other relevant factors. | On or about November/December 2009 |

## XVIII. TRIAL

The parties differ in opinion on when the trial should be scheduled (see above.) The case will be tried to a jury. Plaintiffs expect the duration of the trial will depend on the numerous factors, including the number of disputed claim terms, the number of accused products, and other relevant factors that cannot be determined at this stage of the proceedings. Defendants expect trial will last 10-12 trial days for each patent portfolio.

## XIX. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

Plaintiffs filed their "Certifications of Interested Entities or Persons" on March 21, 2008 (HTC Action, Docket No. 7; Asustek Action, Docket No. 22) and state that aside from the named Parties, there is no such interest to report.

Dated: July 18, 2008

Respectfully submitted,                     Respectfully submitted,

By:   /s/ Kyle Chen                         By:   /s/ Ronald F. Lopez
      Attorneys for Plaintiffs
                                            By:   /s/ Charles T. Hoge
                                                  Attorney for Defendants