1  ROBERT E. KREBS, CA BAR NO. 57526
   rkrebs@thelen.com
2  CHRISTOPHER L. OGDEN, CA BAR NO. 235517
   cogden@thelen.com
3  THELEN REID BROWN RAYSMAN & STEINER LLP
   225 West Santa Clara Street, Suite 1200
4  San Jose, CA  95113–1723
   Tel. 408.292.5800, Fax 408.287.8040
5
   RONALD F. LOPEZ, CA BAR NO. 111756
6   rflopez@thelen.com
   SUSHILA CHANANA, CAR BAR NO. 254100
7  schanana@thelen.com
   THELEN REID BROWN RAYSMAN & STEINER LLP
8  101 Second Street, Suite 1800, San Francisco, CA 94105–3606
   Tel. 415.371.1200, Fax. 415.371.1211
9
   Attorneys for Defendants TECHNOLOGY PROPERTIES LIMITED and ALLIACENSE
10 LIMITED.

11 CHARLES T. HOGE, CA BAR NO. 110696
   choge@knlh.com
12 KIRBY NOONAN LANCE & HOGE, LLP
   350 Tenth Avenue, Suite 1300
13 San Diego, CA 92101
   Tel. 619.231.8666, Fax. 619.231.9593
14
   Attorneys for Defendant PATRIOT SCIENTIFIC CORPORATION

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| HTC CORPORATION and HTC AMERICA, INC., <br><br> Plaintiffs, <br><br> vs. <br><br> TECHNOLOGY PROPERTIES LIMITED, PATRIOT SCIENTIFIC CORPORATION, and ALLIACENSE LIMITED, <br><br> Defendants. | Case No.: 08–CV–00882 JF <br> (related cases: 08–CV–00884, 00877) <br><br> **REPLY IN SUPPORT OF DEFENDANTS' MOTION (1) TO DISMISS ON GROUNDS OF LACK OF SUBJECT MATTER JURISDICTION, (2) IN THE ALTERNATIVE TO TRANSFER TO THE EASTERN DISTRICT OF TEXAS, AND (3) IN THE ALTERNATIVE, TO STAY PENDING APPEAL IN A RELATED CASE INVOLVING THE SAME ISSUES** <br><br> Date:     August 1, 2008 <br> Time:    9:00 a.m. <br> Place:   Courtroom 3, 5th Floor <br> Judge:  Hon. Jeremy Fogel |

## I. INTRODUCTION

HTC Corporation and HTC America, Inc. (collectively "Plaintiffs") have not, and cannot, legitimately dispute that this case should be heard, if at all, in the Eastern District of Texas. The issues presented in this case are, to a significant degree, duplicative of issues that have *already* been analyzed at length by Judge Ward sitting in the Eastern District of Texas. It is unreasonable for this case to proceed in this court when it would move forward with greater speed and efficiency in another court. Plaintiffs' Opposition fails to provide a compelling argument against dismissal and transfer of the present action, and therefore, Defendants' Motion should be granted in its entirety.

First, Plaintiffs are incorrect in asserting that the first-to-file rule and the Declaratory Judgment Act provide absolute rules of venue and jurisdiction. There are multiple exceptions to the first-to-file rule and, similarly, the Declaratory Judgment Act, 28 U.S.C. § 2201, gives the court discretion to decline jurisdiction in appropriate cases. Specifically, in deciding whether to apply the first-to-file rule *and* whether to decline jurisdiction in a declaratory judgment action, the court must conduct a virtually identical analysis, which includes balancing both private factors, relating to judicial economy and the convenience of third-party witnesses, and public factors, relating to the convenience of parties and party-specific witnesses. *See Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986); *Micron v. Mosaid*, 518 F.3d 897, 904 (Fed. Cir. 2008) ("[W]hen the discretionary determination [under the DJ Act] is presented after the filing of an infringement action, the jurisdiction question [of the DJ Act] is basically the same as a transfer action under § 1404(a) [first-to-file rule analysis]."); (*Genentech v. Eli Lilly & Co.*, 998 F.2d, 931, 937 (Fed. Cir. 1993)). Plaintiffs fail to properly analyze the convenience and judicial economy factors in their Opposition. However, when reviewed appropriately it is undisputable that this case should be dismissed or transferred under the court's discretion.

Second, Plaintiffs' Opposition pays no heed to the most significant and, indeed, compelling basis for dismissal or transfer. Specifically, the fact that the Honorable Judge Ward of the Eastern District of Texas has invested considerable time and resources to become familiar with

three of the patents at issue in this action, a factor that militates heavily in favor of dismissal or transfer.[1] As explain by Defendants in the Motion, thousands of pages of documents were submitted and reviewed by the parties and Judge Ward in the *Technology Properties Limited, Inc., v. Fujitsu Limited et al* case, 2:05-cv-00494-TJW, ("494 Texas Case") before Judge Ward issued a 31 page *Markman*[2] decision. These documents, included, but were not limited to tutorials, expert declarations, and patent histories. Also, a fourth patent[3] at issue in the present case also shares common specifications with the three patents Judge Ward reviewed. Thus, the interest of justice and expediency, as well judicial economy will be best served by, at a minimum, transferring this action.

Third, Plaintiffs fail to rebut the argument that maintaining this action in the Northern District of California will create a risk of inconsistent results as related to U.S. Patent No. 5,784,584 ("the '584 patent"). Contrary to Plaintiffs' assertions, the appeal of the '584 patent in the 494 Texas Case, which was affirmed against Defendants by the Federal Circuit, is still active. Defendants have until September 6, 2008 to file a Petition for Writ of Certiorari, and if the case is ultimately remanded, it will be decided in Texas. In these circumstances, there is a risk that issues relating to the '584 patent will litigated in two different courts with two different outcomes. This risk can be avoided only by granting Defendants' Motion.

Fourth, Plaintiffs ignore the fact that the E. D. of Texas, and not this court, has subpoena power over a key third-party witness, who is also an inventor of the Moore Microprocessor Portfolio ("MMP") patents[4] and the only non-affiliated inventor to this suit.

Lastly, Plaintiffs are too hasty in according such significant weight to *Micron*, not only because of key distinguishing facts, but also because Plaintiffs neglect to call attention to applicable law which holds, "Under [28 U.S.C. § 1404(a)] . . . , the district court has discretion to

---

[1] On June 15, 2007 Judge Ward issued a *Markman* decision on U.S. Patent Nos. 5,809,336, 5,784,584 patent, and 6,598,148.

[2] *Markman v. Westview Instruments, Inc.*, 517 U.S. 370 (1996).

[3] U.S. Patent No. 5,440,749.

[4] The MMP patents include U.S. patent Nos., 5,440,749, 5,809,336, 5,784,854, and 5,530,890.

'adjudicate motions for transfer according to an '*individualized, case-by-case* consideration of convenience and fairness.'" *Florens Container v. Cho Yang Shipping*, 245 F. Supp. 2d 1086, 1088 (N.D. Cal. 2002) (citing *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-499 (9th Cir. 2000) (citation omitted)).

Upon consideration of convenience and "interest of justice" factors, the balance of private and public factors weighs in favor of granting Defendants' Motion.

## II.   ARGUMENT

### A.   Defendants' motion to dismiss under Fed. R. Civ. P. 12(b)(1) is based on the Federal Circuit's abstention doctrine, which allows dismissal in "reverse" patent infringement cases for lack of subject matter jurisdiction when the same patent infringement controversy is presented in a more convenient or efficient forum.

Plaintiffs incorrectly characterize Defendants' motion to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1). Defendants' motion relies on the well-established abstention doctrine: the existence of federal subject matter jurisdiction under the Declaratory Judgment Act, 28 U.S.C. § 2201, includes a "unique and substantial" discretionary factor. *See Electronics for Imaging, Inc. v. Coyle*, 394 F.3d 1341, 1345 (Fed. Cir. 2005). Regardless of whether or not there is a case or controversy, the Court may decline to exercise subject matter jurisdiction when there are "well-founded reasons," *id.*, which include "the convenience and suitability of competing forums," *Micron Technology, Inc. v. Mosaid Technologies, Inc.*, 518 F.3d 897, 902 (Fed. Cir. 2008). In other words, the factors in deciding whether to exercise subject matter jurisdiction in this Court, or whether to abstain and allow the action (and other closely related actions for which Defendants were first to file) to proceed in the Eastern District of Texas are "basically the same" issues the Court would consider under a 28 U.S.C. § 1404(a) motion to transfer. *See Micron*, 518 F.3d at 904.

The declaratory judgment abstention doctrine is nothing new, and is fully and properly a basis for a motion to dismiss under Fed. R. Civ. P. 12(b)(1). *See, e.g.*, *Miller Brewing Co. v. Ace U.S. Holdings, Inc.*, 391 F. Supp. 2d 735, 739 (E.D. Wisc. 2005); *Beres v. Village of Huntley, Illinois*, 824 F. Supp. 763, 766 (N.D. Ill. 1992). In *Micron*, the Federal Circuit strengthened the

declaratory judgment abstention doctrine applicable in patent cases in response to the Supreme Court's holdings in *Genentech v. Medimmune*, 549 U.S. 118 (2007), which altered the standard of whether a "case or controversy" exists in patent cases. Thus, defendants' citation of Federal Circuit and N.D. Cal. abstention precedent prior to *Genentech* is inapposite. The point of *Micron* was that as it becomes easier to establish a case or controversy, courts should be more careful to weigh convenience factors when faced with two competing suits in two jurisdictions filed at about the same time. *See Micron*, 518 F.3d at 904–905.

Defendants have filed patent infringement actions in Texas covering the issues in this action, as well as other closely related issues not before this Court, and therefore Defendants agree that there is a case or controversy concerning these issues. Because the balance of convenience and the interests of justice strongly favor resolving the entire controversy in Texas before a judge that has heard the issues before, this Court may, and should, dismiss the case for lack of subject matter jurisdiction and allow Defendants' patent infringement case to proceed solely in Texas.

**B.    The "first to file rule" is just one factor among many relating to convenience and efficiency.**

The Plaintiffs' choice of forum is just one factor, among many, that this Court should consider when determining whether to dismiss the case under the declaratory judgment abstention doctrine or transfer it to Texas. When Congress enacted § 1404(a), its intention was to give courts broader discretion not to be limited by the plaintiff's choice of forum, and to merely consider that choice among other relevant factors within its broad discretion. *See Norwood v. Kirkpatrick*, 349 U.S. 29, 32 (1955).

In declaratory judgment actions, such as this one, particularly where there is a danger of forum shopping, courts have been particularly careful about applying the "first to file rule" while ignoring convenience and efficiency factors. *Micron* at 904 ("Instead of . . . automatically going with the first filed action, the more appropriate analysis takes account of the convenience factors under 28 U.S.C. § 1404(a)."); *see also Hyatt Int'l Corp. v. Coco*, 302 F.3d 707, 718–19 (7th Cir. 2002) ("In the case of a declaratory judgment action, [the first-to-file] principle has less force. . . .

We have expressed wariness at the prospect of a suit for declaratory judgment aimed solely at wresting the choice of forum from the 'natural plaintiff.'") (citation omitted).

### C. Because Judge Ward is already familiarity with much of the underlying technology, as well as the parties, there is a strong efficiency consideration for this Court to allow Judge Ward to finish what he has started.

Plaintiffs grossly mischaracterize Defendants' arguments in favor of judicial economy by suggesting that Defendants' position is that this Court is "unable" or incompetent to understand the technology in this case, which is absurd. (Opp. Mem. at 11–12.) At issue is not whether this Court can handle the issues; rather, the question is which Court can continue where Judge Ward left off most efficiently. It is equally unseemly for Plaintiffs to question Judge Ward's ability to keep on top of his own patent docket. (*Id.* at 13.) Courts have consistently recognized Judge Ward's ability to "efficiently promote sound judicial administration." *See, e.g.*, *Cingular Wireless LLC v. Freedom Wireless, Inc.*, No. 06-cv-1935 PHX JAT, 2007 WL 1876377, at *6 n.3 (D. Ariz. June 27, 2007). Both this Court and that of Judge Ward would be efficient forums; in this particular case, however, Judge Ward's court would make particularly efficient use of the extensive time, resources, and expense involved in presenting much of the technology presented in the prior proceeding. This prior proceeding involved three of the same patents at issue before this Court, and proceeded for two years, Judge Ward having received an extensive and thorough tutorial on the technology of the MMP patents from both sides. Highly complex and time-consuming tutorials were prepared and presented to Judge Ward, and he issued a 34-page *Markman* order. (*Id.*) Plaintiffs' assertion that Judge Ward construed a "few terms"[5] undervalues and lacks appreciation for the importance, quality, and efforts of Judge Ward and counsel for both parties in that case.

The fact that there has been an extensive *Markman* proceeding regarding three of the same patents as are at issue in this litigation weighs heavily in favor of transfer. This factor was absent in the *Micron* case, for which there had been no prior *Markman* hearing in Texas. *See Micron*

---

[5] Judge Ward construed 33 claim terms, which is more than <u>three times</u> what this Court would construe pursuant to the new Pat. L.R. 4–1(b).

1  *Tech., Inc. v. Mosaid Techs., Inc.*, 5:06-cv-04496-JF, Order, Dct. No. 100 (N.D. Cal. June 17,
2  2008) (*See* Exhibit H of S. Chanana Dec., ¶ 12).. It is also significant that the same judge who
3  issued the *Markman* order would hear these further proceedings.
4        The need to prevent duplication of resources is an important, even compelling reason to
5  transfer a case to another forum. *See, e.g.*, *Madani v. Shell Oil Co.*, 2008 U.S. Dist. LEXIS 9626
6  at * 8 (N.D. Cal. Jan. 30, 2008) (citing investment of "significant time and resources to reach a
7  similar level of familiarity [as was reached by prior Court]" as a reason for granting the motion to
8  transfer to the prior Court.); *Doe v. Geller*, 533 F. Supp. 2d 996, 1009–1010 (N.D. Cal. 2008)
9  (citing "[d]uplication . . . of . . . complicated proceedings would be a waste of the parties', the
10 attorneys' and the court's resources" as a reason for dismissal). Thus, given that a dismissal and
11 transfer to the E. D. of Texas will expedite the present action and serve the interests of justice,
12 Defendants' Motion should be granted in favor of judicial economy.

      **D.    Given that Judge Ward has already extensively construed three patents in this Case, and the precise claim construction issues on appeal could be considered by the Supreme Court, the issues should proceed in the Eastern District of Texas to avoid inconsistent results.**

      For patent cases, in particular, "the special need for uniformity in patent cases strongly favors transfer." *Logan v. Hormel Foods Corp.*, No. 6:04-cv-211, 2004 WL 5216126 *3 (E.D. Tex. Aug. 25, 2004). In *Logan*, a case factually similar to this one, the court transferred a first-filed action because, "[b]esides being a duplicative use of scarce judicial resources, a second claim construction would risk inconsistent claim constructions, create greater uncertainty regarding the patent's scope, and impede the administration of justice." *Id.* Uniformity does not require that both cases be pending and/or at the same stage of litigation—it is about the inefficiency of having two courts construing the same claims.

      Nevertheless, Plaintiffs' arguments about the prior Texas case being "irrelevant," "terminated," and "stone dead," are simply incorrect. The Texas litigation is not fully played-out because the issues raised in that appeal could be considered by the Supreme Court. Defendants have until September 15, 2008 to file a petition for writ of certiorari, and accordingly, the case is not moot. If the Supreme Court could reverse and send the case back to Texas for further

1  adjudication regarding the '584 patent. Even if the Supreme Court were to deny certiorari, the
2  danger of inconsistent rulings remains, because even if the prior Texas case were dead, the Texas
3  court's *Markman* construction may live on in the form of its issue preclusive effect. This Court
4  can ensure that *further* claim construction of these patents is consistent by either dismissing
5  transferring the case so that these patents may be construed by the same court and the same judge
6  in both cases.

### E. Plaintiffs are incorrect that the Eastern District of Texas does not have power to call key witnesses: actually, while the Eastern District of Texas can compel all significant non-party witnesses, this Court cannot.

Plaintiffs misstate the law when they assert that a key witness in Defendants' case, Mr. Fish, a Dallas resident who is the only non-affiliated inventor of the MMP patents, does not come under the subpoena power of the E. D. of Texas.[6] Actually, Mr. Fish is out of the subpoena power of *this* court. Fed. R. Civ. P. 45(c)(3)(A)(ii). However, Mr. Fish is within the subpoena power of the E. D. of Texas. *See id.*

In fact, Plaintiffs mislead the this Court by stating that Mr. Fish "is not within the Rule 45 radius of the Eastern District of Texas" because he is a resident of Dallas, Texas, which is located in the Northern District of Texas. (Opp. Mem. at 4 n.4.) This mistaken application of the "100 mile rule" is common, but it is "just wrong." *See Thyrmond v. Compaq Computer Corp.*, 2000 WL 33795090 at * 11 (E.D.Tex. 2000). Actually, under Fed. R. Civ. P. 45(c)(3)(A)(ii) (a "person may be commanded to attend a trial by traveling from <u>any such place within the state</u> where the trial is held.") (emphasis added); *see also*. On the other hand, Texas-residing "non-party witnesses are presumptively unavailable for trial in California, as they are outside the subpoena power of this Court. *Woodward v. Seghers*, 2006 WL 2130745 at *4 (N.D. Cal. 2006).

Additionally, as noted in Defendants' Motion, Judge Ward himself held that per Fed. R. Civ. P. 45(c)(3), "A court may compel any witness residing in the state in which the court sits to attend trial." *Singleton v. Volkswagen of America*, 2006 WL 2634768 at 3 (E.D. Tex. 2006)

---

[6] Plaintiffs argues that Mr. Fish is a resident of Mountain View, CA. (Opp. Mem. at 4.) While he lived in California when the patent applications were filed, he now resides in Dallas, Texas. (See Cook Dec., ¶ 10, Docket # 18).

(Ward, J.); MTD, p. 11. Judge Ward's ruling is even more significant because if transferred, this case would likely be heard by Judge Ward (see E.D. Tex. Local Rules CV-42(a)-(c) (requiring counsel to notify court of cases with related subject matter and allowing consolidation of related cases). So presumably, Judge Ward would follow his own decision (in addition to following the Federal Rules and other E. D. of Texas courts) and find that the E. D. of Texas may compel Mr. Fish to attend trial because he is a Texas resident regardless of whether he is situated in the Northern or Eastern District of Texas.

Thus, it is indisputable that the E. D. of Texas will have subpoena power over Mr. Fish, and this Court does not have such power, and accordingly, the Texas court is significantly more convenient for the present action. Furthermore, additional weight should be given to the fact that it is far more convenient for Mr. Fish, who again is a non-party witness, to travel from Dallas to Marshall, Texas, where the E. D. of Texas is located, compared to San Francisco. *Florens Container v. Cho Yang Shipping*, 245 F. Supp. 2d 1086, 1092 (N.D. Cal. 2002) ("The convenience of the witnesses is often the most important factor" when determining which forum would be the most convenient); *see also Arete Power, Inc., v. Beacon Power Corp.*, No. 07-CV-5167 WDB, 2008 WL 508477, at *10 (*citing Cambridge Filter Corp. v. Int'l Filter Co., Inc.*, 548 F. Supp. 1308, 1311 (D.C. Nev. 1982)) ("The availability of compulsory process to compel the attendance of unwilling witnesses is an important factor."); *see also CoxCom, Inc. v. Hybrid Patents, Inc.*, No. C06-7918, 2007 WL 2500982, at *2 (N.D. Cal. 2007).[7] (convenience of non-party witnesses outweighs the convenience of party witnesses). This factor also compels dismissal and transfer.

**F. The Plaintiffs' choice of forum should be given little or no weight because California is not their home forum, and HTC America, Inc. appears to have an office in Houston, Texas.**

Plaintiffs do not deny that they have no significant contacts with the state of California. However, the *do* have significant contacts with Texas. In fact, HTC America, Inc. appears to maintain a "principal office" in Houston, Texas, has filed Articles of Incorporation in Texas, and currently maintains a Texas business registration. (*See* Exhibits A – D of S. Chanana Dec., ¶¶ 3 –

6). This is not just the address of HTC America's registered agent, whose office is in Austin, but it appears to be an actual business address. (*Id.*)

Moreover, HTC America also has its main office in Seattle, Washington (Opp. Mem. at 3), which means that HTC America has offices in multiple states and its employees are not likely to be inconvenienced by interstate travel. HTC Corporation, HTC America's parent company, is headquarted in Taoyuan, Taiwan. Plaintiffs are no more inconvenienced by traveling to the E. D. of Texas than to this Court, but as a foreign party in California, the convenience of Plaintiffs and their witnesses is entitled less weight than if they had facilities in California. *See Ricoh Co., Ltd. v. Honeywell, Inc.*, 817 F. Supp. 473, 484–85 (D.N.J. 1993) (finding that plaintiff, a Japanese corporation, was "already inconvenienced by having to travel thousands of miles from their homes to testify" and traveling to Minnesota would be no more inconvenient than to New Jersey despite fewer flights and lack of a non-stop flight to Minnesota). As in *Ricoh*, Plaintiffs' witnesses here will have to travel thousands of miles regardless of whether the case is in Texas or California so they will not be significantly more inconvenienced.

When a plaintiff's choice of forum is not its home forum, the significance of the plaintiff's choice of forum decreases. *See Chodock v. American Economy Ins. Co.*, 2005 WL 2994451, *3 (D.Ariz. 2005) (quoting *Chrysler Capital Corp. v. Woehling*, 663 F.Supp. 478, 482 (D.Del.1987)) ("[W]hen the plaintiff chooses a forum which has no connection to the plaintiff himself or the subject matter of the suit . . . the burden on the defendant is reduced and it is easier for the defendant to show that the balance of convenience favors transfer."); *see also Ravelo Monegro v. Rosa*, 211 F.3d 509, 513 (9th Cir. 2000) (*quoting Piper Aircraft v. Reyno*, 454 U.S. 235, 256, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981)) ("[I]n contrast to the strong presumption in favor of a domestic plaintiff's forum choice, 'a foreign plaintiff's choice deserves less deference.'"). Defendants easily meet this "reduced" burden by establishing the advantages of furthering judicial economy, as discussed above, in light of Judge Ward's familiarity with some of the technology at issue. Thus, Plaintiffs' choice of forum here should not be accorded little deference, since they are foreign

parties in California, and "this factor weighs in favor of transfer." *AV Media, Pte, Ltd. v. OmniMount Systems, Inc.*, 2006 WL 2850054 at *3 (N.D. Cal. 2006).[8]

## III.    CONCLUSION

For the above-mentioned reasons, the Court should grant Defendants' Motion in order to allow the present action to proceed in a more efficient and expedited manner in Judge Ward's court, where duplicative measures will avoided.

Respectfully submitted,

Dated:  July 18, 2008         By:            /s/
ROBERT E. KREBS
RONALD F. LOPEZ
CHRISTOPHER L. OGDEN
SUSHILA CHANANA
of THELEN REID BROWN RAYSMAN & STEINER LLP,
Attorneys for Defendants TECHNOLOGY PROPERTIES LIMITED and ALLIACENSE LIMITED.

CHARLES T. HOGE
of KIRBY NOONAN LANCE & HOGE, LLP,
Attorneys for Defendant
PATRIOT SCIENTIFIC CORPORATION.

---

[8] Accordingly, even though Plaintiffs assertion that its Taiwanese witnesses would have to travel extra miles on ground to the E. D. of Texas from Dallas airport is not a strong argument to begin with, it is further weakened by the fact that Plaintiffs are foreign parties in California and Defendants have a lesser burden to disturb their choice of forum. *See e.g., Crystal Semiconductor Corp. v. OPTI Inc*., 1997 WL 798357 at *8 (W.D.Tex. 1997) (finding that even a "measly three-hour plane ride" is not an "'extraordinary burden and inconvenience' considering the fact that its witnesses would, in any event, have to travel half-way around the world to defend the lawsuit.").