1

2                                                    **E-Filed 10/21/08**

3

4

5

6

7

8                    **IN THE UNITED STATES DISTRICT COURT**

9                   **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

10                            **SAN JOSE DIVISION**

11

12

13   ACER, INC., ACER AMERICA                 Case No. C 08-877 JF (HRL)
     CORPORATION and GATEWAY, INC.
14
                         Plaintiffs,
15              v.

16   TECHNOLOGY PROPERTIES
     LIMITED, PATRIOT SCIENTIFIC
17   CORPORATION, and ALLIACENSE
     LIMITED,
18
                         Defendants.
19   _____        Case No. C 08-882 JF (HRL)
20    HTC CORPORATION, HTC AMERICA,
     INC.,
21
                         Plaintiffs,
22              v.

23   TECHNOLOGY PROPERTIES
     LIMITED, PATRIOT SCIENTIFIC
24   CORPORATION, and ALLIACENSE
     LIMITED,
25
                         Defendants.
26

27

28

Case Nos. 08-00877/ 08-00884/ 08-00882
ORDER DENYING MOTIONS TO DISMISS, TO TRANSFER VENUE, AND TO STAY
(JFEX2)

1

2

3
ASUSTEK COMPUTER INC. and
ASUS COMPUTER INTERNATIONAL,

4
                    Plaintiffs,

5
           v.

6

7
TECHNOLOGY PROPERTIES LIMITED,
PATRIOT SCIENTIFIC CORPORATION,

8
ALLIACENSE LIMITED, MCM
PORTFOLIO LLC,

9
                    Defendants.

10

Case No. C 08-884 JF (HRL)

**ORDER[1] DENYING MOTIONS TO
DISMISS, TO TRANSFER VENUE, AND
TO STAY**

11

12     Plaintiffs Acer,[2] HTC,[3] and Asustek[4] (collectively, "Plaintiffs") each have filed separate

13  declaratory judgment actions in this Court.  Defendant Technology Properties Limited ("TPL")[5]

14  moves for dismissal, transfer, or stay of the actions. The Court has considered the briefing

15  submitted by the parties as well as the oral arguments presented at the hearing on September 19,

16  2008.  For the reasons discussed below, the motion will be denied.

17

18

19

20

21     [1]This disposition is not designated for publication in the official reports

22     [2]"Acer" refers collectively to Plaintiffs Acer, Inc., Acer America Corporation, and
Gateway, Inc.

23

24     [3]"HTC" refers collectively to Plaintiffs HTC Corporation and HTC America

25     [4]"Asustek" refers collectively to Plaintiffs Asustek Computer, Inc. and Asus Computer
International

26

27     [5] TPL's motions are joined by Defendants Patriot Scientific ("Patriot"), Alliacense
Limited "Alliacense"), and additionally by Defendant MCM Portfolio ("MCM") in the *Asustek*

28  action.  For the purposes of this Order, all Defendants will be referred to collectively as "TPL" or
the "TPL entities."

# I. BACKGROUND

TPL claims to own or control nine patents that are at issue in three related declaratory judgment actions.[6] Five of these patents are known as the Moore Microprocessor Portfolio patents ("MMP patents").[7] The remaining four patents at issue, asserted by Asustek only, are a part of the CORE Flash Portfolio ("CFP patents").[8]

In 2006, TPL filed a patent infringement suit based upon three of the MMP patents against unrelated third parties in the United States District for the Eastern District of Texas (the "Texas action"). Judge John Ward held a claim construction hearing and issued a decision construing the patents. Although the litigation resolved before proceeding to trial, TPL appealed a portion of the claim construction ruling to the United States Court of Appeals for the Federal Circuit with respect to one of the three patents in suit; the Federal Circuit affirmed the district court's judgment against TPL.

In the instant actions, Plaintiffs allege that in late 2005, TPL enlisted its Cupertino, California-based licensing entity, Alliacense, to demand that Plaintiffs enter into royalty-bearing licenses with respect to the MMP and CFP patents. TPL claimed that Plaintiffs' products infringed the subject patents and that Plaintiffs could be liable for substantial infringement damages. TPL expressly threatened to file suit against Plaintiffs. The parties met on numerous occasions between early 2006 and February 2008, but negotiations were unsuccessful. Plaintiffs filed the instant actions on February 8, 2008. On April 25, 2008, TPL filed patent infringement actions against Plaintiffs in the Eastern District of Texas, asserting seven of the MMP and CFP

---

[6] Asustek's declaratory judgment action, N.D. Cal. Case No. C 08-884 JF (HRL), has been related to N.D. Cal. Case No. C 08-877 JF (HRL) filed by Acer and N.D. Cal. Case No. C 08-882 JF (HRL) filed by HTC, all of which were filed on February 8, 2008. On February 13, 2008, Asustek filed an amended complaint adding Asus International as an additional plaintiff, MCM as an additional defendant, and adding two additional patents-in suit.

[7] The MMP patents include United States Patent Nos. 5,809,336 ("'336 patent"), 5,784,584 ("'584 patent"), 5,440,749 ("'749 patent"), 6,598,148 ("'148 patent"), and 5,530,890 ("'890 patent").

[8] The CFP patents include U.S. Patent Nos.6,438,638 ("'638 Patent"), 6,976,623 ("'623 Patent"), 7,295,443 ('443 Patent"), and 7,162,549 ("'549 Patent").

1  patents. That action is pending.  TPL moves for three alternative forms of relief in this Court: (1)

2  dismissal of the actions for lack of subject matter jurisdiction under Federal Rule of Civil

3  Procedure 12(b)(1); (2) in the alternative, transfer of the actions to the Eastern District of Texas

4  under 28 U.S.C. § 1404(a); or (3) a stay of the actions pending resolution of TPL's action against

5  Plaintiffs in Texas.[9]

6  **II. DISCUSSION**

7  **A. Motion to Dismiss or Transfer**

8        TPL seeks dismissal of the instant declaratory relief actions for lack of subject matter

9  jurisdiction.  The Federal Circuit has held that under the Declaratory Judgment Act, a district

10  court may exercise jurisdiction where "[t]he facts alleged under all the circumstances show a

11  substantial controversy between parties with adverse interests of sufficient immediacy and reality

12  to warrant the issuance of a declaratory judgment." *Micron Technology, Inc. v. Mosaid*

13  *Technologies, Inc.*, 518 F.3d 897, 902 (Fed. Cir. 2008).

14        Here, TPL has accused Plaintiffs of patent infringement, threatened to sue Plaintiffs, and

15  sued other parties on the same or similar facts, making these threats credible. Negotiations

16  between the parties were unsuccessful. TPL has filed infringement actions against Plaintiffs  in the

17  Eastern District of Texas with respect to the same patents at issue in this action. As in *Micron*,

18  "the record evidence amply supports a  real and substantial dispute between these parties." 518

19  F.3d at 901..

20        TPL argues that under *Micron*, regardless of whether there is a case or controversy, the

21  Court may decline to exercise subject matter jurisdiction when there are "well-founded" reasons

22  for doing so, including the "convenience and suitability of competing forums." *Micron*, 518 F.3d

23  at 902. TPL argues that "the jurisdiction question is basically the same as a transfer action under

24  [28 U.S.C.] § 1404(a)." *Id.* at 904. The Court addresses the alternative motions to dismiss and

25  transfer as follows:

26  ───────────────────

27      [9]Originally, TPL requested a stay pending its appeal to the Federal Circuit in the Texas
action against third parties; however, as noted above the Federal Circuit since has affirmed the

28  judgment against TPL in that action.

4

**1. Convenience and Efficiency Factors**

Under § 1404(a), "for the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The Court must consider both public factors, which go to the interests of justice, and private factors, which go to the convenience of the parties and witnesses. *See Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 843 (9th Cir. 1986).  As noted by the Federal Circuit in *Micron*, "the general rule favors the forum of the first-filed action," but "the trial courts have discretion to make exceptions to this general rule in the interest of justice or expediency." *Micron*, 518 F.3d at 904 (citing *Genetech Inc. v. Eli Lilly & Co.*, 998 F.2d 931, 937 (Fed. Cir. 1993)).

TPL asserts that judicial economy and convenience favor transferring these cases to the Eastern District of Texas.  TPL emphasizes the fact that Judge Ward invested considerable time and resources to become familiar with, and has construed the claims of, three of the patents at issue in the instant actions. TPL asserts that transfer to Judge Ward would make the most efficient use of time and would prevent duplication of resources.  Finally, TPL argues that the Eastern District of Texas is the most convenient forum for witnesses, parties, and for the expedient collection of evidence.  TPL asserts that the sole third-party patent inventor in the case can be subpoenaed only if the case is tried in the Eastern District of Texas,[10] that Plaintiffs have significant contacts with Texas,[11] and that Plaintiffs' choice of forum should be afforded no

---

[10] The witness, Mr. Fish, resides in Dallas, Texas, which is outside of the jurisdiction of the Eastern District of Texas.  However, TPL argues that Judge Ward held in 2006 that "a court may compel any witness residing in the state in which the court sits to attend trial." *Singleton v. Volkswagon of America*, 2006 WL 2634768 at 3 (E.D. Tex. 2006);  Fed. R. Civ. P. 45(c)(3)(A)(ii).

[11] This factual assertion is disputed.  TPL argues that Asustek has an office and place of business in Austin and El Paso, Texas.  Plaintiffs deny having any significant contacts with Texas.

Case Nos. C 08-877 JF (HRL) / C 08-884 JF (HRL) / C 08-882 JF (HRL)
ORDER DENYING MOTIONS TO DISMISS, TO TRANSFER VENUE, AND TO STAY
(JFEX2)

1  weight because Plaintiffs are foreign entities.[12]

2        Plaintiffs assert a total of nine patents; in the prior action before Judge Ward, only three of

3  these patents were at issue, and they were asserted against different defendants.  Because

4  additional patents are at issue here, both parties will have to dedicate additional time and

5  resources regardless of the forum in which the case ultimately is heard.  Moreover, convenience

6  factors weigh heavily in favor of retaining the case in this Court.  Three of the four TPL entities

7  are headquartered or have offices in this district (the remaining entity is located in Carlsbad,

8  California), and three of the four Plaintiff entities have their primary places of business in this

9  district. Further, all of the inventors named on the patents in suit, with the exception of Mr. Fish,

10  are residents of this district.  Thus, this district affords direct access to witnesses and tangible

11  evidence, and makes travel for parties and witnesses most convenient.  The Court finds

12  unpersuasive the argument that Plaintiffs are foreign nationals, and thus that their choice of forum

13  need not be heeded.  Plaintiffs conduct all U.S. manufacturing and sales through their U.S.

14  subsidiaries, all of which are named as Plaintiffs in this action, and three of which are located in

15  this district.

16        **2.  Risk of Inconsistent Rulings**

17        Uniformity in rulings is an important consideration in deciding a transfer motion in patent

18   cases.  TPL asserts that because the judgment in the Texas action still may be appealed to the

19  United States Supreme Court, maintaining jurisdiction in this Court might result in inconsistent

20  rulings. Further, TPL has filed a new action in the Eastern District of Texas, asserting

21  infringement of seven of the nine patents at issue in this case.

22        TPL's argument regarding a possible appeal to the Supreme Court is speculative.

23  Additionally, as noted earlier the original Texas action dealt with only three of the patents in

24  question, and TPL does not claim that the scope of infringement in that action is co-extensive with

25  that of the alleged infringement in this case.  While Judge Ward's claim construction ruling is not

26  ───────────────

27     [12] Plaintiffs Acer, Inc., HTC Corporation, and Asustek Computer, Inc. are foreign
   nationals.  However, Plaintiffs conduct all U.S. business through their American subsidiaries,

28  Acer America Corp., HTC America, and Asus Computer International, respectively.

1  res judicata, this Court certainly will consider it and give it whatever persuasive weight it deems

2  appropriate. Finally, as Plaintiffs point out, "[u]pon a decision by this Court to maintain

3  jurisdiction over this action, the Eastern District of Texas Court can be expected to apply a first-to

4  file analysis that will result in a transfer of the second-filed Texas actions to this Court. *See Texas*

5  *Instruments v. Micron Semiconductor,* 815 F. Supp. 994, 997 (E.D. Tex. 1993)" Pl.'s Opp. to

6  Defs.' Mot. To Dismiss, Transfer, or Stay at 15, n. 15.

7       The Federal Circuit recently reversed this Court's dismissal of a declaratory relief action in

8  a factually similar case. *See Micron,* 518 F.3d 901. The Federal Circuit has announced a general

9  rule that it would be an "abuse of discretion" to transfer a first-filed declaratory relief action to

10  another district based on the existence of a prior suit in that district when, as here, the prior suit

11  was not pending at the time the declaratory judgment relief action was filed and where the first-

12  filed action will settle the legal relations of the parties. *See id.* at 905.[13]

13  **B. Motion to Stay**

14       TPL asserts that if this Court does not transfer the instant actions, the actions should be

15  stayed pending the resolution of TPL's newly-filed case against Plaintiffs filed in the Eastern

16  District of Texas. To obtain a stay, TPL must meet the same standard required for a preliminary

17  injunction. *See Abbassi v. I.N.S.,* 143 F.3d 513, 514 (9th Cir. 1998). Thus, it must show either that

18  (1) it faces irreparable harm if the action goes forward and that is likely to succeed on the merits

19  or its appeal; (2) that the balance of hardships favors a stay and that "serious questions" are raised.

20  *See Prudential Real Estate Affiliates, Inc. v. PPR Realty, Inc.,* 204 F.3d 867, 874 (9th Cir. 2000).

21  TPL has not provided adequate grounds for a stay in this case.

22

23

24

---

25     [13]At the hearing, the possibility of splitting the action was raised. The Court lacks the

26  authority under 28 U.S.C. § 1404(a) to transfer only a portion of the case. *Gaston v. Gottesman,* U.S. Dist. LEXIS 31635 at *8-9 (N.D. Cal.  April 13, 2007) (citing *Chrysler Credit Corp. v.*

27  *County Chrysler, Inc.,* 928 F.2d 1509 (10th Cir. 1991)). In theory, this court could sever a portion of the action pursuant to Federal Rule of Civil Procedure 21, but the Court concludes that

28  severance is not warranted in this case and would not aid in judicial efficiency.

Case Nos. C 08-877 JF (HRL) / C 08-884 JF (HRL) / C 08-882 JF (HRL)
ORDER DENYING MOTIONS TO DISMISS, TO TRANSFER VENUE, AND TO STAY
(JFEX2)

1

**IV. ORDER**

2        Good cause therefore appearing, IT IS HEREBY ORDERED that the motions to dismiss,

3    transfer, or stay are DENIED.

4

5    DATED: October 21, 2008

6

7

8    _____
     JEREMY FOGEL

9    United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

8

1   This order has been served upon the following persons:

2

3   Harold H. Davis, Jr:   harold.davis@klgates.com, cathy.williams@klgates.com, chanell.yates@klgates.com, patricia.wiggins@klgates.com

4   Helen E. Dutton:   hdutton@fbm.com, calendar@fbm.com, mzappas@fbm.com

5   Jack Slobodin:   jlslobodin@yahoo.com

6   Jas S Dhillon:   jas.dhillon@klgates.com

7   Jeffrey M. Fisher:   jfisher@fbm.com, calendar@fbm.com, renterig@fbm.com, wpemail@fbm.com

8   John L. Cooper:   jcooper@fbm.com, brestivo@fbm.com, calendar@fbm.com

9

10   Kyle Dakai Chen:   kchen@whitecase.com, dleverton@whitecase.com

11   Mark R. Weinstein:   mweinstein@whitecase.com, mkenny@whitecase.com

12   Samuel Citron O'Rourke:   sorourke@whitecase.com, pneely@whitecase.com

13   Timothy Paar Walker:   timothy.walker@klgates.com, carol.ridgeway@klgates.com, perry.brooks@klgates.com

14   William Sloan Coats, III:   wcoats@whitecase.com, eupton@whitecase.com, gohlsson@whitecase.com, mkenny@whitecase.com, mlambert@whitecase.com

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case Nos. C 08-877 JF (HRL) / C 08-884 JF (HRL) / C 08-882 JF (HRL)
ORDER DENYING MOTIONS TO DISMISS, TO TRANSFER VENUE, AND TO STAY
(JFEX2)