Robert E. Krebs, State Bar No. 57526
rkrebs@nixonpeabody.com
Christoper L. Ogden, State Bar No. 235517
cogden@nixonpeabody.com
Nixon Peabody LLP
200 Page Mill Road, Suite 200
Palo Alto, CA 94305-2022
Tel. 650.320.7700
Fax. 650.320.7701

Ronald F. Lopez, State Bar No. 11756
rflopez@nixonpeabody.com
Sushila Chanana, State Bar No. 254100
schanana@nixonpeabody.com
Nixon Peabody LLP
One Embarcadero Center, Suite 1800
San Francisco, CA 94111
Tel. 415.984.8200
Fax. 415.984.8300

ATTORNEYS FOR DEFENDANTS
TECHNOLOGY PROPERTIES LIMITED,
and ALLIACENSE LIMITED

Charles T. Hoge, State Bar No. 110696
CHoge@knlh.com
Kirby Noonan Lance & Hoge
350 Tenth Avenue, Suite 1300
San Diego, CA 92101
Tel.: (619) 231-8666
Fax: (619) 231-9593

ATTORNEY FOR DEFENDANT
PATRIOT SCIENTIFIC CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

MOTION TO COMPEL HTC WITNESSES TO TESTIFY IN THIS DISTRICT
Case No. 5:08-cv-00882 (JF)

1

| | | |
|---|---|---|
| 1 | HTC CORPORATION and<br>HTC AMERICA, INC., | Case No.: 08–CV–00882 JF<br>(related cases: 08–CV–00884, 00877) |
| 2 | | |
| 3 | Plaintiffs, | **NOTICE OF MOTION AND MOTION TO COMPEL THE DEPOSITIONS AND TRIAL TESTIMONY OF PLAINTIFF HTC'S WITNESSES IN THIS DISTRICT**_____ |
| 4 | vs. | |
| 5 | TECHNOLOGY PROPERTIES LIMITED, PATRIOT SCIENTIFIC CORPORATION, and ALLIACENSE LIMITED, | |
| 6 | | Date: December 23, 2008<br>Time: 10:00 a.m.<br>Dept: Courtroom 2, 5th Fl.<br>Before: Magistrate Judge Howard Lloyd |
| 7 | Defendants. | |
| 8 | | |
| 9 | | (December 16, 2008 hearing date is requested in Stipulated Request for Order Shortening Time, filed concurrently herewith) |
| 10 | | |

## NOTICE OF MOTION AND MOTION

TO PLAINTIFFS HTC CORPORATION and HTC AMERICA, INC.

PLEASE TAKE NOTICE that Defendants TECHNOLOGY PROPERTIES LIMITED, PATRIOT SCIENTIFIC CORPORATION, and ALLIACENSE LIMITED, pursuant to Rules 30 and 37 of the Federal Rules of Civil Procedure, move to compel the testimonies of all plaintiffs' percipient witnesses in this judicial district. Having chosen to file suit in this district, the plaintiffs now refuse to produce their percipient witnesses who reside outside this judicial district in locations as far ranging as Taiwan. Because the law requires plaintiffs to make their witnesses available for depositions and trial testimony in the district where they initiated suit, this Court should enter its order requiring all plaintiffs to produce all their witnesses under their control for depositions and trial in this judicial district. This motion will be heard on December 23, 2008, at 10:00 a.m.[1] or as soon thereafter as the matter can be heard.

---

[1] The parties have jointly requested a shortened hearing date on December 16, 2008. The stipulation is filed concurrently herewith.

This motion is further based on the accompanying memorandum of points and authorities, supporting declarations, all pleadings, exhibits and papers on file in this action, and any other matters properly before the Court.

Respectfully submitted,

Dated:  November 20, 2008     By:     /s/ RONALD F. LOPEZ
RONALD F. LOPEZ
ROBERT E. KREBS
CHRISTOPHER L. OGDEN
SUSHILA CHANANA
of NIXON PEABODY LLP,
Attorneys for Defendants TECHNOLOGY PROPERTIES LIMITED and ALLIACENSE LIMITED.

CHARLES T. HOGE
of KIRBY NOONAN LANCE & HOGE, LLP,
Attorneys for Defendant
PATRIOT SCIENTIFIC CORPORATION.

Motion to Compel the Depositions and Trial Testimony of Plaintiff HTC's Witnesses In This District
Case No.  5:08-cv-00882 (JF)

3

## I. INTRODUCTION

After engaging in protracted licensing discussions since November 2006, plaintiffs HTC Corporation and HTC America, Inc. (collectively "HTC")[2] abruptly halted discussions and filed suit in this district, seeking a declaratory judgment that they do not infringe any valid or enforceable claim found in five high-speed computer microprocessor patents (U.S. Patent Nos. 5,809,336 ("'336"), 5,784,584 ("'584"), 5,440,749 ("'749"), 6,598,148 ("'148"), 5,530,890 ("'890")) owned by defendant Technology Properties Limited ("TPL").[3] Because two of these patents at issue have previously been construed by Judge Ward of the Eastern District of Texas and all five patents at issue here are closely related, TPL requested this Court to transfer this lawsuit to Judge Ward. That request was denied by order dated October 21, 2008. Docket No. 49.

In opposing TPL's request, HTC reiterated its desire to litigate in this district, claiming that (i) "*The HTC Entities can conveniently travel to the Northern District of California to attend proceedings and appear as witnesses*," (ii) "*[W]itnesses and representatives from the HTC Entities can fly directly to the Northern District of California on non-stop commercial flights*;" (iii) HTC conducts its business in the United States; and (iv) "*The Northern District of California is clearly the most convenient forum, collectively, for all the parties*." Docket No. 35 at 3:5-7; 3:10-11; 3:9; 3:13-14 (emphasis added).

Despite these representations, HTC now refuses to produce its percipient witnesses here in this judicial district for deposition and trial testimony. HTC cannot have it both ways—forcing TPL to litigate in HTC's preferred and purportedly convenient venue while refusing to produce its witnesses here. Thus, TPL respectfully requests, and judicial fairness requires, that this Court compel HTC to produce its percipient witnesses for deposition and trial testimony in this district.

## II. STATEMENT OF FACTS

TPL has engaged in negotiations with HTC since November 2006 regarding their potential participation in TPL's licensing program. In February 2008, HTC abruptly ended these

---

[2] HTC Corporation is a Taiwanese corporation. HTC America is headquartered in Seattle, Washington and a corporate subsidiary of HTC Corporation.

[3] Defendant Patriot Scientific Corporation co-owns an interest in the patents at issue.

negotiations and filed this declaratory judgment suit. Docket No. 1. On April 25, 2008, TPL moved to dismiss this case, or in the alternative, to transfer the case to the Eastern District of Texas ("Motion to Dismiss") because Judge Ward had previously studied the technology at issue and construed 33 terms across three of TPL's microprocessor patents, including two that are at issue in this case (the '336 and '584 patents). Docket No. 15. HTC successfully opposed the Motion to Dismiss, asserting the arguments that HTC America resides in Seattle, Washington and that it is financially less burdensome to conduct discovery here, in part because, "***Witnesses and party representatives from the Taiwanese entities [e.g., HTC in Taiwan] can reach this district [i.e., Northern District of California] by taking a direct, non-stop flight of about 11.5 hours from Taipei, Taiwan to San Francisco International Airport***." Docket No. 35 at 10:3-5, n.12 (emphasis added).

Furthermore, in denying TPL's Motion to Dismiss on October 21, the Court noted that "this district affords direct access to witnesses and tangible evidence, and makes travel for parties and witnesses **most** convenient." Docket No. 49 at 6:10-11 (emphasis added). Thus, the Court must require HTC to produce its witnesses for deposition and trial testimony in this district.

In preparing the parties' Joint Case Management Conference Statement, the parties met and conferred regarding where HTC's witnesses would be produced, and were unable to reach an agreement. Docket No. 41 at 5:26-6:1-7. At the November 7, 2008 Case Management Conference, Judge Fogel asked the parties to raise the issue with this Court and request that the dispute be resolved prior to December 19, 2008, the date of the next scheduled CMC in this action. Declaration of Sushila Chanana In Support of Motion to Compel the Depositions and Trial Testimony of Plaintiff HTC's Witnesses In This District ("Chanana Decl."), Exh. A (11/7/08 CMC Hearing Tr.) at 5:23-6:13. Despite recent efforts, the parties still have not been able to reach an agreement. Chanana Decl., ¶ 3. Hence, TPL brings forth this motion.

## III. ARGUMENT

### A. Legal Standard

Fed. R. Civ. P. 30 states, "a party may, by oral questions, depose any person, including a

Motion to Compel the Depositions and Trial Testimony of Plaintiff HTC's Witnesses In This District
Case No. 5:08-cv-00882 (JF)

5

party, without leave of court" and that the deposing party can notice the time and place of the deposition. "A party may unilaterally choose the place for deposing the opposing party, subject to the granting of a protective order by the Court pursuant to Federal Rule of Civil Procedure 26(c)(2) designating a different place." *Lexington Ins. Co. v. Commonwealth Ins. Co.*, 1999 WL 33292943, at *9 (N.D. Cal. Sep. 17, 1999). Fed. R. Civ. P. 37 (a)(1) further states that "a party may move for an order compelling disclosure or discovery." Pursuant to the Federal Rules of Civil Procedure, and for the reasons set forth below, TPL respectfully requests that the Court issue an order compelling HTC to produce its witnesses for deposition and trial testimony in this district.

### B. HTC Should Be Compelled To Produce Its Percipient Witnesses In This Judicial District.

#### 1. HTC Is Required To Produce Its Witnesses For Depositions And Trial Testimony In The District Where It Brought Suit.

Because HTC *chose* to file this declaratory judgment action in this district, HTC must fulfill its legal obligation and produce all of their percipient witnesses for depositions in this judicial district. Courts in the Ninth Circuit have regularly recognized that a "'plaintiff will be required to make himself or herself available for examination in the district in which suit was brought.'" *Lexington*, 1999 WL 33292943, at *9 (*citing* 8A Wright, Miller & Marcus, FEDERAL PRACTICE & PROCEDURE: Civ. 2d §2112, at 75); *see also Detweiler Bros., Inc. v. John Graham & Co.*, 412 F.Supp. 416, 422 (E.D. Wash. 1976) (stating the same rule); *Rolex Employees Retirement Trust v. Mentor Graphics Corp.*, 1990 WL 200092, at *1 (D. Or. Dec. 3, 1990) (accord). "Since plaintiff has selected the forum, he or she will not be heard to complain about having to appear there for a deposition." 8A Wright, Miller & Marcus, FED. PRAC. & PROC.: Civ. 2d § 2112, at 75-76 (2008).

In *Lexington*, the plaintiff argued that the depositions of its employees should occur at its principal places of business in Houston, Texas, and London, as opposed to San Francisco, where the lawsuit was venued.[4] *Lexington*, 1999 WL 33292943, at *8. The *Lexington* Court rejected

---

[4] This is the same argument HTC has raised in opposition to TPL's request that HTC's Taiwanese witnesses be produced in San Francisco for their depositions. *See* Docket No. 41 at 5:26-6:1-7.

Motion to Compel the Depositions and Trial Testimony of Plaintiff HTC's Witnesses In This District
Case No. 5:08-cv-00882 (JF)

6

the plaintiff's argument for several reasons. First, the plaintiff, having chosen its venue of choice, must bear the cost of conducting discovery in its chosen forum. *Id.* at *9. Second, having depositions in the "district where the action is being litigated …permits predictability in prospective litigation" and "pragmatically permits the trial court to resolve disputes which may take place during the course of depositions without undue expenditure of time." *Id.* at *9 (*quoting Minnesota Mining & Mfg. Co. v. Dacar Chemical Prods., Co.*, 707 F. Supp. 793, 795 (W.D. Pa. 1989)). Finally, the Court noted that the plaintiffs chose to conduct business in the Northern District of California, and should have envisioned that litigation could take place in this venue. *Id.*

The same factors and considerations apply to the case at hand. HTC has repeatedly stated in its prior representations to this Court, particularly in opposing TPL's Motion to Dismiss, that the Northern District is a convenient and proper forum for this litigation. Docket No. 35 at 3:10-11; 3:9; 3:13-14; 10:3-5, n.12.

Additionally, if issues arise during the deposition of HTC's witnesses, they are much more easily resolved by this Court if the depositions occur here than if the depositions are taken in Taiwan. Finally, HTC has itself admitted that it "does significant business in this district." Docket No. 35 at 10:7-9. Thus, similar to the plaintiff in *Lexington*, HTC should have envisioned potential litigation in this district because it chose to conduct significant amounts of business here. HTC must abide by "the general rule" and make its employees available for deposition in this district.

    **2. HTC Cannot Establish Any Undue Burden Or Compelling Circumstance That Dispels Its Obligation To Produce Its Witnesses In This District For Their Depositions and Trial Testimony**.

"To avoid the application of this [general] rule, a plaintiff has the burden of proving that undue hardship or exceptional or compelling circumstances justify his refusal to travel to his chosen forum." *Rolex*, 1990 WL 200092, at *1. HTC cannot meet its burden here.

As outlined in the statement of facts, HTC has repeatedly represented to the Court that this judicial district is the proper venue for this litigation, that this forum is more convenient for

Motion to Compel the Depositions and Trial Testimony of Plaintiff HTC's Witnesses In This District
Case No. 5:08-cv-00882 (JF)

7

discovery, and that HTC's Taiwanese witnesses can take "***a direct, non-stop flight . . . from Taipei, Taiwan to San Francisco International Airport***." Docket No. 35 at 10:3-5, n.12 (emphasis added). By making this argument and others noted above, HTC recognized its obligation to bring its witnesses to this district for depositions and trial. Yet, conducting deposition discovery in Taiwan creates equal, if not greater, financial burden. Recognizing HTC's convenience argument, Judge Fogel noted in his order denying TPL's Motion to Dismiss that "this district affords direct access to witnesses and tangible evidence, and makes travel for parties and witnesses most convenient." Docket No. 49 at 6:10-11.

The fact that HTC's witnesses would need to travel internationally does not establish undue hardship. Courts have regularly compelled foreign plaintiffs to bring their witnesses to their chosen forum for depositions. *See, e.g.*, *Seuthe v. Renwal Prods., Inc.*, 38 F.R.D. 323 (S.D.N.Y 1965) (requiring plaintiff, a resident of West Germany who brought suit for unfair competition and patent infringement in New York, to submit to taking of his deposition in New York over his objection of financial hardship); *Newman v. Metropolitan Pier & Exposition Authority*, 962 F.2d 589, 591-92 (7th Cir. 1992) (J. Posner) (plaintiff's claimed financial difficulties did not excuse her from her failure to appear for deposition in the district where she brought suit); *Societe Internationale Pour Participations Industrielles et Commerciales S.A. v. Clark*, 8 F.R.D. 565 (D.D.C. 1948) (holding that defendants were entitled to take depositions of officers and managing agents of plaintiffs Swiss corporations in the district where suit was brought, and not in Switzerland as argued by the plaintiff).

Indeed, forcing counsel for the parties in this action – all of whom reside in California – to travel to Taiwan for depositions of HTC's witnesses would be significantly more burdensome for all parties than requiring HTC's witnesses to appear in this district for their depositions. After zealously representing that this district is a convenient forum, HTC cannot reverse its position and argue that producing its Taiwanese witnesses here for their depositions and trial testimony would be unduly burdensome or even inconvenient.

Motion to Compel the Depositions and Trial Testimony of Plaintiff HTC's Witnesses In This District
Case No. 5:08-cv-00882 (JF)

8

## IV. CONCLUSION

For the reasons stated above, TPL respectfully requests this Court order HTC to produce all of their witnesses for depositions and trial in this judicial district.

Respectfully submitted,

Dated: November 20, 2008    By:    /s/ RONALD F. LOPEZ
RONALD F. LOPEZ
ROBERT E. KREBS
CHRISTOPHER L. OGDEN
SUSHILA CHANANA
of NIXON PEABODY LLP,
Attorneys for Defendants TECHNOLOGY PROPERTIES LIMITED and ALLIACENSE LIMITED.

CHARLES T. HOGE
of KIRBY NOONAN LANCE & HOGE, LLP,
Attorneys for Defendant
PATRIOT SCIENTIFIC CORPORATION.

Motion to Compel the Depositions and Trial Testimony of Plaintiff HTC's Witnesses In This District
Case No. 5:08-cv-00882 (JF)

9