*e-filed 12/16/08*

NOT FOR CITATION

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| HTC CORPORATION, HTC AMERICA INC., <br><br> Plaintiffs, <br> v. <br><br> TECHNOLOGY PROPERTIES, PATRIOT SCIENTIFIC CORPORATION, ALLIACENSE LIMITED, <br><br> Defendants. | No. C08-00882 JF (HRL) <br> Related case Nos. 08-00877-JF, 08-00884-JF <br><br> **ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO COMPEL PLAINTIFFS' DEPOSITIONS** |

Apparently after licensing negotiations were unsuccessful, HTC Corporation ("HTC") and HTC America Inc. brought this declaratory relief action against Technology Properties Limited, Patriot Scientific Corporation, and Alliacense Limited to establish that plaintiffs' products do not infringe defendants' patents. Defendants moved to dismiss or, alternatively, to transfer the case to the Eastern District of Texas, where two of the patents at issue had previously been construed. Plaintiffs, in part, opposed the transfer because the Northern District of California was a less burdensome forum for discovery, as "[w]itnesses and party representatives from the Taiwanese entities can reach this district by taking a direct, non-stop flight of about 11.5 hours from Taipei, Taiwan to San Francisco International Airport." Plaintiffs Opposition to Motion to Dismiss, Docket No. 35, pg 10, footnote 12. The motion to dismiss or transfer was denied.

In planning for discovery, defendants requested that HTC agree to produce its "percipient witnesses" for deposition in the Northern District of California. At the hearing, defendants explained that by "percipient witnesses," it meant any fact witnesses under plaintiffs' control located in Seattle or Taiwan. HTC objects, saying defendants should go to Taiwan (or Seattle) for the depositions. Defendants now move for an order compelling HTC to produce witnesses for deposition in this district. Since no deposition has been noticed, the court will treat this motion as one for a protective order.

The matter has been fully briefed. The court held a hearing on December 16, 2008. Upon consideration of the papers filed by the parties, and the arguments of counsel, this court grants the motion in part and denies the motion in part.

**Discussion**

A party may unilaterally choose the place for deposing the opposing party, subject to the granting of a protective order by the Court pursuant to Federal Rule of Civil Procedure 26(c)(2). *Turner v. Prudential Ins. Co.*, 119 F.R.D. 381, 383 (M.D. NC 1988). When the opposing party is a corporation, both its officers and directors and its employees have been treated as "opposing parties," the same as an Fed. R. Civ. P. 30(b)(6) designee. *See Delphi Automotive Systems LLC v. Shinwa Intern. Holdings LTD*, 2008 WL 2906765 at *3 (S.D.Ind., 2008); *Cadent Ltd. v. 3M Unitek Corp.*, 232 F.R.D. 625, 628 (C.D.Cal.,2005). In determining the appropriate place for depositions, the trial court has broad discretion. *Id*. However, as a general rule, "plaintiff will be required to make himself or herself available for examination in the district in which suit was brought." *Lexington Ins. Co v. Commonwealth Ins. Co,* 1999 WL 33292943 at *9 (N.D. Cal. 1999) (*citing* WRIGHT & MILLER, FEDERAL PRACTICE & PROCEDURE, § 2112 at 75.) Other courts have observed that "[this rule] not only permits predictability in prospective litigation, it also pragmatically permits the trial court to resolve disputes which may take place during the course of depositions without undue expenditure of time." *Minnesota Mining & Manufacturing Co. v. Dacar Chemical Products, Co.*, 707 F.Supp. 793, 795 (W.D.Pa.1989). The court is not persuaded by plaintiffs' contentions that they didn't "choose" to bring the lawsuit, or "choose"

this forum because plaintiffs were "forced" to bring the lawsuit, and this was the only possible venue.

HTC has cited cases supporting their contention that 30(b)(6) witnesses should be deposed at their principal place of business, namely Taiwan. Nevertheless, at this point, no one knows whether any of the Taiwanese employees will be designated as HTC's witness for a 30(b)(6) deposition. And, although there is a general presumption that the deposition of a corporate party should be taken at its place of business, *see, e.g., Thomas v. Int'l Business Machines*, 48 F.3d 478, 483 (10th Cir. 1995), that presumption is not conclusive. Courts in this district have noted that courts primarily apply this rule to defendants, since plaintiffs have the luxury of choosing the forum. *See Lexington* at *9. Especially here, where plaintiffs not only chose this forum, but fought for it because it was more convenient for its witnesses to travel to, the court gives little weight to plaintiffs' complaints that the forum is inconvenient and costly.

Lead counsel for all parties are located in this district. Plaintiffs specifically chose and fought for this forum to reduce discovery costs, at least in part. In addition, this court's authority to resolve any disputes arising during a deposition could be compromised by sovereignty issues if depositions took place in Taiwan, rather than in the United States. "If a federal court compels discovery on foreign soil, foreign judicial sovereignty may be infringed, but when depositions of foreign nationals are taken on American or neutral soil, courts have concluded that comity concerns are not implicated." *Delphi Automotive Systems,* at *2.

Based on the record presented, the court finds that it will be less costly and disruptive to have all HTC's 30(b)(6) designees deposed in this district. HTC shall bear all travel costs associated with their designated 30(b)(6) witness(es). The depositions of any non-30(b)(6) designated officers, directors, or HTC employees shall also take place in this district. However, defendants shall pay the costs of business class airfare for these deponents. Should defendants find it more cost effective to take the HTC employees' consecutive depositions in Taiwan, they may arrange to do so with HTC.

Since the court cannot contemplate every possible factual scenario that may arise as to a particular deponent and the possible unfairness or unreasonableness of him or her having to

travel to the Northern District of California, this order is without prejudice to any party's ability to move for an exception for any individual deposition, should the parties' vigorous meet and confer efforts fail. .

**IT IS SO ORDERED**

Dated: 12/16/08



HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

**Notice has been electronically mailed via ECF:**

Sushila Chanana schanana@thelen.com

Kyle Dakai Chen kchen@whitecase.com, dleverton@whitecase.com

William Sloan Coats , III wcoats@whitecase.com, eupton@whitecase.com, gohlsson@whitecase.com, mkenny@whitecase.com, mlambert@whitecase.com

Ronald Frank Lopez rflopez@thelen.com, schanana@thelen.com, tdelillo@thelen.com

Samuel Citron O'Rourke sorourke@whitecase.com, pneely@whitecase.com

Christopher Lee Ogden cogden@thelen.com, mwaller@thelenreid.com, yespinoza@thelenreid.com

Jack Slobodin jlslobodin@yahoo.com

Mark R. Weinstein mweinstein@whitecase.com, mkenny@whitecase.com

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program**.