WILLIAM SLOAN COATS (SBN: 94864)
email: wcoats@whitecase.com
MARK R. WEINSTEIN (SBN: 193043)
email: mweinstein@whitecase.com
TARYN LAM (SBN 236124)
email: tlam@whitecase.com
KYLE D. CHEN (SBN 239501)
email: kchen@whitecase.com
**WHITE & CASE LLP**
3000 El Camino Real
5 Palo Alto Square, 9th Floor
Palo Alto, CA  94306
Telephone:  (650) 213-0300
Facsimile:   (650) 213-8158

Attorneys for Plaintiffs
HTC CORPORATION and HTC AMERICA, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| HTC CORPORATION and HTC AMERICA, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>TECHNOLOGY PROPERTIES LIMITED, PATRIOT SCIENTIFIC CORPORATION and ALLIACENSE LIMITED,<br><br>Defendants. | Case No.  C 08 00882 JF<br>(related to C 08 00877,  08 00884, 08 05398)<br><br>**PLAINTIFFS HTC CORPORATION AND HTC AMERICA, INC.'S NOTICE OF MOTION AND MOTION TO STAY ALL PROCEEDINGS PENDING REEXAMINATION OF THE PATENTS-IN-SUIT**<br><br>Date:    June 5, 2009<br>Time:   9:00 a.m.<br>Dept:   Courtroom 3, 5th Floor<br>Judge:  Hon. Jeremy Fogel |

**NOTICE OF MOTION AND MOTION**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT on June 5, 2009, at 9:00 a.m., or as soon thereafter as the matter may be heard, in Courtroom 3, 5th floor, located at 280 South 1st Street, San Jose, California 95113, plaintiffs HTC Corporation and HTC America, Inc. (collectively "HTC") will and hereby do move for an order staying all proceedings in this matter pending reexaminations by the United States Patent & Trademark Office ("PTO") of the patents-in-suit asserted by Technology Properties Ltd., Patriot Scientific Corp. and Alliacense Ltd. (collectively "TPL"), including U.S. Patent Nos. 5,809,336 ("the '336 patent"), 5,530,890 ("the '890 patent"), 5,440,749 ("the '749 patent"), 6,598,148 ("the '148 patent") and 5,784,584 ("the '584 patent").

This motion is based on this Notice of Motion, the following Memorandum of Points and Authorities, the supporting Declaration of Taryn Lam ("Lam Decl.") and exhibits thereto, and any further information that may be presented to the Court regarding this Motion.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION AND STATEMENT OF THE ISSUES**

Staying this case at this time is in the Court's best interest, because there is a high likelihood that no asserted claim will emerge from reexamination. As the chart below indicates, reexamination will affect every claim in this case.

| Patent-in-suit | Current status of reexamination |
|---|---|
| The '336 patent | All claims finally rejected |
| The '890 patent | Reexamination granted on all claims |
| The '749 patent | Reexamination granted on all asserted claims; claim 1 currently rejected |
| The '148 patent | Most asserted claims currently rejected; request for reexamination of remaining asserted claims near filing |
| The '584 patent[1] | Only remaining claim, 29, already amended |

---

[1] TPL has made no counterclaim of infringement against HTC as to the '584 patent in this case.

-1-

1    Stays are appropriate where, as here, a stay: (1) will simplify the issues in the case; (2) will
2  not prejudice TPL; and (3) is being requested at an early stage of the case. First, the outcomes of the
3  reexaminations will simplify the issues here. Where the claims are rejected, this litigation will end.
4  Where the claims are amended, there will be no past infringement or damages. If any claims
5  survive, the Court will have the benefit of the PTO's analysis of the patents-in-suit and TPL's
6  statements made during the reexaminations to assess possible prosecution history estoppel in claim
7  construction. Second, a stay will not unduly prejudice or tactically disadvantage TPL. Given its on-
8  going practice of offering to license the patents-in-suit, monetary damages will clearly be adequate
9  for TPL. In addition, having waited three years to cause this case to be brought, TPL is obviously in
10  no hurry to have its claims against HTC adjudicated by this Court. Finally, this case is still at an
11  early stage – only minimal discovery has taken place to date, and the parties have not even
12  completed the negotiation of the protective order as of the filing of this motion. No dispositive
13  motions have been filed, and the Court has set no dates for claim construction hearing, close of
14  discovery, or trial.
15    For at least the reasons stated above, HTC's motion to stay should be granted.

## II. BACKGROUND AND RELEVANT FACTS

### A. Reexaminations Against Patents-in-Suit

#### i. U.S. Patent No. 5,809,336

Three reexaminations are pending against the '336 patent (the first one was initiated in November 2006). On March 17, 2009, the PTO issued a *final* Office Action rejecting all claims (1 – 20) of the '336 patent. Declaration of Taryn Lam in Support of Plaintiffs' Motion to Stay All Proceedings Pending Reexamination of the Patents-in-Suit ("Lam Decl."), filed herewith, Ex. B.

#### ii. U.S. Patent No. 5,530,890

One reexamination is pending against the '890 patent (initiated in January 2009). On April 8, 2009, the PTO initiated a reexamination against all claims (1 – 9) of the '890 patent after finding a "substantial new question of patentability" in light of various prior art. *Id.*, Ex. D.

#### iii. U.S. Patent No. 5,440,749

1   Two reexaminations have been pending against the '749 patent (the first one was initiated in March 2008). On March 4, 2009, the PTO issued a non-final office action rejecting Claim 1 of the '749 patent. *Id.*, Ex. F. On April 8, 2009, the PTO initiated reexamination against claims 1 – 27 of the '749 patent after finding a "substantial new question of patentability" in light of the submitted prior art. *Id.*, Ex. H. On April 30, 2009, another request for reexamination of claims 1, 9, 18, 23 and 24 of the '749 was filed. *Id.*, Ex. I. This request will most likely be granted based on the PTO's prior granting of reexamination requests relating to this patent.

### iv.     U.S. Patent No. 6,598,148

One reexamination has been pending against the '148 patent (initiated in September 2006).[2] On January 26, 2009, the PTO issued a non-final Office Action rejecting claims 4, 7, 8, 10, 14, 19, 20 and 25 of the '148 patent. *Id.*, Ex. K. HTC is preparing a request for reexamination of claims 6, 11 and 13 of the '148 patent (which will expire after August 2, 2009), and expects to have that request on file before this motion is heard. This request will most likely be granted based on the PTO's prior granting of reexamination requests relating to this patent.

### v.     U.S. Patent No. 5,784,584

Two reexaminations have been pending against the '584 patent (the first one was initiated in October 2006). On December 5, 2008, the PTO issued a final rejection of claims 29 – 54. *Id.*, Ex. N. TPL amended claim 29 after such final rejection, and the PTO has allowed that claim as amended. *Id.*, Exs. P-Q.

### B.     Procedural History of this Case

No claim construction hearing or trial date has been set in this case. No dispositive motions have been filed, and discovery is in a very early stage. *See* Lam Decl., ¶¶ 10-13. Each side has only propounded and responded to one set of interrogatories and one set of requests for production of documents and things. *Id.*. Only a limited number of non-confidential documents have been produced in response to the requests for production because no protective order has been entered. *Id*. at ¶ 11. No depositions have been noticed as of the filing of the present motion.

---

[2] HTC intends to file another request for a reexamination against the '148 patent shortly.

-3-

1  ///

2  ///

3  **III.    ARGUMENT**

4      **A.    This Court Routinely Stays Patent Cases Pending Reexaminations.**

The Northern District of California has recognized the benefits of the reexamination procedure and has adopted a liberal policy in favor of staying patent proceedings pending the outcome of a reexamination by the Patent Office.  *See Sorensen v. Digital Networks North America Inc.*, No. C 07-05568 JSW, 2008 WL 152179, at *1 (N.D. Cal. Jan. 16, 2008) (White, J.); *Ho Keung Tse v. Apple Inc. et al.,* No. C 06-06573 SBA, 2007 WL 2904279, at *1 (N.D. Cal. Oct. 4, 2007) (Armstrong, J); *KLA-Tencor Corp. v. Nanometrics, Inc*., No. C 05-03116 JSW, 2006 WL 708661, at *2 (N.D. Cal. March 16, 2006) (White, J.); *ASCII Corp. v. STD Entm't USA, Inc*., 844 F. Supp. 1378, 1381 (N.D. Cal. 1994) (Walker, J).

In keeping with the liberal policy favoring stay, the courts in this district have consistently granted motions to stay a patent action pending reexamination.  *See e.g., Yodlee, Inc. v. Ablaise Ltd.*, Nos. C-06-07222 SBA, C-06-02451 SBA, C-07-01995 SBA, 2009 WL 112857, at *7 (N.D. Cal. Jan. 16, 2009) (Armstrong, J.); *Abbott Labs., Inc. v. Medtronic, Inc*., No. C-08-4962-DLJ, 2009 WL 799404, at * 4 (N.D. Cal. March 24, 2009) (Jensen, J.); *Speedtrack, Inc. v. Wal-Mart.com USA, LLC*, No. C 06-7336 PJH, 2009 WL 281932, at *2 (N.D. Cal. Feb. 5, 2009) (Hamilton, J.); *Exonhit Therapeutics S.A. v. Jivan Biologics, Inc*., No. C 07-01427 WHA, 2008 WL 2383943, at *1 (N.D. Cal. June 9, 2008) (Alsup, J.); *Research in Motion Ltd. v. Visto Corp*., 545 F. Supp. 2d 1011, 1012 (N.D. Cal. 2008) (Chesney, J.); *Sorensen*, 2008 WL 152179, at *3; *Nanometrics, Inc. v. Nova Measuring Instruments, Ltd*., No. C 06-2252 SBA, 2007 WL 627920, at *4 (N.D. Cal. Feb. 26, 2007) (Armstrong, J.); *Tse*, 2007 WL 2904279, at *5; *KLA-Tencor*, 2006 WL 708661, at *5; *Photoflex Products, Inc. v. Circa 3 LLC*, No. C 04-03715 JSW, 2006 WL 1440363, at *3 (N.D. Cal. May 24, 2006) (White, J.); *Ricoh Co., Ltd. v. Aeroflex Inc*., Nos. C03-04669 MJJ, C03-02289 MJJ, 2006 WL 3708069, at *6 (N.D. Cal. Dec. 14, 2006) (Jenkins, J.); *In re Cygnus Telecomms. Tech., LLC, Patent Litig.,* 385 F. Supp. 2d 1022, 1025 (N.D. Cal. 2005) (Whyte, J.); *Zilog, Inc. v. Quicklogic Corp.*, No. C 03-03725 JW, 2004 WL 2452850, at *4 (N.D. Cal. March 31, 2004) (Ware,

-4-

J.); *Target Therapeutics, Inc. v. Scimed Life Systems, Inc.*, No. C-94-20775 RPA (EAI), 1995 WL 20470, at *2 (N.D. Cal. Jan. 13, 1995) (Aguilar, J.); *ASCII*, 844 F. Supp. at 1381; *Hewlett-Packard Co. v. Acuson Corp.*, No. C-93-0808 MHP, 1993 WL 149994, at *4 (N.D. Cal. May 5, 1993) (Patel, J.). As with those cases, and in light of the reexaminations in front of the PTO as to claims in all of the patents-in-suit, a stay would be particularly appropriate here.

In determining whether a stay is proper, courts in this district evaluate the following factors: (1) whether a stay will simplify the issues in question and trial of the case; (2) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (3) whether discovery is complete; and (4) whether a trial date has been set. *See Research in Motion*, 545 F. Supp. 2d at 1012 (quoting *Nanometrics*, 2007 WL 627920, at * 2); *see also Tse,* 2007 WL 2904279, at *2. As is explained below, all of these factors favor staying this action.

**B.     A Stay Will Simplify the Issues in Question and Trial of this Case.**

A stay of this action is particularly appropriate at this time. Within the last five (5) months, the PTO has issued numerous claim rejections. Three (3) additional requests for reexamination have been filed, and a fourth is nearing completion. The current status is as follows:

(1)  a final rejection of all claims (1-20) in the '336 patent on March 17, 2009;

(2)  the PTO's initiation of reexamination against all claims (1-9) of the '890 patent after finding a "substantial new question of patentability" in light of various prior art;

(3)  a non-final rejection of independent claim 1 of the '749 patent on March 4, 2009;

(4)  the PTO's initiation of another reexamination on April 8, 2009 against claims 1 – 27 of the '749 patent after finding a "substantial new question of patentability" in light of the submitted prior art;

(5)  another reexamination petition filed against the '749 patent on April 30, 2009, which is likely to be granted in light of reexaminations already pending against the '749 patent;

(6)  a non-final rejection of eight claims in the '148 patent on January 26, 2009;

(7)  a further reexamination petition being finalized regarding the three remaining asserted claims in the '148 patent, which is likely to be granted in light of the reexamination already pending against the '148 patent; and

(8) a final rejection of claims 29 – 54 of the '584 patent on December 5, 2008 that led to an amendment of claim 29 and cancellation of claims 30 – 54.

The ultimate outcomes of these reexaminations will dramatically simplify the issues in question and trial of the case.

"The primary purpose of the reexamination procedure is to 'eliminate trial of that issue [of patent invalidity] (when the [claim] is canceled) or to facilitate trial of that issue by providing the district court with the expert view of the [USPTO] (when a claim survives the reexamination proceeding).'" *ASCII*, 844 F. Supp. at 1380 (quoting *Gould*, 705 F.2d at 1342). As has been noted by this Court, the claims of a patent are likely be canceled, amended or narrowed during reexamination. *See Target*, 1995 WL 20470, at *2. Each of these possible outcomes brings with it a separate mechanism for simplifying this case.

First, statistically speaking, the most likely result is that the claims of the patents subject to reexamination will be canceled or significantly narrowed during the reexamination process. According to the Patent Office's published statistics, *ex parte* reexaminations result in canceled or modified claims seventy-five percent (75%) of the time, leaving only twenty-five percent (25%) of reexaminations that result in all claims being confirmed. *See* Lam Decl., Ex. Q. Cancellation of claims that have not already received final rejection is particularly likely in the present case given that all the Patents-in-Suit share the same specification, and the PTO has already rejected most of the asserted claims. *Id.*, Exs. A, C, E, G, J, and L-M.

Second, to the extent the claims subject to reexamination are narrowed during reexamination proceedings, the scope of this case will be significantly reduced by the doctrine of "intervening rights." *See* 35 U.S.C. §§ 307(b), 252. For example, as to any amended or new claim that issues from the reexamination: (1) HTC would have no liability for any allegedly infringing activities that took place prior to the date of issuance of the reexamination certificate; and (2) HTC would be entitled to continue to use the accused products as they existed prior to the issuance of the reexamination certificate. *See* 35 U.S.C. § 252; *Eng'd Data Prods., Inc. v. GBS Corp.*, 506 F. Supp. 2d 461, 475-76 (D. Colo. 2007) (summary judgment granted to defendant based on intervening rights acquired when plaintiff substantively amended its claims during reexamination).

Finally, in the unlikely event that the claims of the patents under reexamination are affirmed, the district court will be able to benefit from having the expert view of the Patent Office which can facilitate trial and clarify the scope of the claims. *See Nanometrics*, 2007 WL 627920, at *3; *Hewlett-Packard,* 1993 WL 149994, at *4. Further, the court will "have a richer prosecution history upon which to base necessary claim construction determinations." *Cygnus*, 385 F.Supp.2d at 1024.

The *Global Patent Holdings, LLC v. Green Bay Packers, Inc.* decision illustrates the very reason stays pending reexamination make sense. No. 00C4623, 2008 WL 1848142 (N.D. Ill. Apr. 23, 2008) (Kocoras, J.). In that case, all of the original claims of the patent-in-suit were declared invalid by the Patent Office during the reexamination. *See id.* Judge Kocoras, armed with the wisdom of hindsight, reaffirmed his decision to grant a stay despite the lengthy delay that followed:

> Though we are mindful that four years was consumed in waiting for the result of the reexamination of the original 16 claims, a significant amount of time and effort in claim construction and other litigation would have been wasted if we had forged ahead without the benefit of the PTO's examination (and subsequent rejection) of those claims.

*Id.* at *5.

Simply put, the claims subject to reexamination (as well as TPL's ability to assert infringement thereof) will live or die with the pending reexamination proceedings. If the present litigation is not stayed, there is a substantial risk that the Court and the parties will expend enormous resources in discovery, motion practice, claim construction and various other litigation related activities on claims that may ultimately be cancelled by the PTO. Conversely, granting a stay will simplify (and likely eliminate entirely) the issues for trial in this case.

**C.   A Stay Will Not Create Undue Prejudice or Present Any Clear Tactical Disadvantage for TPL.**

Defendants will suffer no prejudice or tactical disadvantage as a result of a stay. This Court has rejected claims of undue prejudice or tactical disadvantage where a stay would not affect the nonmovant's right to monetary damages. *See Tse,* 2007 WL 2904279, at *5 (finding no undue prejudice to nonmovant who had legal remedy of damages that would not be prejudiced by a stay pending reexamination); *see also Zilog*, 2004 WL 2452850, at * 2 (same).

1   A stay here would not affect Defendants' recovery from any alleged harm attributable to
2   HTC. Defendants' claim for damages will not be affected because the critical date for determining
3   damages in a patent case is the date the complaint was filed. *See* 35 U.S.C. § 286; *Zilog*, 2004 WL
4   2452850, at * 2. Defendants retain the ability to collect monetary damages for any proven
5   infringement. *See Nanometrics*, 2007 WL 627920, at *3 (noting that the potential recovery of
6   damages will not be affected by reexamination proceedings assuming the PTO does not cancel or
7   substantively change the patent under reexamination). Because Defendants can be adequately
8   compensated by monetary damages, a stay will not prejudice its potential recovery of such damages.
9   *See id*. Indeed, reexamination could potentially benefit Defendants' case. *See Yodlee*, 2009 WL
10  112857, at *6 ("any delay created by the stay should result in increased damages and prejudgment
11  interest to fully compensate [defendants]"); *Nanometrics*, 2007 WL 627920, at *3 ("if the PTO
12  upholds the validity of the patent, then [defendants'] position is strengthened, and its likelihood of
13  monetary damages will increase.").

14  Although TPL has requested injunctive relief with respect to its claims of infringement, all
15  remedies available to TPL will remain available to it after the reexaminations. In *Hamilton Indus.,*
16  *Inc. v. Midwest Folding Prods. Mfg. Corp.*, No. 89C8696, 1990 WL 37642, at *2 (N.D. Ill. Mar. 20,
17  1990) (Aspen, J.), the patentee argued that a stay would delay its ability to seek injunctive relief and
18  prevent the exercise of its right to exclude others from practicing the patent-in-suit. *Id.* at *2. The
19  Court rejected that argument: "The question whether or not an injunction will issue in this case,
20  however, will turn upon resolution of the patent's validity. Thus, any delay occasioned by that
21  determination will occur regardless of the forum in which that issue is considered." *Id.* Given that
22  TPL has an on-going licensing program as to the patents-in-suit, monetary damages will clearly be
23  adequate, and no injunction will be warranted.

24  Any argument by TPL that a reexamination will impede its ability to license its patent is
25  similarly misguided. TPL has no legitimate right to seek licensing royalties for use of any invalid
26  patent. The reexamination requests filed, which identify numerous prior art references that were
27  never considered by the Patent Office during the original prosecution of the patents-in-suit, will
28  confirm the weaknesses of TPL's patents.

1    In addition, it is obvious that TPL is in no hurry to have its claims against HTC adjudicated
2 by this Court.  TPL first asked HTC to license the patents-in-suit in 2005, but did not cause this
3 action to be brought until 2008.  Then, TPL not only failed to seek preliminary injunction against
4 HTC, but it also delayed the proceedings of this case for a year by filing two rejected motions
5 attempting to transfer venue.  Hence, a stay will not unduly prejudice or tactically disadvantage TPL.
6 Therefore, this factor militates in favor of a stay.

7    **D.    This Action Is Still in its Early Stage.**

8    This case began in earnest only three months ago when the Court denied, for the second time
9 on February 4, 2009 TPL's motion attempting to transfer venue.  Despite being filed on February 8,
10 2008, the case spent the first twelve (12) months in venue disputes initiated by TPL.  As is described
11 above, no trial date has been set, no substantive motions have been brought, no depositions have
12 been noticed or taken, no claim construction hearing has been scheduled, and only limited written
13 discovery has been taken.  At this stage of litigation, stays pending reexamination are commonly
14 granted.  *See Yodlee*, 2009 WL 112857, at * 3-4 (granting stay in a case that was almost three years
15 old but no *Markman* hearing had occurred and no trial date had been set); *Speedtrack,* 2009 WL
16 281932, at *1-2 (granting stay where defendants sought reexamination more than 15 months after
17 they became aware of the prior art references at issue, and where discovery was not complete and no
18 trial date was set); *Research in Motion*, 545 F. Supp. 2d at 1012 (granting stay where trial had been
19 set); *Nanometrics*, 207 WL 627920, at * 2 (granting stay where the parties had exchanged initial
20 disclosures and discovery had commenced); *Tse,* 2007 WL 2904279, at *2, 5 (granting stay where
21 the motion was brought nearly two years after the initiation of the lawsuit, but the parties had not
22 noticed any depositions, no briefing on claim construction had been filed, and no *Markman* hearing
23 date or trial date had been set); *KLA-Tencor,* 2006 WL 708661 at *1, 5 (granting stay where both
24 parties had propounded, and one had responded to, document requests, the date of the tutorial had
25 been set, but no trial date had been set); *ASCII*, 844 F.Supp at 1383 (granting stay where parties had
26 undertaken little or no discovery and the case had not yet been set for trial).

27   In fact, this Court has granted stay requests made much further along in the litigation process.
28 *See Research in Motion*, 545 F. Supp. 2d at 1012 (granting stay where trial had been set); *see also*

-9-

1  *Ricoh*, 2006 WL 3708069, at *5-6 (granting stay after discovery closed, a claim construction order had been issued, and a trial date had been set).  The present motion to stay, filed before any significant litigation activity has occurred and shortly after the filing of the reexamination requests, is timely and will conserve significant litigation-related expenses and efforts.  *See Nanometrics*, 2007 WL 627920, at * 3 (noting that a stay "could eliminate the need for trial if the claims are cancelled or, if the claims survive, facilitate the trial by providing the Court with the opinion of the PTO and clarifying the scope of the claims."); *Ricoh*, 2006 WL 3708069, at *6 (recognizing that "the reexamination proceedings may well alter, moot, or resolve the issues set for trial").  Given the numerous reexaminations at the PTO as are described above, it will likely save the parties and the Court substantial resources on assessing invalidity and non-infringement issues that may be mooted by the outcomes of the reexaminations.  Thus, this factor also heavily favors a stay.

## IV.     CONCLUSION

Reexamination will unquestionably narrow issues for trial, if not eliminate the need for trial completely.  There is a high likelihood that the Patent Office's reexamination of the Patents-in-Suit will have a dramatic effect on the issues before the Court, up to and including dismissal of the entire action, if the patent claims are found to be invalid.  Even if asserted claims emerge from the reexamination process, which is unlikely given the strength of the prior art, the Court will benefit from the Patent Office's expertise and analysis of the patents subject to reexamination.  As such, HTC respectfully requests the Court to stay this case pending the reexamination of the asserted claims of the Patents-in-Suit.

Dated: May 1, 2009                                                WHITE & CASE LLP


                                                                  By: /s/ Taryn Lam
                                                                          Taryn Lam
                                                                          Attorneys for Plaintiffs
                                                                          HTC CORPORATION and
                                                                          HTC AMERICA, INC.