United States District Court

For the Northern District of California

1

2

3

4                                      *e-filed 5/14/09*

5

6

7                              NOT FOR CITATION

8                    UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10                        SAN JOSE DIVISION

11   HTC CORPORATION, HTC AMERICA INC.,        No. C08-00882 JF (HRL)
                                                Related case Nos. 08-00877-JF, 08-00884-JF
12              Plaintiffs,
        v.                                      **ORDER GRANTING IN PART**
13                                              **PLAINTIFFS' MOTION TO ALLOW**
                                                **DISCLOSURE OF DEFENDANTS'**
14   TECHNOLOGY PROPERTIES, PATRIOT             **LOCAL PATENT RULE 3-1 CHARTS**
     SCIENTIFIC CORPORATION, ALLIACENSE
15   LIMITED,

16              Defendants.
                                            /
17

18                              **INTRODUCTION**

19        Plaintiffs  HTC Corporation ("HTC") and HTC America Inc. sell products that contain

20   microprocessors manufactured and supplied by others. Defendants Alliacense Limited,

21   Technology Properties Limited, and Patriot Scientific Corporation claim co-ownership of

22   certain patents known as Moore's Microprocessor Patent Portfolio ("MMP"). Defendants assert

23   that the third party supplied microprocessors in plaintiffs' products infringe the MMP. Plaintiffs

24   filed this declaratory judgment action, seeking to establish that they do not. Defendants

25   submitted voluminous documentation in purported compliance with their Local Patent Rule 3-1

26   obligations to disclose preliminary infringement contentions ("PICs"). The entirety of the

27   disclosure was designated "confidential[1]," which prevents plaintiffs from discussing the PICs

28

    _____

         [1]  Because no Protective Order has been entered in this case, the designation was
    made pursuant to Patent Local Rule 2-2, which provides that "[t]he Protective Order
    authorized by the Northern District of California shall govern discovery unless the Court

United States District Court

For the Northern District of California

1  with any of the manufacturers or vendors of the accused microprocessors. Plaintiffs now bring

2  this motion for an order permitting them to disclose defendants' PICs without restriction.

3        The matter has been fully briefed. The court held a hearing on April 14, 2009. Upon

4  consideration of the papers filed by the parties, and the arguments of counsel, this court

5  GRANTS IN PART plaintiffs' motion.

6                                    **DISCUSSION**

7        Plaintiffs claim that because they do not manufacture the allegedly infringing

8  microprocessors, they must be allowed to discuss defendants' 3-1 charts with the persons and

9  companies that do. This, they say, is the only way that they can gain enough knowledge or

10  understanding of how the microprocessors at issue work. Although defendants have permitted

11  plaintiffs to disclose the 3-1 charts to plaintiffs' own employees, in-house counsel, and experts,

12  defendants have refused to allow plaintiffs to provide the charts to the third party manufacturers

13  and vendors.

14        Plaintiffs say the charts "contain a listing of elements from the asserted [patent] claims"

15  in one column, and an "excerpt from a third party document" in the other column. According to

16  plaintiffs, the excerpts came from publicly available information about plaintiffs' allegedly

17  infringing products, taken from plaintiffs' websites, and "the websites of third party component

18  suppliers."

19        Defendants claim that this compilation is greater than the sum of its parts, and that while

20  most of the information is publicly available, there is analysis in the PICs that qualifies as

21  confidential proprietary business information. As Rumpelstiltskin spun straw into gold, so have

22  defendants attempted to spin these publicly available documents into confidential information.

23  While defendants acknowledge that the PICs do not contain trade secrets, they claim that the

24  notes, comments and conclusions they added to the publicly available documents make them

25  worthy of protection.

26        Neither party provided the court with the complete information it would need to

27  determine whether defendants 3-1 charts are properly designated "confidential" under the

28  _____

enters a different Protective Order."

2

United States District Court

For the Northern District of California

1  Model Order's standards[2]. Plaintiffs submitted "examples" of the charts at issue, and pointed

2  out where the documents in this sample can be found on the internet.

3       The court views defendants' "confidential" designation with a great deal of skepticism.

4  To the court's untrained eye, the "analysis" contained in the PICs look like nothing more than

5  conclusions of the simplest kind, as obvious as "this diagram shows a microprocessor." Neither

6  party provided the court with the information it would need to determine whether defendants

7  PICs are properly designated "confidential" under the Model Order's standards[3]. Defendants

8  have not, by example, shown the court anything that looks remotely confidential or worthy of

9  any protection[4]. At the hearing, counsel for defendants alluded to some "reverse engineering"

10  reports, but did not provide examples. For the time being, defendants' designation stands. To

11  the extent plaintiffs' motion seeks to show the PICs to anyone, without restriction, it must be

12  DENIED.

13       However, plaintiffs should be allowed to show the PICs to any third party manufacturer

14  or vendor to whom disclosure is reasonably necessary for this litigation. The court will give

15  plaintiffs part of the immediate relief they request by requiring the parties to enter into a

16  stipulated protective order similar to the order the parties will enter in the related case of *Acer v.*

17  *Technology Properties Limited* (C08-00877-JF), Docket No. 130. Similarly to the protective

18  order in *Acer*, the court will require the parties in this case to add another category of persons

19  that may access confidential information to the protective order. The required category of

20  people is: manufacturers, vendors, or suppliers of the component parts identified in defendants'

21

22  [2] Plaintiffs provided the court with Exhibits G-I (sealed), as an example of the 3-1 charts.

23  [3] Plaintiffs provided the court with Exhibit B (sealed), an "illustrative excerpt" of
24  defendants' PICs. Naturally, defendants claim that this sample contains the fewest comments, conclusions and notations, and are not representative of the breadth of the analysis reflected in the PICs as a whole. Notably, however, defendants failed to submit a
25  counterexample to the court that would better illustrate the amount of confidential material found in the PICs.
26

27  [4] Publicly available information is not properly considered "confidential" within the meaning of the Federal Rules. And, defendants' claim that the PICs are "confidential" does ring a bit hollow in light of the public availability of similar PICs filed by these very
28  defendants in other lawsuits. *See* Lam Declaration in Support of Plaintiffs' Reply (C08-00882, Docket No. 103) at Exhibit A-D.

1   PICs. This special category of persons shall be permitted to view a special category of

2   "confidential" documents, namely: defendants' PICs. The parties shall draft a modified

3   Agreement to Be Bound by the Protective Order, similar to the Model Order's Exhibit A. The

4   Agreement should distinguish between the publicly available information in the PICs (including

5   third parties' own information and data), and the allegedly confidential "analysis" added to the

6   documents by defendants, or any reverse engineering reports. The court emphasizes that the

7   only portions of the PICs that should be treated as "confidential" are what defendants crafted

8   themselves (i.e. any reverse-engineering reports, etc.) as well as whatever works, notes,

9   markings, highlighting, conclusions or observations they added to the documents. To this

10  extent, plaintiffs' motion is GRANTED.

11          The parties are ORDERED to file a Proposed Stipulated Protective Order consistent

12  with this ruling by June 15, 2009.

13

14  **IT IS SO ORDERED**

15

16  Dated: 5/14/09

17  _____

18  HOWARD R. LLOYD
    UNITED STATES MAGISTRATE JUDGE

19

20

21

22

23

24

25

26

27

28

4

United States District Court
For the Northern District of California

**United States District Court**
For the Northern District of California

1 **Notice has been electronically mailed via ECF:**

2 Sushila Chanana schanana@thelen.com

3 Kyle Dakai Chen kchen@whitecase.com, dleverton@whitecase.com

4 William Sloan Coats , III wcoats@whitecase.com, eupton@whitecase.com,
gohlsson@whitecase.com, mkenny@whitecase.com, mlambert@whitecase.com
5

6 Ronald Frank Lopez rflopez@thelen.com, schanana@thelen.com, tdelillo@thelen.com

7 Samuel Citron O'Rourke sorourke@whitecase.com, pneely@whitecase.com

8 Christopher Lee Ogden cogden@thelen.com, mwaller@thelenreid.com,
yespinoza@thelenreid.com

9 Jack Slobodin jlslobodin@yahoo.com

10 Mark R. Weinstein mweinstein@whitecase.com, mkenny@whitecase.com

11

12 **Counsel are responsible for distributing copies of this document to co-counsel who have
not registered for e-filing under the court's CM/ECF program**.
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28