1  John L. Cooper (State Bar No. 050324)
    jcooper@fbm.com
2  Stephanie Powers Skaff (State Bar No. 183119)
    sskaff@fbm.com
3  Eugene Y. Mar (State Bar No. 227071)
    emar@fbm.com
4  Farella Braun + Martel LLP
    235 Montgomery Street
5  San Francisco, CA  94104
    Telephone:   (415) 954-4400
6  Facsimile:    (415) 954-4480

7  Attorneys for Defendants
   TECHNOLOGY PROPERTIES LTD. and
8  ALLIACENSE LTD.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

|  |  |
|---|---|
| HTC CORP. and HTC AMERICA, INC., <br><br>          Plaintiffs, <br><br>    vs. <br><br>TECHNOLOGY PROPERTIES LTD., PATRIOT SCIENTIFIC CORP., and ALLIACENSE LTD., <br><br>          Defendants. | Case No. 5:08-cv-00882 JF(HRL) <br>(*Related to* 5:08-cv-00877 JF and 5:08-cv-05398 JF) <br><br>**DEFENDANTS TECHNOLOGY PROPERTIES LTD.'S AND ALLIACENSE LTD.'S NOTICE OF MOTION AND MOTION TO COMPEL INTERROGATORY RESPONSES AND PRODUCTION OF DOCUMENTS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** <br><br>Time:    10 a.m. <br>Date:    December 7, 2010 <br>Judge:    The Hon. Howard R. Lloyd <br>Location:    Courtroom 2 |

*[REDACTED]*

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

DEFS.' NOT. OF MOT. & MOT. TO
COMPEL; MPA IN SUPPORT THEREOF

Case No. 5:08-cv-00882 JF(HRL)

23129\2404503.6

1

**TABLE OF CONTENTS**

Page

I.    INTRODUCTION ..................................................................................... 2

II.   STATEMENT OF FACTS ...................................................................... 3

      A.    HTC Provided Inadequate Responses To Defendants' Interrogatories ................ 3

      B.    HTC Failed To Produce Chip-Level Documents ..................................... 4

III.  ARGUMENT ....................................................................................... 5

      A.    HTC Must Disclose the Facts, Witnesses, and Documents Supporting and Contradicting Its Claims of Non-Infringement, Invalidity, and Non-Enforceability ............................................................................... 6

      B.    HTC Should Be Compelled to Produce All Chip-Level Documents Related to Its Accused Products Because They Are Central to This Lawsuit. ................... 7

            1.    It Is Implausible That HTC Does Not Possess Or Have In Its Custody Any Additional Chip-Level Documents ..................................... 7

            2.    HTC Should Be Compelled To Request All Responsive Chip-Level Documents From Its Suppliers Because Such Documents Are Under HTC's Control ................................................................. 8

IV.   CONCLUSION ..................................................................................... 9

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

DEFS.' NOT. OF MOT. & MOT. TO
COMPEL; MPA IN SUPPORT THEREOF

- i -

Case No. 5:08-cv-00882 JF(HRL)

23129\2404503.6

1    **NOTICE OF MOTION AND MOTION TO COMPEL**

2    TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

3    PLEASE TAKE NOTICE that on December 7, 2010, at 10 a.m., or as soon thereafter as

4    the matter may be heard, in Courtroom 2, at the above-titled court, at 280 South 1st Street, San

5    Jose, California, defendants Technology Properties Ltd. and Alliacense Ltd. (collectively,

6    "Defendants"), will and hereby do move the Court for an order compelling plaintiffs HTC Corp.

7    and HTC America, Inc. (collectively, "Plaintiffs" or "HTC") to provide further discovery

8    responses and production.

9    Defendants move the Court for an order compelling HTC to provide within ten business

10   days verified supplemental responses to Defendants' Interrogatories Nos. 1 through 8, specifying

11   the exact bases of HTC's non-infringement, invalidity, and non-enforceability allegations as to

12   each patent-in-suit, supported by specific citations to all facts and evidence known to HTC that

13   support or contradict those allegations, including the names of all witnesses with relevant

14   information and the Bates numbers of all documents containing responsive information.

15   Technology Properties Ltd. ("TPL") also moves for an order compelling Plaintiffs to

16   produce within ten business days all chip-level documents called for by TPL's Request For

17   Production 14, such as schematics, diagrams, drawings, and similar documents for the

18   microprocessors HTC incorporates into its accused products. Among such microprocessor-

19   related documents are those that originated from or are in the possession of third-party chip

20   providers. TPL further moves the Court to compel HTC to provide to the Court and TPL within

21   30 days a signed certification stating (1) that HTC has requested for immediate delivery the chip-

22   level documents responsive to Request 14 from all the suppliers of chips incorporated into HTC's

23   accused products, (2) the responses to those requests, (3) whether HTC has a legal right to obtain

24   those documents, including an explanation of why or why not, (4) that HTC has completed a

25   reasonable and thorough search for all such documents and has produced all of them that are in its

26   possession, custody, or control, (5) the scope of its search for those documents, including

27   descriptions and lists of the departments, servers, and databases that HTC searched, and (6) that

28   the search included all e-mails, electronic files, and hard-copy files of all engineers who worked

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

DEFS.' NOT. OF MOT. & MOT. TO
COMPEL; MPA IN SUPPORT THEREOF                    - 1 -

Case No. 5:08-cv-00882 JF(HRL)

23129\2404503.6

1   on any accused product or who participated in HTC's non-infringement analysis.

2        Defendants certify that they conferred in good faith with HTC in an effort to obtain the

3   discovery sought by this motion without court action. (*See* Decl. Of Eugene Y. Mar In Supp. Of

4   Defs. TPL's & Alliacense Ltd.'s Mot. To Compel Interrog. Resps. & Produc. Of Docs. ("Mar

5   Decl.") ¶¶ 2–12.)

6   **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION**

7   **I.    INTRODUCTION**

8        This is a patent infringement case. In February 2008, HTC filed this declaratory judgment

9   action against TPL, Patriot Scientific Corp., and Alliacense Ltd., claiming that TPL's Moore

10   Microprocessor Portfolio ("MMP") patents were not infringed and are invalid. TPL filed

11   counterclaims, asserting that a number of HTC's cellular phone products infringe the MMP

12   patents.

13        Despite having initiated this lawsuit, HTC has refused for over one-and-a-half years to

14   identify any specific documents, witnesses, or facts that support or contradict the specific bases

15   for its non-infringement, invalidity, and non-enforceability allegations in the First Amended

16   Complaint. HTC responded to Defendants' interrogatories seeking that information with little

17   more than a laundry list of every limitation from each asserted claim. HTC's conclusory

18   responses assert that the accused products do not contain or practice any of those limitations, but

19   do not provide ***any*** specific facts, witnesses, or documents supporting or contradicting those

20   assertions. There is no plausible excuse for HTC's continued refusal to respond.

21        Plaintiffs also have failed to produce chip-level documents, such as schematics, diagrams,

22   and drawings, concerning microprocessors incorporated in HTC's accused products. HTC claims

23   it has no chip-level documents for microprocessors manufactured by ▮▮▮▮▮▮▮, or ▮▮ that

24   are used in HTC's products, and very few such documents for microprocessors manufactured by

25   ▮▮▮▮▮▮▮ or ▮▮▮▮▮. It is implausible that HTC, one of the world's foremost makers

26   of cell phones, controls such a limited number of documents showing the circuitry of many of the

27   chips it incorporates in its products; without access to such documents HTC could not ensure that

28   the components of its products would work properly together. At a minimum, the Court should

DEFS.' NOT. OF MOT. & MOT. TO
COMPEL; MPA IN SUPPORT THEREOF

-2-

Case No. 5:08-cv-00882 JF(HRL)

23129\2404503.6

1   require HTC to provide to the Court and TPL a signed certification that it has completed a

2   reasonable search for and produced all such documents in its possession, custody, or control,

3   including by requesting them from its chip suppliers.

4        HTC's refusal to state the specific facts and evidence supporting its allegations and to

5   provide chip-level schematics and similar documents for the accused products is unjustified and

6   serves only to delay this case.  The Court should compel HTC to provide detailed, specific

7   responses to the interrogatories at issue and to produce additional documents.

8   **II.**     **STATEMENT OF FACTS**

9        HTC initiated this lawsuit on February 8, 2008, seeking a declaratory judgment that HTC

10   did not infringe TPL's MMP patents.  (Compl., cover page & ¶ 1, Dkt. No. 1; Defs.' Countercl.

11   ¶¶ 8–11, Dkt. No. 60.)  HTC's First Amended Complaint, filed July 10, 2008, added another

12   patent from this portfolio to the suit.  (First Am. Compl. cover page & ¶ 1; Dkt. No. 34.)  There

13   are four MMP patents currently at issue:  Nos. 5,809,336 (the "'336 patent"), 5,440,749 (the

14   "'749 patent"), 6,598,148 (the "'148 patent"), and 5,530,890 (the "'890 patent").

15      **A.**     **HTC Provided Inadequate Responses To Defendants' Interrogatories.**

16        Defendants' Interrogatories Nos. 1 through 8 require HTC to "[s]tate all facts and

17   evidence that support" or "contradict" HTC's assertions in the First Amended Complaint that

18   "[n]o valid and enforceable claim" of the four patents-in-suit "is infringed by Plaintiffs."  (Mar

19   Decl., Ex. A.)[1]  Defendants served these interrogatories March 5, 2009.  (*Id.* 6)

20        HTC responded with generic, blanket denials of infringement and assertions of the

21   patents' invalidity and unenforceability.  (*Id.*, Ex. B.)  For example, in response to Interrogatory

22   No. 3 regarding the '749 patent, HTC merely listed every limitation found in the asserted claims

23   and stated it did not infringe them.  (*Id.* 8–11.)  HTC did not list a single specific fact, witness, or

24   document that supports or contradicts Plaintiffs' allegations.

25        HTC's supplemental responses also provided no answers.  On August 6, 2010, HTC

26   promised to supplement its answers by August 23, *with supporting evidence it had as of that date.*

27

28

---

[1] The discovery requests at issue, Interrogatories Nos. 1 through 8 and Request for Production No. 14, and HTC's objections and responses to them are in the appendix to this motion.

Parella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

DEFS.' NOT. OF MOT. & MOT. TO
COMPEL; MPA IN SUPPORT THEREOF

- 3 -

Case No. 5:08-cv-00882 JF(HRL)

23129\2404503.6

1   (Mar Decl. ¶ 2.)  When HTC finally supplemented its responses on September 2, it only further

2   obscured the issues by *adding* to its laundry list of limitations rather than specifying any specific

3   facts or evidence.  (*Id.*, Ex. C at 6–25.)  For example, its list of limitations for the '749 patent

4   increased from 20 limitations to 29.  (*Id.* 12–16.)  HTC again failed to identify a single specific

5   fact, person with knowledge, or document that supports or contradicts its allegations.

6       When confronted with this continuing deficiency, HTC refused to agree to provide proper

7   answers.  (Mar Decl. ¶ 3.)  HTC said it would not provide any supplementation at all until 30

8   days after filing the Joint Claim Construction and Pre-Hearing Statement, then later said it *might*

9   supplement by November 18.  (*Id.* ¶¶ 4, 5.)  HTC claimed it "would be in a better position" to

10  supplement its responses then.  (*Id.* ¶ 5.)  When TPL asked what information HTC would provide

11  in that supplementation, HTC said it "might" cite to non-infringement documents and "might"

12  name non-infringement witnesses.  (*Id.* ¶ 6.)  HTC thus refused to commit to providing any

13  specific factual material supporting its non-infringement position and did not even say it "might"

14  provide specific facts or evidence supporting its invalidity and non-enforceability allegations.

15  (*Id.*)

16       **B.      HTC Failed To Produce Chip-Level Documents.**

17       The accused cellular phones in this case incorporate microprocessors from five companies

18  — ███████████████████████ and ████  TPL's Request for Production No.

19  14 requires production of "All DOCUMENTS concerning schematics, diagrams, catalogs, code

20  (including executable or compatible code), product specifications, flow charts, models, drawings,

21  promotional literature, advertising, engineering design, design rules, engineering analysis and

22  testing, for any HTC PRODUCT or HTC CHIP."  (*Id.*, Ex. D at 7.)  Request 14 thus seeks all

23  relevant, nonprivileged documents related to HTC CHIPs.  HTC CHIPs are "all integrated circuits

24  found within any" HTC product in the United States.  (*Id.* 3.)  TPL served this request on

25  February 20, 2009.  (*Id.* 17.)

26       For many of the chips HTC uses in the accused products, it has not provided any

27  documentation responsive to Request 14, despite promising in March 2009 to produce

28  "schematics ... that describe the accused functionalities of the accused HTC products ...."  (*Id.*,

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

DEFS.' NOT. OF MOT. & MOT. TO
COMPEL; MPA IN SUPPORT THEREOF          - 4 -          Case No. 5:08-cv-00882 JF(HRL)

23129\2404503.6

1     Ex. E at 15.)  Specifically, HTC has produced a very limited number of documents related to

2     chips supplied by ███████████, has withheld the limited number of documents it has located

3     related to ████████ chips due to ████████ asserted confidentiality concerns, and has claimed

4     it controls no responsive documents whatsoever for chips supplied by ███████████ and ███

5     (Mar Decl. ¶ 7.)[2]

6         HTC claimed in meet-and-confer that it had done a reasonable search for these chip-level

7     documents, but it is implausible that it has no documents whatsoever from ███████████, and

8     ████ and so few documents from ███████████ and ███████████, given the importance of

9     these documents to HTC's business. (*Id.* ¶ 11.)  Furthermore, HTC did not specify which servers,

10    departments, types of documents, or engineers' files were searched. (*Id.*)  Nor has HTC said

11    whether it searched the electronic and hard copy files of all engineers who developed the accused

12    products. (*Id.*)  HTC also never stated that it has requested those documents from its suppliers.

13    (*Id.* ¶ 12.)

14    **III.**    **ARGUMENT**

15         The Court should grant this motion because TPL cannot prepare its case for trial without

16    the crucial information sought by the discovery requests at issue.  The facts and evidence

17    concerning HTC's core allegations in its complaint, as well as the schematics and similar

18    documents concerning the chips at the heart of the accused products, are well within the proper

19    scope of discovery because they are "reasonably calculated to lead to the discovery of admissible

20    evidence" and seek information "relevant to the claim or defense of any party." *Surfvivor Media,*

21    *Inc. v. Survivor Prods.*, 406 F.3d 625, 635 (9th Cir. 2005); Fed. R. Civ. Proc. 26(b)(1).  The Court

22    therefore has good cause to require HTC to provide complete, non-evasive answers to the

23    interrogatories and to provide a complete production of chip-level documents responsive to

24    Request 14. *See* Fed. R. Civ. Proc. 26(b)(1) (proper scope of discovery includes identity of

25

26 [2] HTC has informed TPL that it will produce a limited number of responsive, chip-related
documents in HTC's possession that relate to ████████ chips only if ████████ consents to
27 production of these documents. (Mar Decl. ¶ 8.)  ████████ has stated that it will not consent to
production of these documents unless the parties agree to certain changes to the Stipulated
28 Protective Order, or agree to a supplemental protective order. (*Id.* ¶ 9.)  The parties appear to be
near agreement on the additional protective-order provisions requested by ████████. (*Id.* ¶ 10.)

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

DEFS.' NOT. OF MOT. & MOT. TO
COMPEL; MPA IN SUPPORT THEREOF     - 5 -     Case No. 5:08-cv-00882 JF(HRL)

23129\2404503.6

1   documents and witnesses); *see also* Fed. R. Civ. Proc. 33(b)(3) (requiring full answers to

2   interrogatories); Fed. R. Civ. Proc. 37(a) (allowing motion to compel after failure to permit

3   inspection and after evasive or incomplete answers). "Courts need not tolerate flagrant abuses of

4   the discovery process." *Campbell Indus. v. M/V Gemini*, 619 F.2d 24, 27 (9th Cir. 1980).

5         **A.**     **HTC Must Disclose the Facts, Witnesses, and Documents Supporting and**

6                 **Contradicting Its Claims of Non-Infringement, Invalidity, and Non-**
                     **Enforceability.**

7       The Court should order HTC to supplement its responses to Interrogatories Nos. 1 through

8   8 with proper answers within ten business days of granting this motion. HTC's current responses

9   merely attempt to hide HTC's failure to specify a single specific fact, witness, document, or other

10   evidence. HTC's stonewalling in providing information it must have had years ago when it filed

11   suit, as well as any information it has learned since, needlessly delays this action. Unless HTC

12   answers with the exact bases of its allegations, supported by specific citations to facts and

13   evidence, Defendants cannot properly advance this case. They cannot be sure which HTC and

14   third-party witnesses they must depose on the non-infringement, invalidity, and non-

15   enforceability allegations HTC intends to pursue. They cannot determine which documents they

16   should analyze for use in depositions, propounding further discovery, preparing motions, and

17   conferring with experts. Most basically, they cannot prepare for trial. Such inability to ascertain

18   the core evidence of one's adversary is the very definition of substantial prejudice in civil

19   litigation.

20       The Court should reject HTC's only remaining excuse for not having answered the

21   interrogatories: that it "would be in a better position" to supplement its responses after it finishes

22   formulating its claim-construction positions. (*See* Mar Decl. ¶ 5.) A party must ***promptly***

23   supplement "incomplete or incorrect" interrogatory responses. Fed. R. Civ. Proc. 26(e)(1)(A).

24   HTC was required to have information with which it could answer Interrogatories Nos. 1 through

25   8 *before* it initiated this lawsuit nearly three years ago, because such information was necessary to

26   fulfill HTC's Rule 11 obligations in filing this declaratory-judgment action affirmatively alleging

27   non-infringement, invalidity, and non-enforceability of the patents-in-suit. It is no excuse for

28   delay that HTC later may need to supplement its responses again as it develops its claim-

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

DEFS.' NOT. OF MOT. & MOT. TO
COMPEL; MPA IN SUPPORT THEREOF

- 6 -

Case No. 5:08-cv-00882 JF(HRL)

23129\2404503.6

1    construction arguments.  Furthermore, a party cannot object to an interrogatory on the basis that

2    the request is premature in light of the timing of disclosures under the Patent Local Rules.  Patent

3    L.R. 2-5.  The Court should require HTC to disclose the specific bases for its non-infringement,

4    invalidity, and non-enforceability allegations, and support them with citations to the information

5    and evidence it has had for years, as well as to all facts and evidence compiled since filing suit.

6    **B.    HTC Should Be Compelled to Produce All Chip-Level Documents Related to
          Its Accused Products Because They Are Central to This Lawsuit.**

7

8        The Court should order HTC to produce promptly the core, chip-level documents it

9    promised to provide more than a year-and-a-half ago in response to Request For Production No.

10   14.[3]  Without these documents, the microprocessor technology (that HTC contends does not

11   infringe the patents-in-suit) will remain obscured.  Defendants thus would be inhibited from

12   developing their case for trial, including by propounding further discovery and preparing for

13   dispositive motion practice.  If HTC firmly believed its non-infringement allegations, it would be

14   eager to produce these materials, instead of playing hide-the-ball.  These documents are not

15   peripheral to the case — they are critical to determining and proving whether HTC's accused

16   products infringe the patents-in-suit.

17   **1.    It Is Implausible That HTC Does Not Possess Or Have In Its Custody
          Any Additional Chip-Level Documents.**

18

19       HTC strains credulity by claiming that it has not located, after a year-and-a-half, any other

20   documents showing the architecture of the chips that are the building blocks of its accused

21   products.  Without the information in these documents, HTC would not have the data necessary to

22   develop and build the accused products.  HTC never has shown that it looked in the right places

23   for the responsive documents, including by searching the relevant databases and the correct

24   engineers' files.  The Court therefore should compel HTC to provide to the Court and TPL within

25   30 days a signed verification stating that it has completed a reasonable and thorough search for

26   chip-level documents in its possession and custody that are responsive to Request 14, stating the

27   ---

28   [3] By this motion, TPL seeks an order compelling production only of the chip-level documents
     responsive to Request 14.  It does not waive, however, its request for the additional documents
     called for by Request 14, *i.e.*, documents concerning the accused HTC products.

Parella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

DEFS.' NOT. OF MOT. & MOT. TO                    - 7 -                    Case No. 5:08-cv-00882 JF(HRL)
COMPEL; MPA IN SUPPORT THEREOF

23129\2404503.6

1     scope of that search, including descriptions and lists of the departments, servers, and databases

2     that HTC searched, and stating that the search included all e-mails, electronic files, and hard-copy

3     files of all engineers who worked on any of the accused products or who participated in HTC's

4     non-infringement analysis.

5          **2.**      **HTC Should Be Compelled To Request All Responsive Chip-Level**
                  **Documents From Its Suppliers Because Such Documents Are Under**
6                   **HTC's Control.**

7         Because responsive documents in the possession of HTC's chip suppliers are, in reality,

8     firmly within Plaintiffs' control, that material must be produced. A party must produce

9     documents within its control, *i.e.* documents that the party "has the right, authority, or ***ability*** to

10    obtain upon demand." *Export-Import Bank of U.S. v. Asia Pulp & Paper Co.*, 233 F.R.D. 338,

11    341–42 (S.D.N.Y. 2005) (requiring party to request journals from third party) (emphasis added);

12    Fed. R. Civ. Proc. 34(a)(1) (party required to produce documents in its control); *see also In re*

13    *Folding Carton Antitrust Litig.*, 76 F.R.D. 420, 423 (N.D. Ill. 1977) (requiring defendants "at the

14    very least" to inquire of third parties who may hold responsive documents); *accord Herbst v.*

15    *Able*, 63 F.R.D. 135, 137–38 (S.D.N.Y. 1972); *see also Zervos v. S. S. Sam Houston*, 79 F.R.D.

16    593, 595–96 (S.D.N.Y. 1978) (requiring party to request banking records). The Ninth Circuit

17    holds that control of documents is not an "esoteric concept" but instead "must be firmly placed in

18    reality." *United States v. Int'l Union of Petroleum and Indus. Workers*, 870 F.2d 1450, 1453–

19    54 (9th Cir. 1989). Here, the supplier-customer relationship between HTC and its chip providers

20    suggests that it has the ability to get, upon request, documents describing the chips HTC has

21    bought from those suppliers. HTC certainly cannot claim it lacks control if it has not even

22    requested the documents from the suppliers.[4] The Court therefore should compel HTC to request

23    and produce within ten business days the chip-level documents in the possession or custody of

24    ████████████████████████ or ████ unless already produced.

25         Since HTC may continue to insist that no such documents are in its control, the Court

26

27    [4] If HTC has a legal right to obtain the documents, a right that likely exists under its contracts
with the chip suppliers, the Court has yet another independent basis to compel production. *See*
28    *Int'l Union of Petroleum and Indus. Workers*, 870 F.2d at 1452 (holding that control includes "the
legal right to obtain documents upon demand").

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

DEFS.' NOT. OF MOT. & MOT. TO
COMPEL; MPA IN SUPPORT THEREOF     - 8 -

Case No. 5:08-cv-00882 JF(HRL)

23129\2404503.6

1   should compel HTC to provide to the Court and TPL a signed certification within 30 days stating

2   (1) that it has requested for immediate delivery the chip-level documents responsive to Request

3   14 from all the suppliers of chips incorporated into HTC's accused products, (2) the responses to

4   those requests, and (3) whether HTC has a legal right to obtain those documents, including an

5   explanation of why or why not.

6   **IV.**   **CONCLUSION**

7        For the reasons set forth above, the Court should issue an order compelling HTC to

8   provide within ten business days verified supplemental responses to Defendants' Interrogatories

9   Nos. 1 through 8, specifying the exact bases of HTC's non-infringement, invalidity, and non-

10   enforceability allegations as to each patent-in-suit, supported by specific citations to all facts and

11   evidence known to HTC that support or contradict those allegations, including the names of all

12   witnesses with relevant information and the Bates numbers of all documents containing

13   responsive information.

14        The Court should also issue an order compelling HTC to produce within ten business days

15   all chip-level documents called for by Request For Production No. 14, such as schematics,

16   diagrams, drawings, and similar documents for the microprocessors HTC incorporates into its

17   accused products, including those chips provided by ███████████████████ and

18   ██████████.

19        The Court's order also should compel HTC to provide to the Court and TPL within 30

20   days a signed certification stating (1) that HTC has requested for immediate delivery the chip-

21   level documents responsive to Request 14 from all the suppliers of chips incorporated into HTC's

22   accused products, (2) the responses to those requests, (3) whether HTC has a legal right to obtain

23   those documents, including an explanation of why or why not, (4) that HTC has completed a

24   reasonable and thorough search for all such documents and has produced all of them that are in its

25   possession, custody, or control, (5) the scope of its search for those documents, including

26   descriptions and lists of the departments, servers, and databases that HTC searched, and (6) that

27   the search included all e-mails, electronic files, and hard-copy files of all engineers who worked

28   on any accused product or who participated in non-infringement analysis.

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

DEFS.' NOT. OF MOT. & MOT. TO
COMPEL; MPA IN SUPPORT THEREOF
- 9 -
Case No. 5:08-cv-00882 JF(HRL)

23129\2404503.6

1

2    Dated: November 2, 2010                    FARELLA BRAUN + MARTEL LLP

3

4                                              By:_____/s/ Eugene Y. Mar_____

5                                              Attorneys for Defendants
                                               TECHNOLOGY PROPERTIES LTD. and
6                                              ALLIACENSE LTD.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4600

DEFS.' NOT. OF MOT. & MOT. TO
COMPEL; MPA IN SUPPORT THEREOF          - 10 -          Case No. 5:08-cv-00882 JF(HRL)

23129\2404503.6