```
 1  COOLEY LLP
    HEIDI L. KEEFE (178960) (hkeefe@cooley.com)
 2  MARK R. WEINSTEIN (193043) (mweinstein@cooley.com)
    KYLE D. CHEN (239501) (kyle.chen@cooley.com)
 3  Five Palo Alto Square
    3000 El Camino Real
 4  Palo Alto, CA  94306-2155
    Telephone:   (650) 843-5000
 5  Facsimile:   (650) 857-0663

 6  Attorneys for Plaintiffs
    HTC CORPORATION and
 7  HTC AMERICA, INC.
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| HTC CORPORATION and HTC AMERICA, INC.,<br><br>Plaintiffs-<br>Counterclaim Defendants,<br><br>v.<br><br>TECHNOLOGY PROPERTIES LIMITED, PATRIOT SCIENTIFIC CORPORATION and ALLIACENSE LIMITED,<br><br>Defendants-<br>Counterclaim Plaintiffs. | Case No. C-08-00882 JF (HRL)<br>(related to C 08 00877, C 08 00884, and C 08 05398)<br><br>**PLAINTIFFS HTC CORPORATION AND HTC AMERICA, INC.'S NOTICE OF MOTION, MOTION, AND MEMORANDUM IN SUPPORT OF ITS MOTION TO COMPEL RESPONSES TO INTERROGATORY NOS. 3 AND 4 AND REQUESTS FOR PRODUCTION NOS. 3, 5, 6 and 8-11**<br><br>Date:        December 14, 2010<br>Time:       10 am.<br>Judge:     The Hon. Howard R. Lloyd<br>Location:  Courtroom 2 |

Cooley LLP
Attorneys At Law
Palo Alto

**Pls. HTC Corp. & HTC Am., Inc.'s Not. of Mot., Mot., & Memo. ISO Mot. to Compel
C-08-00882 JF (HRL)**

# NOTICE OF MOTION AND MOTION TO COMPEL

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD**:

**PLEASE TAKE NOTICE** that on Tuesday, December 14, 2010, at 10:00 am., or as soon thereafter as the matter may be heard in the above-entitled Court, located at 280 South First Street, San Jose, CA 95113, plaintiffs HTC Corporation and HTC America, Inc. (collectively "HTC" or "Plaintiffs") will move to compel further written responses and production of documents responsive to HTC's discovery requests made to defendants Technology Properties Limited, Patriot Scientific Corporation and Alliacense Limited (collectively "TPL" or "Defendants"). HTC's motion to compel is made pursuant to Rules 26 and 37 of the Federal Rules of Civil Procedure and Civil Local Rule 37-2, and is based on this Notice of Motion and Motion to Compel, the Memorandum of Points and Authorities filed concurrently herewith, and the Declaration of Kyle Chen ("Chen Declaration") filed concurrently herewith, all records and papers on file in this action, and any evidence or oral argument offered at the hearing on this motion. HTC specifically seeks further responses and production for the following discovery requests: Interrogatories Nos. 3-4 and Requests for Production Nos. 3, 5, 6 and 8-11.

# MEMORANDUM OF POINTS & AUTHORITIES

## I. INTRODUCTION

This declaratory judgment action was filed in early 2008 and involves United States Patents Nos. 5,809,336, 5,440,749, 6,598,148 and 5,530,890 (collectively the "Patents-in-Suit). TPL in its counter-claim filed in late 2008 accuses HTC of infringing the Patents-in-Suit.

The discovery issues presented in this motion can be grouped into two categories. First, HTC seeks further responses to two interrogatories that call upon TPL to identify by Bates numbers its communications with others regarding the Patents-in-Suit. TPL's current response consists of a blanket reference to its document production that spans more than 1.8 million pages – most of which having nothing to do with the subject of the two interrogatories. Case law is clear that a party relying on Rule 33(d) to answer an interrogatory must identify with *specificity* the documents upon which a response to the interrogatory may be found. *See*, *e.g.*, *Rainbow*

*Pioneer No. 44-18-04A v. Hawaii-Nevada Inv. Corp.*, 711 F.2d 902, 906 (9th Cir. 1983) (the reference made under Rule 33(d) must specify "sufficient detail to permit the interrogating party to locate and to identify, as readily as can the party served, the records from which the answer may be obtained"). TPL has utterly failed to comply with this requirement and should be ordered to provide a further response.

Second, TPL has refused to produce several categories of highly relevant documents relating to non-privileged internal communications and documents regarding the Patents-in-Suit, and non-privileged communications regarding the Patents-in-Suit among co-defendants Technology Properties Ltd., Patriot Scientific Corp., Alliacense Ltd. and the named inventors of the Patents-in-Suit. These documents are clearly relevant to a variety of issues in this case including without limitation invalidity, non-infringement, ownership (including standing) and calculation of patent damages. TPL's refusal to produce these highly-relevant documents is without basis, and the Court should order their production forthwith.[1]

## II. ARGUMENT

The scope of discovery under the Federal Rules of Civil Procedure is broad. *U.S. v. Cathcart*, No. C 07-4762, 2009 WL 1764642, at *2 (N.D. Cal. June 18, 2009); *Castaneda v. Burger King Corp.*, 259 F.R.D. 194, 196 (N.D. Cal. 2009). "Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense." Fed. R. Civ. Proc. 26(b)(1). Relevant information "need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id*. "The broad scope of permissible discovery encompasses any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case." *Watts v. Allstate Indem. Co.*, No. 2:08-CV-01877, 2010 WL 3037024, at *2 (E.D. Cal. Aug. 2, 2010) (citing *Oppenheimer Fund, Inc. v. Sanders*, 427 U.S. 340, 351 (1978)). Discovery is not limited to the merits of a case,

---

[1] The parties' meet-and-confer efforts, and the final positions of each party are attached herewith in the Chen Decl.

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

2.

PLS. HTC CORP. & HTC AM., INC.'S NOT. OF
MOT., MOT., & MEMO. ISO MOT. TO COMPEL
C-08-00882 JF (HRL)

given that "a variety of fact-oriented issues may arise during litigation that are not related to the merits." *Id.*

### A. TPL Should Be Compelled To Identify by Bates Numbers All Communications Relating to Potential or Actual Licensees, Claim of Infringement and/or Validity of the Patents-in-Suit (HTC's Interrogatory Nos. 3 and 4).

HTC's Interrogatory Nos. 3 and 4[2] ask TPL to describe the circumstances surrounding licensing of the Patents-in-Suit and to identify communications relating or referring to claim of infringement and/or validity of the Patents-in-Suit, respectively. TPL objected that the interrogatories are overbroad and unduly burdensome, and that the information sought is irrelevant, but indicated that responsive information is contained in its production of documents containing communications with prospective and actual licensees. However, TPL has refused to identify such documents by Bates numbers under Rule 33(d). *See* Chen Decl., Ex. C., p. 3.

HTC does not object to a response that refers to documents in TPL's production, provided that it complies with Rule 33(d). That rule provides that when a party seeks to respond to an interrogatory by referring to its own business records, the response must "specify[] the records that must be reviewed, in sufficient detail to enable to interrogating party to locate and identify them as readily as the responding party could . . . ." Fed. R. Civ. P. 33(d)(1). Courts in this circuit have repeatedly held that a non-specific reference to documents in a party's production does not comply with Rule 33(d) because "referring to a wide universe of documents does not specify the records in sufficient detail." *Mancini v. Insurance Corp. of New York*, 2009 WL 1765295, at *2 (S.D.Cal. 2009); *Dibbs v. The Franklin Mint*, 2007 WL 4327876 (W.D. Wash.

---

[2] HTC's Interrogatory No. 3 reads as follows: "Describe all circumstances surrounding every license to or offer to license the Patents-in-Suit, including but not limited to identifying who participated in the making and receipt of the offer, the date of the offer, and terms of the offer, and any documents concerning the offer." *See* Chen Decl., Ex. D, p. 2.

HTC's Interrogatory No. 4 reads as follows: "Identify all communications you had with any other person and/or entity relating or referring to a claim of infringement and/or validity of the Patents-in-Suit, including but not limited to the participants in that communication, the date of the communication, and the factual information provided by the participants to the communication." *See id*.

2007) (holding that response to interrogatory that referred to party's entire document production did not comply with Rule 33(d)).

TPL's reference to its production of more than 1.8 million pages clearly does not comply with the requirement. TPL's communications with potential and actual licensees regarding the Patent-in-Suit are highly relevant to this case. Similarly, any communications relating to non-infringement and invalidity are also highly relevant. These communications, at the very least, have a direct bearing on TPL's claims for damages, liability and HTC's potential defenses thereto. In an attempt to avoid this motion, TPL offered to identify the Bates numbers of responsive documents for its upcoming supplemental production that covers only communications in the recent past. See Chen Decl., Ex. C, p. 3. This offer is wholly inadequate as it still leaves HTC to comb through the remaining 1.8 million pages of its prior production to find materials responsive to the interrogatories.

TPL's characterization of Interrogatory Nos. 3 and 4 as "overbroad" and "unduly burdensome" is without merit. HTC's narrowed request that TPL identify by Bates numbers the communications relating to licensing, infringement and validity in its production is tailored to be less burdensome for TPL while still providing HTC with the information that has a direct bearing on this case. TPL is clearly in a superior position to identify the communications in its production that are responsive to HTC's interrogatories. These communications are, after all, TPL's own communications from its own production. Considering that HTC was not involved in those communications and does not know the identities of the persons with whom TPL has communicated regarding the Patents-in-Suit, it is questionable whether HTC could even adequately identify those communications or separate them from the vast number of unrelated documents in TPL's production.

**B.  TPL Should be Compelled To Produce All Communications and/or Documents that Relate or Refer to the Patents-in-Suit (HTC's Requests for Production Nos. 3, 5, 6 and 8-11).**

Despite the mountain of documents that TPL has produced, it has become apparent that TPL has not fully complied with its obligations to produce all responsive documents. In fact, TPL admitted that has not fully responded to HTC's Requests for Production Nos. 3, 5, 6 and 8-

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

4.

PLS. HTC CORP. & HTC AM., INC.'S NOT. OF
MOT., MOT., & MEMO. ISO MOT. TO COMPEL
C-08-00882 JF (HRL)

1  11,³ which call for production of all documents and communications that relate or refer to:

2      a.    any licensing involving the Patents-in-Suit (No. 3);

3      b.    any claims of infringement and/or validity of the Patents-in-Suit (No. 5);

4      c.    any prior art to the Patents-in-Suit (No. 6);

5      d.    any products practicing the Patents-in-Suit (No. 8);

6      e.    any disputes involving the Patents-in-Suit (Nos. 9 and 10);

7      f.    any settlement negotiations involving the Patents-in-Suit (No. 11).

In particular, TPL has refused to produce any internal communications and/or communications among responsive to such requests from HTC. TPL argues that such internal

---

³

HTC's Request for Production No. 3 reads as follows: "All documents and communications that relate or refer to licensing of the Patents-in-Suit." *See* Chen Decl., Ex. E, p. 7.

HTC's Request for Production No. 5 reads as follows: "All documents and communications that relate or refer to a claim of infringement and/or validity of the Patents-in-Suit." *See id*. at 8.

HTC's Request for Production No. 6 reads as follows: "All documents and communications that relate or refer to any prior art to the Patents-in-Suit." *See id*. at 9.

HTC's Request for Production No. 8 reads as follows: "All documents that relate or refer to the sales or marketing of any of Defendant apparatus, product, device, process, method, act, or other instrumentality that you contend practices the inventions claimed in the Patents-in-Suit, including but not limited to the products identified in Section VI of . . . Defendants' Disclosure of Asserted Claims and Preliminary Infringement Contentions, served on or about December 5, 2008." *See id*. at 10.

HTC's Request for Production No. 9 reads as follows: "All pleadings, motions (with supporting briefs and responses thereto), judicial rulings on motions, discovery requests, discovery responses (including patent local rule[] disclosures, deposition transcripts, hearing and/or trial transcripts, judgments, opinions, orders, appellate briefs, and decisions in any and all lawsuits and/or alternative dispute resolution proceedings relating to the Patents-in-Suit." *See id*. at 10-11.

HTC's Request for Production No. 10 reads as follows: "All documents produced by you in any and all lawsuits and/or alternative dispute resolution proceedings relating to the Patents-in-Suit." *See id*. at 11.

HTC's Request for Production No. 11 reads as follows: "All documents and communications that record, reflect, relate to, refer to or mention any and all negotiations between you and any person and/or entity in connection with the settlement of any and all lawsuits and claims relating to the Patents-in-Suit." *See id*. at 12.

communications and/or communications among co-defendants Technology Properties Ltd., Patriot Scientific Corp., Alliacense Ltd. and the named inventors of the Patents-in-Suit relating to categories a. through f. above are not relevant to any of the claims or defenses in this case. TPL's argument is without merit. TPL has apparently been withholding responsive, non-privileged documents in its possession regarding prior or pending litigations, reexaminations and/or other proceedings involving the Patents-in-Suit. *See* Chen Decl., Ex. C., pp. 4-5.

The high relevance of the requested documents is obvious. These documents may lead to admissible evidence relating to a variety of issues, including without limitation invalidity, non-infringement, ownership (including standing) and calculation of patent damages. TPL's refusal to produce these highly-relevant documents is without basis, and the Court should order their production forthwith.

## III. CONCLUSION

For the reasons stated above, HTC respectfully requests that the Court grant its motion to compel further responses and production of documents responsive to HTC's Interrogatories Nos. 3 and 4 and Requests for Production Nos. 3, 5, 6 and 8-11.

Dated: November 9, 2010          COOLEY LLP

/s/ Kyle Chen /s/
Kyle Chen
Attorneys for Plaintiffs
HTC CORPORATION and
HTC AMERICA, INC.

896683 v1/HN