1  John L. Cooper (State Bar No. 50324)
      jcooper@fbm.com
2  Stephanie Powers Skaff (State Bar No. 183119)
      sskaff@fbm.com
3  Eugene Y. Mar (State Bar No. 227071)
      emar@fbm.com
4  Farella Braun + Martel LLP
   235 Montgomery Street
5  San Francisco, CA  94104
   Telephone:    (415) 954-4400
6  Facsimile:    (415) 954-4480

7  Attorneys for Defendants
   TECHNOLOGY PROPERTIES LTD. and
8  ALLIACENSE LTD.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| HTC CORP. and HTC AMERICA, INC., <br><br> Plaintiffs, <br><br> vs. <br><br> TECHNOLOGY PROPERTIES LTD., PATRIOT SCIENTIFIC CORP., and ALLIACENSE LTD., <br><br> Defendants. | Case No. 5:08-cv-00882 JF(HRL) <br> (*Related to* 5:08-cv-00877 JF and 5:08-cv-05398 JF) <br><br> **DEFENDANTS TECHNOLOGY PROPERTIES LTD.'S AND ALLIACENSE LTD.'S NOTICE OF MOTION AND MOTION TO COMPEL DEPOSITION OF HTC'S CLAIM CONSTRUCTION EXPERT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** <br><br> Time:      10:00 a.m. <br> Date:      November 23, 2010 (requested in motion to shorten time concurrently filed) <br> Judge:    The Hon. Howard R. Lloyd <br> Location:  Courtroom 2 |

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

MOTION TO COMPEL EXPERT
DEPOSITION; MPA
Case No. 5:08-cv-00882 JF(HRL)

23129\2428105.2

**TABLE OF CONTENTS**

**Page**

NOTICE OF MOTION AND MOTION TO COMPEL ............................................................... 1
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION ................. 2
I.    INTRODUCTION .............................................................................................................. 2
II.    STATEMENT OF FACTS ................................................................................................. 3
III.    ARGUMENT ...................................................................................................................... 4
    A.    The Court Should Compel HTC To Present Dr. May For A Deposition On or Before December 3. .............................................................................................. 4
    B.    HTC Should Be Required to Produce Dr. May For Deposition In San Francisco ..................................................................................................................... 5
    C.    HTC Should Be Required To Pay Dr. May's Travel Expenses. ............................. 6
    D.    The Court Should Require HTC and Dr. May To Produce the Subpoenaed Documents No Later Than Seven Days Prior To The Deposition ........................... 7
    E.    The Court Should Preclude HTC From Offering Claim-Construction Evidence From Dr. May If It Does Not Comply With the Local Rules ................. 7
IV.    CONCLUSION .................................................................................................................. 7

# NOTICE OF MOTION AND MOTION TO COMPEL

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that, with the Court's permission, on November 23, 2010, at 10 a.m., or as soon thereafter as the matter may be heard, in Courtroom 2, at the above-titled court, 280 South 1st Street, San Jose, California, defendants Technology Properties Ltd. and Alliacense Ltd. (collectively, "Defendants") will and hereby do move the Court for an order compelling plaintiffs HTC Corp. and HTC America, Inc. (collectively, "Plaintiffs" or "HTC") to produce their claim construction expert for deposition before December 3, 2010. Defendants are moving concurrently herewith for an order shortening time to permit the instant motion to be heard November 23 at 10 a.m.

Defendants have requested repeatedly that HTC produce its claim construction expert, Dr. David May, for deposition, as required by the Patent Local Rule 4-4, prior to Defendants filing their opening claim construction brief on December 9. HTC continually has refused. Defendants, therefore, move the Court for the following:

1. An order compelling Plaintiffs to produce Dr. May for deposition at Farella Braun + Martel LLP, 235 Montgomery St., San Francisco, California, whose deposition shall be completed on or before December 3, 2010.

2. An order requiring HTC to bear the travel expenses for Dr. May, its own expert, to attend this deposition.

3. An order compelling Dr. May and Plaintiffs to produce to Defendants at Farella Braun + Martel LLP, 235 Montgomery St., San Francisco, California, no later than seven days prior to the beginning of the deposition all documents and communications set forth in the Subpoena To Produce Documents, Information, Or Objects that was served on Dr. May.

In the alternative, Defendants move the Court for an order barring Plaintiffs from offering into evidence any expert claim construction testimony or evidence from Dr. May if they fail to produce him for deposition on or before December 3 or to produce documents seven days before the beginning of the deposition.

Defendants certify that they conferred in good faith with HTC in an effort to obtain the

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

MOTION TO COMPEL EXPERT
DEPOSITION; MPA
Case No. 5:08-cv-00882 JF(HRL)

- 1 -

23129\2428105.2

1  discovery sought by this motion without court action.  *See* Decl. Of Eugene Y. Mar In Supp. Of

2  Defs.' Mot. to Compel Dep. Of HTC's Claim Construction Expert ("Mar Decl.") ¶¶ 4–11.

3  **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION**

4  **I.     INTRODUCTION**

5  In the Joint Claim Construction and Prehearing Statement ("Joint Statement"), HTC

6  disclosed that "HTC's expert, David May, is expected to discuss why Plaintiffs' construction[s

7  are] … consistent with how one of ordinary skill in the art would understand the term in the

8  context of the patents." Jt. Statement, Ex. C, Dkt. No. 189-3.  Patent Local Rule 4-4 prescribes

9  that "all discovery relating to claim construction, including any depositions with respect to claim

10 construction of any witnesses, *including experts, identified in the … Joint Claim Construction*

11 *and Prehearing Statement*" must be completed within 30 days of service and filing of the Joint

12 Statement.  In this case, the claim construction discovery period closes on November 29. Stip.

13 Continuing Case Scheduling Dates, Dkt. No. 188. Despite disclosing Dr. May in the Joint

14 Statement, HTC has refused to produce Dr. May for deposition, claiming that it has not decided

15 whether Dr. May will submit an expert declaration in support of HTC's responsive claim

16 construction brief.  Instead, HTC only will produce its expert for deposition (if at all) after HTC

17 has filed its responsive claim construction brief on January 21, 2011.  This posture improperly

18 precludes the Defendants' from conducting claim construction discovery and directly contradicts

19 to the Patent Local Rules.  By playing "wait and see," HTC unfairly prejudices the Defendants'

20 ability to discuss fully the claim construction issues and evidence relied upon by the parties in

21 Defendants' opening claim construction brief due on December 9, as intended by the Patent Local

22 Rules.

23 To halt such gamesmanship, the Court should order HTC to present Dr. May for

24 deposition on or before December 3, 2010, and to produce his documents and other evidence

25 seven days before the start of the deposition.  That deadline would give HTC more time than

26 allowed by Patent Local Rule 4-4, to accommodate Dr. May's travel schedule and the upcoming

27 Thanksgiving holiday, while still permitting Defendants to incorporate Dr. May's testimony into

28 their opening claim construction brief due December 9.  Furthermore, the Court should reject

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

MOTION TO COMPEL EXPERT
DEPOSITION; MPA
Case No. 5:08-cv-00882 JF(HRL)

- 2 -

23129\2428105.2

1  HTC's demands that Defendants pay Dr. May's travel expenses from England, where he lives, to
2  San Francisco, because it was HTC that filed this lawsuit in the Northern District of California
3  while retaining an expert in the United Kingdom. If HTC refuses to produce Dr. May and his
4  documents under these conditions, the Court should preclude HTC from presenting any expert
5  claim construction testimony.

## II. STATEMENT OF FACTS

HTC initiated this lawsuit on February 8, 2008, seeking a declaratory judgment that HTC did not infringe Defendants' patents. Compl., cover page & ¶ 1, Dkt. No. 1. On October 29, 2010, HTC disclosed in the Joint Statement that it "may also offer expert testimony," that Dr. May "is expected to discuss why Plaintiffs' construction is consistent with how one of ordinary skill in the art would understand the [disputed] term[s] in the context of the patents," and that Dr. May would be available to testify at the claim construction hearing if the Court so desired. Jt. Statement 4:2–7 & Ex. C; Dkt. Nos. 189, 189-3.

Also on October 29, Defendants served HTC's outside counsel with two subpoenas for Dr. May. Mar Decl. ¶¶ 2–3, Exs. A–B. One required that Dr. May be produced for deposition on November 15 in San Francisco, *id.*, Ex. A; the other required production by November 8 of any documents and communications relating to Dr. May's analysis and opinions on the proper constructions of the disputed claim terms from the patents-in-suit and to his past expert testimony on claim construction, *id.*, Ex. B.

On November 5 and again on November 9, HTC stated that Dr. May had not rendered any opinions or submitted any expert declarations, so there was no need for the deposition. *Id.* ¶ 4.[1] On November 16 and 17, the parties met and conferred telephonically to try to resolve the dispute but HTC maintained that Dr. May should not be deposed before January 21, 2011, when HTC *might* submit his expert declaration in support of HTC's responsive claim construction brief. *Id.* ¶ 7. During the meet-and-confer on November 16, HTC demanded for the first time that, if Dr.

---

[1] HTC also claimed that Defendants' subpoenas "were invalid because Dr. May resides in the United Kingdom" but conceded that this "issue" was irrelevant. Mar Decl. ¶ 5. Indeed, in a November 9 e-mail, HTC agreed that it would produce Dr. May for deposition **without need for subpoena** after HTC files its responsive claim construction brief on January 21, 2011, if Dr. May submits an expert declaration at that time. *Id.* ¶ 6.

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

MOTION TO COMPEL EXPERT
DEPOSITION; MPA
Case No. 5:08-cv-00882 JF(HRL)

- 3 -

23129\2428105.2

1  May is deposed in California (HTC's chosen venue for this suit), Defendants pay for his business-
2  class travel to California from his home in England. *Id.* ¶ 8. Defendants declined, on the basis
3  that Dr. May is a retained expert of HTC, and as such, HTC should bear the cost of producing Dr.
4  May for expert deposition. *Id.*

## III. ARGUMENT

### A. The Court Should Compel HTC To Present Dr. May For A Deposition On or Before December 3.

Pursuant to the Patent Local Rules, Defendants are entitled to depose Dr. May on claim construction issues before they file their opening claim construction brief on December 9, 2010. The local rules require parties to complete claim construction discovery, including expert claim construction discovery, within 30 days of filing the Joint Statement. Patent L.R. 4-4. Fifteen days later, the party claiming infringement must file its opening claim construction brief. Patent L.R. 4-5(a). Here, the Joint Statement was filed October 29, and claim construction discovery closes November 29. Stip. Continuing Case Scheduling Dates 3, 6. Defendants' opening claim construction brief is due on December 9. *Id.* It is imperative that any expert depositions occur sufficiently in advance of the December 9 deadline to allow relevant testimony to be addressed in the opening brief. It is noteworthy that plaintiffs Acer, Inc., Acer America Co., and Gateway Inc. in related action No. 08-cv-0877 JF, which is set on the same schedule as this case, produced their claim construction expert, Dr. Andrew Wolfe, for deposition on November 12 during the claim construction discovery period.

Unless Defendants can complete their deposition of Dr. May before December 3, they will be prejudiced by an inability to address all of HTC's claim construction positions, evidence, and arguments in Defendants' opening claim construction brief. A party claiming infringement that cannot properly depose the opposing party's claim construction expert before filing its opening brief "has lost its opportunity to meaningfully depose [the opposing party's] expert witness, and is thereby prejudiced.…" *Friskit, Inc. v. RealNetworks, Inc.*, No. C 03-5085 FMS, 2005 WL 6249309, at *1 (N.D. Cal. Mar. 22, 2005 (Smith, J.) (order excluding expert testimony). In *Friskit*, as here, the party disputing infringement effectively blocked deposition of its claim

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

MOTION TO COMPEL EXPERT
DEPOSITION; MPA
Case No. 5:08-cv-00882 JF(HRL)

- 4 -

23129\2428105.2

construction expert before the opening brief was due. *Id.* at *1–2. Because of the resulting prejudice, Judge Smith excluded claim construction declarations and testimony by experts for the offending party and barred them from testifying at the *Markman* hearing. *Id.* at *2. Here, too, HTC should be barred from introducing expert testimony and declarations in the claim construction proceedings unless it has produced Dr. May for deposition on or before December 3.[2]

HTC's continued waffling about whether Dr. May would actually submit an expert claim construction declaration in support of HTC's responsive claim construction brief is nothing more than gamesmanship. HTC disclosed Dr. May as an expert in its Joint Statement and must make its expert available for deposition now so that Defendants can explore Dr. May's opinions. The period for deciding whether to disclose an expert passed as soon as HTC disclosed Dr. May in the Joint Statement. Whether HTC decides to actually submit an expert declaration from Dr. May is irrelevant at this point, as the Patent Local Rules specifically permit a party to take expert claim construction depositions during this period.

### B. HTC Should Be Required to Produce Dr. May For Deposition In San Francisco.

Because HTC chose to bring suit in the Northern District of California, the Court should require that the deposition occur here, rather than in England, where Dr. May lives. A trip to Europe would drive up the costs of this litigation needlessly; it would be less expensive for Dr. May to travel to California than for all parties' counsel, who are in the Northern District of California, to fly to England. Having made its bed in California, HTC must now lie in it. Plaintiffs not only chose this venue but fought to remain here on the argument that it was convenient for its witnesses to travel here. Opp. of HTC to Defs.' Mot. To Transfer 9–10, Dkt. No. 35. The Court therefore should give little weight to any argument by Plaintiffs that this district is inconvenient for Dr. May's deposition. Furthermore, the Court's authority to resolve disputes arising during the deposition could be compromised by sovereignty issues and distance if

---

[2] As Defendants repeatedly told HTC before filing this motion, they are willing to accommodate Dr. May's reasonable scheduling needs provided that the deposition can be completed on or before December 3. Mar Decl. ¶ 9.

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

MOTION TO COMPEL EXPERT
DEPOSITION; MPA
Case No. 5:08-cv-00882 JF(HRL)
- 5 -
23129\2428105.2

1   taken in England, rather than in the United States.  *See Delphi Auto. Sys. LLC v. Shinwa Int'l*

2   *Holdings LTD*, No. 1:07-cv-0811-SEB-JMS, 2008 WL 2906765, at *2 (S.D. Ind. July 23, 2008)

3   (noting sovereignty problems with issuing extraterritorial orders and also that long distance from

4   court impedes its ability to resolve disputes arising during deposition).  The Court therefore

5   should order that the deposition take place in San Francisco, as noticed in the subpoena.

6           **C.**        **HTC Should Be Required To Pay Dr. May's Travel Expenses.**

7           HTC argued for the first time during the November 16 meet-and-confer that the

8   Defendants should bear the business-class travel cost of HTC's expert if he is deposed in the

9   Northern District of California.  Mar Decl. ¶ 8.  There is no basis for such a demand, and the

10  Court should require HTC to pay Dr. May's travel expenses.  In the Joint Statement, HTC chose

11  to disclose Dr. May as an expert on the proper construction of the disputed claim terms in this

12  case.  HTC voluntarily selected and retained an expert who resides in England.  Having made

13  those choices and disclosed Dr. May, it is unfair and prejudicial for HTC to turn around and

14  impose the cost of its expert's travel on Defendants.  A party that retains an expert located far

15  from the venue cannot force the opposing party to bear the expert's travel costs, particularly if the

16  party selecting the expert does not show that no local, qualified expert was available to testify.

17  *Lent v. Fashion Mall Partners*, 223 F.R.D. 317, 317–18 (S.D.N.Y. 2004).  In *Lent*, the court

18  required the party retaining the expert to pay his travel costs from Georgia to New York State for

19  deposition.  *Id.*  Here, HTC could have found many qualified claim construction experts in

20  California.

21          HTC's request that Defendants pay for Dr. May's travel rings particularly hollow because

22  HTC has offered to pay for Dr. May's travel for a deposition on the condition that Defendants

23  take his deposition only if his expert testimony is offered in support of HTC's responsive claim

24  construction brief to be filed on January 21, 2011.[3]  Mar Decl. ¶ 10.  If HTC can and is willing to

25  pay for Dr. May's travel for a deposition in this venue in January 2011, there is no reasonable

26  basis for HTC to avoid bearing this travel cost if the deposition is to occur in December 2010.

---

[3] As noted above in this motion, Defendants cannot accept such a delay to January 2011 because it would substantially prejudice their ability to address all evidence and arguments concerning the disputed claim terms in the opening claim construction brief.

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

MOTION TO COMPEL EXPERT
DEPOSITION; MPA
Case No. 5:08-cv-00882 JF(HRL)

- 6 -

23129\2428105.2

1   The Court, therefore, should order HTC to pay Dr. May's travel expenses.

2   **D.  The Court Should Require HTC and Dr. May To Produce the Subpoenaed Documents No Later Than Seven Days Prior To The Deposition.**

3

4   Defendants cannot efficiently examine Dr. May unless they receive the claim construction-related documents and communications requested in the subpoena in sufficient time to review them before the deposition. Defendants' subpoena seeks only the narrow set of documents and communications related to claim construction. *See* Mar. Decl., ¶ 3, Ex. B. The subpoena required production of this material by November 8. *Id.* To allow sufficient preparation time, the Court should compel Dr. May and HTC to produce this material no later than seven days before the beginning of the deposition.

11  **E.  The Court Should Preclude HTC From Offering Claim-Construction Evidence From Dr. May If It Does Not Comply With the Local Rules.**

12

13  If HTC is unwilling to make Dr. May available for deposition and to produce documents as Defendants seek, HTC should not be able to use him in connection with the claim construction proceedings. Courts routinely preclude the testimony of witnesses when a party hinders their proper deposition by the opposing party. *See, e.g.*, *Friskit*, 2005 WL 6249309, at *2.

17  **IV.  CONCLUSION**

18  For the reasons stated, Defendants request the Court to order that (1) Plaintiffs produce Dr. May for a deposition at Farella Braun + Martel LLP, 235 Montgomery St., San Francisco, California that will be completed on or before December 3, 2010; (2) HTC bear Dr. May's travel expenses for this deposition; and (3) Dr. May and Plaintiffs produce to Defendants, no later than one week prior to the beginning of the deposition, all documents and communications set forth in the Subpoena To Produce Documents, Information, Or Objects that was served on Dr. May; or (4) in the alternative, Plaintiffs are precluded from offering into evidence any expert claim-construction testimony or evidence from or related to Dr. May.

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

MOTION TO COMPEL EXPERT DEPOSITION; MPA
Case No. 5:08-cv-00882 JF(HRL)

- 7 -

23129\2428105.2

Dated: November 17, 2010						FARELLA BRAUN + MARTEL LLP

								By:	/s/ Eugene Y. Mar

								Attorneys for Defendants
								TECHNOLOGY PROPERTIES LTD. and
								ALLIACENSE LTD.

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

MOTION TO COMPEL EXPERT
DEPOSITION; MPA                   - 8 -
Case No. 5:08-cv-00882 JF(HRL)

23129\2428105.2