**E-Filed 12/1/2010**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| HTC CORPORATION, HTC AMERICA, INC., <br><br> Plaintiffs, <br> v. <br><br> TECHNOLOGY PROPERTIES LIMITED, PATRIOT SCIENTIFIC CORPORATION, and ALLIACENSE LIMITED, <br><br> Defendants. <br>———————————————— <br> And Related Counterclaims | Case No. 5:08-cv-00882 JF/HRL <br><br> ORDER[1] GRANTING IN PART PLAINTIFFS' MOTION FOR ADMINISTRATIVE RELIEF FROM CLAIM CONSTRUCTION SCHEDULING ORDER <br><br> [Docket No. 206] |

Plaintiffs HTC Corporation and HTC America, Inc. (collectively, "HTC") move pursuant to Civil L.R. 7-11 for administrative relief from the Court's claim construction scheduling order, seeking to delay the deposition of Dr. David May. Defendants Technology Properties Limited and Alliacense Limited (collectively, "TPL") oppose the motion. The Court has read the moving and responding papers and has considered the declarations counsel. For the reasons set forth below, the motion will be granted in part as set forth below.

///

———————————————

[1] This disposition is not designated for publication in the official reports

## I. BACKGROUND

TPL owns a collection of patents referred to as the Moore Microprocessor Portfolio patents ("MMP patents"). HTC seeks a judicial declaration that the MMP patents are invalid and/or not infringed. TPL has counterclaimed, alleging that HTC has infringed the patents.[2] On October 25, 2010, the Court approved a stipulated claim construction schedule. (Docket No. 188.) Pursuant to that schedule, the parties' Joint Claim Construction and Prehearing Statement was due on October 28, 2010. Claim construction discovery closed on November 29, 2010. TPL's opening claim construction brief is due on December 9, 2010. HTC's responsive claim construction brief is due on January 21, 2011. TPL's reply claim construction brief is due on February 11, 2011.

HTC has disclosed Dr. David May as a "potential" claim construction expert. In the Joint Claim Construction and Prehearing Statement, HTC represented that it "does not plan to call expert witnesses to testify live at the claim construction hearing, but will have . . . Dr. David May . . . available should the Court believe that such testimony would be useful in resolving the dispute between the parties." (Docket No. 189 at 4:2-5.) HTC also stated that it "may submit [a] declaration[] from . . . Dr. May in connection with claim construction briefing and will provide a summary of [the] expert opinion[] as part of Exhibit C [to the Joint Claim Construction and Prehearing Statement]." (*Id.* at 4:5-7.) In Exhibit C to the Joint Claim Construction and Prehearing Statement, HTC explained that "David May [] is expected to discuss why Plaintiffs' construction is consistent with how one of ordinary skill in the art would understand the terms in context of the patents." (Docket No. 189, Ex. C.)

TPL has agreed to delay the deposition of Dr. May until December 3, 2010 (Mar Decl. ¶ 6), and has subpoenaed documents related to Dr. May's expert opinion, (Mar Decl. ¶ 10). HTC has declined to produce the documents and will agree to produce Dr. May for a deposition only

---

[2] This action is related to two other actions, 5:08-cv-00877-JF/HRL and 5:08-cv-05398-JF/HRL, in which Acer Inc., Acer America Corporation, and Gateway, Inc. (collectively, "Acer") and Barco, N.V. ("Barco"), respectively, each seek judicial declarations that the MMP patents are invalid and/or not infringed.

within five days after Dr. May submits a declaration in support of HTC's responsive claim construction brief.  (HTC's Mot. at 1:1-6.)  If Dr. May does not submit such a declaration, HTC will not agree to produce Dr. May for a deposition at any time.

## II. DISCUSSION

TPL contends that this Court's Patent Local Rules require HTC to make any expert witnesses disclosed in the Joint Claim Construction and Prehearing Statement available for deposition before TPL's opening claim construction brief is due.  Patent L.R. 4-3(e) requires parties to indicate "whether any party proposes to call one or more witnesses at the Claim Construction Hearing . . . ."  Patent L.R. 4-4 provides that "[n]ot later than 30 days after service and filing of the Joint Claim Construction and Prehearing Statement, the parties shall complete all discovery relating to claim construction, including any depositions with respect to claim construction of any witnesses, including experts, identified in the . . . Joint Claim Construction and Prehearing Statement . . . ."  While HTC has indicated that it does not necessarily intend to call Dr. May as a live witness at the Claim Construction Hearing, it clearly has reserved the right to use Dr. May's testimony in connection with its claim construction briefing.  Whether it is offered live at the hearing or in the form of a declaration in support of HTC's briefing, the testimony clearly would be part of the claim construction record.  Read in context, Patent L.R. 4-3(e) and 4-4 are intended to apply in this situation.  *See Friskit, Inc. v. RealNetworks, Inc.*, No. C 03-5085 FMS, 2005 WL 6249309, at *1 (N.D. Cal. March 22, 2005) (concluding that Patent L.R. 4-3(e) applies when a party intends to rely on an expert's declaration rather than live testimony).

Accordingly, the Patent Local Rules require HTC to produce Dr. May for a deposition before the end of claim construction discovery.  At the same time, the Court may modify the Patent Local Rules subsequent to the initial case management conference upon a showing of good cause.  Patent L.R. 1-3.  HTC contends that it should not be required to produce either Dr. May or the documents relevant to his opinion unless and until Dr. May submits a declaration in support of HTC's briefing.  Dr. May resides in the United Kingdom, (HTC's Mot. at 1:22-23), and HTC seeks to avoid the expense of a deposition and the inconvenience to Dr. May unless is it sure that it will rely upon his testimony.

The Patent Local Rules "are designed to require parties to crystallize their theories of the case early in the litigation and to adhere to those theories once they have been disclosed." *Atmel Corp. v. Information Storage Devices*, No. C 95-1987 FMS, 1998 WL 775115, at *2 (N.D. Cal. Nov. 4, 1998).  While HTC ultimately may decline to use Dr. May's opinion, HTC has disclosed Dr. May as an expert witness, and the rules require HTC to disclose its theory of the claim construction, including Dr. May's opinion of "how one of ordinary skill in the art would understand the terms in context of the patents." (Docket No. 189, Ex. C.)  HTC has provided only a sparse summary of Dr. May's potential expert testimony.  If HTC delays both the production of documents relevant to Dr. May's opinion and the deposition of Dr. May until after December 9, 2010, TPL will be deprived of the opportunity to conduct discovery with respect to Dr. May's opinion before its opening claim construction brief is due.  Such a delay may be grounds for the exclusion of an expert.  *See Friskit*, 2005 WL 6249309, at *1-2 (excluding a party's expert from the *Markman* hearing and claim construction briefing (but not from the patent tutorial) because the party failed to disclose adequately the expert, "den[ying] . . . a reasonable opportunity to conduct discovery into the expert's opinions").  *See also Rambus Inc. v. Hynix Semiconductor, Inc.*, 569 F. Supp. 2d 946, 980 (N.D. Cal. 2008) (noting that the accused infringers' shift in a proposed claim construction caused a "clear inequity" because it denied the patentee an opportunity to depose the accused infringers' "expert on their new proposed claim constructions prior to filing its opening and reply briefs.").

While the Court recognizes that Dr. May's residency in the United Kingdom likely will add significantly to the cost of his deposition, that fact standing alone is insufficient to warrant a substantive deviation from the Patent Local Rules.  HTC has not argued that Dr. May is uniquely qualified in comparison to other potential expert witnesses who may reside in more convenient locations.  If an expert's foreign location alone were sufficient, parties could avoid their discovery obligations with respect to claim construction expert witnesses simply by retaining an expert at a distant location.

HTC indicates separately that TPL has delayed the deposition of its own claim construction expert until December 10, 2010. (Chen Decl. ¶ 6.)  Considering all of the relevant

4

1  circumstances, the Court concludes that it is equitable to allow HTC to produce Dr. May for a
2  deposition on or before the same date.  However, because TPL's opening claim construction brief
3  is due on December 9, 2010, HTC shall produce documents relevant to Dr. May's opinion on or
4  before December 3, 2010.  This will provide TPL with sufficient time to review the documents
5  relevant to Dr. May's opinion before its opening brief is due and will allow TPL the opportunity
6  to depose Dr. May before its reply brief is due.

### III.  ORDER

The claim construction schedule is hereby modified to allow the deposition of Dr. May to occur on or before December 10, 2010.  HTC shall produce documents relevant to Dr. May's opinion on or before December 3, 2010.

IT IS SO ORDERED.

DATED: 12/1/2010

_____
JEREMY FOGEL
United States District Judge