1  [See Signature Page for Information on Counsel for Plaintiffs]

2

3  UNITED STATES DISTRICT COURT

4  NORTHERN DISTRICT OF CALIFORNIA

5  SAN JOSE DIVISION

6

| | |
|---|---|
| 7   ACER, INC., ACER AMERICA CORPORATION and GATEWAY, INC., | Case No. 5:08-cv-00877 JR/HRL |
| 8   Plaintiffs, | **PLAINTIFFS' CONSOLIDATED SURREPLY CLAIM CONSTRUCTION BRIEF** |
| 9   v. | |
| 10  TECHNOLOGY PROPERTIES LIMITED, PATRIOT SCIENTIFIC CORPORATION, and ALLIACENSE LIMITED, | [RELATED CASES] |
| 11  | |
| 12  | |
| 13  Defendants. | |
| 14  HTC CORPORATION, HTC AMERICA, INC., | Case No. 5:08-cv-00882 JF/HRL |
| 15  Plaintiffs, | |
| 16  v. | |
| 17  TECHNOLOGY PROPERTIES LIMITED, PATRIOT SCIENTIFIC CORPORATION, and ALLIACENSE LIMITED, | |
| 18  | |
| 19  | |
| 20  Defendants. | |
| 21  BARCO N.V., a Belgian corporation, | Case No. 5:08-cv-05398 JF/HRL |
| 22  Plaintiff, | |
| 23  v. | |
| 24  TECHNOLOGY PROPERTIES LTD., PATRIOT SCIENTIFIC CORP., ALLIACENSE LTD., | |
| 25  | |
| 26  Defendants. | |
| 27  | |

28

**FIGURE 3 OF TALBOT DEPICTS A RING OSCILLATOR COVERED BY JUDGE WARD'S CONSTRUCTION BUT SUBSEQUENTLY DISCLAIMED BY TPL**

Plaintiffs respectfully submit this Surreply to address a factual misstatement in Defendants' Claim Construction Reply Brief [Dkt. No. 227 in *Acer et al. v. TPL et al.*, Case No. 5:08-cv-877] (hereafter "TPL Reply"). Defendants (or "TPL") incorrectly assert that the voltage controlled oscillator depicted in Figure 3 of U.S. Patent No. 4,689,581, or the "Talbot" reference, is not the "claimed ring oscillator" within Judge Ward's construction.[1] TPL Reply at 1 ("Talbot disclosed a voltage-controlled oscillator, but not the claimed ring oscillator."). However, Figure 3 of Talbot in fact does depict TPL's "claimed ring oscillator" as construed by Judge Ward. Given that TPL undisputedly disclaimed the voltage controlled oscillator in Talbot during subsequent reexamination proceedings, TPL's proposal to adopt Judge Ward's earlier construction of "ring oscillator" must be rejected.

As explained in detail in the Plaintiffs' Consolidated Claim Construction Brief [Dkt. No. 218] (at 7-8), Talbot discloses a voltage controlled oscillator ("VCO") as a component of a phase-locked loop ("PLL"). During a reexamination interview before the examiner for the '148 patent, TPL distinguished Talbot on the basis that the VCO of a PLL was not a "ring oscillator" because it was not "non-controllable" and not "variable based on the environment." *See id.* and at p.2.

In its Reply, TPL tries to "unring the bell" on the examiner's interview. TPL asserts that the reasons the VCOs disclosed in Figures 3 and 4 of Talbot are not "ring oscillators" are somehow different from the distinctions made during the interview. TPL Reply at pp.1-2 ("The subsequent allowance over Talbot was therefore not about the controllability (or lack thereof) of a ring oscillator . . .") Tellingly, the supposed "real" distinctions are not explained.

In truth, Figure 3 of Talbot unambiguously discloses a "ring oscillator" within the meaning of Judge Ward's incomplete construction of the phrase.[2] Judge Ward construed "ring oscillator" to mean "an oscillator having a multiple, odd number of inverting logic stages connected in a

---

[1] TPL is asserting Judge Ward's construction of "ring oscillator," so TPL's position is that its "claimed ring oscillator" is the same as Judge Ward's construction.

[2] Plaintiffs contend that Figure 4 discloses two connected "ring oscillators," but will not burden the Court here with that analysis.

| Plaintiffs' Surreply Claim Construction Brief | - 1 - | Case Nos. 5:08-cv-00877, 5:08-cv-00882, 5:08-cv-05398 |

loop." Exhibit A to Declaration of Kyle Chen in Support of Plaintiffs' Consolidated Claim Construction Brief [Dkt. No. 216] (Ward Claim Construction Order) at 11. Figure 3 depicts a VCO comprised of three inverting logic stages connected in a loop. *See generally* Declaration of Dr. Andrew Wolfe in Support of Plaintiffs' Surreply ("Wolfe Decl." or "Wolfe Declaration").

The three inverting logic stages of Talbot Figure 3 are represented in three different ways. The common inverter symbol (a triangle with a bubble or small circle on the output) represents a function, not a specific structure, and inverters are sometimes represented in circuit diagrams by their structural components, such as transistors. Wolfe Decl. at ¶ 5. There are different kinds of inverters as well, represented by variations on the basic inverter symbol. *See* Wolfe Decl. at ¶ 8 (Schmitt Trigger inverter symbol is a variant of basic inverter symbol.)

In Figure 3 of Talbot, one inverter is represented by a simple inverter symbol (51); one inverter is represented by a special inverter symbol (a Schmitt Trigger inverter 52); and one inverter is represented as a common combination of CMOS transistors that acts as an inverter (transistors 48 and 49). Wolfe Decl. at ¶¶ 7-9. These inverters of Figure 3 are arranged in a loop as required by Judge Ward's construction, *id.*, and act as a VCO as described by Talbot and admitted by TPL.

An annotated Figure 3 is presented below to highlight the three inverters and their looped inputs and outputs as described in Dr. Wolfe's Declaration.



FIG. 3

That the VCO shown in Talbot's Figure 3 is a ring oscillator as construed by Judge Ward is consistent with the testimony of TPL's expert, Dr. Oklobdzija, that a VCO is "almost universally implemented as a ring oscillator." Exhibit D to Declaration of Kyle Chen in Support of Plaintiffs' Consolidated Claim Construction Brief [Dkt. No. 216] (12/10/10 Oklobdzija depo.) at 71:25-72:23.

TPL's reply does not explain any supposed "real" distinctions between the VCO of Talbot and Judge Ward's "ring oscillator" because the only substantive distinctions asserted during the reexamination were the interview distinctions. TPL never recanted its interview distinctions that the claimed ring oscillator was "non-controllable" and "variable based on the environment," and nothing in the subsequent prosecution record suggests that the Examiner did not take those representations into account. TPL's written reexamination argument following the interview never disputed the examiner's summary or attempted to recant the disclaimer, but merely asserted (additionally) that the VCOs disclosed in Figures 3 and 4 of Talbot were not "ring oscillators" because Talbot did not label them as such. Exhibit H to Declaration of Kyle Chen in Support of Plaintiffs' Consolidated Claim Construction Brief [Dkt. No. 216] (2/21/2008 '148 Reexam Hist.) at 11 (". . . Talbot did not characterize either of the disclosed oscillators as ring oscillators.") By offering no substantive distinctions, TPL's written reexamination argument actually reinforces the distinctions made during the interview.

In any event, TPL is bound to its representations regardless of whether or not they were relied upon by the PTO. The Federal Circuit has held, in fact, that a patentee may be bound to a construction it pressed during prosecution to overcome prior art, even it was rejected. *See Springs Window Fashions LP v. Novo Industries, L.P.*, 323 F.3d 989, 995 (Fed. Cir. 2003) ("Regardless of the examiner's motives, arguments made during prosecution shed light on what the applicant meant by its various terms. . . . The fact that an examiner placed no reliance on an applicant's statement distinguishing prior art does not mean that the statement is inconsequential for purposes of claim construction.") (citations and internal quotations omitted). This result flows from the principle that "the notice function of a patent and its prosecution history requires that a patentee be held to what he declares during prosecution of his patent." *Id.*; *see also, e.g.*, *Microsoft Corp. v.*

*Multi-Tech Sys.*, 357 F.3d 1340, 1350 (Fed. Cir. 2004) ("We have stated on numerous occasions that a patentee's statements during prosecution, whether relied on by the examiner or not, are relevant to claim interpretation.") (citing cases).

To give effect to TPL's reexamination distinction of Talbot, Judge Ward's construction of "ring oscillator" must be modified as proposed by Plaintiffs. The distinctions made by TPL there—"non-controllable" and "variable based on the environment"—should be added to Judge Ward's construction.

Dated: May 3, 2011                                    K&L GATES LLP

By: /s/ Timothy Walker
Timothy P. Walker, Esq.
Timothy.walker@klgates.com
Howard Chen, Esq.
Howard.chen@klgates.com
Harold H. Davis, Jr., Esq.
Harold.davis@klgates.com
Jas Dhillon, Esq.
Jas.dhillon@klgate.com
Jeffrey M. Ratinoff
Jeffrey.ratinoff@klgates.com
K&L Gates LLP
Four Embarcadero Center, Suite 1200
San Francisco, CA 94111
Phone: (415) 882-8200
Fax: (415) 882-8220

***Attorneys for Acer, Inc., Acer America Corp. and Gateway, Inc.***

| | | |
|---|---|---|
| 1 | | |
| 2 | Dated: May 3, 2011 | COOLEY LLP |
| 3 | | |
| 4 | | |
| 5 | | By: /s/ Kyle Chen<br>Kyle D. Chen, Esq.<br>kyle.chen@cooley.com |
| 6 | | Heidi L. Keefe, Esq.<br>hkeefe@cooley.com |
| 7 | | Mark R. Weinstein, Esq.<br>mweinstein@cooley.com |
| 8 | | Cooley LLP<br>3000 El Camino Real |
| 9 | | Five Palo Alto Square, 4th Floor<br>Palo Alto, California 94306 |
| 10 | | Phone: (650) 843-5000<br>Fax: (650) 857-0663 |
| 11 | | |
| 12 | | ***Attorneys for HTC Corporation and HTC America, Inc.*** |
| 13 | Dated: May 3, 2011 | BAKER & MCKENZIE |
| 14 | | |
| 15 | | By: /s/ Edward Runyan |
| 16 | | Edward Runyan, Esq.<br>Edward.Runyan@bakernet.com |
| 17 | | Baker & McKenzie<br>130 East Randolph Drive |
| 18 | | Chicago, IL 60601<br>Phone: (312) 861-8811 |
| 19 | | Fax: (312) 698-2341 |
| 20 | | ***Attorneys for Barco, N.V.*** |