United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| Acer, Inc.,<br><br>    Plaintiff,<br>  v.<br>Technology Properties Ltd, et al.,<br>    Defendants.<br>_____/ | NO. C-08-00877 JW<br>NO. C-08-00882 JW<br>NO. C-08-05398 JW<br><br>**FIRST PATENT SCHEDULING ORDER;<br>NOTICE OF INTENT TO APPOINT A<br>SPECIAL MASTER** |
| HTC Corp.,<br><br>    Plaintiff,<br>  v.<br>Technology Properties Ltd, et al.,<br>    Defendants.<br>_____/ | |
| Barco NV,<br><br>    Plaintiff,<br>  v.<br>Technology Properties Ltd, et al.,<br>    Defendants.<br>_____/ | |

On October 3, 2011, the Court conducted a Case Management Conference for the above entitled related cases. Counsel for the respective parties were present. Based on the discussion at the Conference, the Court ORDERS as follows:

**A.     Notice of Intent to Appoint a Special Master**

At the Conference, the Court suggested the appointment of a Special Master to assist in the management of this lawsuit. The parties were agreeable. Due to the parties' consent, the complexity of legal and factual issues involved in this case, and the cost savings to the parties which will result from a more focused management of pre-trial matters, the Court concludes that the appointment of a Special Master in this lawsuit would be beneficial to all. Pursuant to FED. R. CIV. P. 53, the Court notifies the parties of its intent to appoint a Special Master.

**1.     Scope of the Special Master's Appointment**

The Special Master shall preside over all proceedings, with the power to hear and make reports and recommendations on the following pretrial matters:

- a. Timing of pre-answer motions or any responsive pleadings;
- b. Timing and content of initial disclosures;
- c. Case development processes (e.g., staged discovery and discovery schedules or plans);
- d. Disclosures or discovery;
- e. Disclosures or discovery disputes;
- f. Limits on the number of party experts.

Furthermore, the Special Master shall have the authority to:

- g. Conduct pretrial conferences and hearings to establish:
  - (1) The substance of the claims and defenses presented in the case and of the issues to be decided;
  - (2) The material facts not reasonably disputable;
  - (3) The disputed material factual issues;
  - (4) The relief claimed, including a particularized itemization of all elements of damages which may reasonably be claimed based upon the evidence which would be presented at trial;
  - (5) The pertinent undisputed and disputed points of law, with respect to liability and relief, including proposed jury instructions;
  - (6) The witnesses necessary to be called at trial, except for impeachment or rebuttal, together with the substance of the testimony to be given;

    (7) A compilation of all documents and other items necessary to be offered as exhibits at trial, except for impeachment or rebuttal, together with a brief statement following each item describing its substance or purpose and the identity of the authenticating witness;

 h. Audit and establish attorney fees to be awarded, if any.

The Special Master shall exercise the power necessary or proper to regulate all proceedings before him and shall do all acts and take all measures necessary or proper for the efficient performance of his duties under this Order.

The Special Master shall file numbered interim reports or recommendations which: 1) advise this Court of the status of the case, and 2) recommend the disposition of any matter heard by him. The parties shall have ten (10) days from the date an interim report or recommendation is filed to file any objections. Any party opposing the objection(s) shall file an opposition within ten (10) days after the objection is filed. If no objection is filed, the Special Master's report or recommendation shall become a binding Order of the Court and the parties shall comply with the Order. If, however, an objection is filed, the matter shall be deemed submitted to the Court without oral argument twenty (20) days after the Special Master's report or recommendation is filed–unless an application is made and the Court orders the matter to be scheduled for hearing.

Reports or recommendations pertaining to non-dispositive motions or pretrial discovery matters shall be reconsidered by this Court only where the Special Master's report or recommendation is clearly erroneous or contrary to law.

**2. Fees and Costs of Special Master**

Unless the Court receives a recommendation from the Special Master for some other apportionment, each party shall bear the cost of the Special Master on a *per capita* basis, payable in advance. Upon the appointment of the Special Master, the parties shall meet and confer with the Master and develop a plan to set up a trust account whereby the parties shall deposit, initially, $20,000 each to cover the anticipated fees and costs. The Special Master shall issue statements to the parties and draw from the trust account every 30 days for his performance of the appointment. The Special Master will bill at the rate of $600.00 per hour.

3

The Special Master shall report to the Court on a periodic basis, every 60 days, regarding the state of his fees and expenses and make a recommendation to the Court as to whether the trust account needs additional deposits from the parties as the case progresses.

### 3. Nomination of Special Master

The Court nominates Tom Denver.[1] The parties shall file any objections to Mr. Denver being named as Special Master on or before **October 13, 2011**. In their objections, the parties shall provide alternate nominations.

If no objection is filed and Mr. Denver accepts his appointment, Mr. Denver shall file an affidavit as required by FED. R. CIV. P. 53(b)(3). The Court's appointment of the Special Master shall become effective on **October 14, 2011**. Once the appointment is effective, the parties shall notice all relevant discovery and pretrial motions before the Special Master.

### B. Case Schedule

The parties shall adhere to the following Case Schedule:

| | |
|---|---|
| **Joint Claim Construction and Prehearing Statement** | **November 18, 2011** |
| **Close of Claim Construction Discovery** (*≈30 days after the Joint Claim Construction and Prehearing Statement*) | **December 19, 2011** |
| **Case Tutorial** | **January 20, 2012** |
| **Claim Construction Hearing** | **January 27, 2012** |
| **Further Case Management Conference** | **February 27, 2012** |

None of the dates set in this Order may be changed without an order of the Court made after a motion is filed pursuant to the Civil Local Rules of Court.

### 1. Claim Construction Proceedings

No later than the date set in the Case Schedule, all parties must serve on all other parties Preliminary Claim Constructions and Extrinsic Evidence pursuant to Patent L.R. 4-2.

---

[1] Mr. Denver is with Mediation Masters and may be reached at (408) 280-7883.

No later than the date set in the Case Schedule, the parties must file a Joint Claim Construction Statement and Prehearing Statement pursuant to Patent L.R. 4-3. The statement shall be presented in the following chart format:

| Disputed Term | Plaintiff's Proposed Construction | Defendant's Proposed Construction |
|---|---|---|

The parties shall express their proposed construction in a manner suitable for incorporation into a jury instruction. The parties shall identify the terms whose construction will be most significant to the resolution of the case, and particularly to the Motion for Summary Judgment currently pending before the Court. However, the total terms identified by all parties as most significant cannot exceed 10.

Pursuant to Patent L.R. 4-4, all discovery, including depositions of expert witnesses, relating to claim construction must be completed within 30 days of filing the Joint Claim Construction Statement and Prehearing Statement.

On the date set in the Case Schedule, the parties shall appear before the Court to present a tutorial. The purpose of the tutorial is to allow each party to inform the Court about the background of the technical information which is involved in the case and the nature of the dispute. Presentations may include demonstrations, expert testimony, or audio visual materials. No cross-examination will be permitted. However, the Court may pose questions to parties or witnesses. No record will be made of the proceedings. Statements made during the tutorial may not be cited as judicial admissions against a party. **Each side shall have 90 minutes for their presentation.** Any party wishing for additional time shall make the appropriate administrative motion in accordance with the Civil Local Rules of Court. See Civ. L.R. 7-11.

**At the Tutorial, the parties shall be prepared to address the following procedural history:**

    **(a)    A review of Judge Ward's claim construction order(s);**

    **(b)    A review of the PTO's reexaminations and the impact, if any, those proceedings have on these cases;**

**(c)	A review of the claims identified in Defendant HTC's Motion for Summary Judgment of Non-Infringement as significant in resolving the Motion.**

On the date set in the Case Schedule, the Court will hold a Claim Construction Hearing. At the hearing the Court will consider only intrinsic evidence to interpret the disputed claims, i.e., the claims themselves, the written description portion of the specification and the prosecution history. Pertinent portions of the intrinsic evidence should be highlighted and indexed to the disputed claim language. No testimony will be allowed, unless the Court orders otherwise, based upon a timely motion noticed for hearing at least 10 days prior to the Claim Hearing by any party wishing to present testimony. **Each side shall have 90 minutes for their presentation.** Any party wishing for additional time shall make the appropriate administrative motion in accordance with the Civil Local Rules of Court. See Civ. L.R. 7-11.

Notwithstanding Patent L.R. 4-5, the parties shall comply with the following briefing schedule:

	1.	Opening Brief: The party claiming patent infringement must serve and file its opening brief and supporting evidence on or before the date 35 days prior to the Claim Construction Hearing. Accompanying the brief must be a proposed jury instruction which incorporates the language which the party contends should be adopted in construing the claims.

	2.	Responsive Brief: Each opposing party must serve and file its responsive brief and supporting evidence on or before the date 21 days prior to the Claim Construction Hearing. Accompanying the brief must be a proposed jury instruction which incorporates the language which the party contends should be adopted in construing the claims.

	3.	Reply Brief: The party claiming patent infringement must serve and file any reply brief and supporting evidence on or before the date 14 days prior to the Claim Construction Hearing.

**2. Procedure Regarding Dispositive Motions in Patent Cases**

Prior to filing any dispositive motion, the moving party must first advise the Court and opposing counsel of its intention to do so by filing and serving a request for a case management conference regarding dispositive motion(s). The request must outline the undisputed factual basis and legal basis of the proposed motion(s) and a proposed briefing and hearing schedule. The Court may schedule a case management conference to establish the schedule for briefing and hearing the motion(s) in an orderly and efficient manner or may issue an order adopting the schedule proposed by the parties.

Once a hearing date for the motion has been set and the briefing is closed, the moving party shall compile a three ring binder (to be lodged with the Court) containing (1) the motion and any supporting memorandum of law; (2) the opposition memorandum; (3) any reply memorandum; and (4) any exhibits in support or opposition to the motion, which shall be clearly labeled. At the beginning of each binder the moving party shall include, as appropriate, a Chart A or B, in the format described below; each statement shall be supported by appropriate citations to the motion papers and or exhibits.

**Chart A - Summary of Infringement Issues**

| Patent Claim/Elements | Stipulated Construction/Court Construction | Accused Product | Defense Asserted |
|---|---|---|---|
| '000 Patent, Claim 1 | | | |
| an apparatus comprising | apparatus means: "a device which. . ." | Riverside Model 2 | |
| 1. a handle | "handle" means a part held by the human hand | Riverside Model 2 | the product lacks a handle |

**Chart B - Summary of Invalidity Issues**

| Title of Motion | Patent | Claim No. | Basis of challenge | Summary of argument in support of motion | Summary of argument in opposition to motion | Comments |
|---|---|---|---|---|---|---|
| | | | | | | |

| Partial Motion for Summary Judgment of Invalidity | '000 | Claim 3 | Lack of Disclosure of Best Mode | The specification states that the inventor was aware [See '000 Patent, Col 3:5-10] | The reference is to a different invention. | This matter is controlled by the Court's claim construction of the following terms: |
|---|---|---|---|---|---|---|
| | | | | | | |

### 3.  Electronic Storage of Exhibits

The Court has available a digital and video electronic evidence presentation system. The parties are ordered to familiarize themselves with the system, and to meet and confer about whether the case will involve voluminous documentation. If so, as the parties identify documentary material which is likely to be used as trial exhibits, the parties are ordered to electronically store these materials in a fashion which will facilitate displaying them electronically during the trial. The parties are reminded that Civil L.R. 30-2(b) requires sequential numbering of exhibits during depositions and that numbering must be maintained for those exhibits throughout the litigation. Each proposed exhibit shall be pre-marked for identification. All exhibits shall be marked with numerals. The parties shall meet and confer on a division which will avoid duplication (e.g., Plaintiff: 1-99,000; Defendant #1: 100,000-299,999; Defendant #2: 300,000-500,000).

### 4.  Technical Advisor

In addition to having a Special Master manage the parties' discovery efforts, the Court reserves the right to also appoint a Technical Advisor.

A district judge has inherent authority to appoint a technical advisor when the judge deems it desirable and necessary. Ass'n of Mexican-Am. Educators v. California, 231 F.3d 572, 590 (9th Cir. 2000) (*en banc*). The exercise of this authority should be used sparingly and only in highly complicated cases. TechSearch, L.L.C. v. Intel Corp., 286 F.3d 1360, 1378 (Fed. Cir. 2002) (interpreting the Ninth Circuit standard for appointing technical advisors). In those limited cases, where the complexity of the science and technology involves something well beyond regular questions of fact and law, the district court has the inherent authority to tap the outside skill and

8

expertise of a technical advisor. <u>Fed. Trade Comm'n v. Enforma Natural Prod., Inc.</u>, 362 F.3d 1204, 1213 (9th Cir. 2004); <u>see also</u> <u>Reilly v. United States</u>, 863 F.2d 149, 157 (1st Cir. 1988). The technical advisor acts as educator, advising on terminology so that the district court can better understand complex evidence and properly discharge its role as decision maker. <u>See</u> <u>TechSearch</u>, 286 F.3d at 1377.

      Accordingly, upon review of the Patents-in-Suit and the parties' Claim Construction briefs, the Court will give notice as to whether an appointment of a Technical Advisor is warranted in this case.

Dated: October 5, 2011

JAMES WARE
United States District Chief Judge

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Deepak Gupta dgupta@fbm.com
Eugene Y. Mar emar@fbm.com
Harold H. Davis harold.davis@klgates.com
Jas S Dhillon jas.dhillon@klgates.com
Jas S Dhillon jas.dhillon@klgates.com
Jas S Dhillon jas.dhillon@klgates.com
Jeffrey M. Fisher jfisher@fbm.com
Jeffrey Michael Ratinoff jeffrey.ratinoff@klgates.com
John L. Cooper jcooper@fbm.com
Kyle Dakai Chen kyle.chen@cooley.com
Mark R. Weinstein mweinstein@cooley.com
Nan E. Joesten njoesten@fbm.com
Paul A. Alsdorf palsdorf@fbm.com
Samuel Citron O'Rourke eupton@whitecase.com
Stephanie Powers Skaff sskaff@fbm.com
Timothy Paar Walker timothy.walker@klgates.com
William Sloan Coats william.coats@kayescholer.com

Dated:  October 5, 2011                                    **Richard W. Wieking, Clerk**

                                                           **By:    /s/ JW Chambers**
                                                                   **Susan Imbriani**
                                                                   **Courtroom Deputy**