1  JAMES C. OTTESON, State Bar No. 157781
   jim@agilityiplaw.com
2  MICHELLE BREIT, State Bar No. 133143
   mbreit@agilityiplaw.com
3  AGILITY IP LAW, LLP
   149 Commonwealth Drive
4  Menlo Park, CA 94025
   Telephone: (650) 227-4800
5  Facsimile: (650) 318-3483

6  Attorneys for Defendants
   TECHNOLOGY PROPERTIES LIMITED and
7  ALLIACENSE LIMITED

8  CHARLES T. HOGE, State Bar No. 110696
   choge@knlh.com
9  KIRBY NOONAN LANCE & HOGE
   35 Tenth Avenue
10 San Diego, CA 92101
   Telephone: (619) 231-8666
11 Facsimile: (619) 231-9593

12 Attorneys for Defendant
   PATRIOT SCIENTIFIC CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ACER, INC., ACER AMERICA CORPORATION and GATEWAY, INC., <br><br> Plaintiffs, <br><br> v. <br><br> TECHNOLOGY PROPERTIES LIMITED, PATRIOT SCIENTIFIC CORPORATION, and ALLIACENSE LIMITED, <br><br> Defendants. | Case No. 3:08-cv-00877 JW <br><br> **DEFENDANTS' NOTICE OF MOTION AND EXPEDITED MOTION FOR RELIEF FROM FIRST PATENT SCHEDULING ORDER UNDER CIVIL LOCAL RULE 6-3; MEMORANDUM IN SUPPORT** <br><br> Judge: Hon. James Ware |

| | | |
|---|---|---|
| 1 | HTC CORPORATION and HTC AMERICA, INC., | Case No. 3:08-cv-00882 JW |
| 2 | Plaintiffs, | |
| 3 | v. | |
| 4 | TECHNOLOGY PROPERTIES LIMITED, PATRIOT SCIENTIFIC CORPORATION and ALLIACENSE LIMITED, | |
| | Defendants. | |
| 9 | BARCO, N.V., | Case No. 3:08-cv-05398 JW |
| 10 | Plaintiffs, | |
| 11 | v. | |
| 12 | TECHNOLOGY PROPERTIES LIMITED, PATRIOT SCIENTIFIC CORPORATION and ALLIACENSE LIMITED, | |
| | Defendants. | |

## Notice of Motion

Please take notice that pursuant to Civil Local Rule 6-3, Defendants Technology Properties Limited ("TPL"), Alliacense Limited ("Alliacense") and Patriot Scientific Corporation ("Patriot") hereby move, on an expedited basis, for relief from the Court's First Patent Scheduling Order (Docket No. 297), on the grounds that TPL and Alliacense have just retained Agility IP Law, LLP ("Agility") as new counsel for these three related cases. Because Agility needs time to come up to speed in advance of the impending *Markman* deadlines, and because a modest delay of the deadlines will not prejudice Plaintiffs, Defendants respectfully ask the Court to grant a continuance of the dates in the First Patent Scheduling Order by 75 days.

Also pursuant to Civil Local Rule 6-3, Defendants respectfully ask the Court to hear this Motion on an expedited basis, with Plaintiffs' oppositions due by no later than 12:00 p.m. Pacific Time on Thursday, November 17, 2011. The expedited consideration of Defendants' Motion is necessitated by the fact that the parties' Joint Claim Construction and Prehearing Statement is currently due on Friday, November 18, 2011 under the First Patent Scheduling Order.

This Motion is based on this Notice and Memorandum in Support, the accompanying Declaration of James C. Otteson in Support of Expedited Relief from First Patent Scheduling Order, the Proposed Order, and the pleadings and other materials on file in this case.

## Memorandum in Support

Defendants TPL and Alliacense have just retained new litigation counsel for these three related cases: James C. Otteson and Michelle Breit of Agility IP Law, LLP ("Agility"). Agility is replacing Farella Braun & Martel ("Farella"), former litigation counsel for Defendants.[1] Due to the complexity of the issues in these cases, Agility respectfully seeks a continuance of 75 days.

Since being retained mid last week, Agility has been working diligently to learn the issues in these complicated patent cases. As the Court is aware, these cases involve the assertion of four

---

[1] Last week, Defendants filed a proposed stipulated order for Agility to substitute into these cases as counsel for TPL and Alliacense – in place of Farella. Although the Court has not yet entered the stipulated order to approve the substitution of Agility for Farella, Special Master Denver informed Agility earlier today that Agility should go ahead and file this motion.

DEFENDANTS' EXPEDITED MOTION FOR RELIEF FROM FIRST PATENT SCHEDULING ORDER -1- CASE NOS. 3:08-CV-00877, 3:08-CV-0082 AND 3:08-CV-05398 JW

patents that cover technology relating to microprocessors and electronic systems: U.S. Patent Nos. 5,440,749, 5,530,890, 6,598,148 and 5,809,336. There are literally dozens of accused products and over 10 million pages of produced documents in these cases. Because the Agility attorneys entered notices of appearance *today* – and just signed onto the respective protective orders in these cases – they have not yet started to become familiar with the millions of confidential technical documents that form the bases for Defendants' infringement allegations.

Moreover, these cases are on the threshold of the final claim construction procedures that will quickly culminate in a *Markman* hearing on January 27, 2012. Although Plaintiffs' counsel have had the benefit of many months (or even years) of experience with the asserted patents, Agility is furiously trying to learn and understand the parties' disputes over nearly three dozen claim terms, including the "Top Ten" that will be argued at the claim construction hearing. While the complex subject matter of the patents would present a steep learning curve for any lawyer over the normal course of six to nine months contemplated under the Patent Local Rules, it is especially daunting to master this material in just a few weeks.

Accordingly, TPL and Alliacense respectfully ask the Court to extend the dates in the First Patent Scheduling Order by approximately 75 days.[2] Although this short delay will still require Agility to work hard to understand the claim construction and infringement issues, the task will be doable – rather than next to impossible.

Plaintiffs will not be prejudiced by such a modest continuance. The Plaintiffs in each of the three related cases – Acer, HTC and Barco – filed their complaints in 2008. But they are plaintiffs in name only: as declaratory judgment plaintiffs, they are actually the accused infringers of the asserted patents. Thus, if anything, a short continuance postpones any potential adverse judgment for plaintiffs; in the meantime, they continue to make, use, sell and import their accused

---

[2] In the parties' call with Special Master Denver on November 10, 2011, Agility indicated that it would seek a continuance of 60 days. Plaintiffs indicated they would oppose such a request. Having further considered the scope of tasks associated with learning these cases, Agility respectfully seeks a continuance of 75 days.

products without any adverse consequence. Plaintiffs enjoyed a similar reprieve when the cases were delayed during the PTO's reexamination of two of the asserted patents.

Finally, the Court and Special Master are relatively new to these cases. Indeed, Special Master Denver held his first teleconference with the parties on Thursday, November 10th – the day after TPL and Alliacense retained Agility. Under the circumstances, Defendants respectfully submit that everyone could benefit from a slight delay of the schedule.

## **Conclusion**

For the foregoing reasons, Defendants respectfully ask the Court to grant their expedited request to continue the dates in the First Patent Scheduling Order (Docket No. 297) by approximately 75 days, as outlined in the accompanying Proposed Order.

Dated: November 15, 2011

Respectfully submitted,

AGILITY IP LAW, LLP

By: /s/ James C. Otteson
     James C. Otteson

Attorneys for Defendants
TECHNOLOGY PROPERTIES LIMITED
and ALLIACENSE LIMITED

KIRBY NOONAN LANCE & HOGE

By: /s/ Charles T. Hoge
     Charles T. Hoge

Attorneys for Defendant
PATRIOT SCIENTIFIC CORPORATION