1    SEE SIGNATURE PAGE FOR PARTIES AND COUNSEL OF RECORD

2

3
                    UNITED STATES DISTRICT COURT
4
                  NORTHERN DISTRICT OF CALIFORNIA
5
                     SAN FRANCISCO DIVISION
6

7

8    ACER, INC., ACER AMERICA                Case No. 3:08-cv-00877 JW
     CORPORATION and GATEWAY, INC.,

9           Plaintiffs,

10          v.

11   TECHNOLOGY PROPERTIES
     LIMITED, PATRIOT SCIENTIFIC
12   CORPORATION, and ALLIACENSE
     LIMITED,

13
            Defendants.
14

15   HTC CORPORATION, HTC AMERICA,           Case No. 3:08-cv-00882 JW
     INC.,

16          Plaintiffs,

17          v.

18   TECHNOLOGY PROPERTIES
     LIMITED, PATRIOT SCIENTIFIC
19   CORPORATION, and ALLIACENSE
     LIMITED,
20
            Defendants.
21

22   BARCO N.V., a Belgian corporation,      Case No. 3:08-cv-05398 JW

23          Plaintiff,                        **CORRECTED\***

24          v.                                **AMENDED PATENT LOCAL RULE 4-3
                                              JOINT CLAIM CONSTRUCTION AND
25   TECHNOLOGY PROPERTIES LTD.,              <u>PREHEARING STATEMENT</u>**
     PATRIOT SCIENTIFIC CORP.,
26   ALLIACENSE LTD.,

27          Defendants.                       **\*** The corrections include a few typographical
                                              errors and clarifying statements.
28

     Amended Patent Local Rule 4-3 Joint Claim
     Construction and Prehearing Statement

1      Pursuant to the Court's First Patent Scheduling Order, and to maximize the efficiency to

2   the Court, the parties from all three above-captioned related actions, Plaintiffs Acer Inc., Acer

3   America Corp., and Gateway, Inc. (collectively "Acer"), HTC Corporation and HTC America

4   Inc. (collectively "HTC"), and Barco, N.V. ("Barco") and Defendants Technology Properties

5   Limited ("TPL"), Patriot Scientific Corporation, and Alliacense Limited (collectively

6   "Defendants"), hereby submit the following consolidated Joint Claim Construction and

7   Prehearing Statement pursuant to Patent Local Rule 4-3.

8                                    **BACKGROUND**

9      The parties filed their original Patent Local Rule 4-3 Joint Claim Construction and

10   Prehearing Statement on October 29, 2010 ("Original Statement").  Doc. No. 203 Acer et al. v.

11   TPL et al., 5:08-cv-877 JF/HRL.  The Original Statement included an Exhibit A setting forth

12   agreed upon constructions, an Exhibit B comparing disputed constructions for 30 terms, and

13   Exhibits C and D setting forth Plaintiffs' and Defendants' supporting evidence.

14      Subsequently, claims in two of the four patents-in-suit, U.S. Patent Nos. 5,440,749 (the

15   "'749 patent") and 5,530,890 (the "'890 patent"), were amended and added during reexamination

16   proceedings.  The Defendants then moved to amend their infringement contentions to address the

17   amended and the additional claims, which the Court (Hon. Jeremy Fogel) granted-in-part and

18   denied-in-part on May 13, 2011.  During a case management conference held on June 24, 2011,

19   the Court modified the briefing schedule based upon the parties' stipulation to allow time to

20   address the amended infringement contentions before the claim construction hearing then

21   scheduled for November 14, 2011.

22      Under the modified schedule, the parties met and conferred on additional claim terms for

23   construction in light of the amended infringement contentions, and filed a Supplemental

24   Statement under Patent Local Rule 4-3.  The Supplemental Statement included an Exhibit A

25   identifying three additional disputed terms.  There were also additional agreements reached on

26   certain terms and agreement that the construction of certain disputed terms would control the

27   construction of other related terms.

28   ///

Amended Patent Local Rule 4-3 Joint Claim
Construction and Prehearing Statement            - 2 -

1
2
3
4

**I.      AGREED CLAIM CONSTRUCTIONS**

Exhibit A sets forth a list of claim terms and their respective constructions that have been agreed upon by all the parties in the related actions.  This includes the additional agreements reached in the Supplemental Statement.

5

**II.     DISPUTED CLAIM CONSTRUCTIONS**

6
7
8
9

Exhibit B is a chart that sets forth disputed claim terms from U.S. Patent Nos. 5,440,749; 5,530,890; 6,598,148; and 5,809,336 and the respective constructions proposed by each party. All four patents are at issue in the *Acer v. TPL* and *HTC v. TPL* actions, while only the '749, '890, and '336 patents are at issue in the *Barco v. TPL* action.

10
11

The proposed identification of evidence for each disputed claim term provided by plaintiffs Acer, Barco and HTC is attached as Exhibit C.

12
13

The proposed identification of evidence for each disputed claim term provided by Defendants is attached as Exhibit D.

14
15
16
17
18

Exhibit E contains additional disputed claim terms from the '749 patent, the respective constructions proposed by each party, and each parties' identification of evidence (which was originally submitted as Exhibit A to the supplemental claim construction statement).  These terms arose following the reexaminations of the patents-in-suit.  The parties have not identified any of those terms as among the ten most significant terms in Part III below.

19

**III.    IDENTIFICATION OF MOST SIGNIFICANT CLAIM TERMS**

20
21
22
23

The Court has ordered the parties in all three actions to identify the ten claim terms most significant to the resolution of the issues in the case, with consideration given to HTC's pending motion for summary judgment.  The parties have accordingly identified the following claim terms as being most significant to the resolution of the issues in that case at this time:

24
25
26
27
28

1.      multiple sequential instructions ('749 Patent) (Row 7 of Exhibit B attached hereto)

2.      separate direct memory access central processing unit ('890 Patent) (Row 14)

3.      instruction register ('890 Patent) (Row 12)

4.      operates asynchronously to ('336 Patent) (Row 29)

Amended Patent Local Rule 4-3 Joint Claim
Construction and Prehearing Statement

1       5.      supply the multiple sequential instructions to said central processing unit

2               integrated circuit during a single memory cycle ('749 Patent) (Row 5)

3       6.      clocking said central processing unit  ('336 Patent) (Row 20)

4       7.      ring oscillator ('148, '336, '890, '749 Patents) (Row 22)

5       8.      providing an entire variable speed clock disposed upon said integrated circuit

6               substrate ('336 Patent) (Row 28)

7       9.      push down stack connected to said ALU ('749 Patent) (Row 1)

8       10.     as a function of parameter variation ('336 patent) (Row 21)

9           The parties agree that the Court's construction of "connected to" within Term 9 above,

10  will apply in the same manner to Rows 3, 8, 9, 15, and 16, as numbered in Exhibit B attached

11  hereto.

12          The parties also agree that the construction of "operation of said input/output interface

13  asynchronously from said central processing unit" is closely related to "operates asynchronously

14  to." (Ex. B, No. 29).  To avoid duplicative briefing and to promote judicial economy, the parties

15  agree that if the Court construes the phrase "operates asynchronously to" to mean "operates

16  without a timing relationship to/with," then Plaintiffs' proposed construction for "operation of

17  said input/output interface asynchronously from said central processing unit" in Exhibit E, Row 3

18  (page 1) will apply.  Conversely, if the Court construes the phrase, "operates asynchronously to"

19  as "timed by independent clock signals," then Defendants' proposed construction for "operation

20  of said input/output interface asynchronously from said central processing unit" set forth in

21  Exhibit E, Row 3 (page 4), will apply.

22          **Plaintiffs' Position Regarding Additional Term**:

23          Plaintiffs propose that the 10 terms to be construed at this time include the following three

24  parallel, case-dispositive terms which should be construed consistently and at the same time:

25      • "An entire ring oscillator variable speed system clock in said single integrated
           circuit" (Row 23 of Exhibit B attached hereto);
26

27      • "An entire oscillator disposed upon said integrated circuit substrate" (Row 19);
           and

28

Amended Patent Local Rule 4-3 Joint Claim
Construction and Prehearing Statement                    - 4 -

- "Providing an entire variable speed clock disposed upon said integrated circuit substrate" (Row 28) (agreed-upon Term 8 for construction in Part I above).[1]

Plaintiffs respectfully submit that these three terms should be considered a single Term 8 for purposes of identifying the 10 most significant terms to be construed. *See* Order Vacating Case Management Conference; Denying Motion to Strike, *US Ethernet Innovations LLC v. Acer, Inc.*, No. 10-03724 JW (Dkt. No. 547) (Ware, J.) (Sept. 7, 2011) at pages 5-7.

As explained in the parties' respective claim construction briefing, the single embodiment in the patents-in-suit discloses an on-chip "ring oscillator" that acts as a variable speed system clock for the CPU. This single disclosure of "ring oscillator" (Row 22) (agreed-upon Term 7 for construction in Part I above) is the specification support for Rows 23, 19 and 28 quoted above. After Judge Ward's claim construction ruling in the Texas action, Defendants distinguished prior art during reexamination proceedings by expressly representing to the Examiner that the disclosed and claimed "ring oscillator" is "non-controllable" and "variable based on the environment." *See* Interview Summary, 2/12/08, Control No. 90/008,227.

Based on Defendants' express disclaimer, Plaintiffs argue in their consolidated claim construction brief that the oscillator or clock in each of Rows 23, 19 and 28 be limited, *inter alia*, as "non-controllable" and "variable based on the voltage, temperature and process parameters in the environment." Defendants oppose this limitation, but in their claim construction briefs Defendants do not differentiate among Rows 23, 19 and 28 based on the differences in their claim language. The parties' positions for Rows 22, 23, 19 and 28 are set forth in the table below (with differences shown in boldface and strikeouts):

| Claim term | Plaintiffs' Construction | Defendants' Construction |
|---|---|---|
| Ring oscillator (Row 22) (Agreed-Upon Term 7 for | An oscillator having a multiple, odd number of inversions arranged in a loop, | An oscillator having a multiple, odd number of inversions arranged in a loop |

---

[1] Because Rows 23, 19 and 28 have similar language and raise the same claim construction disputes, Plaintiffs had proposed during meet-and-confer that only Row 23 be construed, but its construction would control the constructions of Rows 19 and 28. Row 23 was suggested as representative because it includes practically all of the disputed language. However, Defendants' position, articulated below, that the differences in language affect the claim construction issues appears to require that all three rows be construed.

Amended Patent Local Rule 4-3 Joint Claim
Construction and Prehearing Statement

- 5 -

| Claim term | Plaintiffs' Construction | Defendants' Construction |
|---|---|---|
| Construction in Part I above) | **wherein the oscillator is: (1) non-controllable; and (2) variable based on the temperature, voltage, and process parameters in the environment** | |
| An entire ring oscillator variable speed system clock in said single integrated circuit (Row 23) | A ring oscillator variable speed system clock that is located entirely on the same semiconductor substrate as the CPU and does not ~~directly~~ rely on a ~~command input~~ control signal or an external crystal/clock generator to generate a clock signal,<br><br>**wherein the ring oscillator variable speed system clock is: (1) non-controllable; and (2) variable based on the temperature, voltage, and process parameters in the environment** | A ring oscillator variable speed system clock that is located entirely on the same semiconductor substrate as the CPU and does not **directly** rely on a **command input** control signal or an external crystal/clock generator to generate a clock signal |
| An entire oscillator disposed upon said integrated circuit substrate (Row 19) | An oscillator that is located entirely on the same semiconductor substrate as the CPU and does not ~~directly~~ rely on a ~~command input~~ control signal or an external crystal/clock generator to generate a clock signal,<br><br>**wherein the oscillator is: (1) non-controllable; and (2) variable based on the temperature, voltage, and process parameters in the environment** | An oscillator that is located entirely on the same semiconductor substrate as the CPU and does not **directly** rely on a **command input** control signal or an external crystal/clock generator to generate a clock signal |
| Providing an entire variable speed clock disposed upon said integrated circuit substrate (Row 28) (Agreed-Upon Term 8 for Construction in Part I above) | Providing a variable speed ~~system~~ clock that is located entirely on the same semiconductor substrate as the CPU and does not ~~directly~~ rely on a ~~command input~~ control signal or an external crystal/clock generator to generate a clock signal,<br><br>**wherein the variable speed clock is: (1) non-controllable; and (2) variable based on the temperature, voltage, and process parameters in the environment** | Providing a variable speed **system** clock that is located entirely on the same semiconductor substrate as the CPU and does not **directly** rely on a **command input** control signal or an external crystal/clock generator to generate a clock signal |

1    As demonstrated by the chart above, despite the differences in claim language, each side

2    has respectively proposed parallel constructions for Rows 23, 19 and 28 with common

3    limitations.[2] In their claim construction briefs, Defendants <u>never</u> even suggested the possibility of

4    different limitations for Rows 23, 19 and 28 based on their different claim language.

5    But below, Defendants now take the new position that the differences in claim language

6    among these rows (i.e., "ring oscillator variable speed system clock" versus "oscillator" or

7    "variable speed clock") affect the disputed common limitations. The chart above, however, belies

8    any contention that these differences are significant. By belatedly relying on the differences in

9    the claim language, Defendants now raise the possibility that each of the three terms has a

10   different meaning. For that reason, the construction of all three is required, though Plaintiffs

11   believe the differences in their claim language are not significant to the disputed common

12   limitations and that the common arguments will be determinative for all three.

13   Defendants are proposing below that Rows 23 and 19 be left completely unconstrued,

14   even as to the common dispute among Rows 23, 19 and 28 over whether the claimed "entire" ring

15   oscillator variable speed system clock/oscillator/variable speed clock "**directly** rel[ies] on a

16   **command input** control signal or an external crystal/clock generator to generate a clock signal."

17   But rather than explain why Rows 19 and 23 do not require any construction, Defendants'

18   position below includes elaborate claim construction arguments respecting Rows 19, 23 and 28

19   that are not found in their claim construction briefs. Ironically, Defendants' new claim

20   construction arguments merely highlight the importance of construing Rows 19, 23 and 28

21   together, although this joint statement is not the place for Plaintiffs to respond to Defendants' new

22   arguments.

23   Given the disputes apparent from both the table above and Defendants' new arguments

24   below, Defendants' position appears intended to stymie the Court's consideration of whether

25   Defendants' disclaimers made to the USPTO apply to these parallel terms as proposed by the

26

27   [2] During meet-and-confer, Defendants proposed that Row 19, "an entire oscillator . . . ," be
     construed, and Row 23 and 28 have constructions parallel to Row 19. Hence, at least during
     meet-and-confer, it appeared that there was no dispute that Rows 19, 23 and 28 should have
28   parallel constructions with common limitations.

Amended Patent Local Rule 4-3 Joint Claim
Construction and Prehearing Statement                    - 7 -

1   Plaintiffs in their claim construction brief.  Plaintiffs believe that Rows 19, 23 and 28 need to be

2   construed together in light of Defendants' disclaimers to properly resolve the claim construction

3   disputes on these claim phrases.

4          **Defendants' Position Regarding Additional Terms**:

5          C.      <u>Remaining Dispute on Terms For Construction</u>.  Defendants believe that

6   construction of the ten terms set forth above is sufficient, and comports with this Court's October

7   5, 2011 Order that "the total terms identified by all parties as most significant cannot exceed 10."

8   Defendants do not agree that three claim phrases (Rows 19, 23, and 28) should only count as one

9   (Term 8) under the guise of "parallel" terms with undefined "common limitations."[3]  The

10  construction of these terms will necessarily vary because the terms themselves use different

11  words.[4]  Defendants likewise reject Plaintiffs' attempt to limit any one of these different terms to

12  a clock that is non-controllable and variable based on the environment.

13         Contrary to Plaintiffs' assertion, Defendants never made a disclaimer during the

14  reexamination proceedings.   Plaintiffs mistakenly rely on a statement by the examiner (and not

15  the patent owner) in an interview summary from the reexamination of the '148 patent.  Beyond

16  that, they seek to apply it to a different term ("an entire ring oscillator variable speed system

17  clock in said single integrated circuit") which is not in the '148 patent claims, but instead is found

18  in the '336 patent  This issue has already been thoroughly briefed by the parties in both the

19  Markman briefs and the summary judgment briefs, and Defendants believe it is inappropriate to

20  repeat those arguments in a Joint Claim Construction Statement.

21         The parties have been ordered by the Court not to exceed 10 significant terms, and though

22  Plaintiffs may find it difficult to do so, counting numerous different terms as one is neither fair

23

24  [3] Defendants offered to have the construction of Row 19 apply to Rows 23 and 28 for the limited issue of "[t]he main dispute in Row 19[, which] is whether an oscillator located entirely on the same semiconductor substrate as the CPU does not directly rely on a command input control

25  signal, or merely does not rely on a control signal.  Defendants remain willing to stipulate that the construction of Row 19 <u>on this issue</u> will apply to Row 28, as well as to Row 23."  Email from N.

26  Joesten to K. Chen, Apr. 4, 2011 (emphasis added) (attached as Ex. A to Declaration of Nan E. Joesten).

27  [4] The doctrine of claim differentiation dictates that different claims with different language have different meaning, and should not be inferred to have the same construction because of some

28  misguided notion of "parallel terms."

Amended Patent Local Rule 4-3 Joint Claim
Construction and Prehearing Statement          - 8 -

1  nor compliant with the Order.  Thus, Defendants oppose Plaintiffs' efforts to expand the number

2  of significant terms beyond 10, and urge that 10 is sufficient.

3  **IV.      ANTICIPATED LENGTH OF CLAIM CONSTRUCTION HEARING**

4      A claim construction hearing has been scheduled for January 27, 2012.  A tutorial has

5  been scheduled for January 26, 2012.

6  **V.      WITNESSES FOR THE CLAIM CONSTRUCTION HEARING**

7      Defendants do not currently plan to call any fact or expert witness to testify live at the

8  claim construction hearing.  Defendants' expert, Dr. Vojin Oklobdzija, may submit testimony in

9  rebuttal to evidence or argument advanced by Plaintiffs in connection with the claim construction

10  process, including in rebuttal to any expert testimony submitted by Plaintiffs.

11      Plaintiffs Acer and HTC do not plan to call witnesses to testify live at the claim

12  construction hearing, but will have their expert witnesses, Dr. Andrew Wolfe and Dr. David May,

13  respectively, available should the Court believe that such testimony would be useful in resolving

14  the disputed terms between the parties.  Acer and HTC may submit declarations from Dr. Wolfe

15  and/or Dr. May in connection with claim construction briefing and will provide a summary of

16  their expert opinions as part of Exhibit C.

17                                Respectfully submitted,

18  [SIGNATURE BLOCKS ON NEXT PAGE]

19

20

21

22

23

24

25

26

27

28

Amended Patent Local Rule 4-3 Joint Claim
Construction and Prehearing Statement                - 9 -

1    Dated: November 23, 2011                    AGILITY IP LAW, LLP

2

3                                                By:   /s/ James C. Otteson
                                                       James C. Otteson
4                                                      jim@agilityiplaw.com
                                                       Michelle Breit
5                                                      mbreit@agilityiplaw.com
                                                       Agility IP Law, LLP
6                                                      149 Commonwealth Drive
                                                       Menlo Park, CA 94025
7                                                      Telephone:  (650) 227-4800
                                                       Facsimile:   (650) 318-3483
8
                                                 *Attorneys for Technology Properties Ltd.*
9                                                *and Alliacense Ltd.*

10   Dated: November 23, 2011                    KIRBY NOONAN LANCE & HOGE LLP

11

                                                 By:   _____/S/ Charles Hoge_____
12                                                     Charles T. Hoge, Esq.
                                                       choge@knlh.com
13                                                     Kirby Noonan Lance & Hoge LLP
                                                       350 Tenth Avenue
14                                                     Suite 1300
                                                       San Diego, CA 92101
15
                                                 *Attorneys for Patriot Scientific Corp.*
16
     Dated: November 23, 2011                    BAKER & MCKENZIE LLP
17

18
                                                 By:  /s/ Edward Runyan
19                                                     Edward K. Runyan, Esq.
                                                       Edward.Runyan@Bakermckenzie.com
20                                                     Baker & McKenzie
                                                       130 East Randolph Drive
21                                                     Chicago, IL 60601
                                                       Telephone:  (312) 861-8811
22                                                     Fax:  (312) 698-2341

23                                               *Attorneys for Barco, N.V.*

24

25

26

27

28

     Amended Patent Local Rule 4-3 Joint Claim
     Construction and Prehearing Statement                - 10 -

1    Dated: November 23, 2011                    COOLEY LLP

2

3                                                By: /s/ Kyle Chen
                                                    Kyle D. Chen, Esq.
4                                                   kyle.chen@cooley.com
                                                    Heidi L. Keefe, Esq.
5                                                   hkeefe@cooley.com
                                                    Mark R. Weinstein, Esq.
6                                                   mweinstein@cooley.com
                                                    Cooley LLP
7                                                   3000 El Camino Real
                                                    Five Palo Alto Square, 4th Floor
8                                                   Palo Alto, California 94306
                                                    Telephone: (650) 843-5000
9                                                   Fax: (650) 857-0663

10                                               *Attorneys for HTC Corporation and HTC
                                                 America, Inc.*

11
     Dated: November 23, 2011                    K&L GATES LLP
12

13
                                                 By: /s/ Timothy Walker
14                                                  Timothy P. Walker, Esq.
                                                    Timothy.walker@klgates.com
15                                                  Harold H. Davis, Jr., Esq.
                                                    Harold.davis@klgates.com
16                                                  Jas Dhillon, Esq.
                                                    Jas.dhillon@klgate.com
17                                                  Jeffrey M. Ratioff
                                                    Jeffrey.ratinoff@klgates.com
18                                                  K&L Gates LLP
                                                    Four Embarcadero Center, Suite 1200
19                                                  San Francisco, CA 94111
                                                    Phone: (415) 882-8200
20                                                  Fax: (415) 882-8220

21

22                                               *Attorneys for Acer, Inc., Acer America
                                                 Corp. and Gateway, Inc.*

23

24

25

26

27

28

     Amended Patent Local Rule 4-3 Joint Claim
     Construction and Prehearing Statement          - 11 -

1    **<u>ATTESTATION PER GENERAL ORDER 45</u>**

2        I, James C. Otteson, am the ECF User whose ID and password are being used to file this

3    paper.  In compliance with General Order 45, X.B., I hereby attest that the counsel listed above

4    have concurred with this filing.

5

6    Dated: November 23, 2011

7

8
     989239
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Amended Patent Local Rule 4-3 Joint Claim
Construction and Prehearing Statement                - 12 -