JAMES C. OTTESON, State Bar No. 157781
jim@agilityiplaw.com
THOMAS T. CARMACK, State Bar No. 229324
tom@agilityiplaw.com
PHILIP W. MARSH, State Bar No. 276383
phil@agilityiplaw.com
AGILITY IP LAW, LLP
149 Commonwealth Drive
Menlo Park, CA 94025
Telephone:  (650) 227-4800
Facsimile:   (650) 318-3483

Attorneys for Defendants
TECHNOLOGY PROPERTIES LIMITED and
ALLIACENSE LIMITED

CHARLES T. HOGE, State Bar No. 110696
choge@knlh.com
KIRBY NOONAN LANCE & HOGE
35 Tenth Avenue
San Diego, CA 92101
Telephone:  (619) 231-8666
Facsimile:   (619) 231-9593

Attorneys for Defendant
PATRIOT SCIENTIFIC CORPORATION

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| ACER, INC., ACER AMERICA CORPORATION and GATEWAY, INC.,<br><br>    Plaintiffs,<br>        v.<br>TECHNOLOGY PROPERTIES LIMITED, PATRIOT SCIENTIFIC CORPORATION, and ALLIACENSE LIMITED,<br><br>    Defendants. | Case No.  5:08-cv-00877 PSG<br><br>**DEFENDANTS' MOTION *IN LIMINE* NO. 5 TO EXCLUDE THE TESTIMONY OF DAVID MAY**<br><br>Judge:   Hon. Paul S. Grewal<br>Date:    August 29, 2013<br>Time:    2:00 p.m. |
| HTC CORPORATION and HTC AMERICA, INC.,<br><br>    Plaintiffs,<br>        v.<br>TECHNOLOGY PROPERTIES LIMITED, PATRIOT SCIENTIFIC CORPORATION and ALLIACENSE LIMITED,<br><br>    Defendants. | Case No.  5:08-cv-00882 PSG |
| AND ALL RELATED COUNTERCLAIMS | |

**NOTICE OF MOTION**

TO ALL PARTIES AND TO THEIR RESPECTIVE ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on August 29, 2013, at 2:00 p.m, or as soon as thereafter as the matter may be heard, before Judge Paul S. Grewal, United States Magistrate Judge, located at 280 South 1st Street, San Jose, CA, Courtroom 5, Defendants Technology Properties Limited, Patriot Scientific Corporation and Alliacense Limited (collectively, "Defendants") will and hereby do move the court, pursuant to Federal Rule of Evidence 702, for an order precluding testimony from expert witness David May.  This motion is based on the Memorandum of Points and Authorities set forth below, the supporting declaration of Philip W. Marsh ("Marsh Decl.") and exhibits thereto, and such other matters as may be presented at the hearing on Defendants' motion and allowed by the Court.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**Statement of Issue to be Decided**

Whether Mr. David May should be precluded from testifying as an expert witness.

**Introduction**

Defendants Technology Properties Limited ("TPL"), Patriot Scientific Corporation and Alliacense Limited (collectively, "Defendants") seek the preclusion of testimony from expert witness David May.  HTC Corporation and HTC America, Inc. (collectively, "HTC") have proffered the expert testimony of Mr. May on the issue of whether U.S. Patent 5,530,890 ("the '890 patent") is invalid.  Mr. May's testimony should be excluded for two distinct reasons.  First, contrary to his expert report, during his deposition Mr. May admitted that there is no anticipation of the '890 patent.  Second, in violation of controlling case law, Mr. May applied his own claim constructions in rendering his opinions.  Mr. May's testimony should be excluded under Federal Rule of Evidence 702, because it is not "the product of reliable principles and methods," and would not "help the trier of fact to understand the evidence or to determine a fact in issue."

# Argument

## I. APPLICABLE LEGAL PRINCIPLES.

Federal Rule of Evidence ("Rule") 702 governs testimony offered by experts, which is permitted if the witness is qualified by "knowledge, skill, experience, training, or education." Fed. R. Evid. 702. Expert testimony is permitted if the following additional criteria are also satisfied:

(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;

(b) the testimony is based on sufficient facts or data;

(c) the testimony is the product of reliable principles and methods; and

(d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702.

When faced with a proffer of expert testimony, it is the trial judge's responsibility to determine, at the outset, whether the expert is proposing to testify to expert knowledge and whether such testimony will assist the trier of fact to understand or determine a fact in issue. *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 592 (1993). Expert testimony that is unreliable or irrelevant must be excluded under Rule 702. *Id*. at 589. *See also Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 157 (1999) ("Nothing in either *Daubert* or the Federal Rules of Evidence requires a district court to admit opinion evidence that is connected to existing data only by the *ipse dixit* of the expert."); *Volterra Semiconductor Corp. v. Primarion, Inc*., 799 F.Supp.2d 1092, 1098–99 (N.D. Cal. 2011) ("When an expert opinion is not supported by sufficient facts to validate it in the eyes of the law, or when indisputable record facts contradict or otherwise render the opinion unreasonable, it cannot support a jury's verdict.") (*quoting Brooke Group Ltd. v. Brown & Williamson Tobacco Corp*., 509 U.S. 209, 242 (1993)).

In a patent case, admission of expert testimony in accordance with *Daubert* must follow the law of the circuit in which the district court sits. *See Micro Chem., Inc. v. Lextron, Inc*., 317 F.3d 1387, 1390–91 (Fed. Cir. 2003). In the Ninth Circuit, expert testimony must be based on the correct legal standards. *See, e.g.*, *Nationwide Transp. Fin. v. Cass Info. Sys., Inc.*, 523 F.3d 1051,

1059 (9th Cir. 2008). Expert testimony based on incorrect or inapplicable legal standards must be excluded. *Id*.

## II. MR. MAY'S TESTIMONY SHOULD BE EXCLUDED UNDER *DAUBERT* BECAUSE HE HAS ALREADY CONCEDED THE '890 PATENT IS NOT ANTICIPATED.

Defendants have asserted that HTC infringes claims 11, 12, 13, 17 and 19 of the '890 Patent. Claim 11 of the '890 patent is independent, while claims 12, 13, 17 and 19 depend from claim 11. In his expert report, Mr. May opined that certain alleged prior art references anticipate "each and every element of the asserted claims of the '890 patent, thus rendering these claims invalid." *See* Marsh Decl., Exh. A (Excerpts from Expert Report of David May) at ¶ 115.

If an independent claim is not found invalid for anticipation, claims that depend from the independent claim cannot be either. *See e.g., RCA Corp. v. Applied Digital Data Sys., Inc.*, 730 F.2d 1440, 1446 (Fed. Cir. 1984) (if prior art did not anticipate independent claim, it could not anticipate dependent claim); *CNET Networks, Inc. v. Etilize, Inc.*, 584 F.Supp.2d 1260, 1264 (N.D.Cal.2008) (same).

During his deposition, Mr. May testified that there is no anticipation of Claim 11 of the '890 Patent, the only independent claim at issue:

> Q.   Just taking only the Court's claim construction… and the -- the terms to which the parties have agreed upon a construction… would it be your opinion that the '890 Patent is invalid, either through anticipation or obviousness?
>
> A.   From the point of view of Claim 11, I'm not sure about -- **I doubt if there's anticipation**.

*See* Marsh Decl., Exh. B (Excerpts from 7/16/13 Deposition of David May ("May Depo.")) at 82:3-13 (emphasis added). If Claim 11, an independent claim, is not found invalid for anticipation, claims that depend from Claim 11 cannot be anticipated either. Here, all other claims at issue depend from Claim 11.

In his expert opinion, Mr. May opined that two references anticipate the '890 patent the Transputer architecture and the ARM architecture. *See* Marsh Decl., Exh. A at ¶¶ 119 and 204. However, in his deposition, Mr. May confirmed his understanding that the '890 patent is not

DEFTS' MOTION *IN LIMINE* NO. 5         3         CASE NOS. 5:08-cv-00877, 5:08-cv-0082 PSG
TO EXCLUDE TESTIMONY
OF DAVID MAY

anticipated—under either the Court's or his own construction of the asserted claims—by either of these references:

> Q. I think we can agree that **the transputer architecture actually does not anticipate the claims of the '890 Patent because it does not disclose every element by itself**, right?
>
> A. **That's correct.**
>
> * * *
>
> Q. So let me try to understand the implications out of this because I didn't fully appreciate this when I read your report. But assuming that you read the '890 to preclude the use of general purpose registers -- none of the references that you disclose in your report actually disclose the exact claim elements from the '890 claims, right?
>
> A. No. No. That -- that – that's why I hesitated earlier when -- when I -- **if I take the – my suggested interpretation of the claim, it's not anticipated, I don't think**.
>
> * * *
>
> Q. Okay. So we can agree that **the ARM architecture doesn't anticipate Claim 11**, right?
>
> A. **That's correct**.

*See* Marsh Decl., Exh. B at 97:2-6; 111:16-112:1; 191:16-18 (emphasis added).

Because Mr. May has conceded there is no anticipation of the '890 patent, he should be precluded from arguing to the contrary at trial.

### III. MR. MAY'S TESTIMONY SHOULD BE EXCLUDED UNDER *DAUBERT* BECAUSE HE IMPROPERLY FAILED TO APPLY THE COURT'S CLAIM CONSTRUCTION.

In his expert report, Mr. May acknowledged that the '890 patent discloses the use of a separate direct memory access central processing unit, or separate "DMA CPU." *See* Marsh Decl., Exh. A at ¶ 99. In his expert report, Mr. May claimed that the DMA CPU "is intended to be a specialized processor dedicated to performing DMA operations traditionally performed by a DMA controller." *Id.* The Court, however, construed "separate DMA CPU" to mean "a central processing unit that accesses memory and that fetches and executes instructions directly and separately of the main central processing unit." *Id.* at ¶ 113. In his deposition, Mr. May acknowledged that his construction of the term DMA CPU (as contained in his expert report) was different from the Court's construction:

DEFTS' MOTION *IN LIMINE* NO. 5         4         CASE NOS. 5:08-CV-00877, 5:08-CV-0082 PSG
TO EXCLUDE TESTIMONY
OF DAVID MAY

> Q. That's what you think, in your opinion, the term DMA CPU should mean?
>
> A. Right.
>
> Q. **And then there's the Court's construction which is a little bit different from that construction, right**?
>
> A. **Yeah**.

*See* Marsh Decl., Exh. B at 121:5-11 (emphasis added).

Mr. May testified that he relied on his *own* construction of DMA CPU (as quoted above), rather than the Court's construction, when determining whether the claims of the '890 patent were anticipated or obvious:

> Q. And my question is, **this construction of DMA CPU, the second sentence of paragraph 99, is that the construction you applied when you were determining whether the claims of the '890 Patent are anticipated or obvious**?
>
> A. **Yes**.

*See id.* at 87:11-16 (emphasis added).

As noted above, expert testimony must be based on the correct legal standards. *See, e.g.*, *Nationwide Transp. Fin. v. Cass Info. Sys., Inc.*, 523 F.3d 1051, 1059 (9th Cir. 2008). At trial, it is the Court's claim construction which governs. *See Chicago Mercantile Exchange, Inc. v. Tech. Research Group*, LLC, 782 F.Supp.2d 667, 673-74 (N.D. Ill. 2011). As such, a witness' testimony must be excluded to the extent it is based on erroneous claim construction positions or constructions that are irrelevant to issues that will be decided at trial. *See id.* ("At trial, it is the Court's claim construction which governs… *Any testimony that is based on an alternative construction is therefore irrelevant*.") (emphasis added). Mr. May's use of his own claim construction for "DMA CPU" would not be helpful to the jury, and should be excluded. Because Mr. May failed to use the Court's claim construction and instead used his own construction, his opinion would not be helpful to the jury, and should be excluded. Fed. R. Evid. 702; *Innogenetics*, 512 F.3d at 1373.

## Conclusion

For all of the reasons set forth above, Defendants Technology Properties Limited, Patriot Scientific Corporation and Alliacense Limited respectfully ask the Court to grant their *Daubert* motion to exclude the testimony of Mr. David May.

Dated: August 15, 2013

Respectfully Submitted,

AGILITY IP LAW, LLP

By: /s/ *Philip W. Marsh*
    Philip W. Marsh

Attorneys for Defendants
TECHNOLOGY PROPERTIES LIMITED
and ALLIACENSE LIMITED

KIRBY NOONAN LACE & HOGE

By: /s/ *Charles T. Hoge*
    Charles T. Hoge

Attorneys for Defendant
PATRIOT SCIENTIFIC CORPORATION