COOLEY LLP
HEIDI L. KEEFE (178960) (hkeefe@cooley.com)
MARK R. WEINSTEIN (193043) (mweinstein@cooley.com)
RONALD S. LEMIEUX (120822) (rlemieux@cooley.com)
KYLE D. CHEN (239501) (kyle.chen@cooley.com)
Five Palo Alto Square, 4th Floor
3000 El Camino Real
Palo Alto, California 94306-2155
Telephone:   (650) 843-5000
Facsimile:   (650) 857-0663

STEPHEN R. SMITH (*pro hac vice*) (stephen.smith@cooley.com)
One Freedom Square
Reston Town Center
11951 Freedom Drive
Reston, VA 20190-5656
Telephone:  (703) 456-8000
Facsimile:  (703) 456-8100

Attorneys for Plaintiffs
HTC CORPORATION and
HTC AMERICA, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| HTC CORPORATION and HTC AMERICA, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>TECHNOLOGY PROPERTIES LIMITED, PATRIOT SCIENTIFIC CORPORATION and ALLIACENSE LIMITED,<br><br>Defendants. | Case No. 5:08-cv-00882 PSG<br><br>[Related to Case No. 5:08-cv-00877 PSG]<br><br>**MEMORANDUM IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION *IN LIMINE* NO. 5 TO EXCLUDE THE TESTIMONY OF DR. DAVID MAY**<br><br>Complaint Filed:   February 8, 2008<br>Trial Date:           September 23, 2013<br><br>Date:    August 29, 2013<br>Time:    2:00 p.m.<br>Place:   Courtroom 5, 4th Floor<br>Judge:   Hon. Paul S. Grewal |

**I.   INTRODUCTION**

TPL bases its motion to preclude Dr. May from testifying on two allegations—(1) that he "admitted" the '890 patent is not anticipated; and (2) that he improperly applied his own claim constructions when rendering his opinion. Both allegations are unfounded.

**First**, Dr. May did not "concede" or "admit" that he found no anticipation of the U.S. Patent No. 5,530,890 ("the '890 patent"). TPL's allegation of "admission" is based Dr. May's answers in deposition to a hypothetical question divorced from its context, and to an improperly-compound question that TPL misquotes in its Motion. These purported "admissions" cannot stand up to the overwhelming evidence of Dr. May's opinion that the '890 patent is invalid for anticipation.

**Second**, Dr. May did not fail to properly apply the Court's claim constructions. Dr. May explicitly and repeatedly confirmed his adherence to the Court's claim constructions. TPL's charge that Dr. May failed to apply the Court's claim construction to a single term "DMA CPU" contradicts the weight of the evidence.

In addition, the relief TPL seeks here is out of all proportion with even its own allegations. TPL's complaints are simply not sufficient to exclude Dr. May's testimony in its entirety. As for TPL's charges regarding anticipation, Dr. May's expert report properly discloses a multitude of invalidity opinions against the '890 patent. And his report is not just about anticipation, despite TPL's additional—and completely unacknowledged—misquotes from the record. As for the use of the Court's claim constructions, Dr. May's report likewise addresses all the claim elements. TPL's charge that he failed to apply the Court's claim construction to a single term "DMA CPU" cannot possibly disqualify him to testify on the other claim elements.

TPL, however, asks the Court to preclude Dr. May "from testifying as an expert witness" without qualifying the scope of its motion *in limine*. (TPL's MIL No. 5 (Dkt. No. 492) at 1.) There is no rule or reason for such a sweeping exclusion of expert testimony based on TPL's isolated and out-of-context allegations of impropriety.

## II. DR. MAY DID NOT "CONCEDE" OR "ADMIT" THAT HE FOUND NO ANTICIPATION OF THE '890 PATENT

In response to a series of hypothetical question from TPL's counsel, Dr. May testified that based on counsel's "suggested interpretation of the claim, it's not anticipated." (Declaration of Kyle D. Chen ("Chen Decl."), Ex. A at 111:16 - 112:2.)  This is hardly an admission that the '890 patent was not anticipated under the Court's claim construction.  Indeed, Dr. May previously testified that "I [also] think there would be a question about obviousness." (*Id*. at 82:13-14.) Remarkably, TPL's brief completely excises this last sentence from its quotation in its brief, and does so without any signal of its omission.

TPL seizes on Dr. May's hypothetical analysis of anticipation using only a single filter, "[j]ust taking only the Court's claim construction" and—as TPL's counsel asked him to—without consideration of the patent disclosure, the claim language and TPL's interpretation of the Court's claim construction.  (*See id*. at 80:12 - 82:14.)  TPL provides no authority to support its contention that the proper framework for analyzing anticipation is based "only [on] the Court's claim construction" without any regard to the surrounding context.  Such a hypothetical question devoid of context does not constitute an "admi[ssion] that there is no anticipation of the '890 patent." (*See* Dkt. No. 492 at 1.)

TPL's final basis for its claim of Dr. May's alleged "admission" is his answer to a compound question that TPL unfairly takes out of context.

> Q. **Okay.  That being the case, I mean I think this is the second time we kind of talked about an example of something that the transputer has -- where it's not exactly the same.**  I think we can agree that the transputer architecture actually does not anticipate the claims of the '890 Patent because it does not disclose every element by itself, right?
>
> A. That's correct.

(Chen Decl. Ex. A at 96:23 - 97:6 (emphasis added); *cf.* Dkt. No. 492 at 4.)  The improper form of TPL's question renders Dr. May's response inconclusive at best and the entirety of Dr. May's opinion and his deposition testimony conveys a vastly different picture.

### III. DR. MAY APPLIED THE COURT'S CLAIM CONSTRUCTION

Dr. May's opinion as to the novelty and obviousness of the '890 patent claims is based on a proper application of the Court's claim construction. Throughout the expert report, Dr. May specifically notes that his opinions are based on the claim constructions provided by the Court. (*See, e.g.,* Chen Decl. Ex. B at ¶¶ 111, 119, 126, 192-193, 208; *see, also,* Chen Decl. Ex. C at 3, 40, 41; and Chen Decl. Ex. D at 2. Moreover, during his deposition, Dr. May clearly stated and unequivocally confirmed that he applied the Court's claim construction in rendering his opinions. *See,* Chen Decl. Ex. A at 217:1-4 ("Q: Dr. May … earlier you testified that you applied the Court's claim construction; is that correct? A: Yes."); *see, also, id.* at 113:25 - 114:3 ("Q: So unless you call it out, the claim construction you're operating under is the Court's construction? A: … yes.").)

The fact that Dr. May has a personal belief as to the meaning of "DMA CPU" that is different to the Court's construction is irrelevant to whether his testimony should be excluded under *Daubert*. All that Dr. May is required to do is to apply the Court's construction when ***rendering his opinion on the validity of the '890 patent***, which Dr. May repeatedly confirmed. (*See, e.g.*, Chen Decl. Ex. B at ¶ 125-128 and 207-208 ("The Court has construed 'separate [DMA CPU]' as … [u]nder the Court's construction…").)

### IV. TPL'S HANDCRAFTED DEPOSITION EXCERPTS ARE NOT SUFFICIENT TO EXCLUDE DR. MAY'S TESTIMONY IN ITS ENTIRETY

Dr. May's invalidity expert report (and corresponding claim charts) provide a multitude of opinions and analysis for issues in addition to anticipation, including:

- obviousness based on the Transputer Architecture alone[1], *see, e.g.,* Chen Decl. Ex. C (Exhibit G from May Invalidity Report) at 1;

- obviousness based on the Transputer Architecture in combination with other references such as the "Koopman" reference (*id*. at 11, 13, 15, 16, 18, 19, 24,

---

[1] As disclosed by (1) The Transputer References Manual [HTCTP0111842 – HTCTP0112208]; (2) Transputer Instruction Set - A Compiler Writer's Guide [HTCTP10218078 – HTCTP10218250]; and (3) IMS T414 Transputer Product Sheet [HTCTP10218031 – HTCTP10218046] (collectively, the "Transputer Architecture").

26, 27, 44, 45), the "KDF9" reference (*id.* at 17, 20), and the "Talbot" reference (*id.* at 43) among others, *see, e.g.,* Chen Decl. Ex. A at 103:10-25 ("17 additional references besides the three transputer references");

- obviousness based on the ARM Architecture alone[2], *see, e.g.,* Chen Decl. Ex. D (Exhibit H from May Invalidity Report) at 1;

- obviousness based on the ARM Architecture in combination with other references such as U.S. Patent No. 4,679,166 (*id.* at 4-6) among others. *See, e.g.,* Chen Decl. Ex. A at 103:10-25 ("17 additional references besides the three transputer references"); Chen Decl. Ex. D at 20;

- Motivation to combine the aforementioned references, *e.g., id.* at 4-6;

- Consideration of objective indicia (also known as secondary considerations) of obviousness, Chen Decl. Ex. B at ¶ 256-259;

- Lack of enablement and written description in the '890 patent for the claimed recitation "stack pointer pointing into said first push down stack," *id.* at ¶¶ 250-251;

- Lack of enablement and written description in the '890 patent for the claimed recitation "ring oscillator variable speed system clock," *id.* at ¶ 249; and

- Lack of enablement and written description in the '890 patent for the claimed essential element "a separate direct memory access central processing unit," *id.* at ¶¶ 252-255.

TPL does not—as it cannot—allege that Dr. May "concedes" any of these issues. Moreover, TPL only accuses Dr. May of having "failed to apply the Court's claim construction" on a single term. (Dkt. No. 492 at 4-5.)

TPL repeatedly ignores that HTC has proffered several grounds for finding the Patents in Issue Invalid. For example, in response to a hypothetical question on how Dr. May would evaluate invalidity for a particular prior art reference, TPL represents that Dr. May's answer was

---

[2] As disclosed by portions of the 1987 ARM Datasheet and supported by a book titled "ARM Assembly Language Programming Reference" by Pete Cockerell (collectively, the "ARM Architecture").

1  (Dkt. No. 492 at 3):

2      A. From the point of view of Claim 11, I'm not sure about -- **I doubt if**

3      **there's anticipation**.

4  Of course, in reality, the actual answer was:

5      A. From the point of view of Claim 11, I'm not sure about -- I doubt if

6      there's anticipation. **I think there would be a question about**

7      **obviousness.**

8  (Chen Decl., Ex. A at 82:12-14; emphasis added.)

9  So even if the statement could be construed to constitute an admission on anticipation with regards to that reference, it does not automatically follow that it also constitutes an admission on obviousness. TPL, however, asks the Court to preclude Dr. May "from testifying as an expert witness" entirely, without qualifying the scope of its motion *in limine*. (Dkt. No. 492 at 1.) There is no rule or reason for such a sweeping exclusion of expert testimony based on TPL's isolated and out-of-context claims of admissions on anticipation. TPL cites no case to the contrary, and indeed the case TPL relies upon says only that testimony may be excluded "***to the extent*** it is based on erroneous claim construction positions." *Chicago Mercantile Exch., Inc. v. Tech. Research Grp., LLC,* 782 F. Supp. 2d 667, 673 (N.D. Ill. 2011) (emphasis added).

**V. CONCLUSION**

For the foregoing reasons, HTC respectfully requests that the Court deny TPL's request to exclude Dr. May's testimony.

Dated: August 22, 2013      Respectfully submitted,

COOLEY LLP
HEIDI L. KEEFE
MARK R. WEINSTEIN
RONALD S. LEMIEUX
STEPHEN R. SMITH
KYLE D. CHEN

By:    */s/ Kyle D Chen*

Attorneys for Plaintiffs
HTC CORPORATION and
HTC AMERICA, INC.

571709