# Exhibit 1



**Service of Process Transmittal**
08/20/2013
CT Log Number 523347516

TO: Mark Patrick, VP & Asst. Gen. Csl.
Texas Instruments Incorporated
13588 N. Central Expressway, MS 3999
Dallas, TX 75243

RE: **Process Served in California**

FOR: Texas Instruments Incorporated (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| TITLE OF ACTION: | ACER, Inc., et al., Pltfs. vs. Technology Properties Limited, et al., Dfts. // To: Texas Instruments Incorporated |
| DOCUMENT(S) SERVED: | Subpoena, Proof of Service, Attachment(s) |
| COURT/AGENCY: | United States District Court, Northern District of California, San Jose Division, CA Case # 508CV00877 |
| NATURE OF ACTION: | Subpoena - Business records - Pertaining to any or all of the following chips bearing the model numbers: OMAP850 and OMAP730 for TI Products |
| ON WHOM PROCESS WAS SERVED: | C T Corporation System, Los Angeles, CA |
| DATE AND HOUR OF SERVICE: | By Process Server on 08/20/2013 at 12:45 |
| JURISDICTION SERVED : | California |
| APPEARANCE OR ANSWER DUE: | 09/23/2013 at 9:00 a.m. |
| ATTORNEY(S) / SENDER(S): | Irvin E. Tyan<br>Agility IP Law, LLP<br>149 Commonwealth Drive<br>Mento Park, CA 94025 |
| REMARKS: | *Please note documents contain additional case numbers: 308CV00882. |
| ACTION ITEMS: | SOP Papers with Transmittal, via Fed Ex 2 Day , 796510425759<br>Image SOP<br>Email Notification, Susie Collins s-collins@ti.com<br>Email Notification, Phea Kennedy pkennedy@ti.com |
| SIGNED: | C T Corporation System |
| PER: | Nancy Flores |
| ADDRESS: | 818 West Seventh Street<br>Los Angeles, CA 90017 |
| TELEPHONE: | 213-337-4615 |

Page 1 of  1 / AG

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

124 5
pr

8/20/13

AO 88 (Rev. 07/10) Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Northern District of California

| ACER, INC., ACER AMERICA CORPORATION and GATEWAY, INC., / HTC CORPORATION and HTC AMERICA, INC., | ) |   |
|---|---|---|
| *Plaintiff* | ) |   |
| TECHNOLOGY PROPERTIES LIMITED, PATRIOT SCIENTIFIC CORPORATION, and ALLIACENSE LIMITED, | ) | Civil Action No.   5:08-cv-00877 |
|   | ) | 3:08-cv-00882 |
| *Defendant* | ) |   |

## SUBPOENA TO APPEAR AND TESTIFY
## AT A HEARING OR TRIAL IN A CIVIL ACTION

To: Texas Instruments Incorporated
c/o CT Corporation   818 W. 7th St., Los Angeles, CA 900017-3401

YOU ARE COMMANDED to appear in the United States district court at the time, date, and place set forth below to testify at a hearing or trial in this civil action. When you arrive, you must remain at the court until the judge or a court officer allows you to leave.   See Attachment A

| Place: United States District Court, Northern District of California, San Jose Division 280 South 1st Street, San Jose, CA 95113 | Courtroom No.: 5, 4th Floor |
|---|---|
|  | Date and Time: 09/23/2013 9:00 am |

You must also bring with you the following documents, electronically stored information, or objects *(blank if not applicable)*:

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Fed. R. Civ. P. 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: 8-19-13

CLERK OF COURT

OR

_____          _____
Signature of Clerk or Deputy Clerk                       Attorney's signature

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*  Irvin E. Tyan, Agility IP Law, LLP 149 Commonwealth Drive, Menlo Park, CA 94025, who issues or requests this subpoena, are:
on behalf of Technology Properties Limited, Patriot Scientific Corp., and Alliacense Limited

AO 88 (Rev.07/10) Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action (page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 88 (Rev. 06/09) Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action (page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## ATTACHMENT A

### DEFINITIONS

1. "TI," "YOU," "YOUR," or "YOURS" mean Texas Instruments Incorporated, its predecessors and successors, past and present parents, divisions, subsidiaries, affiliates, and related companies, and all past and present directors, officers, employees, agents, consultants, attorneys and others purporting to act on its behalf.

2. "RELATE," "RELATING TO," "RELATED TO," or "REGARDING" mean concerning, referring to, summarizing, reflecting, constituting, containing, embodying, pertaining to, involved with, mentioning, discussing, consisting of, comprising, showing, commenting on, evidencing, describing or otherwise relating to the subject matter.

3. "TI PRODUCTS" means any or all of the following chips bearing the following model numbers: OMAP850 and OMAP730, and any sub-assembly on which any of the aforementioned chips can be found.

4. The use of the singular form shall include the plural, and the past tense shall include the present tense, and vice versa; the words "and" and "or" shall be both conjunctive and disjunctive; the word "all" shall mean "any and all;" the word "including" shall mean "including without limitation," so as to be most inclusive.

### TOPICS ON WHICH TESTIMONY IS REQUESTED

1. For each TI PRODUCT, the block specifications, and the internal design for each block.

2. The clock tree, and clock circuitry in each TI PRODUCT.

3. The I/O protocol specifications, I/O interfaces, data transfer and chip packaging in each TI PRODUCT.

1

4.  The oscillators in each TI PRODUCT, including but not limited to, any ring oscillators, voltage controlled oscillators, and current controlled oscillators.

5.  The variability of any ring oscillator, voltage controlled oscillator, or current controlled oscillator in each TI Product related to manufacturing variations, operating voltage or operating temperature.

6.  The phase-locked loops in each TI PRODUCT.

7.  The simulation and testing procedures and the corresponding results for the clocking circuitry and the phase-locked loops in each TI PRODUCT.

8.  The structure and function of each TI PRODUCT.

9.  The functions of the ARM9 and GSM-MPU/DSP of each TI PRODUCT.

10. The arithmetic logic units, push down stacks, registers, and pointers of each TI PRODUCT.

11. The connections between any arithmetic logic units and push down stacks in each TI PRODUCT.

12. The internal data bus of each TI PRODUCT, including any components connected to it.

13. The direct memory access or memory controller(s) of each TI PRODUCT.

14. The memory devices used in each TI PRODUCT.

15. Any circuitry or devices used for fetching and supplying instructions to the processors in each TI PRODUCT.

16. The program counter and decrementer used in each TI PRODUCT.