| | |
|---|---|
| 1 | COOLEY LLP |
| 2 | HEIDI L. KEEFE (178960) (hkeefe@cooley.com)<br>RONALD S. LEMIEUX (120822) (rlemieux@cooley.com) |
| 3 | MARK R. WEINSTEIN (193043) (mweinstein@cooley.com)<br>KYLE D. CHEN (239501) (kyle.chen@cooley.com) |
| 4 | Five Palo Alto Square, 4th Floor<br>3000 El Camino Real |
| 5 | Palo Alto, California 94306-2155<br>Telephone:    (650) 843-5000 |
| 6 | Facsimile:    (650) 857-0663 |
| 7 | Attorneys for Plaintiffs<br>HTC CORPORATION AND HTC AMERICA, INC. |
| 8 | [See signature page for additional counsel] |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| HTC CORPORATION, HTC AMERICA, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>TECHNOLOGY PROPERTIES LIMITED, PATRIOT SCIENTIFIC CORPORATION, and ALLIACENSE LIMITED,<br><br>Defendants. | Case No. 5:08-cv-00882 PSG<br><br>**JOINT REQUEST TO DISMISS ALL CLAIMS RELATING TO U.S. PATENT NO. 5,530,890 UNDER F.R.C.P. 41(a)(2)**<br><br>[PROPOSED] **ORDER THEREON**<br><br>The Honorable Paul S. Grewal |

**WHEREAS** plaintiffs HTC Corporation and HTC America, Inc. (collectively "HTC") filed a First Amended Complaint seeking a declaratory judgment that HTC does not infringe any valid and enforceable claim of U.S. Patent No. 5,530,890 (the "'890 patent");

**WHEREAS** defendants Technology Properties Limited, Patriot Scientific Corporation, and Alliacense Limited (collectively "Defendants") filed an Answer and Counterclaim denying HTC's averment that HTC did not infringe any valid and enforceable claim of the '890 patents,

and asserting a counterclaim of infringement regarding the '890 patent;

**WHEREAS** the '890 patent was subject to *ex parte* reexamination with a reexamination certificate issuing on March 1, 2011;

**WHEREAS** on September 17, 2013, the Court issued an order granting-in-part HTC's motion for summary judgment based on the intervening rights doctrine, concluding that "any claims of infringement before the date of the issuance of the reexamination certificate [of the '890 patent] must be precluded" (Dkt. No. 585, at 20:17-18) ("Summary Judgment Order");

**WHEREAS** the HTC products accused of infringing of the '890 patent did not generate revenue in the United States in 2011 or thereafter;

**WHEREAS** based on the Summary Judgment Order and the HTC products accused of infringing the '890 patent in the present action, Defendants cannot establish entitlement to damages under any claim of the '890 patent under 35 U.S.C. § 284;

**WHEREAS** Defendants respectfully believe that the Summary Judgment Order is erroneous with respect to intervening rights on the '890 patent, and reserve their right to seek review by the U.S. Court of Appeals for the Federal Circuit after entry of final judgment in this action;

**WHEREAS** in order to conserve judicial resources and streamline these proceedings, and without prejudice to the rights of any party to appeal all or part of the Summary Judgment Order or any other order for which an appeal is permissible, the parties respectfully request that the Court order, as follows:

**1.** Because Defendants cannot establish entitlement to damages in the present action based on the Summary Judgment Order, the Court hereby **DISMISSES** the Fifth Claim for Relief in HTC's First Amended Complaint (seeking a declaration that HTC does not infringe any valid and enforceable claim of the '890 patent), and Count IV of Defendants' Answer and Counterclaim (alleging infringement of the '890 patent), subject to the conditions of this Order.

**2.** This Order shall not affect any other claim or counterclaim asserted in the present

action, and shall not impair any rights of Defendants or HTC to challenge on appeal any pretrial ruling by the Court for which an appeal is permissible including, without limitation, any challenge to the Summary Judgment Order's application of the intervening rights doctrine.

3. In the event the Federal Circuit reverses the Summary Judgment Order with respect to application of the intervening rights doctrine to the '890 patent, HTC's declaratory judgment claim and Defendants' counterclaim under the '890 patent will be reinstated and proceed unaffected by the dismissal provided in this Order.

4. The provisions of this Order shall be incorporated into any final judgment entered in this action.

Respectfully Requested,

Dated: September 18, 2013         COOLEY LLP

By: /s/ Mark R. Weinstein
Heidi L. Keefe, Esq.
hkeefe@cooley.com
Ron Lemieux
rlemieux@cooley.com
Mark R. Weinstein, Esq.
mweinstein@cooley.com
Cooley LLP
3000 El Camino Real
Five Palo Alto Square, 4th Floor
Palo Alto, California 94306
Phone: (650) 843-5000
Fax: (650) 857-0663

ATTORNEYS FOR PLAINTIFFS HTC CORPORATION AND HTC AMERICA, INC.

By: /s/ James C. Otteson
James C. Otteson, State Bar No. 157781
jim@agilityiplaw.com
Thomas T. Carmack, State Bar No. 229324
tom@agilityiplaw.com
Philip W. Marsh, State Bar No. 276383
phil@agilityiplaw.com

Attorneys for Defendants
TECHNOLOGY PROPERTIES LIMITED
and ALLIACENSE LIMITED

KIRBY NOONAN LACE & HOGE

By: */s/ Charles T. Hoge*
Charles T. Hoge, State Bar No. 110696
choge@knlh.com

Attorneys for Defendant
PATRIOT SCIENTIFIC CORPORATION

**FILER'S ATTESTATION**

Pursuant to Civil Local Rule 5.1(i)(3), the undersigned attests that James C. Otteson and Charles T. Hoge have concurred in the filing of this Joint Request to Dismiss All Claims Relating to U.S. Patent No. 5,530,890 Under F.R.C.P. 41(a)(2).

Dated:  September 18, 2013                 COOLEY LLP

By: */s/ Mark R. Weinstein*

**IT IS SO ORDERED.**

Dated: September 19, 2013

_____
Honorable Paul S. Grewal
United States Magistrate Judge

1172697 v1/HN