UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| HTC CORPORATION AND HTC AMERICA, INC., <br><br>                    Plaintiffs, <br>      v. <br><br>TECHNOLOGY PROPERTIES LIMITED, et al., <br><br>                    Defendants. | Case No.: 5:08-cv-00882-PSG <br><br>**ORDER DENYING TEXAS INSTRUMENTS' MOTION TO QUASH THE TRIAL SUBPOENA** <br><br>**(Re: Docket Nos. 565, 570)** |

In this patent infringement suit, non-party Texas Instruments, Inc. ("TI") brings two motions to quash two trial subpoenas. The parties appeared for a hearing earlier today. After considering the parties' arguments, the court DENIES both motions.

On August 20, 2013, Defendants Technology Properties Limited, Patriot Scientific Corp., and Alliacense Limited (collectively "TPL") served a first trial subpoena on TI.[1] A second trial subpoena was served on September 10, 2013.[2] These two subpoenas followed an earlier subpoena

---

[1] *See* Docket No. 565-2 at ¶ 3.

[2] *See* Docket No. 570-1 at ¶ 5.

1

Case No.: 5:08-cv-00882-PSG
ORDER

to TI resulting in the production of over 14,000 pages of documents.[3]  By its separate trial subpoenas TPL seeks witness testimony regarding two "OMAP" chips incorporated into Plaintiff HTC Corporation and HTC America, Inc.'s (collectively "HTC") products.

TI argues its recent business decision to "exit the mobile OMAP business" and concomitant elimination of 1700 jobs related to that business creates an undue burden for it to come up with a knowledgeable witness to testify regarding the design of the OMAP 730 and 850.[4]  TI further challenges TPL's failure to designate a particular individual within the subpoenas, TPL's initial failure to tender witness fees, and TPL's insistence that the witness appear even if he or she must travel more than 100 miles to the courthouse.  TI also argues that under Ninth Circuit precedent TPL may not force TI through a Rule 45 subpoena to identify and prepare an appropriate trial witness on listed topics the way it might for a deposition pursuant to Fed. R. Civ. P. 30(b)(6).  The Ninth Circuit case at issue, *Donoghue v. Orange County*, held that there is no authority "for the proposition that the Rule 30 standards should govern Rule 45 subpoenas of witnesses."[5]

TPL responds that TI, as the party seeking to quash this subpoena, bears the burden of proving the burdensome nature of the subpoena.[6]  TPL disputes that the burden to TI is sufficient to justify denying TPL evidence it needs at trial.  In particular, TI has five offices within the state of California, and the language in the TI declaration supporting its papers regarding its present knowledge is equivocal at best.  TPL also distinguishes *Donoghue*, because that opinion issued before substantive revisions to Rule 45 and because *Donoghue* merely found that there was no "unusual or exceptional" abuse of discretion by the district court in quashing the subpoena to a

---

[3] *See* Docket No. 565-2 at ¶¶ 6-7 (explaining that over "the course of a few month[s] in 2011, TI produced 14,000 pages worth of documents" in response to a subpoena duces tecum dated February 22, 2011, issued on behalf of Technology Properties Limited and Alliacense Limited).

[4] *See* Docket No. 570 at 5.

[5] 848 F.2d 926, 931 (9th Cir. 1987).

[6] *See Linder v. Dep't of Defense*, 133 F.3d 17, 24 (D.C. Cir. 1998).

2
Case No.: 5:08-cv-00882-PSG
ORDER

county. Moreover, *Donoghue* noted the absence of controlling case law in this area. TPL also cites *Conyers v. Balboa Ins. Co.*, a recent case from the Middle District of Florida as persuasive authority that this court should deny a motion to quash a trial subpoena directed at an unnamed corporate representative.[7] TPL also makes much of TI's representations in parallel ITC proceedings in which it initially claimed to have no witness competent to testify regarding related OMAP chips but ultimately produced a witness at trial who competently testified about its OMAP chips.

As an initial matter, the court agrees with TPL that *Donoghue* is not controlling here. The Ninth Circuit's holding in that case emphasized a trial court's discretion in determining whether to quash a trial subpoena and merely held that the trial court in that particular case had not abused its discretion.[8] Moreover, Rule 45 has indeed undergone both substantive and cosmetic revision since that opinion issued in 1987.[9] Having reviewed *Conyers* as well as other more recent decisions addressing a subpoena seeking corporate testimony on listed topics from a third party located within the state of the court, the court finds that such a subpoena may be appropriately served without running afoul of the limits of Rule 45.[10]

---

[7] Case No. 8:12-cv-30-T-33-EAJ, 2013 WL 2450108, at *1-2 (M.D. Fla. June 5, 2013) (denying motion to quash trial subpoena directed at unnamed corporate representative seeking 30(b)(6) topics).

[8] *See Donoghue* 848 F.2d at 931 (abuses of discretion must be "unusual and exceptional; [the appellate court] will not merely substitute [its] judgment for that of the trial judge").

[9] *See* 9A Wright & Miller, Practice and Procedure § 2451 (3d ed.) ("The 1991 amendments to Rule 45 were both substantive and clarifying. The Advisory Committee Note accompanying the changes stated that the purposes of the 1991 amendments" were, in part, "to facilitate access outside the deposition procedure provided by Rule 30 to documents and other information in the possession of persons" who are not parties).

[10] *See Conyers*, 2013 WL 2450108, at *1-2 (denying a motion to quash the subpoena for an unnamed corporate representative's trial testimony); *Williams v. Asplundh Tree Expert Co.*, Case No. 3:05-cv-479, 2006 WL 2598758, at *2-3 (M.D. Fla. Sept. 11, 2006) (declining to quash a Rule 45 subpoena served on an unnamed corporate representative); *But see Hill v. National Railroad Passenger Corp.,* Case No. 88-5277, 1989 WL 87621, at * 1-2 (E.D. La. July 28, 1989) (granting defendant's motion to quash a trial subpoena and finding that there "is no provision

3

Case No.: 5:08-cv-00882-PSG
ORDER

Turning to the heart of this dispute, although the most knowledgeable engineers might not still be at TI following its reduction in force, that is not what is at issue here. All TPL seeks is a TI representative who is knowledgeable at a high level about the PLLs within the OMAP chips at a high level. While the court appreciates the burden of a trial on a third partly like TI, TI has known of this pending litigation for some time and could have reasonably anticipated being called to testify as to how the disputed chips operate. Under these circumstances, the court finds TI has not met its burden to quash the subpoena it faces in this litigation. That said, TPL should be prepared to accept testimony from TI that is focused on the documents produced earlier in this litigation.

**IT IS SO ORDERED.**

Dated: September 20, 2013

_____
PAUL S. GREWAL
United States Magistrate Judge

---

allowing the use of the 30(b)(6)-type designation" to "compel a particular person, who may be a corporate employee outside the subpoena power of the court, to testify at trial.")

4

Case No.: 5:08-cv-00882-PSG
ORDER