United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| HTC CORPORATION AND HTC AMERICA, INC., <br><br> Plaintiffs, <br><br> v. <br><br> TECHNOLOGY PROPERTIES LIMITED, et al., <br><br> Defendants. | Case No.: 5:08-cv-00882-PSG <br><br> **ORDER RE: REVISIONS TO PRELIMINARY JURY INSTRUCTIONS** <br><br> **(Re: Docket Nos. 513, 608, 611, 613)** |

## 1. WHAT A PATENT IS AND HOW ONE IS OBTAINED

This case involves a dispute relating to a United States patent. Before summarizing the positions of the parties and the legal issues involved in the dispute, let me take a moment to explain what a patent is and how one is obtained.

Patents are granted by the United States Patent and Trademark Office (sometimes called "the PTO"). The process of obtaining a patent is called patent prosecution. A valid United States patent gives the patent owner the right to prevent others from making, using, offering to sell, or selling the patented invention within the United States, or from importing it into the United States, during the term of the patent without the patent holder's permission. A violation of the patent

1

Case No.: 5:08-00882-PSG
ORDER

owner's rights is called infringement. The patent owner may try to enforce a patent against persons believed to be infringers by a lawsuit filed in federal court.

To obtain a patent one must file an application with the PTO. The PTO is an agency of the federal government and employs trained examiners who review applications for patents. The application includes what is called a "specification," which must contain a written description of the claimed invention telling what the invention is, how it works, how to make it and how to use it so others skilled in the field will know how to make or use it. The specification concludes with one or more numbered sentences. These are the patent "claims." When the patent is eventually granted by the PTO, the claims define the boundaries of its protection and give notice to the public of those boundaries.

After the applicant files the application, a PTO patent examiner reviews the patent application to determine whether the claims are patentable and whether the specification adequately describes the invention claimed. In examining a patent application, the patent examiner reviews records available to the PTO for what is referred to as "prior art." The examiner also will review prior art if it is submitted to the PTO by the applicant. Prior art is defined by law, and I will give you specific instructions as to what constitutes prior art at a later time. However, in general, prior art includes things that existed before the claimed invention, that were publicly known, or used in a publicly accessible way in this country, or that were patented or described in a publication in any country. The examiner considers, among other things, whether each claim defines an invention that is new, useful, and not obvious in view of the prior art. A patent lists the prior art that the examiner considered; this list is called the "cited references."

After the prior art search and examination of the application, the patent examiner then informs the applicant in writing what the examiner has found and whether any claim is patentable, and thus will be "allowed." This writing from the patent examiner is called an "office action." If

2
Case No.: 5:08-00882-PSG
ORDER

the examiner rejects the claims, the applicant then responds and sometimes changes the claims or submits new claims. This process, which takes place only between the examiner and the patent applicant, may go back and forth for some time until the examiner is satisfied that the application and claims meet the requirements for a patent. The papers generated during this time of communicating back and forth between the patent examiner and the applicant make up what is called the "prosecution history." All of this material becomes available to the public no later than the date when the patent issues.

The fact that the PTO grants a patent does not necessarily mean that any invention claimed in the patent, in fact, deserves the protection of a patent. For example, the PTO may not have had available to it all the information that will be presented to you. A person accused of infringement has the right to argue here in federal court that a claimed invention in the patent is invalid because it does not meet the requirements for a patent.

Case No.: 5:08-00882-PSG
ORDER

3

## 2. PATENTS AT ISSUE AND OVERVIEW OF THE PARTIES

This case involves one United States patent, the "asserted patent," obtained by Charles H. Moore and Russell H. Fish, III, and transferred by Mr. Moore to TPL and Mr. Fish to Patriot. United States Patent Number 5,809,336 lists Mr. Moore and Mr. Fish as the inventors. For convenience, the parties and I will often refer to U.S. Patent Number 5,809,336 as the '336 patent, 336 being the last three numbers of the patent number.

The Plaintiffs in this case are HTC Corporation and HTC America. For convenience, the parties and I will often refer to Plaintiffs as HTC. The Defendants in this case are Technology Properties Limited, Alliacense Limited, and Patriot Scientific Corporation. For convenience, the parties and I will often refer to Defendants as TPL and Patriot.

## 2.1 SUMMARY OF CONTENTIONS

To help you follow the evidence, I will now give you a summary of the positions of the parties.

HTC filed suit in this court seeking a declaration that no claim of the '336 patent is infringed by HTC.

TPL filed a counter complaint alleging that HTC infringes the '336 patent by making, importing, using, selling, and offering for sale products that TPL argues are covered by claims 6, 7, 9, 13, 14, and 15 of the '336 patent. TPL also argues that HTC actively induced infringement of these claims of the '336 patent. TPL is seeking money damages.

Your job will be to decide whether claims 6, 7, 9, 13, 14, and 15 of the '336 patent have been infringed. If you decide that any claim of the '336 patent has been infringed by HTC, you will then need to decide any money damages to be awarded to TPL and Patriot to compensate it for the infringement. You will also need to make a finding as to whether the

infringement was willful. If you decide that any infringement was willful, that decision should not affect any damage award you give. I will take willfulness into account later.

You may hear evidence that HTC has its own patent(s) or that HTC improved on the '336 patent. While this evidence is relevant to some issues you will be asked to decide, a party can still infringe even if it has its own patents in the same area. You will be instructed after trial as to what, if any, relevance these facts have to the particular issues in this case. Meanwhile, please keep an open mind.

Before you decide whether HTC has infringed the claims of the patent, you will need to understand the patent claims. As I mentioned, the patent claims are numbered sentences at the end of the patent that describe the boundaries of the patent's protection. It is my job as judge to explain to you the meaning of any language in the claims that needs interpretation.

I have already determined the meaning of certain terms of the claims of the '336 patent. You have been given a document reflecting those meanings. You are to apply my definitions of these terms throughout this case. However, my interpretation of the language of the claims should not be taken as an indication that I have a view regarding issues such as infringement. Those issues are yours to decide. I will provide you with more detailed instructions on the meaning of the claims before you retire to deliberate your verdict.

5

Case No.: 5:08-00882-PSG
ORDER

## 3 OUTLINE OF TRIAL

The trial will now begin. First, each side may make an opening statement. An opening statement is not evidence. It is simply an outline to help you understand what that party expects the evidence will show.

The presentation of evidence will then begin. Witnesses will take the witness stand and the documents will be offered and admitted into evidence. There are two standards of proof that you will apply to the evidence, depending on the issue you are deciding. On some issues, you must decide whether something is more likely true than not. On other issues you must use a higher standard and decide whether it is highly probable that something is true.

TPL and Patriot will present their evidence on their contentions that some claims of the '336 patent have been infringed by HTC and that the infringement has been willful. These witnesses will be questioned by TPL and Patriot's counsel in what is called direct examination. After the direct examination of a witness is completed, the opposing side has an opportunity to cross-examine the witness. To prove infringement of any claim, TPL and Patriot must persuade you that it is more likely than not that HTC infringed that claim. To persuade you that any infringement was willful, TPL and Patriot must prove that it is highly probable that the infringement was willful.

After TPL and Patriot have presented their witnesses, HTC will call their witnesses, who will also be examined and cross-examined. HTC will put on evidence responding to TPL and Patriots' infringement and willfulness contentions.

TPL and Patriot will then return to put on what is referred to as "rebuttal" evidence to any evidence offered by HTC of non-infringement or lack of willfulness.

6

Case No.: 5:08-00882-PSG
ORDER

Because the evidence is introduced piecemeal, you need to keep an open mind as the evidence comes in and wait for all the evidence before you make any decisions. In other words, you should keep an open mind throughout the entire trial.

The parties may present the testimony of a witness by reading from his or her deposition transcript or playing a videotape of the witness's deposition testimony. A deposition is the sworn testimony of a witness taken before trial and is entitled to the same consideration as if the witness had testified at trial.

After the evidence has been presented, I will give you final instructions on the law that applies to the case and the attorneys will make closing arguments. Closing arguments are not evidence. After the instructions and closing arguments, you will then decide the case.

**IT IS SO ORDERED.**

Dated: September 23, 2013

_____
PAUL S. GREWAL
United States Magistrate Judge

7

Case No.: 5:08-00882-PSG
ORDER