
COOLEY LLP
HEIDI L. KEEFE (178960) (hkeefe@cooley.com)
MARK R. WEINSTEIN (193043) (mweinstein@cooley.com)
RONALD S. LEMIEUX (120822) (rlemieux@cooley.com)
KYLE D. CHEN (239501) (kyle.chen@cooley.com)
Five Palo Alto Square, 4th Floor
3000 El Camino Real
Palo Alto, California 94306-2155
Telephone: (650) 843-5000
Facsimile: (650) 857-0663

STEPHEN R. SMITH (*pro hac vice*) (stephen.smith@cooley.com)
One Freedom Square
Reston Town Center
11951 Freedom Drive
Reston, VA 20190-5656
Telephone: (703) 456-8000
Facsimile: (703) 456-8100

Attorneys for Plaintiffs
HTC CORPORATION and
HTC AMERICA, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| HTC CORPORATION and HTC AMERICA, INC., <br><br> Plaintiffs, <br><br> v. <br><br> TECHNOLOGY PROPERTIES LIMITED, PATRIOT SCIENTIFIC CORPORATION and ALLIACENSE LIMITED, <br><br> Defendants. | Case No. 5:08-cv-00882 PSG <br><br> [Related to Case No. 5:08-CV-00877 PSG] <br><br> **EMERGENCY MOTION TO STRIKE AND MOTION FOR LIMITING INSTRUCTION REGARDING MR. MOORE'S TESTIMONY REGARDING GREEN ARRAYS** <br><br> Complaint Filed: February 8, 2008 <br> Trial Date: September 23, 2013 <br><br> Date: September 24, 2013 <br> Time: 9:00 a.m. <br> Place: Courtroom 5, 4th Floor <br> Judge: Hon. Paul S. Grewal |

**NOTICE OF MOTION AND MOTION**

PLEASE TAKE NOTICE that Plaintiffs HTC Corporation and HTC America, Inc. (collectively, "HTC" or "Plaintiffs") move, on an emergency basis, pursuant to Civil Local Rules 6-3 and 7-11, to strike the portion of Mr. Moore's testimony on September 23, 2013 regarding Green Arrays during Technology Properties Limited, Patriot Scientific Corporation, and Alliacense Limited's (collectively, "TPL") case-in-chief. Specifically, HTC seeks to strike September 23 Trial Tr. 204:5-208:19 and 210:8-18. HTC further respectfully requests a limiting instruction regarding Mr. Moore's testimony to mitigate the prejudice to HTC from TPL's violation of the discovery rules.

This Motion is based on the Memorandum of Points and Authorities set forth below, the occurrences at trial on September 23, 2013, and such other matters as may be presented at the hearing on this motion and allowed by the Court.

HTC notified TPL's counsel on September 23, 2013, that HTC intended to file this motion pursuant to the Court's invitation at side bar. TPL opposed.

**MEMORANDUM OF POINTS AND AUTHORITIES**

Today, Defendant TPL asked Mr. Moore, a coinventor of the '336 patent, a series of questions regarding the Green Array 144 processor. Plaintiff HTC objected to this testimony on the grounds that it was irrelevant. Defendant represented to the Court, in front of the jury, that the Green Array 144 processor was being discussed because "this is something that practices the invention as he's testifying to now." Sept. 23 Trial Tr. 207:24-25. Not only was Mr. Moore's testimony improper, but counsel's mischaracterization of the testimony borders on irremediable. HTC respectfully moves this Court to strike Mr. Moore's testimony regarding the Green Array 144 Processor, and instruct the jury to disregard Mr. Moore's testimony on this point as irrelevant, prejudicial, and a direct violation of TPL's discovery obligations.

Federal Rule of Civil Procedure 37(c) precludes a party from presenting information or a witness to "supply evidence on a motion, at a hearing, or at trial" if the party "fails to provide information or identify a witness as required by Rule 26(a) or (e)." Fed. R. Civ. P. 36(c). A party may use such information only if the failure to disclose the information was substantially justified

or is harmless. *Id.* "The burden to prove substantial justification of harmlessness rests with the party who failed to comply with Rule 26." *Norbrook Labs. v. G.C. Hanford Mfg. Co.*, 297 F. Supp. 2d 463, 479 (N.D.N.Y. 2003) (granting plaintiff's motion to strike witness's testimony concerning sales projections because failure to disclose sales estimates was neither justified nor harmless). Neither prong can be satisfied here.

TPL violated Rule 37 by failing to disclose its assertions regarding the Green Array 144 processor to HTC within the fact discovery period. HTC propounded no fewer than six interrogatories and requests for production (RFPs) requesting that TPL identify information relating to instrumentalities that practice asserted claims of the '336 patent. The interrogatories and RFPs include Interrogatory Nos. 10, 13, 14, and RFPs 12, 14, and 39.

For example, more than two years ago, HTC asked:

**Interrogatory No. 10**

For each Defendants' or its affiliated entities' apparatus, product, component, chip, processor, device, process, method, act or other instrumentality that TPL claims practices any asserted claims of the Patents-in-Suit (including . . .) ("Practicing Instrumentality"), explain separately for each asserted claim the basis that such Practicing Instrumentality practices such asserted claim in a chart that shows how, why and which part of such Practicing Instrumentality practices or otherwise meets each and every limitation of such asserted claim and, for any limitation governed by 35 U.S.C. § 112(6), identifies the structure(s), act(s), or material(s) in the Practicing Instrumentality that performs the claimed function.

*See* Plaintiffs HTC Corporation's and HTC America, Inc.'s Second Set of Interrogatories to Defendant Technology Properties Limited, served on April 23, 2011. Mr. Moore is an "affiliated entit[y]" because he is a coinventor of the '336 patent and has a material pecuniary interest in the outcome of this litigation. TPL responded with a series of perfunctory objections and stated:

Subject to the foregoing general and specific objections, TPL responds as follows: pursuant to Federal Rule of Civil Procedure 33(d), TPL states that requested information can be derived from the following previously produced documents TPL-NDH2205857 - TPL-NDH2209976. TPL is preparing an additional document production that will supplement and amend this response, and reserves the right to further supplement this response as additional information is discovered.

Case No. 5:08-cv-00882 PSG     3.     EMERGENCY MOTION TO STRIKE AND MOTION FOR LIMITING INSTRUCTION REGARDING GREEN ARRAYS

HTC also asked:

**Request For Production No. 14**

All documents or other materials relating or referring to any Defendants' or its affiliated entities' apparatus, product, component, chip, processor, device, process, method, act or other instrumentality that Defendants claim practices any asserted claims of the Patents-in-Suit (including . . . ) ("Practicing Instrumentality"), including without limitation any and all documents, materials, things, schematics, charts, flows, designs, diagrams, pictures, photographs, reports, memoranda, emails, letters, figures, circuits, programs, source code, drawings, notes and any and all chip-level and product-level documents relied upon by TPL to claim that the Practicing Instrumentality practices the asserted claims of the Patents-in-Suit.

*See* Plaintiffs HTC Corporation's and HTC America, Inc.'s Third Set of Interrogatories to Defendants, served on January 9, 2013. TPL responded with perfunctory objections and stated:

Subject to and without waiving their general and specific objections, Defendants will produce additional responsive, non-privileged documents that show that their products practice the asserted claims of the Patents-in-Suit. Defendants note that they have already produced responsive documents at TPL-NDH2205857 - TPL-NDH2209976.

*See* Defendant Technology Properties Limited's Objections and Responses to Plaintiffs HTC Corporation's and HTC America, Inc.'s Third Set of Interrogatories, served on February 8, 2013.

HTC further asked:

**Request for Production No. 12**

All documents relating or referring to any apparatus, product, device, process, method, act or other instrumentality that TPL contends practices any claim of the Patents-in-Suit (including without limitation each product, device or other instrumentality recited in TPL's Patent L.R. 3-1(g) disclosures and/or in Requests for Admissions No. 1-92 served concurrently herewith) that provide evidence of secondary considerations for non-obviousness of the Patents-in-Suit.

*See* Plaintiffs HTC Corporation's and HTC America, Inc.'s Second Set of Requests for Production to Defendants, served on September 29, 2010. TPL responded with perfunctory objections and stated:

Subject to and without waiving their general and specific objections, Defendants will produce responsive, non-privileged documents, other than their internal emails and emails between one another, relating or referring to Defendants' practicing products that provide evidence of secondary considerations of non-obviousness of the Patents-in-Suit, to the extent they exist. Defendants will not produce their internal emai1s and emai1s between one another as such documents,

        to the extent they exist, are not relevant to any claim or defense and would be unduly burdensome to produce.

*See* Defendants' Responses to Plaintiffs' Second Set of Requests for Production of Documents, served on October 29, 2010.

        Despite presenting TPL repeated opportunities to disclose its contention that the Green Array 144 processor practices the asserted claims, TPL did not do so in any of its responses to these interrogatories and RFPs.

        Further, not a single document within TPL's production of more than 5,951,350 pages references the Green Array 144 processor. HTC performed a search of TPL's production and discovered that the phrase "Green Array" appears in four documents within TPL's production.[1] These documents are cumulative, and each one contains the same reference to the "Green Array *patents*" in the context of a dispute between Mr. Moore, TPL, and Patriot Scientific Corp. Thus, TPL has not even produced, let alone identified, information concerning the Green Array 144 *processor*.

        Moreover, TPL cannot show that Mr. Moore's testimony was either justified or harmless. The *Norbrook* court held that the defendant's failure to timely disclose the content of a witness's testimony was not justified because the plaintiff requested the information, which the defendant had in fact possessed. *Norbrook*, 297 F. Supp. 2d at 479. This failure was also not harmless because the plaintiff was unable to effectively cross-examine the witness on the relevant testimony. *Id.*

        TPL's violation of Rule 37 is no different from that of the defendant in *Norbrook*. Here, as in *Norbrook*, HTC repeatedly requested the information that TPL alleges is the subject of Mr. Moore's testimony. Yet, like the defendant in Norbrook, TPL failed to disclose the requested information. Further, HTC is unable to effectively cross-examine Mr. Moore because TPL has

---

[1] The four documents containing the phrase "Green Array patents" bear bates labels PAT-ED1206082, PAT-ED1206085, PAT-ED1206186, and PAT-ED1206190.


provided no information about the GA144 processor that would allow HTC to ask intelligible questions, despite the fact that discovery began almost five years ago.

In addition, Mr. Moore's testimony is properly stricken under Fed. R. Evid. 402 and 403 because the prejudicial effect of Mr. Moore's testimony regarding the Green Array 144 processor outweighs its probative value. Information about Mr. Moore's current activities with the Green Array 144 processor bears no relevance to either the purpose of the '336 patent or the scope of the asserted claims. Such testimony invites juror confusion about the importance of the '336 patent and exaggerates its purported contributions to the microprocessor industry.

HTC, therefore, provides the following proposed limiting instruction to be given at an appropriate time tomorrow:

> Yesterday, you heard Mr. Otteson ask Mr. Moore about the Green Arrays 144. Those questions were inappropriate and in violation of the rules. You as the jury should not consider any of Mr. Moore's testimony on the Green Arrays 144 because they are not properly in the case and are now stricken.

This proposed limiting instruction mitigates the damage TPL has done by violating the Federal Rules. Accordingly, HTC hereby moves the Court to strike the Green Arrays 144 testimony and to approve the proposed limiting instruction.

Dated: September 23, 2013

Respectfully submitted,

COOLEY LLP
HEIDI L. KEEFE
MARK R. WEINSTEIN
RONALD S. LEMIEUX
STEPHEN R. SMITH
KYLE D. CHEN

By: /s/ Kyle D. Chen

Attorneys for HTC CORPORATION and HTC AMERICA, INC.