COOLEY LLP
HEIDI L. KEEFE (SBN 178960) (hkeefe@cooley.com)
MARK R. WEINSTEIN (SBN 193043) (mweinstein@cooley.com)
RONALD S. LEMIEUX (SBN 120822) (rlemieux@cooley.com)
KYLE D. CHEN (SBN 239501) (kyle.chen@cooley.com)
Five Palo Alto Square, 4th Floor
3000 El Camino Real
Palo Alto, California 94306-2155
Telephone: (650) 843-5000
Facsimile: (650) 857-0663

STEPHEN R. SMITH (*pro hac vice*) (stephen.smith@cooley.com)
One Freedom Square
Reston Town Center
11951 Freedom Drive
Reston, VA 20190-5656
Telephone: (703) 456-8000
Facsimile: (703) 456-8100

Attorneys for Plaintiffs
HTC CORPORATION and HTC AMERICA, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| HTC CORPORATION and HTC AMERICA, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>TECHNOLOGY PROPERTIES LIMITED, PATRIOT SCIENTIFIC CORPORATION and ALLIACENSE LIMITED,<br><br>Defendants. | Case No. 5:08-cv-00882 PSG<br><br>[Related to Case No. 5:08-cv-00877 PSG]<br><br>**PLAINTIFFS' MOTION TO CORRECT THE JUDGMENT PURSUANT TO RULE 60(a) OR, IN THE ALTERNATIVE, TO AMEND THE JUDGMENT PURSUANT TO RULE 59(e)**<br><br>Hearing Date:   December 10, 2013<br>Hearing Time:   10:00 a.m.<br>Place:   Courtroom 5, 4th Floor<br>Judge:   Hon. Paul S. Grewal<br><br>Complaint Filed:   February 8, 2008<br>Trial Date:   September 23, 2013 |

**NOTICE OF MOTION AND MOTION**

PLEASE TAKE NOTICE that on December 10, 2013 at 10:00 a.m., Plaintiffs HTC Corporation and HTC America, Inc. (collectively "Plaintiffs" or "HTC") will and hereby do move, pursuant to Rule 60(a), or in the alternative, Rule 59(e), to correct, alter, and/or amend the Judgment entered on October 3, 2013 ("Judgment"). (*See* Dkt. No. 655.) This motion is made on the grounds that the Judgment is incomplete and/or erroneous in that it does not include a judgment in connection with U.S. Patent No. 5,530,890 ("'890 patent") pursuant to the Court's orders on September 17 and 19. (*See* Dkt. Nos. 585 and 594.) This Motion is based on the Memorandum of Points and Authorities set forth below and such other matters as may be presented at the hearing on HTC's motion and allowed by the Court.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

On September 17, 2013, the Court granted HTC's motion for partial summary judgment of absolute intervening rights with respect to the '890 patent ("Summary Judgment Order), which held that TPL could not recover for any alleged infringement of the '890 patent prior to the issuance of its reexamination certificate on March, 2011. (*See* Dkt. No. 585.) Because the HTC products accused of infringement under the '890 patent had all been discontinued prior to 2011, the Court's ruling on HTC's intervening rights motion entirely disposed of TPL's claim. Accordingly, the parties filed a Joint Motion to dismiss all claims under the '890 patent because "Defendants cannot establish entitlement to damages under any claim of the '890 patent under 35 U.S.C. § 284." (Dkt. No. 594, at 2:10-12.) On September 19, 2013, the Court granted and issued the joint motion. The Order further stated that "[t]he provisions of this Order shall be incorporated into any final judgment entered in this action." (*Id.*, ¶ 4.) Following the jury trial in this action on the '336 patent, this Court *sua sponte* entered final judgment, but the judgment did not mention the '890 patent. (Dkt. No. 655.)

## II.  LEGAL STANDARD

Rule 60(a) permits a district court to "correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." Fed. R. Civ. P. 60(a).  "The rule may be used to make an order reflect the actual intentions of the court, plus necessary implications." *Jones & Guerrero Co. v. Sealift Pac.*, 650 F.2d 1072, 1074 (9th. Cir. 1981).  District courts also have the power to "alter or amend" a judgment by motion under Rule 59(e) of the Federal Rules of Civil Procedure.  There are four grounds upon which a Rule 59(e) motion may be granted:  (1) the motion is "necessary to correct manifest errors of law or fact upon which the judgment is based"; (2) the moving party presents "newly discovered or previously unavailable evidence"; (3) the motion is necessary to "prevent manifest injustice"; or (4) there is an "intervening change in controlling law." *Nikko Materials USA, Inc. v. R.E. Serv. Co.*, No. C 03-2549 SBA, 2006 U.S. Dist. LEXIS 15775, at *7 (N.D. Cal. Mar. 16, 2006) (*citing Turner v. Burlington Northern Santa Fe R.R. Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003)).  This District grants motions to correct a judgment that omits language from a prior order. *See id*., 2006 U.S. Dist. LEXIS 15775, at *11.

## III.  ARGUMENT

The Judgment in its current form is incomplete because it does not include a judgment in connection with the '890 patent pursuant to the Dismissal Order.  (Dkt. No. 594.)  HTC therefore proposes that an Amended Judgment be issued to provide:

> **IT IS SO ORDERED AND ADJUDGED** that pursuant to the jury verdict filed October 3, 2013, judgment is entered in favor of Defendants on their claim of infringement of U.S. Patent No. 5,809,336.
>
> **IT IS FURTHER ORDERED AND ADJUDGED** that pursuant to the Joint Request To Dismiss All Claims Relating to U.S. Patent No. 5,530,890 Under F.R.C.P. 41(a)(2) (Dkt. No. 594), the provisions of which are incorporated herein by reference, judgment is hereby entered in favor of Plaintiffs on Defendants' claim of infringement of U.S. Patent No. 5,530,890.

Prior to the filing of this motion, HTC met and conferred with TPL to discuss a possible stipulation to amend the judgment.  TPL agreed that the judgment should be amended to reflect the dismissal of the '890 patent, but asserted that the judgment should not be entered "in favor of

Plaintiffs" because HTC somehow did not prevail on this claim. This position is untenable given that TPL agreed, in filing the joint motion that resulted in the dismissal of all claims under the '890 patent, that "Defendants cannot establish entitlement to damages under any claim of the '890 patent under 35 U.S.C. § 284." (Dkt. No. 594 at 2:10-12.) There is no question that HTC prevails with respect to Defendants' infringement claim under the '890 patent, and thus, judgment in connection with this patent should be entered in favor of HTC.

For at least the reasons stated above, the October 3, 2013 Judgment should be corrected and the [Proposed] Corrected Judgment should be entered.

Dated: October 31, 2013         Respectfully submitted,

COOLEY LLP
HEIDI L. KEEFE
MARK R. WEINSTEIN
RONALD S. LEMIEUX
STEPHEN R. SMITH
KYLE D. CHEN

By: _____ */s/ Kyle D. Chen* _____

Attorneys for Plaintiffs
HTC CORPORATION and
HTC AMERICA, INC.

1184649