1  JAMES C. OTTESON, State Bar No. 157781
   jim@agilityiplaw.com
2  THOMAS T. CARMACK, State Bar No. 229324
   tom@agilityiplaw.com
3  PHILIP W. MARSH, State Bar No. 276383
   phil@agilityiplaw.com
4  DAVID L. LANSKY, STATE BAR NO. 199952
   DLansky@AgilityIPLaw.com
5  AGILITY IP LAW, LLP
   149 Commonwealth Drive
6  Menlo Park, CA 94025
   Telephone:  (650) 227-4800
7  Facsimile:   (650) 318-3483

8  Attorneys for Defendants
   TECHNOLOGY PROPERTIES LIMITED and
9  ALLIACENSE LIMITED

10 CHARLES T. HOGE, State Bar No. 110696
   choge@knlh.com
11 KIRBY NOONAN LANCE & HOGE
   35 Tenth Avenue
12 San Diego, CA 92101
   Telephone:  (619) 231-8666
13 Facsimile:   (619) 231-9593
   Attorneys for Defendant
14 PATRIOT SCIENTIFIC CORPORATION

15                    UNITED STATES DISTRICT COURT

16                    NORTHERN DISTRICT OF CALIFORNIA

17                            SAN JOSE DIVISION

18

| | |
|---|---|
| 19  HTC CORPORATION, HTC AMERICA, INC., | Case No. 5:08-cv-00882 PSG |
| 20 | **DEFENDANTS' OPPOSITION TO HTC'S MOTION FOR COURT'S REVIEW OF TAXED COSTS PURSUANT TO FED. R. CIV. P. 54(d)(1)** |
| 21                Plaintiffs, | |
| 22       v. | |
| 23  TECHNOLOGY PROPERTIES LIMITED, PATRIOT SCIENTIFIC CORPORATION, and ALLIACENSE LIMITED, | Complaint Filed:    February 8, 2008<br>Trial Date:          September 23, 2013 |
| 24 | Date:       February 25, 2014<br>Time:       10:00 a.m.<br>Place:      Courtroom 5, 4th Floor<br>Judge:     Hon. Paul S. Grewal |
| 25 | |
| 26             Defendants. | |

27

28

CASE NO. 5:08-CV-00882 PSG                    OPP. TO HTC'S MOTION FOR COURT'S REVIEW OF
                                              TAXED COSTS PURSUANT TO FRCP 54(D)(1)

# Table of Contents

Table of Contents ............................................................................................................................. i

Table of Authorities ........................................................................................................................ ii

INTRODUCTION ...........................................................................................................................1

BACKGROUND .............................................................................................................................1

LEGAL STANDARD .....................................................................................................................3

ARGUMENT ..................................................................................................................................3

    I.     DEFENDANTS ARE ENTITLED TO AN AWARD OF COSTS .........................3

    II.    HTC'S PROPOSED APPORTIONMENT IS IMPROPER ....................................5

          A.    Costs Should Not Be Further Apportioned to Account For The Related ITC Investigation ..............................................................................6

          B.    Costs Should Not Be Further Apportioned to Account for Patents No Longer In the Case. .............................................................................7

CONCLUSION ................................................................................................................................9

# Table of Authorities

**Cases**

*Ass'n of Mexican–Am. Educators v. State of Cal.*,
   231 F.3d 572 (9th Cir. 2000) ............................................................................................... 3, 4

*Campbell v. Nat'l Passenger R.R. Corp.*,
   718 F. Supp. 2d 1093 (N.D. Cal. 2010) ................................................................................. 8

*Hensley v. Eckerhart*,
   461 U.S. 424, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983) ......................................................... 8

*Hynix Semiconductor Inc. v. Rambus Inc.*,
   697 F. Supp. 2d 1139 (N.D. Cal. 2010) ......................................................................... 6, 7, 8

*Marmo v. Tyson Fresh Meats, Inc.*,
   457 F.3d 748 (8th. Cir. 2006) ................................................................................................ 7

*Ortho-McNeil Pharm., Inc. v. Mylan Labs. Inc.*,
   569 F.3d 1353 (Fed. Cir. 2009) ............................................................................................. 7

*Petroliam Nasional Berhad v. GoDaddy.com, Inc.*,
   No. C 09–5939 PJH, 2012 WL 1610979 (N.D. Cal. May 8, 2012) ....................................... 5

*Popeil Bros., Inc. v. Schick Elec., Inc.*,
   516 F.2d 772 (7th Cir.1975) .................................................................................................. 5

*Ruiz v. A.B. Chance Co.*,
   234 F.3d 654 (Fed. Cir. 2000) ............................................................................................... 4

*Save Our Valley v. Sound Transit*,
   335 F.3d 932 (9th Cir. 2003) ................................................................................................. 3

*Subscription Television, Inc. v. S. Cal. Theatre Owners Ass'n*,
   576 F.2d 230 (9th Cir.1978) .................................................................................................. 4

*Van v. Wal-Mart Stores, Inc.*,
   No. 5:08–CV–05296 PSG, 2012 WL 174944 (N.D. Cal. Jan. 20, 2012) .............................. 4

*Yeager v. AT & T Mobility, LLC*,
   No. CIV S 07–2517 KJM GGH, 2012 WL 6629434 (E.D. Cal. Dec. 19, 2012) ................... 8

**Rules**

Fed. R. Civ. P. 11 ......................................................................................................................... 4

Fed. R. Civ. P. 54 ..................................................................................................................... 3, 5

**Other Authorities**

Model Rules of Prof'l Conduct R. 3.1 (2010) .................................................................................. 4

## INTRODUCTION

As the prevailing parties in this litigation, defendants Technology Properties Ltd., Alliacense Ltd., (collectively, "TPL") and Patriot Scientific Corporation (collectively, "Defendants") are entitled to reimbursement of their costs by plaintiffs HTC Corporation and HTC America, Inc. (collectively, "HTC").  Although the parties fully briefed their positions on the extent of costs to which Defendants are entitled, the clerk taxed costs against HTC before the court ruled on the dispute.  Not surprisingly, both TPL and HTC now seek this Court's review of the clerk's action, with HTC claiming the taxed costs are too much and TPL claiming they are not enough.  While TPL sought to have the matter heard on the previously-filed briefs and without oral argument (Dkt. No. 706), HTC filed an 8 page motion, thereby necessitating this Opposition.

Defendants are entitled to reimbursement for the full[1] amount of costs claimed in their respective Bills of Costs because, as detailed below and in Defendants' previous filings, all such costs are reasonable, appropriate, and fully allowable under the applicable federal and local rules.  After meeting and conferring with HTC, Defendants agreed to reduce the costs initially sought by roughly ***$100,000,*** yet HTC claims the costs are still too high.  HTC's primary objection relates to apportionment.  Defendants, however, already adjusted their sought-after costs to account for issues unrelated to HTC.  Accordingly, no further apportionment is warranted.  HTC's motion should be denied, TPL's motion should be granted, and the clerk should be directed to tax the full amount of costs claimed by Defendants against HTC.

## BACKGROUND

HTC initiated this litigation in 2008, seeking a declaratory judgment that it did not infringe any claims of five patents from the MMP patent portfolio: U.S. Patent Nos. 5,784,584 ("'584 patent"), 5,440,749 ("'749 patent"), 6,598,148 ("'148 patent"), 5,530,890 ("'890 patent"), and 5,809,336 ("'336 patent").  Acer, Inc., Acer America Corp., and Gateway, Inc. (collectively,

---

[1] With the exception of the charge of $1,950.50 for videographer services relating to the deposition of David May which was inadvertently included in TPL's Second Amended Bill of Costs and was subsequently withdrawn.

| CASE NO. 5:08-cv-00882 PSG | 1 | OPP. TO HTC'S MOTION FOR COURT'S REVIEW OF TAXED COSTS PURSUANT TO FRCP 54(D)(1) |
|---|---|---|

"Acer") filed a virtually identical suit the same day. *See Acer, Inc., et al v. Technology Properties Ltd., et al.,* No. 08-cv-00877 ("*Acer* action"). Barco N.V. also filed a similar action. *See Barco N.V. v. Technology Properties Ltd., et al.*, No. 08-cv-05398 ("*Barco* action"). Defendants responded, asserting counterclaims alleging infringement and seeking injunctive relief. *See* Dkt. No. 27. Defendants also initiated an ITC investigation against Acer, HTC, and eleven other Respondents. *See In the Matter of Certain Wireless Consumer Electronics Devices and Components Thereof,* Inv. No. 337-TA-853 ("ITC investigation").

The instant litigation was consolidated with the *Acer* and *Barco* actions for pre-trial proceedings, including discovery and *Markman*. *See* Dkt. Nos. 21, 70, 92. Additionally, Defendants and HTC entered into a Cross-Use of Documents and Discovery Agreement which permitted sharing discovery between the ITC investigation and this action. *See* HTC's Motion for Court's Review of Taxed Costs Pursuant to FRCP 54(d)(1) (Dkt. No. 710) ("Motion") at 6.

The number of patents at issue decreased over the course of the litigation. The '584 patent was dropped on March 30, 2010, and the '749 and '148 patents were dropped on July 18, 2013. *See* Dkt. Nos. 152, 462. The Court granted partial summary judgment regarding the '890 patent on September 17, 2013 and, pursuant to the parties' joint agreement, the Court dismissed remaining claims relating to the '890 patent on September 19, 2013. *See* Dkt. Nos. 585, 594. Accordingly, at the time of trial, the only remaining patent was the '336 patent, which was described at trial as being the most valuable patent in the MMP portfolio. *See* Trial Tr. at 588:2-5. *See also id.* at 922:25-923:14 ('336 patent was critical patent in the MMP portfolio; was lead patent in licensing negotiations); Trial Tr. at 924:15-24, 1234:4-10 (dropping the '890 patent only reduced damage estimates by 5%).

The *Barco* action was terminated on November 30, 2012. *See Barco* action, Dkt. No. 325. The *Acer* action was terminated on September 18, 2013. *See Acer* action, Dkt. No. 579. On October 3, 2013, following a unanimous jury verdict, the Court entered final judgment in Defendants' favor in the instant action. *See* Dkt. No. 655.

On October 17, 2013, Defendants filed their Bills of Costs (Dkts. 663, 664) in accordance with Civ. L.R. 54-1. The parties met and conferred and, and as a result, TPL agreed to significantly reduce its claimed costs, dropping the total sought by $37,640.57. Defendants filed their Amended Bills of Costs (Dkts. 669, 670) on October 31, 2013. HTC filed its Objections (Dkts. 678, 679) on November 4, 2013, and a Corrected Objection (Dkt. 681 that supersedes Dkt. 678) on November 5, 2013. TPL filed a response (Dkt. No. 699) and Second Amended Bill of Costs (Dkt. No. 700) on December 18, 2013, dropping the claimed costs by an additional $54,141.95. HTC filed a Reply in support of its Objections (Dkt. No. 702) on December 30, 2013. Although the Court has not yet ruled on the parties' dispute regarding Defendants' claimed costs, on January 13, 2014 the Clerk taxed costs against HTC (Dkt. No. 704) in the amount of $113,255.63.

## LEGAL STANDARD

"Unless a federal statute, these rules, or a court order provides otherwise, costs – other than attorney's fees – should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). This rule "creates a presumption in favor of awarding costs to a prevailing party." *Ass'n of Mexican–Am. Educators v. State of Cal.*, 231 F.3d 572, 591 (9th Cir. 2000). The losing party has the burden of overcoming the presumption by affirmatively showing that the prevailing party is not entitled to costs. *See Save Our Valley v. Sound Transit*, 335 F.3d 932, 944-45 (9th Cir. 2003).

## ARGUMENT

### I. DEFENDANTS ARE ENTITLED TO AN AWARD OF COSTS

HTC has failed to rebut the presumption created by Rule 54(d) that costs should be awarded to Defendants, the prevailing parties in this case. While Fed. R. Civ. P. 54(d) creates a strong presumption in favor of awarding costs to a prevailing party, it also vests in the district court some discretion to refuse to award costs. *Ass'n. of Mexican-American Educators,* 231 F.3d at 591. However, "this discretion is not unlimited. A district court must 'specify reasons' for its refusal to award costs." *Id.* at 592 (quoting *Subscription Television, Inc. v. S. Cal. Theatre Owners Ass'n*, 576 F.2d 230, 234 (9th Cir.1978)). "Because costs generally are awarded 'as a

matter of course,' the requirement that the district court must give reasons for denying costs 'is, in essence, a requirement that the court explain why a case is not "ordinary" and why, in the circumstances, it would be inappropriate or inequitable to award costs.'" *Van v. Wal-Mart Stores, Inc.,* No. 5:08–CV–05296 PSG, 2012 WL 174944, at *5 (N.D. Cal. Jan. 20, 2012) (quoting *Assoc. of Mexican-American Educators.,* 231 F.3d at 593). The losing party bears the burden of overcoming the presumption by providing such reasons to the court. *Id.* HTC has failed to do so.

First, in light of the jury verdict and judgment in Defendants' favor, Defendants are the prevailing parties. The result was not a "mixed judgment" like the one in *Ruiz v. A.B. Chance Co.*, 234 F.3d 654 (Fed. Cir. 2000), upon which HTC relies. In *Ruiz,* Chance obtained summary judgment on its non-patent claims and won on infringement at trial, but lost on issues of invalidity. *Id*. at 662. Thus, because "Ruiz and Fasteel prevailed on the patent invalidity issue, but Chance prevailed on all of the other issues, including the non-patent issues . . . neither party prevailed sufficiently to require an award of costs[.]" *Id*. at 670. Here, while the parties agreed to dismiss claims relating to the '890 patent following a grant of partial summary judgment, the Court rejected HTC's attempt to characterize the dismissal as a judgment in favor of HTC. Dkt. No. 708. Accordingly, pursuant to the unanimous jury verdict, "judgment [was] entered in favor of Defendants." Dkt. No. 709. Such a verdict does not weigh in favor of overcoming the strong presumption that costs be awarded to Defendants.

Nor can the damage award of nearly $1 million be considered "nominal." While it is less than Defendants sought, it is roughly twice what HTC advocated. *See, e.g.* Trial Tr. at 1189:21-1190:1 (HTC's expert opining potential damages of $475,000).

HTC's argument that it litigated in good faith is likewise unpersuasive, as HTC was at all times legally and ethically obligated to act in good faith. Both the Federal Rules of Civil Procedure and the Model Rules of Professional Conduct require all parties to a federal action to act in good faith and with proper purpose. *See, e.g.,* Fed. R. Civ. P. 11; Model Rules of Prof'l Conduct R. 3.1 (2010). Therefore, to deny costs on grounds of good faith alone would render Rule 54(d) meaningless in every situation where the unsuccessful party acted in accordance with

the law and its ethical obligations. "If the awarding of costs could be thwarted every time the unsuccessful party is a normal, average party and not a knave, Rule 54(d) would have little substance remaining." *Popeil Bros., Inc. v. Schick Elec., Inc*., 516 F.2d 772, 776 (7th Cir.1975).

Finally, the complexity of the case does not warrant a shift away from the presumption of awarding costs to Defendants. While complex, it was in no way "extraordinary" and was arguably not significantly more complex than a typical patent case. Accordingly, HTC is unable to rebut the strong presumption that costs be awarded to Defendants, the prevailing parties in this case. *See, e.g. Petroliam Nasional Berhad v. GoDaddy.com, Inc.*, No. C 09–5939 PJH, 2012 WL 1610979, at * 2 (N.D. Cal. May 8, 2012) (finding arguments "that this was a close and difficult case that presented difficult issues, and which Petronas litigated in good faith" inadequate to rebut presumption awarding costs).

## II. HTC'S PROPOSED APPORTIONMENT IS IMPROPER

Defendants have already apportioned costs to account for charges unrelated to the claims upon which they prevailed. For example, in its initial Bill of Costs, TPL reduced certain costs by 50% to account for the fact that particular transcripts included testimony that was not necessarily relevant to HTC. *See, e.g.* Amended Itemization of Costs (Dkt. No. 670), p. 3 (Fish, Lai, Leckrone, Hannah transcript charges reduced 50%). Following the parties' meet and confer, TPL further apportioned costs to account for non-HTC issues. *See id.* (Oklobdzija, Prowse transcript charges reduced 50%, 8/13/2013 transcript charge reduced 20%). Additionally, TPL deleted several charges that related only to the *Acer* action. *Id.* (deleting charges for 11 hearings/depositions). TPL further reduced its claimed costs in its Second Amended Bill of Costs to account for non-HTC related charges. *See, e.g.* Second Amended Bill of Costs (Dkt. No. 700), p. 3-4 (deleting charges relating to Acer action, to a deposition relating solely to the '890 patent, and apportioning by 50% charges relating to Dr. Prowse's deposition). No further apportionment is necessary.

### A. Costs Should Not Be Further Apportioned to Account For The Related ITC Investigation

Despite conceding that there was overlapping discovery between this action and the parallel ITC Investigation – as well as a Cross-Use Agreement between the parties – HTC contends that TPL is not entitled to any costs associated with such discovery because it would result in a "windfall" for TPL. Motion at 6-7. TPL is not, as HTC claims, "attempt[ing] to shift all of its ITC-related costs to the district court proceeding." *Id.* at 7. Indeed, the only ITC-related charges included in TPL's Bill of Costs are for a few depositions covering issues relevant to the District Court litigation with HTC. The fact that HTC did not always ask questions at these depositions (Motion at 7) in no way suggests that the topics covered were irrelevant to HTC – rather, it is more likely that HTC asked no questions because the relevant information was elicited by attorneys for other respondents.

*Hynix Semiconductor Inc. v. Rambus Inc.*, 697 F. Supp. 2d 1139 (N.D. Cal. 2010) is instructive. There, Hynix's claims against Rambus were tried in a coordinated proceeding along with similar claims from other pending litigation between Rambus and other semiconductor manufacturers. *Id.* at 1141. At the conclusion of the trial, judgment was entered against Hynix and in favor of Rambus, but the trial did not resolve all of the issues in the other actions pending against Rambus. *Id.* When Rambus sought to recover costs, Hynix argued that it would be "unjust" for Hynix to bear the entire burden of costs incurred in the consolidated proceedings and that such costs should be apportioned among all manufacturers. *Id.* at 1142. Judge Whyte, however, disagreed, rejecting Hynix's argument that it should only be responsible for one third of the costs:

> An initial factor that must be recognized is that the costs incurred by Rambus in connection with the consolidated Conduct Trial are not three times the amount they would have been had the litigation been only between Hynix and Rambus. . . . Many of the costs incurred in defending against the conduct claims of all of the manufacturers would undoubtedly have been incurred even if only one of the manufacturers, such as Hynix, had brought the claims. Thus, to the extent that Rambus' costs would have been incurred even if Hynix had been the only plaintiff, those costs should be taxed and awarded to Rambus. To decide otherwise would be to grant an unfair windfall to Hynix, at the prevailing party's expense.

*Id.* at 1145. Regardless of whether Hynix could eventually seek contribution from the other manufacturers, "as long as the costs taxed to Hynix are approximately what they would have been

had Hynix been the only manufacturer participating in the Conduct Proceedings, there is no unfairness in taxing all such costs to Hynix." *Id.* Accordingly, Hynix's objection on the ground that the costs should be allocated was overruled. *Id.* at 1146. However, to the extent costs were incurred in relation to issues uniquely applicable to other manufacturers, such costs would not be taxed against Hynix. *Id.* It was Hynix's burden to establish any such costs. *Id.*[2]

Here, as in *Hynix*, TPL only seeks reimbursement for costs relating to HTC or to common claims or defenses in the ITC Investigation. TPL has reduced several charges in an effort to account for issues uniquely particular to other actions or parties. The rest, however, relate to common issues or to HTC alone. HTC is responsible for all such costs.

Moreover, HTC's proposal to simply cut the claimed costs in half (Motion at 7) is wholly inappropriate. This incorrectly assumes that *all* claimed costs were related to the ITC investigation when it is readily apparent that such is not the case. *See, e.g.* Second Amended Bill of Costs at pp. 3-4 (including expenses related to District Court hearings and the District Court trial, and expenses for depositions conducted both prior to the institution of the ITC Investigation and after the ITC trial). To the extent the Court considers any further apportionment – which is unwarranted – such apportionment must be limited only to charges that HTC has demonstrated relate solely to the ITC Investigation. Because HTC has failed to adequately identify *any* such charges, its motion should be denied.

**B.      Costs Should Not Be Further Apportioned to Account for Patents No Longer In the Case.**

HTC argues that costs should be reduced across-the-board by ***three fourths*** to account for the patents that dropped out of the case over the course of the litigation. Motion at 5-6. This

---

[2] The cases cited by HTC are inapposite. In *Marmo v. Tyson Fresh Meats, Inc.*, 457 F.3d 748, 764 (8th. Cir. 2006), the court held that the prevailing plaintiff could only recover the costs it incurred, not the costs incurred by twelve other plaintiffs. Here, TPL only seeks costs it incurred, not those incurred by Patriot Scientific Corporation, which are the subject of a separate Bill of Costs. *Ortho-McNeil Pharm., Inc. v. Mylan Labs. Inc.*, 569 F.3d 1353, 1357 (Fed. Cir. 2009) is likewise inapplicable. There, the court vacated an award of costs to prevent impermissible double recovery where the prevailing party had already recovered a portion of the costs through a settlement agreement that explicitly addressed taxable costs. *Id*. at 1358. HTC does not claim there is any danger of double recovery here.

dramatic reduction is wholly inappropriate and should be rejected.  Just as in *Hynix,* where there was no showing that the costs incurred were three times what they would have been had there been only one plaintiff (*Hynix Semiconductor Inc.*, 697 F. Supp. 2d at 1145), HTC cannot reasonably claim that the overall costs would have been only one quarter of the current total if the case had initially included only the '336 patent.  HTC has made no effort to meet its burden of establishing the extent of costs attributable solely to the '749, '148, or '890 patents.  There is no justification for randomly assigning one quarter of the costs to each patent, especially given the testimony establishing that the '336 was the most important patent in the entire MMP portfolio. *See* Trial Tr. at 588:2-5, 922:25-923:14, 924:15-24, 1234:4-10.

Moreover, HTC has provided no authority suggesting that it is entitled to ***any*** apportionment based on the narrowing of issues prior to trial.  This litigation was about whether HTC's products infringed patents in the MMP portfolio.  As detailed above, over the course of the litigation the parties sharpened their focus from five patents to one key patent.  Even if the dropped patents were to be considered separate issues upon which TPL did not prevail, no apportionment is warranted.  The court faced an analogous situation in *Yeager v. AT & T Mobility, LLC*, No. CIV S 07–2517 KJM GGH, 2012 WL 6629434, at *4 (E.D. Cal. Dec. 19, 2012).  There, defendants objected to an award of attorneys' fees, in part because plaintiff's lawyers purportedly "spent the bulk of their time and effort pursuing claims and legal theories that failed." *Id.*  The court rejected the proposed downward adjustment even though plaintiff prevailed on only one claim.  "Where a plaintiff's action 'involve[s] a common core of facts ... based on related legal theories,' plaintiff's suit 'cannot be viewed as a series of discrete claims'" and "[i]n these circumstances the fee award should not be reduced simply because the plaintiff failed to prevail on every contention raised in the lawsuit." *Id.*, quoting *Hensley v. Eckerhart*, 461 U.S. 424, 435, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983).  *See also Campbell v. Nat'l Passenger R.R. Corp.*, 718 F. Supp. 2d 1093, 1104 (N.D. Cal. 2010) (rejecting reduction for related dismissed claims). Defendants succeeded on their claim that HTC's infringing products entitled Defendants to damages.  Thus, there is no justification for reducing damages simply because the jury's

infringement verdict was limited to one patent rather than four or five.  HTC's proposed apportionment should be rejected.

## CONCLUSION

For the foregoing reasons, HTC's motion should be denied, and all costs listed in Defendants' respective Bills of Costs should be taxed to HTC.

Dated:  February 4, 2014

                AGILITY IP LAW, LLP

                By: */s/ David L. Lansky*
                    James C. Otteson, State Bar No. 157781
                    jim@agilityiplaw.com
                    Thomas T. Carmack, State Bar No. 229324
                    tom@agilityiplaw.com
                    Philip W. Marsh, State Bar No. 276383
                    phil@agilityiplaw.com
                    David L. Lansky, State Bar No. 199952
                    DLansky@AgilityIPLaw.com

                Attorneys for Defendants
                *TECHNOLOGY PROPERTIES LIMITED*
                and *ALLIACENSE LIMITED*

                KIRBY NOONAN LANCE & HOGE

                By:  /s/  Charles T. Hoge

                 Charles T. Hoge

                 Attorneys for Defendant
                 PATRIOT SCIENTIFIC CORPORATION