1  JAMES C. OTTESON, State Bar No. 157781
   jim@agilityiplaw.com
2  THOMAS T. CARMACK, State Bar No. 229324
   tom@agilityiplaw.com
3  DAVID L. LANSKY, State Bar No. 199952
   DLansky@agilityiplaw.com
4  AGILITY IP LAW, LLP
   149 Commonwealth Drive
5  Menlo Park, CA 94025
   Telephone:  (650) 227-4800
6  Facsimile:   (650) 318-3483

7  Attorneys for Defendants
   TECHNOLOGY PROPERTIES LIMITED and
8  ALLIACENSE LIMITED

9

10                  UNITED STATES DISTRICT COURT

11               NORTHERN DISTRICT OF CALIFORNIA

12                      SAN JOSE DIVISION

13

| 14 HTC CORPORATION, HTC AMERICA, | Case No. 5:08-cv-00882 PSG |
|---|---|
| 15 INC., | |
| 16          Plaintiffs, | **REPLY IN SUPPORT OF MOTION SEEKING REVIEW OF CLERK'S TAXATION OF COSTS** |
| 17          v. | Complaint Filed:    February 8, 2008 |
| 18 TECHNOLOGY PROPERTIES | Trial Date:          September 23, 2013 |
| 19 LIMITED, PATRIOT SCIENTIFIC CORPORATION, and ALLIACENSE | Date:         March 18, 2014 |
| 20 LIMITED, | Time:         10:00 a.m. |
| | Place:        Courtroom 5, 4th Floor |
| 21          Defendants. | Judge:        Hon. Paul S. Grewal |

22

23

24

25

26

27

28

# **Table of Contents**

Table of Contents ..................................................................................................i

Table of Authorities ..............................................................................................ii

INTRODUCTION..................................................................................................1

ARGUMENT ........................................................................................................1

     I.     TPL SHOULD BE REIMBURSED FOR EXPERT WITNESS FEES
             PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 26(B)(4)(E) ........1

     II.    TPL'S CLAIMED SERVICE COSTS SHOULD BE
             FULLY REIMBURSED ........................................................................3

     III.   TPL'S TRANSCRIPT COSTS ARE REASONABLE
             AND APPROPRIATE ........................................................................4

     IV.   THE CLERK IMPROPERLY REDUCED TPL'S WITNESS FEES ...................7

     V.    TPL'S EXEMPLIFICATION FEES SHOULD NOT BE REDUCED .................7

     VI.   TPL SHOULD BE FULLY REIMBURSED FOR THE
             COURT APPOINTED TECHNICAL ADVISOR...................................................9

CONCLUSION ..................................................................................................10

# **Table of Authorities**

## **Cases**

*3M Co. v. Kanbar*,
   2007 WL 297291 (N.D. Cal. Oct. 10, 2007) ................................................................ 2

*Affymetrix, Inc. v. Multilyte Ltd.*,
   No. C 03-03779 WHA, 2005 WL 2072113 (N.D. Cal. Aug. 26, 2005) ........................ 6, 7, 8, 9

*American Color Graphics, Inc. v. Travelers Property Cas. Ins. Co.*,
   No. C 04-3518 SBA, 2007 WL 832935 (N.D. Cal. Mar. 19, 2007) ............................ 8

*ASIS Internet Servs. v. Optin Global, Inc.*,
   No. C-05-5124 JCS, 2008 WL 5245931 (N.D. Cal. Dec. 17, 2008) ............................ 7

*Borel v. Chevron U.S.A. Inc.*,
   265 F.R.D. 275 (E.D. La. 2010) ................................................................................... 1, 2

*Camarillo v. Pabey*,
   No. 2:05-CV- 455 PS, 2007 WL 3102144 (N.D. Ind. Oct. 22, 2007) ........................ 5

*Conyers v. Balboa Ins. Co.*,
   No. 8:12-CV-30-T-33EAJ, 2013 WL 2450108 (M.D.Fla., Jun 05, 2013) ................... 4

*eBay Inc. v. Kelora Sys., LLC*,
   Nos. C 10–4947 CW (LB), C 11–1398 CW (LB), C 11–1548 CW (LB),
   2013 WL 1402736 (N.D. Cal. April 5, 2013) .............................................................. 6, 8

*Granite Rock Co. v. Int'l Bhd. of Teamsters*,
   C 04-2767 JW (RS), 2008 WL 618897 (N.D. Cal. Mar. 3, 2008) ................................ 2

*Haarhuis v. Kunnan Enters., Ltd.*,
   177 F.3d 1007 (D.C. Cir. 1999) ................................................................................... 3

*Harris v. San Jose Mercury News, Inc.*,
   235 F.R.D. 471 (N.D. Cal. 2006) .................................................................................. 2

*Hynix Semiconductor Inc. v. Rambus Inc.*,
   697 F.Supp.2d 1139 (N.D. Cal. 2010) .......................................................................... 5, 9

*Intermedics, Inc. v. Ventritex, Inc.*,
   No. C–90–20233 JW (WDB), 1993 WL 515879 (N.D. Cal. Dec. 2, 1993) ................ 6, 8, 9

*MEMC Elec. Materials v. Mitsubishi Materials*,
   No. C–01–4925 SBA (JCS), 2004 WL 5361246 (N.D. Cal. Oct. 22, 2004) ............... 5, 6, 7

*Meredith v. Schreiner Transport, Inc.*,
   814 F.Supp. 1004 (D. Kan. 1993) ................................................................................. 6

*Pixion Inc. v. PlaceWare Inc.*,
   No. C 03-02909 SI, 2005 WL 3955889 (N.D. Cal. May 26, 2005) ............................. 9

*Pixion, Inc. v. Citrix Systems, Inc.*,
   No. C 09–03496 SI, 2013 WL 1164909 (N.D. Cal. Mar. 20, 2013) ............................ 4

*Plantronics, Inc. v. ALIPH, Inc.*,
    No. C 09-01714 WHA (LB), 2012 WL 6761576 (N.D. Cal. Oct. 23, 2012)..........................4, 8

*S.E.C. v. Berry*,
    C07-04431 RMW HRL, 2011 WL 2149088 (N.D. Cal. June 1, 2011) ......................................2

*Tilton v. Capital Cities/AB, Inc. .*,
    115 F.3d 1471 (10th Cir.1997)..................................................................................................6

**Statutes**

28 U.S.C. §1920 ...............................................................................................................................7

**Rules**

Fed. R. Civ. P. 26 ...................................................................................................................1, 2, 3

Civ. L.R.  54-3.............................................................................................................*passim*

Civil L.R. 3-4 ...................................................................................................................................2

Defendants Technology Properties Ltd. and Alliacense Ltd. (collectively "TPL") respectfully submit this Reply in support of their motion seeking review of the clerk's taxation of costs against plaintiffs HTC Corporation and HTC America, Inc. (collectively, "HTC") (Dkt. No. 704).

### INTRODUCTION

Rejecting TPL's suggestion that the parties rest on the already voluminous filings regarding the costs taxed against HTC following TPL's victory at trial, HTC has lobbed yet another brief into the fray (Dkt. No. 715, "Opp."), thereby necessitating this reply. While the clerk did not elaborate on the reasons it decided to disallow certain costs other than stating that a certain portion was "[d]isallowed ... as outside the ambit of LR 54-3[]" (Dkt. No. 704), HTC did raise specific objections in its filings. Accordingly, TPL's arguments here will focus on the reasons articulated by HTC. As explained below and in TPL's previous filings, TPL is entitled to the full amount of costs[1] claimed in its Second Amended Bill of Costs (Dkt. No. 700), as such costs are supported by the record and the applicable federal and local rules.

### ARGUMENT

**I.      TPL SHOULD BE REIMBURSED FOR EXPERT WITNESS FEES PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 26(b)(4)(E)**

HTC does not (and cannot) dispute that Rule 26(b)(4)(E) mandates that the party seeking expert discovery is required to pay the expert a reasonable fee for time spent in responding to discovery. Fed. R. Civ. P. 26(b)(4)(E). HTC also concedes that a majority of courts interpreting the Rule provide for recovery of the cost of time spent preparing for depositions. Opp. at 3, n.4 (citing *Borel v. Chevron U.S.A. Inc*., 265 F.R.D. 275, 277 (E.D. La. 2010) (collecting cases)). According to *Borel*, courts granting such recovery provide the following reasoning: (1) "Time spent preparing for a deposition is, literally speaking, time spent in responding to discovery;" (2) "The goal of [r]ule 26(b)(4)([E]) is to compensate experts for their time spent in participating in

---

[1]   TPL has withdrawn and is not seeking reimbursement of the $1,950.50 charge for videographer services relating to the deposition of David May.

1    litigation and to prevent one party from unfairly obtaining the benefit of the opposing party's

2    expert work free from cost;" (3) "[B]ecause depositions are the only type of discovery under ...

3    [r]ule 26(b)(4)-it would have been relatively easy for the [r]ule's drafters to limit recovery to the

4    time actually spent appearing for the deposition if that was what they intended to do;" and (4)

5    "compensating an expert for time spent preparing for a deposition may actually reduce costs by

6    decreasing the length of time spent at a deposition." *Id.* at 277-78 (citations omitted).

7         HTC argues, however, that this Court's precedent follows the minority rule in denying

8    recovery of deposition preparation costs.  Opp. at 3, n.4.  Not so.  In *Granite Rock*, this Court

9    granted such recovery under Rule 26(b)(4)(E).  *Granite Rock Co. v. Int'l Bhd. of Teamsters*, C 04-

10   2767 JW (RS), 2008 WL 618897 (N.D. Cal. Mar. 3, 2008) ("Granite Rock's contention that

11   Wollet may not recover for any time other than that spen[t] in actual deposition is

12   unpersuasive. . . .  Wollet is entitled to recover for 3.25 hours of deposition time at $400 [per]

13   hour and an additional 3 hours of preparation time at $300 [per] hour.").  HTC instead relies on

14   *3M Co. v. Kanbar* as "precedent from this district denying recovery of costs for expert deposition

15   preparation time." Opp. at 3 (citing 2007 WL 2972921 (N.D. Cal. Oct. 10, 2007)).  However,

16   because *3M* was designated "Not for Citation," HTC's reliance on that case violates Civil L.R. 3-

17   4(e)'s prohibition of citation to uncertified opinions and should be ignored.

18        HTC additionally argues that it would be a manifest injustice to require HTC to pay TPL's

19   experts for deposition preparation time.  Opp. at 3.  But the manifest injustice exception is a

20   "stringent standard." *S.E.C. v. Berry*, C07-04431 RMW HRL, 2011 WL 2149088 (N.D. Cal. June

21   1, 2011).  "To apply the exception, the court must find (1) that the plaintiff is either "indigent or

22   [(2)] that requiring him to pay a deposition fee incurred in litigation that he voluntarily initiated

23   would create an undue hardship." *Id.* (*citing Harris v. San Jose Mercury News, Inc.*, 235 F.R.D.

24   471, 473 (N.D. Cal. 2006) (Chen, M.J.)).  "In making the determination of undue hardship, the

25   court must 'weigh the possible hardships imposed on the respective parties ... [and] balance the

26   need for doing justice on the merits between the parties ... against the need for maintaining orderly

27   and efficient procedural arrangements.'" *Berry*, 2011 WL 2149088 (internal citations omitted).

28   Because HTC has made no showing here that requiring it to pay for deposition preparation time

1 would create an "undue hardship," it has failed to meet the stringent "manifest injustice" exception

2 needed to avoid the application of Rule 26(b)(4)(E).

3       HTC limits its objection only to the obligation to pay for the hours that TPL's experts

4 "spent *preparing* for their depositions."  Opp. at 2, n.2 (emphasis in original).  Therefore, HTC

5 does not dispute that at the minimum, the time TPL's experts spent traveling to and from their

6 depositions, and in the depositions themselves is recoverable under Rule 26(b)(4)(E).  *Haarhuis v.*

7 *Kunnan Enters., Ltd.*, 177 F.3d 1007, 1015-16 (D.C. Cir. 1999) (holding that an expert "deserved

8 to be paid portal-to-portal" under the Rule).

9       Furthermore, HTC concedes that its objection "does not go to whether TPL's expert fees

10 are reasonable, but rather whether HTC is obligated at all to pay."[2]  Opp. at 2, n.2.  As discussed

11 above, such obligation clearly exists under the Rule for deposition preparation time, travel time,

12 and time spent during the depositions themselves.

13       Finally, contrary to HTC's assertion, TPL does not attempt to recover from HTC the expert

14 deposition fees for both the Acer and HTC actions.  In its Second Amended Bill of Costs, TPL

15 already apportioned the deposition charges by 50% in an effort to account for issues not relating to

16 HTC.  Dkt. No. 700-6 at 2.

17       For the forgoing reasons, TPL respectfully requests that HTC be required to reimburse

18 TPL's experts for time spent in responding to HTC's expert depositions.

19 **II.  TPL'S CLAIMED SERVICE COSTS SHOULD BE FULLY REIMBURSED**

20       TPL is entitled to reimbursement of the full amount of service-related costs itemized in its

21 Second Amended Bill of Costs.  HTC has objected to service charges it contends "resulted directly

22 from TPL's own errors."  Opp. at 4.  HTC is presumably referring to charges incurred in

23 connection with multiple attempts to serve TI with a trial subpoena.  While service on TI did

24 _____

25    [2]  TPL laid out its arguments for why its experts' fees are reasonable in its Response to
HTC's Objections to TPL's Amended Bill of Costs.  Dkt. No. 699 at 10.  Because HTC states now

26 that it does not object to the fees on reasonableness, TPL does not repeat those reasonableness
arguments here.  However, to the extent that HTC maintains any reasonableness objections, TPL

27 incorporates its reasonableness arguments here by reference.

28

1    prove difficult, the listed charges were reasonably required and actually incurred by TPL and are

2    thus fully reimbursable.  Indeed, in the very case cited by HTC in its objections to TPL's Bill of

3    Costs, *Plantronics, Inc. v. ALIPH, Inc.*, No. C 09-01714 WHA (LB), 2012 WL 6761576, at *4

4    (N.D. Cal. Oct. 23, 2012), the court found the disputed service charges to be reasonable despite

5    being for a purportedly "duplicative subpoena" sent to the wrong address and served by a private

6    process server directly on a third party represented by Plantronics's counsel (who was never asked

7    to simply accept service).  *See also Pixion, Inc. v. Citrix Systems, Inc.*, No. C 09–03496 SI, 2013

8    WL 1164909, at *2 (N.D. Cal. Mar. 20, 2013) (accepting as reasonable costs incurred in multiple

9    service attempts and "aggressive surveillance efforts").

10        Moreover, HTC previously claimed that TPL's initial service on TI without witness fees

11   was improper.  Dkt. No. 679 ("Objection"), pp. 7-8.  Defendants did not initially tender witness

12   fees due to a simple and practical reason: TI's corporate representative had not yet been identified,

13   making it impossible to calculate mileage based on an unknown location.  "[I]t is not possible to

14   pay travel expenses in advance when the identity and location of the witness have not been

15   disclosed by [the subpoenaed party]."  *See Conyers v. Balboa Ins. Co*., No. 8:12-CV-30-T-33EAJ,

16   2013 WL 2450108 (M.D.Fla., Jun 05, 2013), at *2 (rejecting as moot and unavailing the

17   contention that the plaintiffs failed to tender certain travel expenses for an unnamed corporate

18   representative).  However, following protestations from TI, out of an abundance of caution, TPL

19   re-served the subpoena with a check for $440 tendering witness fees calculated based on the

20   distance from TI's agent for service of process to the courthouse.  All such costs were reasonably

21   necessary, actually incurred by TPL, and should be taxed pursuant to Local Rule 54-3(a)(2) or,

22   alternatively with respect to the witness fees, Local Rule 54-3(e).

23   **III.    TPL'S TRANSCRIPT COSTS ARE REASONABLE AND APPROPRIATE**

24        TPL's claimed transcript costs were also improperly reduced by the clerk.  HTC argues

25   that costs should be apportioned to account for the ITC, *Acer,* and *Barco* actions.  But, TPL

26   already apportioned costs to account for issues not relating to HTC.  *See, e.g*. Amended

27   Itemization of Costs (Dkt. No. 670), p. 3 (Fish, Lai, Leckrone, Hannah transcript charges reduced

28   50%; Oklobdzija, Prowse transcript charges reduced 50%; 8/13/2013 transcript charge reduced

20%[3]; deleting charges for 11 hearings/depositions relating predominantly to Acer).   TPL further

reduced its claimed costs in its Second Amended Bill of Costs to account for non-HTC related

charges.  *See* Second Amended Bill of Costs (Dkt. No. 700), p. 3-4 (deleting charges relating to

*Acer* action, to a deposition relating solely to the '890 patent, and apportioning by 50% charges

relating to Dr. Prowse's deposition to account for Acer-related issues).  No further apportionment

is warranted, as the remaining transcript charges covered issues relating to HTC and would have

been incurred even if HTC were the only adverse party.  *See, e.g. Hynix Semiconductor Inc. v.*

*Rambus Inc*., 697 F.Supp.2d 1139, 1145 (N.D. Cal. 2010) ("Thus, to the extent that Rambus' costs

would have been incurred even if Hynix had been the only plaintiff, those costs should be taxed

and awarded to Rambus.").  For example, HTC's Opposition mentions a January 27, 2012 hearing

before Judge Ware.  Opp., p. 5.  That hearing was the *Markman* hearing which would have

occurred even if HTC were the only party, was relevant to HTC in its entirety, and should not be

apportioned.[4]

　　　　HTC further objects to costs related to the videotaped depositions.  Opp., pp. 5-6.  Such

costs are fully recoverable.  The court in *MEMC Elec. Materials v. Mitsubishi Materials*, No. C–

01–4925 SBA (JCS), 2004 WL 5361246, at *3-4 (N.D. Cal. Oct. 22, 2004), looked at "whether

fees for video technicians and other costs associated with videotaping are allowable" and held that

they are.  The Court also held that Civil L.R. 54-3 permits the recovery of costs for **both** the video

tape and written transcript, reasoning "that a sensible reading of the rule covers the cost of

videotaping and the cost incurred by the court reporter associated with obtaining a stenographic

---

[3]　　HTC contends that this 20% reduction was not enough and that the charge should have been cut in half.  Opp. at 5.  Only a portion of the matters covered in that hearing related solely to Acer (*e.g.* TPL's motion for sanctions against Acer, Acer's motion to limit damages), while most of the issues covered were pertinent to HTC (*e.g.* pending motions to seal, HTC's motion for a separate trial, and overlapping motions for summary judgment).  Accordingly, a 20% reduction was appropriate.

[4]　　HTC's reliance on *Camarillo v. Pabey*, No. 2:05-CV- 455 PS, 2007 WL 3102144, at *3 (N.D. Ind. Oct. 22, 2007), is misplaced. There, the court merely agreed that the defendant's voluntary apportionment of deposition costs based on the number of cases to which they applied was reasonable under the circumstances. *Id.*  There was no discussion of whether the same costs would have been incurred if there were only one plaintiff. *Id.*

transcription of a deposition, ***as well as the cost of one copy of the videotape and of the written transcript***." *Id.* at *3 (emphasis added). "As a result, the Court concluded that the cost of videotaping and the cost of transcribing of depositions meet the requirements of § 1920(2) and should be awarded." *Id.* at *5. As the court in *eBay Inc. v. Kelora Sys., LLC* recognized, "[r]ecent Federal Circuit and district court decisions have permitted taxation of costs both for a stenographic transcript and a video deposition in appropriate circumstances." Nos. C 10–4947 CW (LB), C 11–1398 CW (LB), C 11–1548 CW (LB), 2013 WL 1402736, at * 10 (N.D. Cal. April 5, 2013) (citing cases). Indeed, "[i]n patent cases, costs for both have been allowed as 'commonplace practice.'" *Id.* (citing cases).[5] Accordingly, the court taxed both video and written transcription costs as appropriate expenses. This Court should do so as well.

Finally, HTC argues that "TPL seeks costs for hearing transcripts not necessarily obtained for an appeal in this case."[6] Objection, p. 10. TPL did not seek costs for *all* hearing transcripts, but it is arguably entitled to reimbursement for all transcripts because this action "was so contentiously litigated. The parties' briefing, as well as the Court's previous Orders, relied heavily on representations made by counsel during hearings. It is only expected that both parties found it necessary to obtain the transcripts for appeal." *Affymetrix, Inc. v. Multilyte Ltd.*, No. C 03-03779 WHA, 2005 WL 2072113, at *2 (N.D. Cal. Aug. 26, 2005) (allowing recovery of costs of transcripts for all court proceedings); *Intermedics, Inc. v. Ventritex, Inc.*, No. C–90–20233 JW (WDB), 1993 WL 515879, at *4 (N.D. Cal. Dec. 2, 1993) (same). Thus, "[w]hile not *normally*

---

[5]   *See also Tilton v. Capital Cities/AB, Inc.* ., 115 F.3d 1471 (10th Cir.1997) (district court did not err in awarding the costs of both videotaping and transcribing depositions); *Meredith v. Schreiner Transport, Inc.*, 814 F.Supp. 1004 (D. Kan. 1993) (same).

[6]   HTC argues that it should not be forced to cover any costs associated with the March 18, 2011 hearing, despite conceding that it covered issues relating to HTC. Opp. at 6 n.5. Indeed, Judge Fogel stated that the "main reason we are here ... is the case management schedule," which impacted all parties and related to significant issues such as invalidity and infringement contentions, claim construction, and the *Markman* hearing. March 18, 2011 Hr'g. Tr. 13:16-25. While HTC contends that the topics covered did not render the transcript necessary for appeal (Opp. at 6 n.5), as described below, given the contentious nature of the litigation, *all* transcripts were potentially relevant.

allowable, [TPL should be] entitled to the cost of all hearing transcripts because they were 'necessarily obtained.'" *Affymetrix, Inc.*, 2005 WL 2072113, at *2, quoting 28 U.S.C. §1920(2).

## IV.     THE CLERK IMPROPERLY REDUCED TPL'S WITNESS FEES

TPL is entitled to reimbursement for witness expenses such as parking, travel, and lodging for its witnesses. *ASIS Internet Servs. v. Optin Global, Inc*., No. C-05-5124 JCS, 2008 WL 5245931, at *4 (N.D. Cal. Dec. 17, 2008).  HTC complains, however, that Dr. Prowse's airfare was not the "most economical" because, months later, it was able to find a less expensive fare. Opp. at 8-9.  But HTC's recent bargain-hunting does not shed any light on the fares available at the time Dr. Prowse actually travelled. *See MEMC Elec. Materials*, 2004 WL 5361246, at *8 (awarding reimbursement of fares actually paid; "Although Expedia.com lists somewhat lower economy airfares, there is no evidence in the record that these fares were in effect or 'reasonably available' at the time the witnesses came to Detroit, and Defendants have presented evidence that these were their 'actual' expenses.").  Additionally, HTC argues that change fees incurred by Dr. Prowse are not appropriate, and that a one-week advance booking was "entirely reasonable" because the trial schedule had been set many months prior to trial.  Opp. at 9, n.6.  The schedule, however, was in flux even through the start of trial to accommodate issues regarding witness availability. *See, e.g.* Trial Tr. at 14:11-15:12, 413:16-414:12).

Finally, while conceding that recovery of witness fees is not constrained by the days the witness actually testifies, HTC objects to expenses associated with Mr. Moore's presence subsequent to his testimony in TPL's case-in-chief.  Opp. at 8.  HTC fails to note, however, that *HTC* also listed Mr. Moore as a witness it would potentially call at trial. *See* Dkt. No. 507 at 16. As the inventor of the patents at issue, identified by each party as a potential witness, his presence at trial was necessary and the associated costs are reasonable and should be taxed.

## V.     TPL'S EXEMPLIFICATION FEES SHOULD NOT BE REDUCED

TPL's claimed exemplification costs were reasonable, necessary, and should not be reduced.  Fees for exemplification and copies of papers necessarily obtained for use in the case are recoverable.  28 U.S.C. § 1920(4).  Civil Local Rule 54-3(d) further outlines the standards for taxing such costs.  TPL's claimed costs fall well within the ambit of costs permitted by these rules.

As itemized in Exhibit D to the Second Amended Bill of Costs (Dkt. No. 664-4, "Ex. D"), TPL seeks costs associated with obtaining government records relating to the patents-in-suit. "[C]osts associated with reproducing the patents-in-suit, as well as other related patents and associated file histories is recoverable.  For purposes of claim construction and assessing invalidity defenses, it was reasonably necessary . . . to obtain these government documents." *Affymetrix, Inc.*, 2005 WL 2072113, at *3.  TPL provided detailed documentation for these costs and should be fully reimbursed.  *See* Ex. D at 3-10.

TPL's costs associated with the scanning and processing (such as TIFF conversion) of the documents produced to HTC are also fully recoverable, as are the costs of the hard drives used for production.  *eBay Inc.,* 2013 WL 1402736, at * 7 (finding "costs recoverable for the following: scanning paper documents, electronic scanning and conversion to PDF, TIFF conversion, OCR, image endorsement/Bates stamping, slip sheet preparation, blowback scanning paper documents, media hardware used for production, electronically stamping Bates numbers, slipsheet preparation, blowback preparation, and OCR conversion.").  *See also Plantronics, Inc. v. ALIPH, Inc.*, No. C 09-01714 WHA (LB), 2012 WL 6761576, at *12 ("exemplification" includes electronic scanning and converting documents for production, as well as ancillary tasks; collecting cases).  TPL incurred and fully documented such costs.  *See* Ex. D. at 11-40.  Moreover, as evidenced by the attached invoices, in an effort to be conservative, TPL significantly reduced the charges claimed in those invoices.  *Id.*

TPL is also entitled to reimbursement for the cost of reproducing trial exhibits.  Civ. L.R. 54-3(d)(4).  Although TPL could arguably have sought reimbursement for additional copies of the trial exhibits, TPL only seeks to be reimbursed for the copies provided to the court, witnesses, and opposing counsel.  Ex. D, pp. 41-56; *Intermedics, Inc.*, 1993 WL 515879, *7 (taxing cost of five copies of exhibits, when only three required by court (original, plus two) and remaining two copies were for the parties' use); *American Color Graphics, Inc. v. Travelers Property Cas. Ins. Co.*, No. C 04-3518 SBA, 2007 WL 832935, *5 (N.D. Cal. Mar. 19, 2007) (taxing cost of three sets of trial exhibits, one for court, one for the opposing party and one for producing party); *Pixion Inc. v. PlaceWare Inc.*, No. C 03-02909 SI, 2005 WL 3955889, at *3 (N.D. Cal. May 26, 2005)

(taxing cost of three sets of trial exhibits required by court).  TPL provided documentation for the costs incurred, and such costs are fully recoverable.  *Id.;* Civ. L.R. 54-3(d)(4).

TPL also incurred significant costs associated with preparing visual aids and obtaining products to use as demonstratives.  HTC objects, contending that some of the visual aids were prepared well in advance of *trial*.  Opp. at 9.  If not for trial, such visual aids were prepared for *other hearings*, and the preparation costs are recoverable.  *See, e.g. Affymetrix, Inc.*, 2005 WL 2072113, at *3 ("Notwithstanding the fact that there was no trial, the costs of preparing visual aids for the technology tutorial and the *Markman* hearing are recoverable if they were reasonably necessary to assist the Court in understanding the issues.").  All such costs were reasonably necessary, thoroughly documented, and are recoverable.  *See* Ex. D at 57-65.

## VI.    TPL SHOULD BE FULLY REIMBURSED FOR THE COURT APPOINTED TECHNICAL ADVISOR

HTC's objection to paying the full amount of the court appointed technical advisor, Kwan Chan, is misplaced.  Although Judge Ware's order appointing Mr. Chan indicated that his fees were to be divided among the parties, that initial division does not impact recovery post-trial.  In *Intermedics*, the plaintiff "noted that when the court ordered a special master referral, it also ordered the parties to split the fee.  Intermedics objected to Ventritex's recovery of the cost in this situation.  [Yet] such interim orders were not intended to be dispositive of whether the prevailing party could recover its share in a cost award."  *Intermedics, Inc.*, 1993 WL 515879 at *5.[7] Accordingly, Ventritex was entitled to recover all of the costs associated with the special master. *Id.*  Contrary to HTC's argument (Opp. at 10), the fact that the advisor here was appointed in different cases is of no moment, as the same reasoning would apply here.  Moreover, HTC has made no showing that the fees would have been any less per party if HTC were the only plaintiff.

---

[7]    *See, also, Hynix Semiconductor Inc.*, 697 F.Supp.2d at 1149 ("Hynix's objection on the basis that [Special Master] costs are not taxable to it because they are attributable to other parties is overruled.").

1  Accordingly, the entire amount TPL paid to the court appointed technical advisor should be taxed

2  to HTC.

3                                              **CONCLUSION**

4          For the foregoing reasons, TPL respectfully requests that the Court review the clerk's

5  action and direct the clerk to tax against HTC the costs claimed in TPL's Second Amended Bill of

6  Costs in their entirety, with the exception of the charge of $1,950.50 for videographer services

7  relating to the deposition of David May.  The total costs that should be taxed amount to

8  $225,616.29.

9  Dated:  February 11, 2014                        AGILITY IP LAW, LLP

10

11                                          By:   _/s/_ David L. Lansky_____
                                                 James C. Otteson, State Bar No. 157781
12                                               jim@agilityiplaw.com
                                                 Thomas T. Carmack, State Bar No. 229324
13                                               tom@agilityiplaw.com
                                                 David L. Lansky, State Bar No. 199952
14                                               phil@agilityiplaw.com

15                                               Attorneys for Defendants
                                                 TECHNOLOGY PROPERTIES LIMITED
16                                               and ALLIACENSE LIMITED

17

18

19

20

21

22

23

24

25

26

27

28