UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| HTC CORPORATION and HTC AMERICA, INC., <br><br> Plaintiffs, <br><br> v. <br><br> TECHNOLOGY PROPERTIES LIMITED, et al., <br><br> Defendants. | Case No. 5:08-cv-00882-PSG <br><br> **ORDER RE: TAXATION OF COSTS** <br><br> **(Re: Docket Nos. 706, 710 and 714)** |

Three motions remain before the court: (1) Defendants' motion for review of the Clerk's taxation of costs and for costs in the amount stated in the second amended bill of costs,[1] (2) Plaintiffs' motion for review of the Clerk's taxation of costs and for no costs or reduced costs[2] and (3) Plaintiffs' motion to find Plaintiffs as prevailing parties and to tax costs against Defendants.[3] Each of these motions is opposed. The parties appeared for a hearing on these motions. Having reviewed the papers and considered the arguments of counsel, the court holds that each side shall bear its own costs.

---

[1] *See* Docket No. 706.

[2] *See* Docket No. 710.

[3] *See* Docket No. 721.

1

Case No. 5:08-cv-00882-PSG
ORDER RE: TAXATION OF COSTS

# I. BACKGROUND

Plaintiffs in this action are HTC Corporation, a Taiwan corporation with its principal place of business in Taoyuan, Taiwan, R.O.C., and HTC America, Inc., a Texas corporation with its principal place of business in Bellevue, Washington. Defendants (collectively, "TPL") are Technology Properties Limited and Alliancense, Limited, both California corporations with their principal place of business in Cupertino, California, and Patriot Scientific Corporation, a Delaware corporation with its principal place of business in Carlsbad, California.

HTC filed this action on February 8, 2008, seeking a judicial declaration that four patents owned by TPL – U.S. Patent Nos. 5,809,336, 5,784,584, 5,440,749 and 6,598,148 – were invalid and/or not infringed.[4] A few months later, TPL filed actions against HTC in the Eastern District of Texas for infringement of the '336, '584, '749, and '148 patents.[5] TPL then filed additional actions against HTC in the Eastern District of Texas asserting U.S. Patent No. 5,530,890.[6] HTC amended its complaint in this court to add claims for declaratory relief with respect to the '890 patent.[7] TPL responded with a counterclaim in this court for infringement of the '336, '749, '148 and '890 patents.[8] After Judge Fogel denied TPL's motion to dismiss, or in the alternative, to transfer venue in the California action, the parallel Texas litigation was dismissed without prejudice.[9] The action in this court then proceeded with five patents-in-suit – the '336, '584, '749, '148 and '890 patents.

---

[4] *See* Docket No. 1.

[5] *See* Docket No. 16 at 3.

[6] *See* Docket No. 35 at 5.

[7] *See* Docket No. 34.

[8] *See* Docket No. 60 at 6-8.

[9] *See* Docket Nos. 49 and 88.

The parties next stipulated to the dismissal of all claims based on the '584 patent.[10] The stipulation included a TPL-provided covenant not to sue, which stated that neither TPL nor its successors-in-interest to the '584 patent would assert infringement of the '584 patent against any HTC product made, used, offered for sale, sold or imported into the United States currently or prior to the covenant date.[11] The court accepted the parties' stipulation and, pursuant to Fed. R. Civ. P. 41(a)(2), dismissed all claims based on the '584 patent without prejudice for lack of subject matter jurisdiction.[12] The parties also stipulated to the dismissal of all claims based on the '148 and '749 patents.[13] That stipulation – entered by the court[14] – included a statement that "in the event HTC is sued on the '148 or '749 patents in the future, none of the products at issue in this case will be accused."[15]

In advance of trial, the court granted HTC's motion for partial summary judgment on the '890 patent, precluding a portion of TPL's infringement claims and limiting the potential for money damages.[16] In light of TPL's resulting inability to establish entitlement to damages, the parties stipulated to the dismissal without prejudice of all claims based on the '890 patent[17] and the court entered the parties' stipulation.[18] Upon incorporating the dismissal of the '890 patent claims

---

[10] *See* Docket No. 151.

[11] *See id.* at 2.

[12] *See* Docket No. 152.

[13] *See* Docket No. 461.

[14] *See* Docket No. 462.

[15] *See id.* at 2.

[16] *See* Docket No. 585.

[17] *See* Docket No. 588.

[18] *See* Docket No. 594 at ¶ 1.
 Because Defendants cannot establish entitlement to damages in the present action based on the Summary Judgment Order, the Court hereby **DISMISSES** the Fifth Claim for Relief
3
Case No. 5:08-cv-00882-PSG
ORDER RE: TAXATION OF COSTS

into the final judgment entered in this action, however, the court declined to characterize the dismissal as a judgment in HTC's favor, stating that broader relief, such as patent invalidation, would have been available to HTC at trial.[19] Consequently, at the time of trial, only the '336 patent remained at issue. The jury found that HTC's products infringed the '336 patent and awarded money damages, leading the court to enter final judgment in TPL's favor.[20]

After trial, TPL filed its bill of costs in the amount of $378,376.54.[21] This amount was subsequently trimmed to $274,592.19 in TPL's first amended bill of costs[22] and later further reduced to $227,566.79 in TPL's second amended bill of costs.[23] HTC filed objections to both the first and second amended bills of costs.[24] After reviewing the filings, the Clerk taxed costs against HTC in the amount of $113,255.63, disallowing some of TPL's costs as beyond the ambit of Civil L.R. 54-3.[25]

## II. LEGAL STANDARDS

Pursuant to Fed. R. Civ. P. 54(d), "unless a federal statute, these rules, or a court order provides otherwise, costs – other than attorney's fees – should be allowed to the prevailing party. The clerk may tax costs on 14 days' notice. On motion served within the next 7 days, the court

---

in HTC's First Amended Complaint (seeking a declaration that HTC does not infringe any valid and enforceable claim of the '890 patent), and Count IV of Defendants' Answer and Counterclaim (alleging infringement of the '890 patent), subject to the conditions of this Order. (emphasis and parentheticals in original).

[19] *See* Docket No. 708 at 2 ("If the claim had proceeded to trial, broader relief to HTC was available. In particular, HTC may have invalidated the patent altogether.").

[20] *See* Docket No. 655.

[21] *See* Docket No. 664.

[22] *See* Docket No. 670.

[23] *See* Docket No. 700.

[24] *See* Docket Nos. 679 and 702.

[25] *See* Docket No. 704.

4

Case No. 5:08-cv-00882-PSG
ORDER RE: TAXATION OF COSTS

may review the clerk's action." The Supreme Court has bifurcated the taxation of costs inquiry.[26] First, a party must be deemed a "prevailing party."[27] Second, the court determines whether costs are warranted based on "the amount and nature" of the party's success.[28]

In the context of patent litigation, the first issue – whether a party is deemed the "prevailing party" – is governed by Federal Circuit case law.[29] To "be a prevailing party, one must receive at least some relief on the merits" altering "the legal relationship of the parties."[30] Relief on the merits may take the form of a judgment on the merits or a settlement enforced through a consent decree.[31] Whether or not the parties voluntarily undertake the change in their legal relationship is irrelevant; the critical question is "whether there is a judicially sanctioned change in the legal relationship of the parties."[32] At bottom, there must be "judicial imprimatur on the change."[33]

---

[26] *See Manildra Milling Corp. v. Ogilvie Mills, Inc.*, 76 F.3d 1178, 1182 (Fed. Cir. 1996) (citing *Farrar v. Hobby*, 506 U.S. 103, 111-13 (1992)). Although *Farrar* involves eligibility and entitlement to attorney's fees rather than costs, the meaning of prevailing party is the same in either context. *See Farrar*, 506 U.S. at 118-20 (O'Connor, J., concurring); *see also Manildra Milling Corp.*, 76 F.3d at 1182 (applying *Farrar* in the taxation of costs context); *Highway Equip. Co., Inc. v. FECO, Ltd.*, 469 F.3d 1027, 1035 (Fed. Cir. 2006) (citing cases that support treating the prevailing party issue under Rule 54 and 35 U.S.C. § 285 similarly).

[27] *Id.* ("Eligibility for fees" is "based on meeting the definition of 'prevailing party.' Whether a party is the prevailing party, however, is only a threshold inquiry.").

[28] *Id.* ("The degree of plaintiff's overall success goes toward the reasonableness of the fee award.").

[29] *See Inland Steel Co. v. LTV Steel Co.*, 364 F.3d 1318, 1320 (Fed. Cir. 2004) ("We have made clear that we apply our own law to define the meaning of prevailing party in the context of patent litigation.") (quoting *Manildra Milling Corp.* 76 F.3d at 1181) (internal quotations omitted); *Power Mosfet Techs., L.L.C. v. Siemens AG*, 378 F.3d 1396, 1416 (Fed. Cir. 2004).

[30] *Former Emps. of Motorola Ceramic Prods. v. United States*, 336 F.3d 1360, 1364 (Fed. Cir. 2003) (quoting *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 603-05 (2001)); *see also Farrar*, 506 U.S. at 113 ("A plaintiff 'prevails' when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff.").

[31] *See Buckhannon Bd. & Care Home, Inc.*, 532 U.S. at 604 ("Enforceable judgments on the merits and court-ordered consent decrees create the material alteration of the legal relationship of the parties necessary to permit an award of attorney's fees.").

[32] *Highway Equip. Co., Inc.*, 469 F.3d at 1033 (quoting *Buckhannon Bd. & Care Home, Inc.*, 532 U.S. at 605) (internal quotations omitted).

The second issue – whether costs are warranted – is a discretionary call for the trial court following the law of the regional circuit – here, the Ninth Circuit.[34] "Rule 54(d) creates a presumption for awarding costs to prevailing parties; the losing party must show why costs should not be awarded."[35] "In the event of a mixed judgment, however, it is within the discretion of a district court to require each party to bear its own costs."[36]

### III. DISCUSSION

#### A.  HTC Prevailed With Respect to the '148 and '749 Patents

On July 18, 2013, the asserted claims of the '148 and '749 patents were dismissed by stipulated court order.[37] The court order incorporated the parties' stipulation that "in the event HTC is sued on the '148 and '749 patents in the future, none of the products at issue in this case will be accused."[38] TPL does not dispute that the dismissal and incorporated covenant not to sue altered the legal relationship of the parties to HTC's benefit.[39] TPL instead argues that because it

---

[33] *Buckhannon Bd. & Care Home, Inc.*, 532 U.S. at 605.

[34] *See Manildra Milling Corp.*, 76 F.3d at 1182 (citing *Farrar*, 506 U.S. at 113-16).

[35] *Save Our Valley v. Sound Transit*, 335 F.3d 932, 944-45 (9th Cir. 2003) (citing *Stanley v. Univ. of S. Cal.*, 178 F.3d 1069, 1079) (9th Cir. 1999); *Nat'l Info. Servs., Inc. v. TRW, Inc.*, 51 F.3d 1470, 1471-72 (9th Cir. 1995)).

[36] *Amarel v. Connell*, 102 F.3d 1494, 1523 (9th Cir. 1996) (citation omitted).

[37] *See* Docket No. 462.

[38] *Id.* at 3.

[39] *See* Docket No. 721 at 3; *see also Manildra Milling Corp.*, 76 F.3d at 1183:
> A judicial declaration that one is free from another's right to exclude alters the legal relationship between the parties. The freedom to practice an invention without fear of suit by the patentee is a valuable commercial benefit. By removing the potential threat of the patentee instituting an infringement action, the competitor necessarily alters the patentee's subsequent behavior to his benefit.

voluntarily agreed to dismiss the claims and not reinstate them, HTC did not receive relief on the merits and therefore does not qualify as the prevailing party.[40]

TPL's reliance on the Supreme Court's statement in *Buckhannon* that a "defendant's voluntary change in conduct" lacks "the necessary judicial imprimatur" on the change is misplaced.[41] The Supreme Court in *Buckhannon* rejected the proposition that voluntary settlement agreements that lack judicial sanction have the requisite judicial imprimatur to confer prevailing party status.[42] The Court instead held that whether or not the parties' agreement is voluntary or involuntary is irrelevant; the critical question is whether or not it is judicially sanctioned.[43]

The Federal Circuit applied *Buckhannon*'s holding in *Highway Equipment Co., Inc. v. FECO, Ltd.*[44] In that case, the trial court dismissed the patent claims at issue based on the parties' stipulation that Highway Equipment would never assert the patent against FECO's pre-covenant products.[45] The Federal Circuit held that the dismissal with prejudice based on the covenant "has the necessary judicial imprimatur to constitute a judicially sanctioned change in the legal

---

[40] *See* Docket No. 721 at 3 ("Defendants' voluntary dismissal of their counterclaims does not render HTC the prevailing party. Defendants' agreement not to reinstate their claims against HTC does not change the analysis.").

[41] *Id.*

[42] *See Buckhannon Bd. & Care Home*, 532 U.S. at 603. In the very next sentence, the Court stated that our "precedents thus counsel against holding that the term 'prevailing party' authorizes" an award "*without* a corresponding alteration in the legal relationship of the parties" (emphasis in original). *Id.*

[43] *See id.* at 605. For example, the Court held that "settlement agreements enforced through a consent decree" are "court-ordered change[s] in the legal relationship between the plaintiff and the defendant." *Id.* at 604.

[44] 469 F.3d at 1030; *see also Power Mosfet Techs., L.L.C.*, 378 F.3d at 1416 ("The dismissal of a claim with prejudice" is "a judgment on the merits under the law of the Federal Circuit."); *Euclid Chemical Co. v. Vector Corrosion Techs, Inc.*, Case No. 1:05-cv-80, 2008 WL 4404540, at *3 (C.D. Cal. Sept. 24, 2008) (citing *Highway Equip. Co., Inc.*, 469 F.3d at 1034) ("Here, Euclid received its judicially sanctioned desired result as to the '346 patent when Vector's motion to dismiss its '346 claims with prejudice, accompanied by a covenant not to sue, was granted by the Court.").

[45] *See Highway Equip. Co., Inc.*, 469 F.3d at 1030.

7
Case No. 5:08-cv-00882-PSG
ORDER RE: TAXATION OF COSTS

relationship of the parties."[46]  The court distinguished the lower court's dismissal from a dismissal in which "voluntary action was taken outside the proceedings, was not designed to be judicially enforceable, and resulted in a dismissal without prejudice."[47]

Because the dismissal of the claims related to the '148 and '749 patents, and the incorporated covenant not to sue, were judicially sanctioned and "designed to be judicially enforceable,"[48] HTC is the prevailing party with respect to those claims.[49]

**B.    Neither Side Prevailed With Respect to the '584 Patent**

On April 25, 2008, TPL filed two complaints in the Eastern District of Texas against HTC asserting infringement of four patents, including the '584 patent.[50]  TPL has not, however, asserted infringement of the '584 patent in this district's proceedings.  Following HTC's initial complaint for declaratory judgment with regard to all five patents-in-suit, TPL excluded the '584 patent from its infringement counterclaims.[51]  TPL provided HTC with a covenant not to sue, which stated that neither TPL nor its successors-in-interest to the '584 patent would assert infringement of the '584 patent against any pre-covenant HTC product.[52]  The parties then stipulated to dismissal of

---

[46] *See id.* at 1035.

[47] *Id.* at 1034 (contrasting with *Rice Servs. Ltd. v. United States*, 405 F.3d 1017, 1027 (Fed. Cir. 2005)).

[48] *Id.*

[49] The case law cited by TPL in which settlement agreements were not judicially sanctioned is inapplicable. *See, e.g., In re Columbia University Patent Litigation*, 343 F. Supp. 2d 35, 50 (D. Mass. 2004) (dismissing patent claims for lack of subject matter jurisdiction); *U.S. Rubber Recycling, Inc. v. Encore Int'l, Inc.*, Case No. 09-cv-09516-SJO-OPx, 2011 WL 311014, at *7 (C.D. Cal. Jan. 7, 2011) (holding that the defendants' covenant not to sue did not confer prevailing party status where the defendants "never asserted an infringement claim or counterclaim" and "did not file a motion to dismiss upon which the Court could grant").

[50] *See* Docket No. 16 at 3.

[51] *See* Docket No. 60 at 6-8.

[52] *See* Docket No. 151.

8
Case No. 5:08-cv-00882-PSG
ORDER RE: TAXATION OF COSTS

HTC's claims related to the '584 patent.[53] The claims were dismissed without prejudice for lack of subject matter jurisdiction.[54]

HTC now asserts that it is the prevailing party with respect to the '584 patent claims.[55] HTC argues that, like the dismissal of the '148 and '749 patent claims, the dismissal of the '584 patent claims amounts to a judicially-sanctioned limitation on TPL's ability to sue HTC in the future and that the dismissal therefore altered the legal relationship between the parties in HTC's favor.[56] Although the Federal Circuit has held that a dismissal with prejudice based on a covenant not to sue has the requisite judicial imprimatur,[57] it "has yet to determine whether a declaratory judgment defendant's grant of a covenant not to sue qualifies as a judicially sanctioned change in the legal relationships if no infringement claims or counterclaims were ever first made against the declaratory judgment plaintiff."[58] District courts, including this one, have held that where a declaratory judgment defendant divests the court of subject matter jurisdiction over the case, either

---

[53] *See id.*

[54] *See* Docket No. 152.  Because TPL did not assert infringement of the '584 patent, the '584 patent only was implicated in the Northern District case through HTC's claim for declaratory judgment of noninfringement and invalidity.  TPL's covenant not to assert the '584 patent divested the court of subject matter jurisdiction.  *See Jacobsen v. Katzer*, 609 F. Supp. 2d 925, 930 (N.D. Cal. 2009) (quoting *Super Sack Mfg. Corp. v. Chase Packaging Corp.*, 57 F.3d 1054, 2058 (Fed. Cir. 1995) ("A patentee defending an action for a declaratory judgment of invalidity can divest the trial court of jurisdiction over the case by filing a covenant not to assert the patent at issue against the putative infringer with respect to any of its past, present, or future acts.").

[55] *See* Docket No. 714 at 2.

[56] *See id.*  TPL, on the other hand, argues that "in the Ninth Circuit, dismissals for lack of subject matter jurisdiction do not create prevailing parties"  *See* Docket No. 721 at 6 (quoting *Lang v. Morris*, Case No. 3:11-cv-1366-EMC, 2011 WL 6055513, at *2 (N.D. Cal. Dec. 6, 2011)).  TPL's argument is misplaced; as previously noted, in the context of patent litigation, the prevailing party determination is governed by Federal Circuit case law.  *See Inland Steel Co.*, 364 F.3d at 1320.

[57] *See Highway Equip. Co., Inc.*, 469 F.3d at 1035.

[58] *See U.S. Rubber Recycling, Inc.* 2011 WL 311014, at *7.

9
Case No. 5:08-cv-00882-PSG
ORDER RE: TAXATION OF COSTS

by disclaiming the patent at issue or by filing a covenant not to sue – and the court dismisses the claims without prejudice – the plaintiff is not the prevailing party.[59]

Because the dismissal of the claims related to the '584 patent was without prejudice for lack of subject matter jurisdiction, HTC is not the prevailing party with respect to the '584 patent.

**C.     Neither Side Prevailed With Respect to the '890 Patent**

The court's grant of partial summary judgment on the '890 patent precluded a portion of TPL's infringement claims and the potential for money damages.[60] In light of TPL's resulting inability to establish entitlement to damages, the court then entered the parties' stipulation to the dismissal without prejudice of all claims based on the '890 patent.[61] Upon incorporating the dismissal into the final judgment entered in this action, the court declined to characterize the dismissal as a "complete victory in favor of HTC," since broader relief would have been available to HTC at trial.[62]

HTC now asserts that it is the prevailing party with respect to the '890 patent claims because "HTC prevailed on its motion for partial summary judgment."[63] Consistent with the final judgment, however, the court finds that the dismissal was not a complete victory in favor of HTC. Moreover, the dismissal was without prejudice and therefore did not amount to a

---

[59] *See Jacobsen*, 609 F. Supp. at 930 (holding that the plaintiff was not the prevailing party where the defendant disclaimed the patent at issue and the court dismissed without prejudice for lack of subject matter jurisdiction); *see also In re Columbia University Patent Litigation*, 343 F. Supp. 2d at 50 (holding that the plaintiff was not the prevailing party where the defendant filed a covenant not the sue and the court dismissed without prejudice for lack of subject matter jurisdiction). This court has not found, and the parties have not cited, any cases holding that the plaintiff is the prevailing party in such a situation.

[60] *See* Docket No. 585.

[61] *See* Docket No. 588.

[62] Docket No. 708 at 2.

[63] Docket No. 714 at 4.

"judicially-sanctioned change in the legal relationship of the parties."[64]  HTC is not the prevailing party with respect to the '890 patent.

### D.     TPL Prevailed With Respect to the '336 Patent

The '336 patent was the only patent asserted at trial.  The jury found that HTC's products infringed the '336 patent and awarded $958,560 in money damages to TPL.[65]  On October 3, 2013, the court entered final judgment in that amount.[66]  TPL prevailed with respect to the parties' claims regarding the '336 patent.[67]

### E.     Each Party Will Bear Its Own Costs

Although Rule 54(d) creates a presumption in favor of awarding costs to the prevailing party, "in the event of a mixed judgment," it "is within the discretion of a district court to require each party to bear its own costs."[68]  In *Amarel v. Connell*, for example, the Ninth Circuit reversed and remanded the district court's judgment in favor of the defendant on one of the plaintiffs' claims.[69]  Noting that the defendant had prevailed at trial on the other claim, the court stated that if the plaintiffs prevailed on remand, "the resultant mixed judgment may warrant that each party bear its own costs."[70]  This court has ordered parties in mixed judgment cases to bear their own costs.[71]

---

[64] *Highway Equip. Co., Inc.*, 469 F.3d at 1033 (quoting *Buckhannon Bd. & Care Home, Inc.*, 532 U.S. at 605) (internal quotations omitted).

[65] *See* Docket No. 654.

[66] *See* Docket No. 655.

[67] HTC does not contest that TPL prevailed with respect to the asserted '336 patent claims.  *See* Docket No. 731 at 6 ("HTC has 'prevailed' for the vast majority of the patents-in-suit (*i.e.*, four out of five).").

[68] 102 F.3d 1494, 1523 (9th Cir. 1996) (citation omitted); *see also Manildra Milling Corp.*, 76 F.3d at 1182 ("The district court may lawfully award minimal fees or no fees after considering the amount and nature of the plaintiff's success.") (citing *Farrar*, 506 U.S. at 115-16).

[69] *See Amarel*, 102 F.3d at 1523.

[70] *Id.*

Here, the judgment is mixed. HTC prevailed with respect to the '148 and '749 patents, neither party prevailed with respect to the '584 and '890 patents and TPL prevailed with respect to the '336 patent. In light of the mixed judgment, and cognizant of the prolonged litigation between the parties spanning five accused patents, the equitable result is for each side to bear its own costs.[72] However unsatisfying, the law treats such draws as group stage play: no winner may be declared.

**IT IS SO ORDERED.**

Dated: July 21, 2014

　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　PAUL S. GREWAL
　　　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge

---

[71] *See Makreas v. First National Bank of Northern California*, Case No. 3:11-cv-02234-JST, 2014 WL 2582027, at *9 (N.D. Cal. June 9, 2014) (ordering each party to bear its own costs where the plaintiff prevailed on two of his ten claims and defendant prevailed on the other eight); *see also Postx Corp. v. Secure Data in Motion, Inc.*, Case No. 3:02-cv-04483-SI, 2006 WL 2067080, at *2 (N.D. Cal. July 24, 2006) (ordering each party to bear its own costs where the plaintiff prevailed on one of its four claims and the defendant prevailed on the other three).

[72] In its recent cases *Octane Fitness LLC v. Icon Health & Fitness, Inc.*, No. 12-1184 (U.S. Apr. 29, 2014) and *Highmark Inc. v. Allcare Health Mgmt. Sys.*, No. 12-1163 (U.S. Apr. 29, 2014), the Supreme Court addressed the comparable issue of district courts' discretion to award attorney's fees under Section 285. The Court held that district courts should employ a "case-by-case exercise of their discretion, considering the totality of the circumstances" and noted that "there is no precise rule or formula for making these determinations, but instead equitable discretion should be exercised." *Octane Fitness, LLC*, No. 12-1184, slip op. at 8 (quoting *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 (1994)) (internal quotations omitted).

Case No. 5:08-cv-00882-PSG
ORDER RE: TAXATION OF COSTS